*Plaintiffs' Motion to Compel Compliance with Subpoena
to Produce Documents*

# EXHIBIT 1

# UNITED STATES DISTRICT COURT
### for the

| | | |
|---|---|---|
| Donna Curling, et al. | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 1:17-cv-2989 AT |
| | ) | |
| Brad Raffensperger, et al. | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:
Coffee County Board of Elections and Registration
*(Name of person to whom this subpoena is directed)*

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: *See Attachment A.*

| | |
|---|---|
| Place: Office of Kathryn Grant<br>202 W Gordon St. Unit 3<br>Valdosta, GA 31602 | Date and Time:<br>*August 12, 2022, 10 a.m.* |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| | |
|---|---|
| Place: | Date and Time: |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 7/25/22

| | | |
|---|---|---|
| *CLERK OF COURT* | | |
| | OR | |
| Signature of Clerk or Deputy Clerk | | Attorney's signature |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*
Coalition for Good Governance                                                   , who issues or requests this subpoena, are:

Bruce Brown, Bruce P. Brown Law, LLC,  1123 Zonolite Rd. Ste.6, Atlanta GA 30306, bbrown@brucebrownlaw.com 404.386.5856

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No.

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

      I received this subpoena for *(name of individual and title, if any)*

on *(date)*      .

      ❒ I served the subpoena by delivering a copy to the named person as follows:


                              on *(date)*            ; or

      ❒ I returned the subpoena unexecuted because:


Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

      $              .

My fees are $            for travel and $           for services, for a total of $     0.00    .


      I declare under penalty of perjury that this information is true.

Date:

                                       *Server's signature*

                                       *Printed name and title*


                                     *Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person

    **(i)** is a party or a party's officer; or

    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:

  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

    **(i)** fails to allow a reasonable time to comply;

    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);

    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

    **(iv)** subjects a person to undue burden.

  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

    **(i)** expressly make the claim; and

    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**

The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**ATTACHMENT A: DOCUMENTS DESIGNATED FOR PRODUCTION**

<u>Notice to Nonparty:</u>

Please produce responsive documents by the date provided in the accompanying subpoena.

<u>Definitions</u>

The following words, terms, or phrases shall, for purposes of the requests for production of documents below, have the meanings specified, unless otherwise expressly stated in each request:

"Access to Coffee County's Election System, EMS Servers and Election Data" means any activity that took place after November 3, 2020, in which Persons other than Coffee County's Election Superintendent, full time employees of the Superintendent, employees of the Georgia Secretary of State, or representatives of Dominion Voting System, were present in the room containing Coffee County's EMS server, or had physical access to components of the Coffee County Election System except in conjunction with the official conduct of polling place voting.

"All" and "each" shall be construed as all and each.

"And" as well as "or" are to be construed either disjunctively or conjunctively as necessary to bring within the scope of the Requests all documents or other information that might otherwise be construed to be outside their scope.

"Any" means each and every.

1

"Communication" means any transmission of information by any means, including without limitation: (a) any written letter, memorandum, or other Document of any kind by mail, courier, other delivery services, telecopy, facsimile, telegraph, electronic mail, electronic text messages, voicemail, or any other means; (b) any telephone call, or video call, whether or not such call was by chance or prearranged, formal or informal; and (c) any conversation or meeting between two or more Persons, whether or not such contact was by chance or prearranged, formal or informal.

"Concerning," "related to" or "relating to," and "regarding" mean analyzing, alluding to, concerning, considering, commenting on, consulting, comprising, containing, contradicting, describing, dealing with, discussing, establishing, evidencing, identifying, involving, noting, recording, reporting on, related to, relating to, reflecting, referring to, regarding, stating, showing, studying, mentioning, memorializing, or pertaining to, in whole or in part.

"Document" and "documents" shall be construed as synonymous in meaning and equal in scope to the usage of that term in Rule 34(a), and includes "tangible things" (as that term is used in Rule 34(a)(1)(b)) as well as anything that falls within the definition or meaning of "electronically stored information" (as that term is used in Rule 34(a)(1)(A)) or of "writings" or "recordings" in Federal Rule of Evidence 1001. A draft or non-identical copy of a document shall be considered

a separate document within the meaning of the term "document," as used in the Requests.

