*Plaintiffs' Motion to Compel Compliance with Subpoena to Produce Documents*

# EXHIBIT 2

**KREVOLIN | HORST**

One Atlanta Center
1201 West Peachtree Street, NW
Suite 3250 | Atlanta, GA 30309
Tel: 404-888-9700 | Fax: 404-888-9577
www.krevolinhorst.com

**HALSEY G. KNAPP, JR.**
Tel: 404-888-9611
Email: hknapp@khlawfirm.com

June 15, 2022

**VIA HAND DELIVERY**

Coffee County Board of Elections
224 West Ashley Street
Douglas, Georgia 31535

Re: *Curling v. Raffensperger*, Civil Action No. 1:17-cv-02989-AT (N.D. Ga.)

To Whom It May Concern:

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, attached is a Subpoena to Produce Documents or Electronically Stored Information in the above-captioned matter. Attachment A to this subpoena identifies requests for documents to be produced on or before June 30, 2022 at 10:00 a.m. Eastern Daylight Time. Please note the availability of and preference for electronic production expressed in Attachment A. Plaintiffs are cognizant of the burden that subpoenas can impose on persons that are not parties to a lawsuit. We are prepared to discuss ways to alleviate any burden as best we can, including potentially narrowing the documents subpoena, if necessary, through good faith negotiations.

Also attached is a Subpoena to Testify at a Deposition in the above-referenced matter. Schedule A to this subpoena identifies topics of examination for this deposition on July 14, 2022 at 9:00 a.m. Eastern Daylight Time in Valdosta, Georgia. As with the documents subpoena, Plaintiffs are cognizant of the burden depositions subpoenas can impose on non-parties. Please notify me promptly if you have a conflict for the scheduled deposition date, so that we can discuss whether we can reschedule this deposition for a mutually agreeable date, time, and place.

Sincerely,

**KREVOLIN & HORST, LLC**

Halsey G. Knapp, Jr.

Enclosures

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Northern District of Georgia

| | |
|---|---|
| Donna Curling, et al. | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 1:17-cv-02989-AT |
| Brad Raffensperger, et al. | ) |
| *Defendant* | ) |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To:  Coffee County Board of Elections

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

See Attachment A.

| Place: Office of Kathryn Grant<br>202 W. Gordon St., Unit E<br>Valdosta, GA 31602 | Date and Time:<br>06/30/2022 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 06/15/2022

CLERK OF COURT

OR

_____        _____
*Signature of Clerk or Deputy Clerk*        *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*
Donna Curling, Donna Price & Jeffrey Schoenberg , who issues or requests this subpoena, are:
Halsey G. Knapp, Jr, 1201 W. Peachtree St., NW, Ste.3250, Atlanta, GA 30309, 404-888-9611, hknapp@hklawfirm.com

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 1:17-cv-02989-AT

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

    ☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

    ☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or
    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# ATTACHMENT A: DOCUMENTS DESIGNATED FOR PRODUCTION

## Notice to Nonparty:

Please produce responsive documents by the date provided in the accompanying subpoena.

## Definitions

The following words, terms, or phrases shall, for purposes of the requests for production of documents below, have the meanings specified, unless otherwise expressly stated in each request:

"All" and "each" shall be construed as all and each.

"And" as well as "or" are to be construed either disjunctively or conjunctively as necessary to bring within the scope of the Requests all documents or other information that might otherwise be construed to be outside their scope.

"Any" means each and every.

"Communication" means any transmission of information by any means, including without limitation: (a) any written letter, memorandum, or other Document of any kind by mail, courier, other delivery services, telecopy, facsimile, telegraph, electronic mail, voicemail, or any other means; (b) any telephone call, whether or not such call was by chance or prearranged, formal or informal; and (c) any

1

conversation or meeting between two or more Persons, whether or not such contact was by chance or prearranged, formal or informal.

