*Plaintiffs' Motion to Compel Compliance with Subpoena to Produce Documents*

# EXHIBIT 4

**Sent:** Monday, May 23, 2022 10:36 AM EDT
**To:** Jennifer Dorminey Herzog <jherzog@hallboothsmith.com>; Rachel Roberts <Rachel.Roberts@coffeecounty-ga.gov>; Vickers, Tracie <Tracie.Vickers@coffeecounty-ga.gov>
**Subject:** FW: ORR 5.2.22 Item 3 deficiency-- Re: Coffee County's Response to Marks' 5.2.22 Open Records Request
**Attachment(s):** "Clean MINUTES_2nd Hearing 30_Dec_2020.pdf"

Jennifer,
I don't believe I received a response to this request for the documents related to the attempted "recount" that involved high school students.
Please produce the requested records.
Thank you.
Marilyn


**From:** Marilyn Marks <Marilyn@USCGG.org>
**Date:** Thursday, May 12, 2022 at 3:22 PM
**To:** Jennifer Dorminey Herzog <jherzog@hallboothsmith.com>
**Cc:** "Vickers, Tracie" <Tracie.Vickers@coffeecounty-ga.gov>, Rachel Roberts <Rachel.Roberts@coffeecounty-ga.gov>, "Vickers, Wesley" <Wesley.Vickers@coffeecounty-ga.gov>, "Anthony A. Rowell" <ARowell@hallboothsmith.com>
**Subject:** ORR 5.2.22 Item 3 deficiency-- Re: Coffee County's Response to Marks' 5.2.22 Open Records Request

Jennifer,
The response to item #3 appears to be deficient. Based on Cathy Latham's testimony to the Senate Judiciary Committee (attached and below), it appears that numerous documents would have been generated.

*"When they came to Coffee County, they came down on a Friday. They told them that Thursday, I believe, it may have been late Wednesday, that they were coming. Three people from the Secretary of State showed up with guns and badges and handcuffs and two Dominion Tech reps. They came with the intent of intimidation. Luckily, the county attorney stayed with a supervisor so that she wasn't by herself. And basically he said, "You want to recount? We'll do a recount." There were no Democrats and no Republicans there, to watch this recount. And the attorney called to an area private school, got a group of Sophomores. They sat there and divided the ballots into 100 count batches, and they proceeded to scan them and they wouldn't scan. The Dominion Tech, ran into the problems that Coffee County ran into. The Dominion Techs, sat on the floor for two hours with a manual, trying to figure out why they couldn't get the machines to do what they needed to do."*

It would seem logical that the county and the attorney referenced would have records of communication with the Secretary of State investigators, and the school. The chain of custody logs on the ballot boxes would have reflected the opening and resealing of the ballot boxes that day. There would surely have been some record keeping of number of batches prepared by the students, and the students' names who were handling the ballots, and the authority to do so. A list of those who were given an oath would have been generated. The scanner logs would have recorded the ballot scanner activity, even if only error messages. The described "recount," presumably done after the certified recount, surely generated some type of documentation of the problems encountered. Certainly some report of this activity would have been made to the Board of Elections.

Here is the request.
#3.
All documents including communications (emails, telephone notes, and text messages) and vote count documentation related to or regarding the manual count of Coffee County election ballots on or about December 12, 2020 occurring in conjunction with a local school involving Coffee County officials and school students. Records should include any documents and communications in the possession of Coffee County management (including Hampton and Ridlehoover), past or present Coffee County election board members, and attorneys representing Coffee County officials. The purported count is referenced in the attached minutes of the 12/30/20 Senate Judiciary Committee minutes in testimony by Cathy Latham. (emails on the county computers used by Hampton and Ridlehoover should be searched.)

**Response: Please find enclosed responsive records.**

Only one document was produced that was incomprehensible and seems to have little to do with the "recount" the students were asked to help conduct.

Please review your records to promptly complete the request. For clarity, the request is meant to include all aspects of the referenced "recount," whether the ballots were manually counted or the attempts to count them by machine count.

If you deny or withhold records for this request, please state the specific records being withheld and cite the statute and legal authority on which you rely to withhold the records.

