*Plaintiffs' Motion to Compel Compliance with Subpoena to Produce Documents*

# EXHIBIT 5

Friday, October 13, 2023 at 21:24:34 Eastern Daylight Time

| | |
|---|---|
| **Subject:** | RE: Coffee County's 4/20/22 Response to Marks' follow up on response to Consolidated Open Records Request |
| **Date:** | Wednesday, April 20, 2022 at 5:42:09 PM Eastern Daylight Time |
| **From:** | Jennifer Dorminey Herzog |
| **To:** | Marilyn Marks |
| **CC:** | Vickers, Tracie, Rachel Roberts, Vickers, Wesley, Anthony A. Rowell |
| **Attachments:** | HBS_Email_Signature_1.19.22.jpg, image005.jpg, image006.png, image007.png, image008.png, image009.jpg, image001.png, image002.png |

Please see below which apparently bounced back. Please confirm receipt of this link to documents:

Attachments for this email are being securely delivered by iManage Share  Powered by iManage 

 CC - 4.20.22 docs to Marilyn Marks.PDF (31.8 MB)

**Jennifer Dorminey Herzog**
Attorney at Law | Hall Booth Smith, P.C.

O: 229.382.0515        1564 King Road
D: 229.339.8856        Tifton, GA 31793
                       hallboothsmith.com

 ALABAMA | ARKANSAS | COLORADO | FLORIDA | GEORGIA
MONTANA | NEW JERSEY | NEW YORK | OKLAHOMA
NORTH CAROLINA | SOUTH CAROLINA | TENNESSEE

CONFIDENTIALITY NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy the original message and any copies.

**From:** Jennifer Dorminey Herzog <jherzog@hallboothsmith.com>
**Sent:** Wednesday, April 20, 2022 5:28 PM
**To:** Marilyn Marks <Marilyn@USCGG.org>
**Cc:** Vickers, Tracie <Tracie.Vickers@coffeecounty-ga.gov>; Rachel Roberts <Rachel.Roberts@coffeecounty-ga.gov>; Vickers, Wesley <Wesley.Vickers@coffeecounty-ga.gov>; Anthony A. Rowell <ARowell@hallboothsmith.com>

**Subject:** Coffee County's 4/20/22 Response to Marks' follow up on response to Consolidated Open Records Request

Mrs. Marks,

I incorporate all Coffee County's prior responses to your previous Open Records Requests herein as I believe those are necessary and relevant to fully understanding your below requests and as well as the completeness of our responses to same. Please find below Coffee County's response to your respective delineated requests and responsive documents attached.

1. **Requests related to Secretary of State investigations are included in requests (3.4.33(4)) and (3.25.22(2)). It appears that the only investigation included in Coffee County's response relates to case SEB21-00094. But we note that Ms. Ditto of your firm represented Coffee County at the hearing in December 2021 on SEB20-250. (See attached transcripts.) Yet we did not locate any responsive documents for that investigation which certainly must have generated documents. Please review your response for completeness or explain why the responses were withheld. The documents related to the continued investigation of the SEB20-250 case under the jurisdiction of the Attorney General's office should also be included in your responsive documents.**

Response: Please find attached documents, some which may in fact be duplicative of documents previously produced, but should be all our office has responsive to this request. I am not aware of any documents being intentionally withheld from being produced to you in response to this request outside of attorney client privileged communications and attorney client work product under the authority of OCGA 50-18-72(a)(41) and (42). As previously communicated to you, in response to requests for other counties in the past, I have not provided privilege logs for these type of attorney privileged records. I will research whether a privilege log is even required under Georgia Law for those types of records. If you desire a detailed privilege log of what communications may be in existence between the various attorneys in my office and the various staff at Coffee County, that will take significant time and expense to locate the documents and create the logs.

2. **Please permit this item (#2) to serve as a *new open records request* to update 3.4.22(4) and 3.25.22 (5) through the date of your response. We are seeking to include documents (including documents maintained by counsel) related to the new investigation of Coffee County alleged server access which the Secretary of State's investigation that began approximately February 24, 2022 as represented by SOS counsel to Court in the Curling v Raffensperger case.**

Response: I have enclosed one email which is tangentially related to the server topic in good faith. There are no further documents responsive outside what has been previously produced to you in response to prior open records requests. No documents responsive with regard to a "new investigation" regarding "alleged server access."

