*Plaintiffs' Motion to Compel Compliance with Subpoena to Produce Documents*

# EXHIBIT 17

Friday, October 13, 2023 at 23:31:33 Eastern Daylight Time

**Subject:** RE: Coffee County Response to Cross re: Discovery Misty Hampton Emails
**Date:** Thursday, October 12, 2023 at 10:40:41 AM Eastern Daylight Time
**From:** Cross, David D.
**To:** Jennifer Dorminey Herzog, bbrown@brucepbrownlaw.com
**CC:** Marilyn Marks, Cary Ichter, Anthony A. Rowell, Conaway, Jenna B., Kaiser, Mary, Middleton, Caroline
**Attachments:** image001.jpg

Hi Jennifer -

Can you please answer my question today?

Much appreciated.

DC

---

**From:** Cross, David D. <DCross@mofo.com>
**Date:** Tuesday, Oct 10, 2023 at 11:58AM
**To:** Jennifer Dorminey Herzog <jherzog@hallboothsmith.com>, bbrown@brucepbrownlaw.com <bbrown@brucepbrownlaw.com>
**Cc:** Marilyn Marks <Marilyn@USCGG.org>, Cary Ichter <CIchter@IchterDavis.com>, Anthony A. Rowell <ARowell@hallboothsmith.com>, Conaway, Jenna B. <JConaway@mofo.com>, Kaiser, Mary <MKaiser@mofo.com>, Middleton, Caroline <CMiddleton@mofo.com>
**Subject:** RE: Coffee County Response to Cross re: Discovery Misty Hampton Emails

Jennifer -

Your email does not recount history accurately, and the suggestion that I or anyone for plaintiffs would make an intentional misrepresentation to the court is not only unwelcome, but outright unprofessional. It's especially ironic given the variety of representations you have made to us since we first served our subpoenas — perhaps even before that with open records requests — that ended up being inaccurate.

In any event, your client's obligations under our long-standing subpoenas are not limited to what's within their possession. It includes materials within their custody or control. Given the GBI apparently obtained the emails at issue, and maybe other data, from one or more computers that were within the possession of your client, including during our negotiations regarding our subpoenas, those materials likely remain within your client's control. Has your client requested a copy of any of the data that the GBI obtained from any device, account, or other source that was at any point within the possession, custody, or control of your client or otherwise requested the

1 of 13

return of any such device or data or access for themselves? If not, you have an obligation to do so. Please let us know.

Best,
DC

---

**From:** Jennifer Dorminey Herzog <jherzog@hallboothsmith.com>
**Date:** Tuesday, Oct 10, 2023 at 11:44AM
**To:** Cross, David D. <DCross@mofo.com>, bbrown@brucepbrownlaw.com <bbrown@brucepbrownlaw.com>
**Cc:** Marilyn Marks <Marilyn@USCGG.org>, Cary Ichter <CIchter@IchterDavis.com>, Anthony A. Rowell <ARowell@hallboothsmith.com>, Conaway, Jenna B. <JConaway@mofo.com>, Kaiser, Mary <MKaiser@mofo.com>, Middleton, Caroline <CMiddleton@mofo.com>
**Subject:** RE: Coffee County Response to Cross re: Discovery Misty Hampton Emails

**External Email**

Mr. Cross,

The purpose of my response was so that you will have full understanding of both the history and the current status, thereby ensuring that any representation to the Court you make otherwise will not be the result of a good faith misunderstanding but an intentional misrepresentation. As stated in my response below, I was not aware of the GBI's success in recovering Hampton's emails until receipt of your correspondence Friday 10/6/23, and I have confirmed with Coffee County and Coffee County IT that it does not have in its possession the "thousands of emails" that you state were successfully recovered by the GBI and which remain in the GBI's possession. It is my understanding from Coffee County IT those emails were not accessible to Coffee County during the time the desktop was in the County's possession.

Sincerely,

Jennifer Herzog

**Jennifer Dorminey Herzog**
Attorney at Law | Hall Booth Smith, P.C.

O: 229.382.0515
D: 229.339.8856

1564 King Road
Tifton, GA 31793
hallboothsmith.com



CONFIDENTIALITY NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy the original message and any copies.

**From:** Cross, David D. <DCross@mofo.com>
**Sent:** Monday, October 9, 2023 12:15 PM
**To:** Jennifer Dorminey Herzog <jherzog@hallboothsmith.com>; bbrown@brucepbrownlaw.com
**Cc:** Marilyn Marks <Marilyn@USCGG.org>; Cary Ichter <CIchter@IchterDavis.com>; Anthony A. Rowell <ARowell@hallboothsmith.com>; Conaway, Jenna B. <JConaway@mofo.com>; Kaiser, Mary <MKaiser@mofo.com>; Middleton, Caroline <CMiddleton@mofo.com>
**Subject:** RE: Coffee County Response to Cross re: Discovery Misty Hampton Emails

Hi Jennifer -

There's a whole lot here and I'm not sure what the purpose of it is. But can you please just confirm that I understand correctly that all of this nets out to you saying you're not producing

anything more, including thousands of emails that the GBI apparently obtained from a desktop computer that was in the possession of your client during the time of our many negotiations regarding our subpoenas, which itself covered any responsive documents on that computer?