"Election System" means any servers, desktops, laptops, tablets, smart phones, removable media (such as memory cards), ballot-marking devices (BMDs) (including ImageCastX Ballot-Marking Devices), BMD-adjacent equipment (including ImageCast Precinct Polling Place Scanner and associated printers or touchscreens), ImageCast Central Count Scanner ("ICC") and any software and firmware installed on any such scanners, servers, devices, BMDs, or BMD-adjacent equipment (such as any version of the Election Management System (EMS), PollPads, or the software associated with the "Dominion Voting Democracy Suite" (D-Suite) and KnowInk PollPads) used to check in voters, activate BMDs, record, tabulate, or secure votes in any election in the state of Georgia.

"Including" means including without limitation.

"Person" means and includes a natural person (i.e., an individual), a group of natural persons acting as individuals, a group of individuals acting in a collegial or concerted capacity (e.g., as a committee, a board of directors or advisors, etc.), an association, firm, corporation, joint venture, partnership, company, governmental unit or agency, and any other business, enterprise, or entity, unless otherwise limited or specified in the Requests.

3

"Secretary of State" means Secretary of State Brad Raffensperger, the Office of the Georgia Secretary of State, as well as the respective agents, employees, representatives, consultants, counsel, and anyone else acting on behalf of each or all of the forgoing.

"Superintendent:" means the Coffee County Board of Elections and Registration of Coffee County, Georgia.

"Relevant Time Period" means July 1, 2020, until the present unless otherwise indicated.

"You," "Your," or "Coffee County" mean Coffee County Board of Elections and Registration and all current and former directors, officers, employees, and agents thereof, and any other person acting on Your behalf or under Your direction or control with respect to the subject matter of the documents requested.

## Instructions

1. For each request, you are to produce entire documents including all attachments, enclosures, cover letters, memoranda, exhibits, and appendices. Copies that differ in any respect from an original (because, by way of example only, handwritten or printed notations have been added) shall be treated as separate documents and produced separately. Each draft of a document is a separate document. A request for a document shall be deemed to include a request for any and all transmittal sheets, cover letters, exhibits, enclosures, or attachments to the

4

document, in addition to the document itself. These document requests shall not be deemed to call for identical copies of documents. "Identical" means precisely the same in all respects; for example, a document with handwritten notes or editing marks shall not be deemed identical to one without such notes or marks.

2.      Provide all electronically stored information ("ESI") in standard, single-page Group IV TIFF format with searchable text and metadata in a Relativity or similar load file. Also, provide any spreadsheet or presentation files, including Microsoft Access, Excel, and PowerPoint files, as well as audio, audiovisual, and video files, in their native formats. Also, provide any responsive Election System files including but not limited to software installation files, configuration files, input files, intermediate data files, output files, report files, system and application log files, or other election software or data files (in their native formats) associated with any component of the Dominion voting system as used in Georgia elections (the Democracy Suite election management system applications, ImageCast Precinct and ImageCast Central tabulators, and ImageCast X BMDs, and associated peripherals (including KnowInk PollPads and related software)), including but not limited to software and/or firmware installation files (such as MSI, EXE, or APK or files in a proprietary binary format); scripts and/or configuration files used to provision or harden the installed software or firmware; EMS election project files, election project backup files, compressed archives of

election project databases, and system permission rule sets; Microsoft SQL Database files; election definition and behavioral and configuration files used by PollPads, ICX, ICP, and ICC devices (DAT files for ICX BMDs and files in the binary file formats used by the ICP and ICC tabulators); security credentials and encryption keys, including authentication data used to program security cards and keys to be used by the ICX, ICP, and ICC devices; result files (in the proprietary binary file format collected from the ICP and ICC tabulators); scanned ballot images; result reports in XML, PDF, HTML, and Excel formats; and device log, system log, and audit log files and reports. Produce the metadata for any responsive ESI with the responsive data, including the following fields: custodian(s), author(s), recipient(s), copy recipient(s), blind copy recipient(s), company name, subject, file sent date/time, file received date/time, file creation date/time, file modification date/time, file access date/time, time zone, beginning bates, ending bates, page count, family bates range, hash value, application type, file type, file name, file size, file path, and folder path. Documents produced in native format shall be accompanied by a native link field.