"Concerning," "related to" or "relating to," and "regarding" mean analyzing, alluding to, concerning, considering, commenting on, consulting, comprising, containing, contradicting, describing, dealing with, discussing, establishing, evidencing, identifying, involving, noting, recording, reporting on, related to, relating to, reflecting, referring to, regarding, stating, showing, studying, mentioning, memorializing, or pertaining to, in whole or in part.

"Document" and "documents" shall be construed as synonymous in meaning and equal in scope to the usage of that term in Rule 34(a), and includes "tangible things" (as that term is used in Rule 34(a)(1)(b)) as well as anything that falls within the definition or meaning of "electronically stored information" (as that term is used in Rule 34(a)(1)(A)) or of "writings" or "recordings" in Federal Rule of Evidence 1001. A draft or non-identical copy of a document shall be considered a separate document within the meaning of the term "document," as used in the Requests.

"Election System" means any servers, desktops, laptops, tablets, smart phones, removable media (such as memory cards), ballot-marking devices (BMDs) (including ImageCastX Ballot-Marking Devices), BMD-adjacent equipment (including ImageCast Precinct Polling Place Scanner and associated printers or

2

touchscreens), ImageCast Central Count Scanner ("ICC") and any software and firmware installed on any such scanners, servers, devices, BMDs, or BMD-adjacent equipment (such as any version of the Election Management System (EMS), PollPads, or the software associated with the "Dominion Voting Democracy Suite" (D-Suite) and KnowInk PollPads) used to check in voters, activate BMDs, record, tabulate, or secure votes in any election in the state of Georgia.

"Including" means including without limitation.

"Person" means and includes a natural person (i.e., an individual), a group of natural persons acting as individuals, a group of individuals acting in a collegial or concerted capacity (e.g., as a committee, a board of directors or advisors, etc.), an association, firm, corporation, joint venture, partnership, company, governmental unit or agency, and any other business, enterprise, or entity, unless otherwise limited or specified in the Requests.

"Secretary of State" means Secretary of State Brad Raffensperger, the Office of the Georgia Secretary of State, as well as the respective agents, employees, representatives, consultants, counsel, and anyone else acting on behalf of each or all of the forgoing. This may be abbreviated as "SOS."

"Relevant Time Period" means July 1, 2020, until the present unless otherwise indicated.

3

"Unauthorized Access to Coffee County's Election System, EMS Servers and Election Data" means any event(s) that took place after November 3, 2020, in which one or more Coffee County election officials (including members of its board of elections or persons under their authority or direction) granted access to one or more Unauthorized Persons to access Coffee County's Election System components, EMS server, electronic records, and election ballots, as referenced, for instance, in the following media articles: https://www.washingtonpost.com/investigations/2022/05/13/coffee-county-misty-hampton-election/; https://www.thedailybeast.com/how-a-coffee-county-gop-chair-coordinated-a-voting-machine-breach; https://www.salon.com/2022/05/13/georgia-official-allowed-conspiracist-to-breach-voting-system-in-search-of-fraud-report/.

"Unauthorized Persons" means any Person other than an employee or agent of the Coffee County Election Board, the Secretary of State, or Dominion Voting Systems, respectively.

"You," "Your," or "Coffee County" mean Coffee County Board of Elections and Registration and all directors, officers, employees, and agents thereof, and any other person acting on Your behalf or under Your direction or control with respect to the subject matter of the Requests.

**Instructions**

1.  For each request, you are to produce entire documents including all attachments, enclosures, cover letters, memoranda, exhibits, and appendices. Copies that differ in any respect from an original (because, by way of example only, handwritten or printed notations have been added) shall be treated as separate documents and produced separately. Each draft of a document is a separate document. A request for a document shall be deemed to include a request for any and all transmittal sheets, cover letters, exhibits, enclosures, or attachments to the document, in addition to the document itself. These document requests shall not be deemed to call for identical copies of documents. "Identical" means precisely the same in all respects; for example, a document with handwritten notes or editing marks shall not be deemed identical to one without such notes or marks.