Marilyn Marks


**From:** Jennifer Dorminey Herzog <jherzog@hallboothsmith.com>
**Date:** Tuesday, May 10, 2022 at 5:22 PM
**To:** Marilyn Marks <Marilyn@USCGG.org>
**Cc:** "Vickers, Tracie" <Tracie.Vickers@coffeecounty-ga.gov>, Rachel Roberts <Rachel.Roberts@coffeecounty-ga.gov>, "Vickers, Wesley" <Wesley.Vickers@coffeecounty-ga.gov>, "Anthony A. Rowell" <ARowell@hallboothsmith.com>
**Subject:** Coffee County's Response to Marks' 5.2.22 Open Records Request

CGG20220001928

Ms. Marks,

Please accept this correspondence as Coffee County's Response to your 5.2.22 Open Records Request. As you are aware, we communicated with regard to this request last week as we had not yet received payment for documents produced in response to your prior request(s). In accordance with O.C.G.A. 50-18-71(d), Coffee County required prepayment before complying with any future requests for production of documents until the costs of the prior production of records were paid. Payment for the prior requests was received Friday May 7, 2022.

Also, to follow up on one prior issue in our previous communications, in response to open records requests directed to other counties in the past I have not provided privilege logs which you have specifically requested for attorney privileged records. I have now researched and also communicated with the Attorney over the Open Government Mediation Program in Georgia who resolves Open Records Act disputes who confirmed that a detailed privilege log is not required by Georgia's Open Records Act, simply reference to the specific code section that they are being withheld.

I incorporate all Coffee County's prior responses to your previous Open Records Requests herein as I believe those are necessary and relevant to fully understanding your below requests and as well as the completeness of our responses to same. Please find below Coffee County's response to your respective delineated requests and responsive documents attached.

1. All emails, text messages, and related documents related to Coffee County matters from the period November 3, 2020 through the date of your response between any Hall Booth Smith attorney representing Coffee County officials and any representative of the Georgia Secretary of State office or the State Election Board. For purposes of this request, the email search may be limited to addresses (including cc: or bcc) using domain "sos.ga.gov" for the email address of state officials. (Previously produced emails need not be produced again.)

    **Response: Please find enclosed responsive records.**

2. All emails, text messages, and related documents regarding Coffee County matters from the period November 3, 2020 through the date of your response between any Hall Booth Smith attorney representing Coffee County officials and any of the following individuals (including cc and bcc):

    a. Shawn Still
    b. Kurt Hilbert
    c. Cathy Latham
    d. Ed Voyles
    e. David Shafer
    f. Dominic LaRiccia
    g. Scott Hall
    h. Doug Logan
    i. Russell Ramsland
    j. Preston Halliburton
    k. Frances Watson
    l. Brad Raffensperger
    m. Jordan Fuchs
    n. Gabriel Sterling
    o. Michael Barnes
    p. any Dominion voting systems representative
    q. Chris Harvey

    **Response: None.**

3. All documents including communications (emails, telephone notes, and text messages) and vote count documentation related to or regarding the manual count of Coffee County election ballots on or about December 12, 2020 occurring in conjunction with a local school involving Coffee County officials and school students. Records should include any documents and communications in the possession of Coffee County management (including Hampton and Ridlehoover), past or present Coffee County election board members, and attorneys representing Coffee County officials. The purported count is referenced in the attached minutes of the 12/30/20 Senate Judiciary Committee minutes in testimony by Cathy Latham. (emails on the county computers used by Hampton and Ridlehoover should be searched.)

    **Response: Please find enclosed responsive records.**

4. System logs for all ICC scanners used in the November 3, 2020 original count and recount. The system log should include all system log entries from October 1, 2020 through June 30, 2021. (**Follow up clarification received in 5.2.22 email : Please accept this as a clarification of request #4 below. It has been reported that Coffee County had to borrow a scanner from another county during the November 3, 2020 recount. Please provide the system log from that scanner as well as any Coffee County scanners. That system log is a Coffee County election record that should be preserved.)

    **Response: Please find enclosed responsive records.**

5. All communications (including emails, text messages and voicemails) related to the Shawn Still v Brad Raffensperger *et al.* (Fulton County Superior Court 2020cv343711) litigation not protected by attorney client privilege or attorney work product. This request also includes all county attorneys' communications with all other parties, parties' counsel and the Court.

    **Response: None.**

6. For the period February 25, 2021 through June 30, 2021 all election-related communications (including emails, text messages and voicemails) between Lowndes County including Deb Cox and any of the following persons:

    a. Coffee County election officials
    b. Coffee County attorneys
    c. Coffee County management

    **Response: Please find enclosed responsive records.**

7. For the period September 1, 2020 through March 31, 2020, records of repair, maintenance or assistance related to the laptop Misty Hampton used for election work and the county computer used by Jil Ridlehoover. Documents to include the records of Charles Dial and SGCCE.

**Response: None, but have provided ledger for those dates. Please note - we are interpreting this request as a request for records with a date parameter of 9/1/2020 through 3/31/21.**

8. A document identifying the computer Mr. Vickers referenced as "her computer" in the attached July 2, 2021 email. A document identifying the "old computer" referenced the attached July 2, 2021.