3. **Please note the attached letter dated December 10, 2021 to the House Governmental Affairs Committee. The letter refers to an upcoming investigation of Coffee County Elections. It references numerous previous communications to the Secretary's office.**

**It also references other documents including communications that would have been directly responsive to a number of the records requests attached. Please explain why responsive documents were withheld and immediately supply them. If the investigation to which Mr. Chaney refers in the letter is not SEB20-250, and is a different investigation, please provide responsive documents on the investigation he references as upcoming in the December 10, 2021 letter.**

Response: It is my understanding that many of the communications referenced were verbal and as far as the documents specifically referenced, I have been provided no documents responsive to this request that have not been previously provided to you; however, I am researching this request further to try to understand what documents, if any, may be in existence in Coffee County's possession and responsive to this request and will supplement as necessary.

4. **In your responsive documents that include Mr. Chaney's letter of April 12, 2022, he states that after the recount there was a visit by people he believed to be associated with the Secretary of State's office. Please provide all responsive documents related to or regarding that visit, including visitor logs, notes made by board members or other Coffee County management or attorneys present for that visit.**

Response: No documents responsive to this request.

5. **It is hard to imagine an on-site visit by the SOS investigators for which there was no correspondence or documentation with the county attorneys, election board members, county management, or Board of Commissioners. Please review the County's files to determine whether there are responsive documents not produced.**

Response: No documents responsive to this request.

6. **Please note the details of the attached complaint by Plaintiff Shawn Still filed in Fulton Superior Court. Note references to various communications with the Secretary of State. Please also note paragraphs 45 through 47 of the complaint. I had heard about this hand counting incident from a number of Coffee County citizens. It is my understanding that Coffee County management was involved in arranging or observing this count. Records relating to the related SOS investigation and hand count would certainly have generated documents. No responsive documents were included in the package. Please thoroughly review the county documents to determine whether responsive documents were withheld.**

Response: It is my understanding that many or all of the communications referenced were verbal and I have been provided no documents responsive to this request that have not been previously provided to you; however, I am researching this request further to try to understand what documents, if any, may be in existence in Coffee County's possession and responsive to this request and will supplement as necessary.

7. **The documents you provided reference an "election computer." I assume that this is a computer in the elections office and that it has been thoroughly searched for responsive records. Please confirm that all such computers have been searched.**

3 of 12

Response: There are 5 computers located in the Coffee County Elections' office – the Election Supervisor's computer, the Election Assistant's computer, two computers used for early voting and the GEMS computer. A good faith effort has been made to search the Election Supervisor and Election Assistant's computers; however, as you are aware from prior correspondences, Ridlehoover and Hamptons' emails are not accessible.

8. **It is my understanding that Misty Hampton consistently and extensively used a laptop for elections business. But no responsive records have been produced from that laptop, per our conversation and the laptop has not been located. I am asking that you make a diligent effort to locate that laptop and secure the official elections office records and communications on it. I request that Coffee County request that Charles Dial or other appropriate IT vendor provide records of service of that laptop.**

Response: This request has been previously asked and answered. I have been advised there was no county issued laptop and therefore there are no records responsive to your request in Coffee County's possession and no IT vendor records with regard to same.

> **It is my understanding that Jil Ridlehoover, former elections deputy, is employed by Eric Chaney, a board member. If true, she can certainly be reached and encouraged to provide information on the location of official electronic communications and responsive documents that she is aware of, and information concerning the sever password change if she was aware of that action. Permitting ex-employees to leave the employment of the county with the only copy of official records is obviously unacceptable and the County must make all best efforts to obtain this information. It is my understanding that the County has not attempted to contact Ms. Ridlehoover or Ms. Hampton to retrieve its official documents that may be on devices in their possession. I request that the County undertake best efforts to retrieve the official records requested. We do not intend to cover the cost of retrieving official Coffee County official records that Coffee County chose not to secure.**

Response: This request has been previously asked and answered. There are no records responsive to your request in Coffee County's possession.

9. **With respect to the alleged changing of the server password and documents requested (4.4.22. (11)), no responsive documents were produced. Given that this discovery of the inability to access the server presumably took place when Mr. Barnes was employed, it seems only logical that there would have been some written record of the attempt to access the server, reset the password, trouble shoot, and perhaps call in Charles Dial or another vendor. The following is an excerpt from your March 25, 2022 email to me:**

> **Ballot images for the January 5, 2021 runoff election.**
> *Response: As you are aware from Coffee County's responses to your previous open records requests, there has been significant turnover of Coffee County Elections' staff since the November 2020 election. It is my understanding that a former election supervisor changed a password/credential and therefore as a result there was an inability by*