Thanks.
DC

---

**From:** Jennifer Dorminey Herzog <jherzog@hallboothsmith.com>
**Date:** Monday, Oct 09, 2023 at 11:58 AM
**To:** bbrown@brucepbrownlaw.com <bbrown@brucepbrownlaw.com>, Cross, David D. <DCross@mofo.com>
**Cc:** Marilyn Marks <Marilyn@USCGG.org>, Cary Ichter <CIchter@IchterDavis.com>, Anthony A. Rowell <ARowell@hallboothsmith.com>, Conaway, Jenna B. <JConaway@mofo.com>, Kaiser, Mary <MKaiser@mofo.com>, Middleton, Caroline <CMiddleton@mofo.com>
**Subject:** Coffee County Response to Cross re: Discovery Misty Hampton Emails

==External Email==

Mr. Cross,

Over a year has passed since the issuance of the referenced subpoena, and it further appears that discovery in <u>Curling</u> has long expired. As I have stated in response to Mr. Brown previously with regard to his request for supplementation - my office has had literally hundreds of emails with Marilyn Marks and various counsel in the <u>Curling</u> litigation over the past year, with thousands of documents produced in response to open records requests both prior to and since the subpoenas were issued and responded to. Those estimates do not include requests from and responses to Susan Greenhalgh and others with whom Ms. Marks is sharing information and affiliated with, nor the literal onslaught of open records requests received by Coffee County from news organizations and others, each of which were processed diligently and timely by the Coffee County Records Custodian and myself. I will personally confirm to you, and to the Court, if necessary, that I have done my best in good faith to produce records not otherwise privileged when they were provided to me. If there was oversight in production, it was not with ill intention. However, I do not believe that to be the case in this instance.

As you are aware, Coffee County was previously unable to access a prior EMS server and I confirmed in an email on Friday, 8/26/22 at 4:30 PM that we were advised by the Georgia Secretary of State on a number of occasions that the Coffee County ICC and EMS server in the possession of the SOS was unable to be accessed. Communications from Marilyn Marks followed by an email from yourself on Friday 8/5/22 were the first notification we had that indicated that inaccessibility to the server was no longer the case. Likewise is the case here. Your email received Friday 10/6/23 is the first notice I have received of the GBI's success in locating/accessing Misty Hampton's emails. I am not aware how or from what location the GBI was able to do so, but if it is as you state below that the GBI was successful in retrieving the

emails from the desktop that Misty Hampton used during her employment at Coffee County, then I am candidly surprised by your dismay and outrage. Surely and not unexpectedly, the GBI has better training, resources and technology to allow its agents and technology specialists to access what was previously believed by Coffee County IT to be inaccessible/not in existence. Our prior communications confirm that Coffee County IT employed and exhausted the resources available to them to attempt to locate the requested emails, and I was clearly advised by Coffee County IT on numerous occasions, and as a result previously relayed to Ms. Marks in response to open records requests, your co-counsel Mr. Brown and yourself in response to subpoenas and follow up communications subsequent to those subpoenas, as well as responses to other requestors and to the GBI itself, that Coffee County IT could not locate/retrieve the emails from either Hampton's desktop or through web-based services and believed those emails to be permanently lost. I made those representations based on best information given to me at the time and the truth – Coffee County did not have access to the emails, and, based on the information provided by IT, believed them to be no longer in existence. I have communicated with Coffee County IT since receipt of your email and he has reviewed recent communication from Ms. Marks directed to the Board of Commissioners of Coffee County which gives further information on how the emails were located by the GBI, and has advised that even with the benefit of hindsight, Coffee County did not have the software available to locate files in that fashion.

With that history, you now request that Coffee County supplement its response to subpoenas in light of the GBI's success in accessing those records. Hampton's desktop is in the possession of the GBI; therefore, as stated above Coffee County had no knowledge of the GBI's success in accessing the emails until receipt of your correspondence, and likewise has no additional documents in its possession to supplement its prior responses to your subpoenas.

You make further statements in your correspondence below that attempt to paint a pattern of misconduct, but those are mischaracterizations and I have previously communicated to you with regard to each instance and allegation, as follows:

We have communicated on the issue of the video(s) on many previous occasions. Although you state you "are now aware" that exterior video footage was produced to Ms. Tabitha Paulk in 2021, I previously advised you myself in writing on Friday, August 26, 2022 4:30 PM that the exterior footage was retained as the result of a prior open records request, wherein I stated:

> "With regard to security camera footage of the elections office - in response to prior requests, we have notified you all that the Coffee County system automatically copies over on certain intervals and that all footage had been automatically copied by the time of Marks' first open records requests unless archived, therefore also by the time of receipt of subpoenas. I have been provided and am producing recorded security video footage of entry to the Board of Elections' office for the time period at issue <u>that was retained in response to a prior open records request</u>."