     3.     Provide all hard copy documents as image files with searchable OCR text and unitize the hard copy documents to the extent possible (i.e., multi-page documents shall be produced as a single document and not as several single-page documents). Hard copy documents shall be produced as they are kept in the usual

course, reflecting attachment relationships between documents and information about the file folders within which the document is found.

4. If you withhold or intend to withhold any documents or other information requested by the Requests on the ground of the attorney-client privilege, work-product doctrine, or other privilege, doctrine, or immunity, please provide a privilege log that meets the requirements of Rule 26(b)(5), including: (a) the document or information alleged to be so protected from production by author, subject matter, date, number of pages, attachments, and appendices; (b) the names and job titles of all recipients of the information or document, including any "blind copy" recipients and any person to whom the information or document was distributed, shown, or explained; (c) the document's current custodian(s); and (d) all bases, factual and legal, upon which the claim of protection from discovery rests.

5. If only a portion of a responsive document or other requested information is claimed to be privileged against production, you should produce the responsive non-privileged portion of the document or other information in redacted form, provided that the redacted material is identified and the basis for the claim of privilege or protection is stated as provided in Instruction No. 4 above.

6. If you contend that any of the categories of the Requests are objectionable in whole or in part, please state with particularity each objection, the

basis for it, and the categories of the Requests to which the objection applies, and otherwise fully respond to the category insofar as it is not deemed objectionable.

7.    The documents responsive to these requests are to be produced as they were kept in the ordinary course of business, or in the way they were produced or otherwise provided to you from a third party, and, if the documents were produced by a third party, the identity of the third party shall be apparent or provided.

8.    If any document responsive to this request was, but no longer is in your possession, state whether it is missing or lost; if it has been destroyed; if it has been transferred, voluntarily or involuntarily, to others; or if it has otherwise been disposed of. In each instance, identify the document fully, explain the circumstances, and identify the people having knowledge of such circumstances.

9.    If you contend that any documents covered in these requests are not reasonably accessible or would be unduly burdensome to locate or produce, identify such documents by category and source and provide detailed information regarding the burden or cost you claim is associated with the search for or production of such documents.

10.    Unless clearly indicated otherwise: (a) the use of a verb in any tense shall be construed as the use of that verb in all other tenses; (b) the use of the feminine, masculine, or neuter genders shall include all genders; and (c) the singular form of a word shall include the plural and vice versa.

**Document Requests**

1.     All Documents, including Communications, referencing, including or referring to Ben Cotton or CyFIR,LLC.

2.     All Communications, including text messages, between You and Ben Cotton, Doug Logan, Russ Ramsland, Scott Hall, Stefanie Lambert Juntilla, or Russ Ramsland.

3.     All Document evidencing Your knowledge of any agreement or contract retaining Ben Cotton, CyFIR LLC, or any Person for the purpose of imaging or analyzing Coffee County's Election System, EMS servers or election data.

4.     Documents that evidence, refer to, or reflect approximately when any Access to Coffee County's Election System, EMS Servers and Election Data took place or was requested.

5.     All Documents that evidence, refer to or relate to any efforts You have made to investigate any Access to Coffee County's Election System, EMS Servers and Election Data.

6.     Documents that evidence, refer to, or reflect the Persons involved in any way, or who have knowledge of, any Access to Coffee County's Election System, EMS Servers and Election Data, including, but not limited to, Persons who requested, organized, planned, communicated about, led, participated in,

financed, approved, or compensated any Persons who were present, reimbursed expenses, or were present on the day of, or have knowledge of such events.

7.  Documents that evidence, refer to, or reflect what data, systems, components, hardware, ballots, or processes were imaged, copied, reviewed or accessed during any Access to Coffee County's Election System and EMS Servers, including requests for such activities or access.