2.  Provide all electronically stored information ("ESI") in standard, single-page Group IV TIFF format with searchable text and metadata in a Relativity or similar load file. Also, provide any spreadsheet or presentation files, including Microsoft Access, Excel, and PowerPoint files, as well as audio, audiovisual, and video files, in their native formats. Also, provide any responsive Election System files including but not limited to software installation files, configuration files, input files, intermediate data files, output files, report files, system and application log

files, or other election software or data files (in their native formats) associated with any component of the Dominion voting system as used in Georgia elections (the Democracy Suite election manage system applications, ImageCast Precinct and ImageCast Central tabulators, and ImageCast X BMDs, and associated peripherals), including but not limited to software and/or firmware installation files (such as MSI, EXE, or APK or files in a proprietary binary format); scripts and/or configuration files used to provision or harden the installed software or firmware; EMS election project files, election project backup files, compressed archives of election project databases, and system permission rule sets; Microsoft SQL Database files; election definition and behavioral and configuration files used by ICX, ICP, and ICC devices (DAT files for ICX BMDs and files in the binary file formats used by the ICP and ICC tabulators); security credentials and encryption keys, including authentication data used to program security cards and keys to be used by the ICX, ICP, and ICC devices; result files (in the proprietary binary file format collected from the ICP and ICC tabulators); scanned ballot images; result reports in XML, PDF, HTML, and Excel formats; and device log, system log, and audit log files and reports. Produce the metadata for any responsive ESI with the responsive data, including the following fields: custodian(s), author(s), recipient(s), copy recipient(s), blind copy recipient(s), company name, subject, file sent date/time, file received date/time, file

creation date/time, file modification date/time, file access date/time, time zone, beginning bates, ending bates, page count, family bates range, hash value, application type, file type, file name, file size, file path, and folder path. Documents produced in native format shall be accompanied by a native link field.

3. Provide all hard copy documents as image files with searchable OCR text and unitize the hard copy documents to the extent possible (i.e., multi-page documents shall be produced as a single document and not as several single-page documents). Hard copy documents shall be produced as they are kept in the usual course, reflecting attachment relationships between documents and information about the file folders within which the document is found.

4. If you withhold or intend to withhold any documents or other information requested by the Requests on the ground of the attorney-client privilege, work-product doctrine, or other privilege, doctrine, or immunity, please provide a privilege log that meets the requirements of Rule 26(b)(5), including: (a) the document or information alleged to be so protected from production by author, subject matter, date, number of pages, attachments, and appendices; (b) the names and job titles of all recipients of the information or document, including any "blind copy" recipients and any person to whom the information or document was

7

distributed, shown, or explained; (c) the document's current custodian(s); and (d) all bases, factual and legal, upon which the claim of protection from discovery rests.

5. If only a portion of a responsive document or other requested information is claimed to be privileged against production, you should produce the responsive non-privileged portion of the document or other information in redacted form, provided that the redacted material is identified and the basis for the claim of privilege or protection is stated as provided in Instruction No. 4 above.

6. If you contend that any of the categories of the Requests are objectionable in whole or in part, please state with particularity each objection, the basis for it, and the categories of the Requests to which the objection applies, and otherwise fully respond to the category insofar as it is not deemed objectionable.

7. The documents responsive to these requests are to be produced as they were kept in the ordinary course of business, or in the way they were produced or otherwise provided to you from a third party, and, if the documents were produced by a third party, the identity of the third party shall be apparent or provided.

8. If any document responsive to this request was, but no longer is in your possession, state whether it is missing or lost; if it has been destroyed; if it has been transferred, voluntarily or involuntarily, to others; or if it has otherwise been

disposed of. In each instance, identify the document fully, explain the circumstances, and identify the people having knowledge of such circumstances.

9. If you contend that any documents covered in these requests are not reasonably accessible or would be unduly burdensome to locate or produce, identify such documents by category and source and provide detailed information regarding the burden or cost you claim is associated with the search for or production of such documents.