**Response: Please find enclosed. To attempt to seek resolution and understanding, we further provide the following explanation: there is a desk top computer located in the Election Supervisor's office and my understanding is that is what computer was referenced in Mr. Vickers' email. The reference to "old computer" also was referencing that same desktop in the Election Supervisor's office.**

9. Documents demonstrating the attempt and to obtain a copy of the .ost files of Misty Hampton's emails on the computer referenced on the July 2, 2021 memo attached. Documents produced to date did not include any reference to Mr. Dial's attempt to recover the .ost file of Misty Hampton's email or what his findings were. Please produce the file description, size and time created of the .ost file Mr. Dial created in his attempt to recover Ms. Hampton's emails. (As Mr. Dial notes, cancelling the Microsoft license should have had no impact on the email files resident on Ms. Hampton's computer. Those files should be recoverable and have not been produced.)

**Response: None. Mr. Dial advises no .ost files were located as Hampton used Outlook Web Access.**

10. **NO QUESTION PROVIDED FOR 10.**

11. If Ms. Hampton deleted the Outlook email files on the computer as Mr. Dial suggests may have happened, "before she left," please produce documentation of deletion of Hampton's emails on the computer referenced. It is my understanding that Ms. Hampton was ushered out of the office immediately upon her termination, in which case she would presumably not have had time to delete her emails.

**Response: None.**

12. Documents reflecting that Coffee County conducted a review of the email files (including .ost files) resident on the computer Ms. Ridlehoover previously used, in Coffee County's search for county records responsive to all of my previous relevant records requests. (This also includes any responsive emails in which Ms. Ridlehoover was copied.)

**Response: None.**

13. Documents including emails related to or following up on the attached emails related to Doug Logan's business card or Chris Harvey's suggestion that follow up may be appropriate. Responsive documents should include communications regarding Mr. Logan after November 3, 2020 including those in Ms. Ridlehoover emails. Responsive documents should also include emails from Ms. Watson or others on the SOS investigation staff.

**Response: None.**

14. Communications after April 19, 2022 with the Secretary of State's office regarding any investigation.

**Response: None.**

The only documents withheld from production are under the authority of OCGA 50-18-72(a)(41) and (42). As provided by O.C.G.A. § 50-18-71, the cost to search, retrieve, copy, and redact the requested documents is $40.94. This fee includes a charge of $21.38 per hour for one hour, and $19.56 per hour for one hour, to cover the administrative costs of assisting you with your request (e.g., staff time

searching for, retrieving, copying, etc.) to access county records as authorized by O.C.G.A. § 50-18-71. This fee represents the hourly rate of the lowest-paid, full-time employee with the necessary skill and training to respond to your request. There is no charge for the first 15 minutes. Should you need hard copies of any of the requested records, the charge is generally 10¢ per page for letter or legal sized documents. **Please forward previously approved amount of $40.94 to the attention of County Clerk/Coffee County Records Custodian Tracie Vickers at Coffee County Commissioners Office, 101 South Peterson Avenue, Douglas, GA 31533.**

Sincerely,

Jennifer Herzog

Attachments for this email are being securely delivered by iManage Share  Powered by iManage

 Docs Response to Marks 5_2_22 ORR.PDF (35.5 MB)

**Jennifer Dorminey Herzog**
Attorney at Law | Hall Booth Smith, P.C.

O: 229.382.0515          1564 King Road
D: 229.339.8856          Tifton, GA 31793
                         hallboothsmith.com



ALABAMA | ARKANSAS | COLORADO | FLORIDA | GEORGIA
MONTANA | NEW JERSEY | NEW YORK | OKLAHOMA
NORTH CAROLINA | SOUTH CAROLINA | TENNESSEE

CONFIDENTIALITY NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy the original message and any copies.

**From:** Marilyn Marks <Marilyn@USCGG.org>
**Sent:** Monday, May 2, 2022 7:42 AM
**To:** Jennifer Dorminey Herzog <jherzog@hallboothsmith.com>; Vickers, Tracie <Tracie.Vickers@coffeecounty-ga.gov>; Rachel Roberts <Rachel.Roberts@coffeecounty-ga.gov>
**Subject:** 5.2.22 Open Records Request

This is a public records request. Please provide electronic copies of the requested records. The records should include records in the possession of current and previous election officials (including Misty Hampton and Jil Ridlehoover) as well as county attorneys and vendors. If any record is denied or withheld, please specifically state which specific record is being withheld and the basis for withholding, including the legal citations. Please produce:

1. All emails, text messages, and related documents related to Coffee County matters from the period November 3, 2020 through the date of your response between any Hall Booth Smith attorney representing Coffee County officials and any representative of the Georgia Secretary of State office or the State Election Board. For purposes of this request, the email search may be limited to addresses (including cc: or bcc) using domain "sos.ga.gov" for the email address of state officials.  (Previously produced emails need not be produced again.)