> *Coffee County to access that specific server, thereby requiring the server to be replaced by the Secretary of State for the conduct of future elections. It is also my understanding that the server is now located in the Secretary of State's possession and we believe contains the ballot images requested for both the November 2020 election and January 2021 runoff election, therefore the County has no documents in its possession responsive to this request at this time. As previously relayed to you, you may choose to seek those records directly from the Secretary of State's office and Coffee County has no objection to the production of these ballot images to you. Further, Coffee County has already made a request to the Secretary of State to obtain same. If they come into Coffee County's possession, we will promptly produce them to you.*

**Please produce the requested records that document the attempts by Coffee County employees to gain access to the server and then seek a new server. Please include documents in the possession of your IT vendor in this request. It seem reasonable that documents exist that reflect this alleged unauthorized change of password, or request to the SOS to provide assistance or reset the password. An unauthorized change of password by an employee being terminated would seem to be cause for law enforcement action. Please provide any documents relating to or regarding Coffee County's discovery of the password change or consideration of alternative actions with respect to this unauthorized password change.**

Response: Again, this request has been previously asked and answered. The server was state property that was state maintained, not connected to county network. Therefore, it is my understanding that local IT support was never involved. Any communications would have been between former Election Superintendent James Barnes and the Secretary of State's office. The County Records Custodian has diligently searched Barnes' email account and found no further records responsive to this request.

10. **New request (#10) Please provide documents including communications for the assignment of the password for the EMS server that replaced the server seized by the Secretary of State. I am not seeking the password itself, which I expect to be redacted from the document.**

Response: No documents responsive to this request.

11. **It was unclear which board members provided documents for these requests. Please indicate which records were produced by which board members and detail any board member records withheld and the legal authority for withholding.**

Response: All board members responded to the request. No documents provided were withheld by my office.

The only documents withheld from production are under the authority of OCGA 50-18-72(a)(41) and (42). Certain documents are redacted for personal information in accordance with OCGA 50-18-72(a)(20) and (21). Please forward payment in the previously approved amount of $85.52 to the attention of County Clerk/Coffee County Records Custodian Tracie Vickers at Coffee

County Commissioners Office, 101 South Peterson Avenue, Douglas, GA 31533.

Sincerely,

Jennifer Herzog

**Jennifer Dorminey Herzog**
Attorney at Law | Hall Booth Smith, P.C.

O: 229.382.0515
D: 229.339.8856

1564 King Road
Tifton, GA 31793
hallboothsmith.com



ALABAMA | ARKANSAS | COLORADO | FLORIDA | GEORGIA
MONTANA | NEW JERSEY | NEW YORK | OKLAHOMA
NORTH CAROLINA | SOUTH CAROLINA | TENNESSEE

CONFIDENTIALITY NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy the original message and any copies.

**From:** Marilyn Marks <Marilyn@USCGG.org>
**Sent:** Friday, April 15, 2022 2:28 PM
**To:** Jennifer Dorminey Herzog <jherzog@hallboothsmith.com>
**Cc:** Vickers, Tracie <Tracie.Vickers@coffeecounty-ga.gov>; Rachel Roberts <Rachel.Roberts@coffeecounty-ga.gov>; Vickers, Wesley <Wesley.Vickers@coffeecounty-ga.gov>; Anthony A. Rowell <ARowell@hallboothsmith.com>
**Subject:** Re: Coffee County's 4/12/22 Response to Marks' 4/11/22 Consolidated Open Records Request

Jennifer,
This is a follow up to my email below and previous emails to again seek the production of responsive documents from Coffee County.
The email below references a number of documents that were due long ago, and I have heard nothing from you or other Coffee County officials since I sent it on the still outstanding requests.

In the context of the previous requests, please note the comments related to Coffee County in the testimony in front of the Senate Judiciary Committee on December 30, 2020. (attached) In particular note the SOS investigation where it is alleged on page 3 that the SOS investigators came to Coffee County with notice. Presumably there was written notice of that investigation and that county management and county attorney's offices were notified. The statements on page 3 indicate that the County attorney was aware of the investigation and "recount." If the statements concerning the SOS investigation and student counting of ballots are accurate, County management involved in this unusual activity would presumably have some written records concerning this event involving the SOS investigators. Yet no responsive documents

were produced.

This email nor the one below should be construed as a complete list of missing responsive documents.

I ask that you respond today with the production of the documents the County has withheld unless they are strictly attorney-client privileged communications.
Thank you.