As you correctly state and as reflected by my email referenced above, it was believed that there was no interior video until it was located by IT and produced to you all and the GBI promptly when I became aware of it, including an accompanying explanation in an email over a year ago on September 16, 2022 2:09 PM wherein I stated to you as follows:

> "<u>I recognize I have previously represented to you that the front door security video</u>

<u>previously produced was all that was in existence which was based on my honest understanding at the time the representation was made. However, through further diligence IT recently located additional responsive video footage which is provided in the link below. This link is also being produced to the GBI today.</u> It is my understanding that this link contains video footage from 3 cameras during the period of 11/15/2020 – 2/26/2021 from inside the Coffee County Board of Elections and Registration's office.

There is an additional 4th camera that is not included in this link as it appears to have been angled in a way that it may include activities during advanced voting - this 4th video will be produced only upon a protective order from the court for in camera inspection. I have also included directions below provided to me by IT as to how to access the link.)."

Lastly, with regard to the "silver laptop" as previously stated in an email to Mr. Brown and yourself, etc. on Friday, June 16, 2023 12:20 PM "I did want to clarify that it is my understanding that from the date Hampton resigned in 2021 until present, Coffee County nor any of its agents, employees, or attorneys have ever had possession or control of a laptop that Misty Hampton used for her election work during 2020 and 2021. (In good faith and an abundance of caution we have made you and the GBI aware of the old Toshiba laptop located in the elections office after Hampton's resignation as that was the only laptop located in the office.)"

Sincerely,

Jennifer Herzog

**Jennifer Dorminey Herzog**
Attorney at Law | Hall Booth Smith, P.C.

O: 229.382.0515
D: 229.339.8856

1564 King Road
Tifton, GA 31793
hallboothsmith.com

Logo

CONFIDENTIALITY NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy the original message and any copies.

**From:** Cross, David D. <DCross@mofo.com>
**Sent:** Friday, October 6, 2023 10:29 AM
**To:** Jennifer Dorminey Herzog <jherzog@hallboothsmith.com>; Bruce Brown <bbrown@brucepbrownlaw.com>
**Cc:** Marilyn Marks (Marilyn@USCGG.org) <marilyn@uscgg.org>; Cary Ichter <CIchter@IchterDavis.com>; Anthony A. Rowell <ARowell@hallboothsmith.com>; Nick Kinsley <NKinsley@hallboothsmith.com>; Conaway, Jenna B. <JConaway@mofo.com>;

Kaiser, Mary <MKaiser@mofo.com>; Middleton, Caroline <CMiddleton@mofo.com>
**Subject:** Coffee County Discovery re Misty Hampton Laptop and Emails

Hi Jennifer -

Plaintiffs were dismayed to learn that thousands of Ms. Hampton's emails and documents that you and your client (Coffee BOER) consistently denied exist were located by the GBI on the desktop computer used by Ms. Hampton in the Elections Office, as recently reported. This disclosure is found in GBI report excerpts contained in exhibits in Sidney Powell's October 5 Reply Brief in her Motion to Dismiss. As you are aware, both Plaintiffs groups' subpoenas required the production of numerous categories of documents that were anticipated to be located in Ms. Hampton's electronic records including located on her office computer.
Your consistent responses to our repeated inquiries denied that such communications and related documents could be retrieved from either the desktop computer or through web-based services, and were permanently lost. You represented numerous times in response to our subpoenas as well as Ms. Marks's related Open Records Requests that you had verified with your IT vendor that the desktop had been examined and no emails
 or responsive documents existed on the office desktop computer Ms. Hampton used.
 The GBI report excerpts indicate that your repeated responses were incorrect.



Your responses to Plaintiffs' subpoenas with respect to the electronic responsive documents on Ms. Hampton's desktop computer and subsequent discovery mirrors your failure to timely produce the security video records. After months of your denials to us concerning
 the existence of the responsive video records, it was only after the GBI requested those video records that you disclosed them to us. We are now aware that Coffee BOER had produced the exterior video security records to Ms. Tabitha Paulk in April or May 2021
 in response to her Open Records Request. The continuing pattern of failing to documents in response to properly served subpoenas is inappropriate.



Plaintiffs require your immediate and complete response to all documents requested in the longstanding subpoenas that have not yet been produced. This of course includes a

thorough review of the contents of the "silver laptop" that Ms. Hampton used in her election
 duties. We have had considerable correspondence concerning the existence of that laptop and your obligation to produce responsive records on that laptop. You should be able to easily produce today all documents that were provided to the GBI, including the
 thousands of emails from Misty Hampton's electronic files that the GBI apparently received.

We reserve the right to seek appropriate relief from the court, including recovering fees and costs associated with pursuing discovery from you and your
 clients, which has been unnecessarily costly and protracted. We also reserve the right to seek additional deposition testimony from your clients given the apparent inaccuracies with the prior 30b6 testimony.

We look forward to hearing from you today.

Best,
DC



External Email