8.  Documents that evidence, refer to, or reflect which Coffee County Election System images, devices, or documents were reviewed, scanned and/or imaged and/or copied by any Persons as part of any Access to Coffee County's Election System, EMS Servers and Election Data.

9.  Documents showing Your involvement in, knowledge of, or observation of, any planned or actual Access to Coffee County's Election System, EMS Servers and Election Data.

10.  Without limiting the generality of the foregoing, any Documents, including Communications, relating to, reflecting, or evidencing any trip made by Scott Hall, Paul Maggio, Russell Ramsland, Greg Freemeyer, Conan Hayes, Doug Logan, Ben Cotton, Jennifer Jackson, or Jeffrey Lenberg, to Coffee County, Georgia, between November 1, 2020 and January 30, 2021.

11.  All Documents that evidence, refer to, or reflect any Communications (oral, electronic or written) by or between You and the Secretary of State, the

State Elections Board and its members, , Coffee County government management and elected county officials, other Georgia counties' officials, or other third parties relating to any Access to Coffee County's Election System, EMS Servers and Election Data, including any Communications concerning the equipment images, ballot images, or electronic files obtained during any Access to Coffee County's Election System, EMS Servers and Election Data.

12. All Documents that evidence, refer to, or reflect any actual or potential security vulnerabilities, risks, failings, deficiencies, concerns, complaints, hacks, tabulation discrepancies, scanning discrepancies, or compromises involving any aspect of Coffee County's Election System, including but not limited to any computer systems or network environments that support the operation of the Election System.

13. All Documents, including any Communications, that evidence, support, concern, or refer to the December 10, 2020 Letter from the Coffee County Board of Elections and Registration directed to the House Governmental Affairs Committee, with the subject "Elections Investigative Hearing."

14. All Documents that evidence, refer to, or reflect any Communications by or between You, the Secretary of State, the State Elections Board and its members, other Georgia counties' officials, and/or other third parties, regarding

this litigation, or any governmental agency's investigation of matters involving or related to the Coffee County EMS server.

15.     All Documents that evidence, refer to, or reflect any copying of, imaging of, access to, or any request to copy or access any component of Georgia's Election System, any data located on any such component, or voted ballots, that was not duly authorized by one or more Georgia state election officials with authority to lawfully allow such access.

16.     All Documents that evidence, refer to, or reflect any Communications between You and Scott Hall, Misty Hampton, Patrick Byrne, Cathy Latham,  , Jil Ridlehoover, Rudy Giuliani, Jenna Ellis, Alex Cruce, Garland Favorito, Robert Cheeley, Lin Wood, Doug Logan, Sidney Powell, Russell Ramsland, Mark Cook, Paul Maggio, Greg Freemeyer, Jennifer Jackson, Conan Hayes, Phil Waldron, Stefanie Lambert Puntilla, Michael Flynn, Jeffrey Lenberg, Ben Cotton, Shawn Still, any member of the Georgia General Assembly serving during 2020, or other third parties concerning providing any Person with access to Coffee County's EMS server in any way or obtaining copies of Georgia voted ballots from the November 2020 election.

17.     All Documents, including Communications, that evidence, refer to, or reflect the approximate date and circumstances that evidence receipt of Doug

Logan's (Cyber Ninjas) business card by the Coffee County Board of Elections and Registration or its employees, and all Communications with Doug Logan.

18.     All Documents that evidence, refer to, or reflect Communications between You and any Person referencing the names of files or data such Person sought to obtain for forensic analysis of Coffee County Election System equipment involved in the November 2020 election.

19.     All Documents provided by You to the Secretary of State or State Election Board related to the Coffee County's Election System and EMS server, including documents or communications related to any investigation concerning Coffee County's Election System and EMS server or the ICC, including any password change of the EMS server.

20.     Any Document, including Communications, providing a basis for any determination that You have or had the legal authority to permit the copying or imaging of the EMS server or the internal memory of any component of the Election System.

21.     All Documents that evidence names of any passengers for a flight on a private aircraft from Atlanta, Georgia to Coffee County, Georgia, or from Coffee County to Atlanta, on January 7, 2021.