10. Unless clearly indicated otherwise: (a) the use of a verb in any tense shall be construed as the use of that verb in all other tenses; (b) the use of the feminine, masculine, or neuter genders shall include all genders; and (c) the singular form of a word shall include the plural and vice versa.

11. The Requests are deemed to be continuing so as to require the timely submission of supplemental responses and the production of additional documents or other information pursuant to the Rules and other applicable authority. Plaintiffs specifically reserve the right to seek supplemental responses and additional supplemental production of documents before trial.

12. Documents shall be produced to Plaintiffs via e-mail or comparable electronic means to their counsel of record or other individuals identified by Plaintiffs for receipt.

**Document Requests**

1.  Documents that evidence, refer to, or reflect when any Unauthorized Access to Coffee County's Election System, EMS Servers and Election Data took place.

2.  Documents that evidence, refer to, or reflect the Persons involved in any way, or who have knowledge of, any Unauthorized Access to Coffee County's Election System, EMS Servers and Election Data, including, but not limited to, Persons who organized, planned, communicated about, led, participated in, were present during, or have knowledge of such events.

3.  Documents that evidence, refer to, or reflect what data, systems, and processes were accessed during any Unauthorized Access to Coffee County's Election System and EMS Servers.

4.  Documents that evidence, refer to, or reflect how Unauthorized Persons were able to gain access to Coffee County's Election System and EMS servers during any Unauthorized Access to Coffee County's Election System, EMS Servers and Election Data.

5.  Documents that evidence, refer to, or reflect which Coffee County Election System images, devices, or documents were scanned and/or imaged

and/or copied by Unauthorized Persons as part of any Unauthorized Access to Coffee County's Election System, EMS Servers and Election Data.

6. All electronic files, including but not limited to election data, server images, or ballot images obtained during the Unauthorized Access to Coffee County's Election System, EMS Servers and Election Data by You or other Persons.

7. Documents that evidence, refer to, or reflect why the Coffee County EMS server was replaced during 2021 and/or any Communications regarding its replacement and the reason therefor.

8. Documents that evidence, refer to, or reflect when, why, and by whom the Coffee County EMS server's password was changed by any Person after the 2020 presidential election and any problems Coffee County officials encountered with the EMS server password in 2021.

9. Documents that evidence refer to or reflect the process and/or procedures to change a/the password for the Coffee County EMS server at all times during the Relevant Time Period.

10. All Documents provided by You to the Secretary of State or State Election Board related to the Coffee County's Election System and EMS server,

11

including documents or communications related to any investigation concerning Coffee County's Election System and EMS server.

11. All Documents that evidence, refer to, or reflect any Communications (oral, electronic or written) by or between You and/or the Secretary of State, the State Elections Board and its members, other Georgia counties, and/or other third parties relating to any Unauthorized Access to Coffee County's Election System, EMS Servers and Election Data, including any Communications concerning the images or electronic files obtained during any Unauthorized Access to Coffee County's Election System, EMS Servers and Election Data.

12. All Documents that evidence, refer to, or reflect any actual or potential security vulnerabilities, risks, failings, deficiencies, concerns, complaints, hacks, tabulation discrepancies, or compromises involving any aspect of Coffee County's Election System, including but not limited to any computer systems or network environments that support the operation of the Election System.

13. All Documents that evidence, refer to, or reflect any Communications by or between You (internal communications), the Secretary of State, Georgia counties, and/or other third parties, regarding this litigation.

14. All Documents that evidence, refer to, or reflect any copying of, or access to, any component of Georgia's Election System, or any data located on any

such component, that was not duly authorized by one or more State election officials with authority to lawfully allow such access.

15. All Documents, including any Communications, that evidence, support, concern, or refer to the December 10, 2020 Letter from the Coffee County Board of Elections and Registration directed to the House Governmental Affairs Committee, with the subject "Elections Investigative Hearing."

16. All Documents that evidence, refer, to, or reflect authorization to transfer the custody of all electronic election records on the EMS server to the Secretary of State.