2. All emails, text messages, and related documents regarding Coffee County matters from the period November 3, 2020 through the date of your response between any Hall Booth Smith attorney representing Coffee County officials and any of the following individuals (including cc and bcc):

    a. Shawn Still
    b. Kurt Hilbert
    c. Cathy Latham
    d. Ed Voyles
    e. David Shafer
    f. Dominic LaRiccia
    g. Scott Hall
    h. Doug Logan
    i. Russell Ramsland
    j. Preston Halliburton
    k. Frances Watson
    l. Brad Raffensperger
    m. Jordan Fuchs
    n. Gabriel Sterling
    o. Michael Barnes
    p. any Dominion voting systems representative

    q. Chris Harvey

3. All documents including communications (emails, telephone notes, and text messages) and vote count documentation related to or regarding the manual count of Coffee County election ballots on or about December 12, 2020 occurring in conjunction with a local school involving Coffee County officials and school students. Records should include any documents and communications in the possession of Coffee County management (including Hampton and Ridlehoover), past or present Coffee County election board members, and attorneys representing Coffee County officials. The purported count is referenced in the attached minutes of the 12/30/20 Senate Judiciary Committee minutes in testimony by Cathy Latham. (emails on the county computers used by Hampton and Ridlehoover should be searched.)

4. System logs for all ICC scanners used in the November 3, 2020 original count and recount. The system log should include all system log entries from October 1, 2020 through June 30, 2021.

5. All communications (including emails, text messages and voicemails) related to the Shawn Still v Brad Raffensperger et al. (Fulton County Superior Court 2020cv343711) litigation not protected by attorney client privilege or attorney work product. This request also includes all county attorneys' communications with all other parties, parties' counsel and the Court.

6. For the period February 25, 2021 through June 30, 2021 all election-related communications (including emails, text messages and voicemails) between Lowndes County including Deb Cox and any of the following persons:

    a. Coffee County election officials
    b. Coffee County attorneys
    c. Coffee County management

7. For the period September 1, 2020 through March 31, 2020, records of repair, maintenance or assistance related to the laptop Misty Hampton used for election work and the county computer used by Jil Ridlehoover. Documents to include the records of Charles Dial and SGCCE.

8. A document identifying the computer Mr. Vickers referenced as "her computer" in the attached July 2, 2021 email. A document identifying the "old computer" referenced the attached July 2, 2021.

9. Documents demonstrating the attempt and to obtain a copy of the .ost files of Misty Hampton's emails on the computer referenced on the July 2, 2021 memo attached. Documents produced to date did not include any reference to Mr. Dial's attempt to recover the .ost file of Misty Hampton's email or what his findings were. Please produce the file description, size and time created of the .ost file Mr. Dial created in his attempt to recover Ms. Hampton's emails. (As Mr. Dial notes, cancelling the Microsoft license should have had no impact on the email files resident on Ms. Hampton's computer. Those files should be recoverable and have not been produced.)

10. If Ms. Hampton deleted the Outlook email files on the computer as Mr. Dial suggests may have happened, "before she left," please produce documentation of deletion of Hampton's emails on the computer referenced. It is my understanding that Ms. Hampton was ushered out of the office immediately upon her termination, in which case she would presumably not have had time to delete her emails.

11. Documents reflecting that Coffee County conducted a review of the email files (including .ost files) resident on the computer Ms. Ridlehoover previously used, in Coffee County's search for county records responsive to all of my previous relevant records requests. (This also includes any responsive emails in which Ms. Ridlehoover was copied.)

12. Documents including emails related to or following up on the attached emails related to Doug Logan's business card or Chris Harvey's suggestion that follow up may be appropriate. Responsive documents should include communications regarding Mr. Logan after November 3, 2020 including those in Ms. Ridlehoover emails. Responsive documents should also include emails from Ms. Watson or others on the SOS investigation staff.

13. Communications after April 19, 2022 with the Secretary of State's office regarding any investigation.

Please let me know if you have questions about this request.

Marilyn Marks (on behalf of Coalition for Good Governance and also myself as an individual)
Executive Director
Coalition for Good Governance
Cell: ███████
Marilyn@USCGG.org
Follow me @MarilynRMarks1