Marilyn

**From:** Marilyn Marks <Marilyn@USCGG.org>
**Date:** Thursday, April 14, 2022 at 3:24 PM
**To:** Jennifer Dorminey Herzog <jherzog@hallboothsmith.com>
**Cc:** "Vickers, Tracie" <Tracie.Vickers@coffeecounty-ga.gov>, Rachel Roberts <Rachel.Roberts@coffeecounty-ga.gov>, "Vickers, Wesley" <Wesley.Vickers@coffeecounty-ga.gov>, "Anthony A. Rowell" <ARowell@hallboothsmith.com>
**Subject:** FW: Coffee County's 4/12/22 Response to Marks' 4/11/22 Consolidated Open Records Request

Jennifer,
Thank you for the summary of responses attached, and the consolidated responses you sent yesterday.
I have some follow up and update questions:

1. Requests related to Secretary of State investigations are included in requests (3.4.33(4)) and (3.25.22(2)). It appears that the only investigation included in Coffee County's response relates to case SEB21-00094. But we note that Ms. Ditto of your firm represented Coffee County at the hearing in December 2021 on SEB20-250. (See attached transcripts.) Yet we did not locate any responsive documents for that investigation which certainly must have generated documents. Please review your response for completeness or explain why the responses were withheld. The documents related to the continued investigation of the SEB20-250 case under the jurisdiction of the Attorney General's office should also be included in your responsive documents.

2. Please permit this item (#2) to serve as a **new open records request** to update 3.4.22(4) and 3.25.22 (5) through the date of your response. We are seeking to include documents (including documents maintained by counsel) related to the new investigation of Coffee County alleged server access which the Secretary of State's investigation that began approximately February 24, 2022 as represented by SOS counsel to Court in the Curling v Raffensperger case.

3. Please note the attached letter dated December 10, 2021 to the House Governmental Affairs Committee. The letter refers to an upcoming investigation of Coffee County Elections. It references numerous previous communications to the

Secretary's office. It also references other documents including communications that would have been directly responsive to a number of the records requests attached. Please explain why responsive documents were withheld and immediately supply them. If the investigation to which Mr. Chaney refers in the letter is not SEB20-250, and is a different investigation, please provide responsive documents on the investigation he references as upcoming in the December 10, 2021 letter.

4. In your responsive documents that include Mr. Chaney's letter of April 12, 2022, he states that after the recount there was a visit by people he believed to be associated with the Secretary of State's office. Please provide all responsive documents related to or regarding that visit, including visitor logs, notes made by board members or other Coffee County management or attorneys present for that visit.

5. It is hard to imagine an on-site visit by the SOS investigators for which there was no correspondence or documentation with the county attorneys, election board members, county management, or Board of Commissioners. Please review the County's files to determine whether there are responsive documents not produced.

6. Please note the details of the attached complaint by Plaintiff Shawn Still filed in Fulton Superior Court. Note references to various communications with the Secretary of State. Please also note paragraphs 45 through 47 of the complaint. I had heard about this hand counting incident from a number of Coffee County citizens. It is my understanding that Coffee County management was involved in arranging or observing this count. Records relating to the related SOS investigation and hand count would certainly have generated documents. No responsive documents were included in the package. Please thoroughly review the county documents to determine whether responsive documents were withheld.

7. The documents you provided reference an "election computer." I assume that this is a computer in the elections office and that it has been thoroughly searched for responsive records. Please confirm that all such computers have been searched.

8. It is my understanding that Misty Hampton consistently and extensively used a laptop for elections business. But no responsive records have been produced from that laptop, per our conversation and the laptop has not been located. I am asking that you make a diligent effort to locate that laptop and secure the official elections office records and communications on it. I request that Coffee County request that Charles Dial or other appropriate IT vendor provide records of service of that laptop.

   It is my understanding that Jil Ridlehoover, former elections deputy, is employed by Eric Chaney, a board member. If true, she can certainly be reached and encouraged to provide information on the location of official electronic communications and responsive documents that she is aware of, and information concerning the sever password change if she was aware of that action.

> Permitting ex-employees to leave the employment of the county with the only copy of official records is obviously unacceptable and the County must make all best efforts to obtain this information. It is my understanding that the County has not attempted to contact Ms. Ridlehoover or Ms. Hampton to retrieve its official documents that may be on devices in their possession. I request that the County undertake best efforts to retrieve the official records requested. We do not intend to cover the cost of retrieving official Coffee County official records that Coffee County chose not to secure.