22.     All Documents that evidence, refer to, or reflect any Communications between You and Scott Hall, Cathy Latham, Misty Hampton, Paul Maggio,

Jennifer Jackson, Jeffrey Lenberg, Russell Ramsland, Ben Cotton, Doug Logan, Greg Freemeyer, Conan Hayes, Stefanie Lambert Puntilla, or Patrick Byrne related to any Person visiting the Elections Office of Coffee County, Georgia for any purpose other than voting or attending noticed public meetings during the period November 1, 2020 through February 27, 2021.

23.    All Documents, including Communications, that refer to or reflect any request You received for November 2020 Cast Vote Records and Your response, including copies of electronic files provided, and all Documents related to or referencing the Coffee County Cast Vote Records posted on the site https://ordros.com/cvr/index.html

24.    Documents that evidence refer to or reflect the standard process or procedures to change the password for the Coffee County EMS server.

25.    All Documents regarding or related to State Election Board case #20-250.

26.    All Documents, including Communications, that refer to or reflect any change of the EMS server password, problems with the EMS server password, or efforts made to change, update, or recover the password of the Coffee County EMS server or ICC Scanner workstation, or instructions from the Secretary of State concerning such passwords.

27.     All Documents, including Communications, informing the Coffee County Board of Elections and Registration or county management of the EMS server password problem, attempts to recover the password, the replacement of the EMS server, or the replacement of the ICC workstation.

28.     All Documents that, during the Relevant Time Period evidence, refer to, or reflect any known violation of State Election Board Rule 183-1-12-.05 (3) limiting the access to the room in which the election management system is located to specific designated persons.

29.     All logs created during the Relevant Time Period for access to voting system components in storage as required by State Election Rule 183-1-12-.05 (5) and any Documents reflecting a failure to comply with such rule, or access at any time during the Relevant Time Period by Persons not authorized by such Rule to enter storage area.

30.     All Documents, including Communications, that evidence, refer to, or reflect activities planned or conducted by Lowndes County election officials after February 1, 2021 related to or referring to Coffee County election records, election procedures, or Election System components.

31.     All Documents, such as chain of custody or inventory control documents, that evidence the transfer of Election System components to or from Your office.

32.     Documents, including Communications, prepared during the Relevant Time Period evidencing or related to the annual audit count of all voting system components as required by State Election Board Rule 183-1-12-.06 (7) including all instances of discrepancies or unaccounted for components, and any reports made to the Secretary of State under State Election Board Rule 183-1-12-.06 (6).

33.     All Documents, including Communications, that evidence the specific election records including the Election Project Packages transferred to the Clerk of the Coffee County Superior Court as required by O.C.G.A. §21-2-500(a).

34.     All Documents, including Communications, that evidence the preparation and transfer in the "ballot run" including the Election Project Packages for the November 2020 and January 5, 2021 elections in compliance with Secretary of State instructions at Exhibit 1.

35.     All Documents, including Communications, that evidence, refer to, or reflect activities conducted in conjunction with the Secretary of State's Coffee County December 2020 investigation of the presidential recount and certification, including the involvement of school students

36.     All Documents, including any Documents reflecting or evidencing Communications with Cathy Latham or Shawn Still, or his agents or representatives, that concern, relate to or refer to an election contest challenging the 2020 Presidential election.

37. All Documents that evidence financial transactions, expense reimbursements, financial compensation, professional fees, or arrangements with respect to or related to Access to Coffee County's Election System, EMS Server and Election Data.

38. All Documents, including Communications, that evidence, reflect or refer to Your attempts to recover election data or contained on the Coffee County EMS server before or after it was removed by the Secretary of State, and all information regarding the server's removal from Coffee County.

39. Documents reflecting or referencing Your agreement or legal authority to transfer all electronic 2020 election records to the Secretary of State, including Documents evidencing Your compliance with State Election Board Rule 183-1-12-.06 (3) requiring written authorization for the relocation of the previous EMS server.

40. Documents that evidence, refer to, or reflect the Coffee County replacement of the ICC scanner workstation during 2021 and/or any Communications regarding its inspection, analysis, replacement, and the reason or authorization for the inspection, analysis, or replacement of the ICC scanner.