9. With respect to the alleged changing of the server password and documents requested (4.4.22. (11)), no responsive documents were produced. Given that this discovery of the inability to access the server presumably took place when Mr. Barnes was employed, it seems only logical that there would have been some written record of the attempt to access the server, reset the password, trouble shoot, and perhaps call in Charles Dial or another vendor. The following is an excerpt from your March 25, 2022 email to me:

   > Ballot images for the January 5, 2021 runoff election.
   >> ***Response:*** *As you are aware from Coffee County's responses to your previous open records requests, there has been significant turnover of Coffee County Elections' staff since the November 2020 election. It is my understanding that a former election supervisor changed a password/credential and therefore as a result there was an inability by Coffee County to access that specific server, thereby requiring the server to be replaced by the Secretary of State for the conduct of future elections. It is also my understanding that the server is now located in the Secretary of State's possession and we believe contains the ballot images requested for both the November 2020 election and January 2021 runoff election, therefore the County has no documents in its possession responsive to this request at this time. As previously relayed to you, you may choose to seek those records directly from the Secretary of State's office and Coffee County has no objection to the production of these ballot images to you. Further, Coffee County has already made a request to the Secretary of State to obtain same. If they come into Coffee County's possession, we will promptly produce them to you.*

   Please produce the requested records that document the attempts by Coffee County employees to gain access to the server and then seek a new server. Please include documents in the possession of your IT vendor in this request. It seem reasonable that documents exist that reflect this alleged unauthorized change of password, or request to the SOS to provide assistance or reset the password. An unauthorized change of password by an employee being terminated would seem to be cause for law enforcement action. Please provide any documents relating to or regarding Coffee County's discovery of the password change or consideration of alternative actions with respect to this unauthorized password change.

10. New request (#10) Please provide documents including communications for the

**9 of 12**

assignment of the password for the EMS server that replaced the server seized by the Secretary of State. I am not seeking the password itself, which I expect to be redacted from the document.

11. It was unclear which board members provided documents for these requests. Please indicate which records were produced by which board members and detail any board member records withheld and the legal authority for withholding.

Again we need an understanding as to what records are being withheld and the basis for doing so. Please provide that detail in the form of a privilege log.

Please let me know if you have questions.


Marilyn Marks (all above and related requests are submitted on behalf of Coalition for Good Governance and also myself as an individual)
Executive Director
Coalition for Good Governance
Cell: 970 404 2225
Marilyn@USCGG.org
Follow me @MarilynRMarks1


**From:** Jennifer Dorminey Herzog <jherzog@hallboothsmith.com>
**Date:** Tuesday, April 12, 2022 at 9:50 PM
**To:** Marilyn Marks <Marilyn@USCGG.org>
**Cc:** "Vickers, Tracie" <Tracie.Vickers@coffeecounty-ga.gov>, Rachel Roberts <Rachel.Roberts@coffeecounty-ga.gov>, "Vickers, Wesley" <Wesley.Vickers@coffeecounty-ga.gov>, "Anthony A. Rowell" <ARowell@hallboothsmith.com>
**Subject:** Coffee County's 4/12/22 Response to Marks' 4/11/22 Consolidated Open Records Request

Ms. Marks,

Please see attached Coffee County's 4/12/22 Response to your 4/11/22 Consolidated Open Records Request. Documents will follow in 3 separate emails (so 4 emails tonight from me total). Please confirm receipt at your convenience. Thank you,

Jennifer


**Jennifer Dorminey Herzog**
Attorney at Law | Hall Booth Smith, P.C.



O: 229.382.0515
D: 229.339.8856

1564 King Road
Tifton, GA 31793
hallboothsmith.com



ALABAMA | ARKANSAS | COLORADO | FLORIDA | GEORGIA
MONTANA | NEW JERSEY | NEW YORK | OKLAHOMA
NORTH CAROLINA | SOUTH CAROLINA | TENNESSEE

CONFIDENTIALITY NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy the original message and any copies.

**From:** Marilyn Marks <Marilyn@USCGG.org>
**Sent:** Monday, April 11, 2022 11:41 AM
**To:** Jennifer Dorminey Herzog <jherzog@hallboothsmith.com>
**Cc:** Tracie.Vickers@coffeecounty-ga.gov; Rachel.Roberts@coffeecounty-ga.gov
**Subject:** Consolidated Open Records Requests

Jennifer,
I went through the requests, and did not have much success in crossing off many outstanding items. Maybe your document production today or tomorrow will accomplish that.
I think that we should chat again briefly about the best way to proceed. I greatly appreciate your cooperation in working through this. I have attached the outstanding list, both in pdf and word. If you would like to use the word document to comment or provide your responses, that is fine. The pdf version can serve as the official copy from me.

As you are aware, all the requests are being made by Coalition for Good Governance and also by me as an individual.

If you withhold any documents for privilege or other purposes, please provide a citation of the legal authority to do so and a privilege log.

Let me know when we can talk again about best ways to accomplish this with as little distraction as possible to your elections team.

Thank you.
Marilyn Marks
Executive Director
Coalition for Good Governance
Cell: 970 404 2225
Marilyn@USCGG.org
Follow me @MarilynRMarks1