41. Monthly reports prepared for the Coffee County Board of Election and Registration by James Barnes, and distributed during the board meetings, and

archived on the Election Office computer as James Barnes referenced in his July 20, 2022 deposition.

42.     Documents reflecting Your records retention policy for election-related emails, general administration emails, and electronic election records.

43.     All Documents evidencing, referencing or reflecting Your efforts to retrieve Misty Hampton and Jil Ridlehoover's election-related emails and texts from the computers and phones they used, including any Microsoft Outlook files archived on office computers, personal computers, or county or personal mobile devices.

44.     All Documents including video recordings and Communications related to or concerning the employment termination of Misty Hampton and Jil Ridlehoover.

45.     All Documents and related Communications provided by You or on Your behalf to plaintiffs or representatives of plaintiffs related to the 2020 Fulton County Superior Court case # 2020cv343711, including during the 30-day period prior to the filing of the case.

46.     All Documents evidencing Communications during the Relevant Time Period concerning potential access to Election System components or election records between You and Cathy Latham, Scott Hall, Paul Maggio, Jeffrey Lengren, Russell Ramsland, Conan Hayes, Ben Cotton, Doug Logan, Patrick

Byrne, Greg Freemeyer, Stefanie Lambert Puntilla, Shawn Still, Kurt Hilbert, William Ligon, or Preston Haliburton, whether such Documents are stored on Your personal devices or in centralized county records.

47.   All Documents, including Communications, that evidence or refer to any requests You received beginning March 24, 2021 seeking ballot images under public records laws, and Your response.

48.   The three most recently created reports or Documents exported from or printed from the previous EMS server, such as tabulation reports or ballot images.

49.   All Documents, including Your calendars and visitors logs, that evidence, reference or relate to the Secretary of State's visit to Your office to test and replace the EMS server.

50.   Telephone logs on office phones and mobile devices that evidence calls between You and the Secretary of State's office for the period April 1, 2021 through June 30, 2021.

# EXHIBIT 1



# OFFICIAL ELECTION BULLETIN
December 1, 2020

---

**TO:**        **County Election Officials and County Registrars**

**FROM:**    **Chris Harvey, Elections Division Director**

**RE:**        **Preserving Ballot Images and Delivering to Sec. of State**

---

**When preparing your materials for the "Ballot Run" for the November 3, 2020 Election and Recount, you must complete the following steps to include all ballot images with your election returns.**

**Please include in your election certification packet the following:**

- A backup copy of your Official and Complete November 3rd General Election Project
- A backup copy of your November 3rd Recount Election Project containing all the ballot images collected during the recount process (see "Loading images instructions" below on how to ensure ballot images have been loaded)

<u>**Creating and saving a backup copy of Election Project**</u>

To make a backup copy of an Election Project the following steps need to be followed:

1. Open the project in EED
2. Click on File in the toolbar and select Create Backup
3. Select the second option listed; this is the full backup option
4. Click OK when complete
5. Close the election project in EED
6. Click on the File Explorer icon at the bottom of the screen
7. Click on Local Disk (C:)
8. Double click on the NAS folder
9. Double click on the "countyname" Nov 2020 General folder
10. Double click on Project Package
11. Two files should be present
    a. Zipped file
    b. EMS.sha file
12. Highlight and copy the two files listed
13. Paste and save the two files to a USB drive, or a compact flash card

**Loading Ballot Images collected by the ICC during the recount**

A. Open the Recount Election Project in RTR
B. Click on Actions, select "Load Results from Directory"
C. Next to File Type select Results; verify the files listed have a "checkmark" in the Loaded column
D. Next to File Type select Images
E. Highlight the rows listed and then hit "Load"
   - If the images have already been loaded, a message asking if you would like to Overwrite the previously loaded images will appear, Select NO
   - If the images have NOT been loaded, the images will then be uploaded
F. Click Close
G. Close the Election Project in RTR
H. Open EED
I. Open the Recount Election Project
J. Create backup copy of your Recount Election Project following the instructions listed above for Creating and saving backup copy

If you have questions about this process, check with Michael Barnes' team at CES or your election liaison.