*Plaintiffs' Motion to Compel Compliance with Subpoena to Produce Documents*

# EXHIBIT 18



## ICHTER DAVIS
### ATTORNEYS AT LAW

Cary Ichter, Partner
cichter@ichterdavis.com
404.869.5243 direct
404.769.1353 cell

October 17, 2023

**VIA ELECTRONIC MAIL**
Jennifer Herzog
Hall Booth Smith, P.C.
1564 King Rd
Tifton, GA 31793
jherzog@hallboothsmith.com

> **Re: Production of Responsive Coffee County Board of Elections and Registration Records**

Dear Ms. Herzog:

I represent certain of the Plaintiffs who are among the Plaintiffs in the *Curling v Raffensperger* litigation. The purpose of this letter is to follow up on David Cross's recent email exchanges with you beginning October 6, 2023, regarding the obligations of your client Coffee County Board of Elections and Registration ("CCBOER") to timely produce responsive records requested in document subpoenas served on CCBOER in June and July 2022, as well as CCBOER's duty to fully comply with Open Records Requests submitted to it by Coalition for Good Governance ("CGG").

Mr. Cross speaks for all Plaintiffs in expressing our dismay to learn through public court filings that documents and emails created by Misty Hampton and the CCBOER were located on the office desktop computer and located by the GBI after countless denials by you and your client that such records were retrievable. Based upon that discovery, the Coalition Plaintiffs (in the Curling lawsuit) now demand that CCBOER produce all records responsive to our subpoenas without delay. I have attached hereto both 2022 document subpoenas for your convenient review.

We are prepared to seek Court intervention with respect to this matter and have drafted and are prepared to file a Motion to Compel production of those records by CCBOER. Before seeking the intervention of the Court, out of professional courtesy and consideration of the Court's time, we decided to make this additional effort to obtain prompt compliance by conferring with you. We request your commitment to the following actions:

Jennifer Herzog
Hall Booth Smith, P.C.
October 17, 2023
Page 2

1. No later than October 20, 2023, CCBOER will obtain access to all electronic records stored on the hard drive of the CCBOER desktop computer or otherwise in the possession of CCBOER for purposes of searching such records for responsive documents requested by the subpoena.

2. No later than October 20, 2023, CCBOER will engage a competent expert to retrieve all responsive email files and other responsive electronic documents stored on the CCBOER desktop computer and other devices where responsive records may be stored. Plaintiffs will assist by supplying search terms that should make the search relatively fast and efficient.

3. No later than October 19, 2023, Plaintiffs will provide search terms for CCBOER document searches to be provided to CCBOER's expert for a review of CCBOER ESI, including emails created between November 1, 2020, and the date of completion of the search.

4. CCBOER will immediately undertake a diligent search of the electronic records for requested responsive records from the desktop computer seized by the GBI and all other relevant computers or devices, such as other computers used in election-related activities since November 1, 2020, including the laptop computer used by Ms. Hampton at the election office in 2020 and 2021.  (The GBI stated that there are 3,029 emails and 1,996 documents created between November 1, 2020, and March 1, 2021, on the desktop computer. The requested records search, however, is not limited to Ms. Hampton's communications; they include but all responsive documents created and saved through the date of your response.)

5. CCBOER and its representatives (Hall Booth Smith, IT contractor, and other county officials) will conduct a search for their responsive records on all relevant devices for production to Plaintiffs no later than November 3, 2023. (This includes Mr. Rowell's emails and text messages which are responsive to the request which are not strictly attorney-client privileged communications. )

Jennifer Herzog
Hall Booth Smith, P.C.
October 17, 2023
Page 3

6. CCBOER will make a rolling production of responsive documents to begin no later than October 20, 2023 and to be completed no later than November 3, 2023.

7. CCBOER will complete and submit a detailed privilege log, identifying each document requested by the subpoenas for which privilege is claimed. The log should include a) a description of the document type (e.g., letter, memo, email, agreement, etc.), b) the document creation date, c) the sender, d) the primary addressee, e) all individuals copied, f) all individuals blind copied., g) the email subject or file name, and h) the nature and basis of privilege claims.

8. CCBOER will disclose with specificity to Plaintiffs its efforts to locate the laptop used by Ms. Hampton during 2020 and early 2021 and to obtain responsive records from that laptop. CCBOER will disclose to Plaintiffs its knowledge (or that of its representatives) the last known location of the laptop.

If we can agree on these terms and strict compliance with them, we are prepared to move forward without seeking the intervention of the Court to compel the long-overdue production, CCBOER's failure to comply with federal rules, and the sanction that will attach to CCBOER's conduct.

Our draft motion details for the Court (i) your repeated denials to CGG in responding to Open Records Requests and to Plaintiffs' Subpoenas, and (ii) that Ms. Hampton's emails were preserved in Outlook (.pst) files on the desktop despite repeated specific inquiries by Plaintiffs concerning their status.

The exhibits attached to the draft motion will detail the improper withholding of the responsive records. For example, in May 2021, Mr. Vickers instructed James Barnes and his assistant to leave their computers running at night to permit Charles Dial (IT contractor) to remotely access Hampton's emails on the desktop computers. (It should be noted that CCBOER did not produce this relevant document to CGG.) Further in a July 2021 email, Mr. Dial stated that he *could* obtain Hampton's emails on her desktop by accessing the .pst files, assuming

Jennifer Herzog
Hall Booth Smith, P.C.
October 17, 2023
Page 4

that she had not deleted them. Your communications represent that there was no evidence of Ms. Hampton having deleted the .pst files, but that no such files were located on the desktop computer.  As you know, Plaintiffs asked you repeatedly to verify whether such files were on the computer, as it seemed highly unlikely that CCBOER had not retained any trace of ten years of elections-related work Ms. Hampton was engaged in on that computer.

It is clear from the GBI extracted information included in the Powell filing that Ms. Hampton's email records for the relevant period were indeed retained on the desktop, contrary to your repeated representations. If the GBI was able to retrieve that ESI (and no special retrieval efforts were noted in their report), CCBOER should certainly be able to do so, and it could have all along, as indicated by Mr. Dial multiple times.  We urge you to immediately engage a competent expert to extract the responsive records and produce them to Plaintiffs.

Plaintiffs will move ahead with filing the motion to compel if we are met with anything short of prompt and full compliance.

Please let me have your response no later than the close of business Tuesday October 17, 2023.  And let me know if you have questions about our proposal.

Sincerely,

*/s/ Cary Ichter*

Cary Ichter

CI/cf
Atts.

cc:    Anthony Rowell, Esq. (HBS)
      Nick Kinsley, Esq. (HBS)
      Stephen Delk, Esq. (HBS)
      Ben Perkins , Esq. (Oliver Maner)
      Bruce P. Brown, Esq.
      Robert A. McGuire, Esq.
      David D. Cross, Esq.
      Halsey G. Knapp, Jr., Esq.

# ATTACHMENT 1

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the

| | |
|---|---|
| Donna Curling, et al. | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 1:17-cv-2989 AT |
| Brad Raffensperger, et al. | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:
                    Coffee County Board of Elections and Registration
                    *(Name of person to whom this subpoena is directed)*

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: *See Attachment A.*

| | |
|---|---|
| Place: Office of Kathryn Grant<br>202 W Gordon St. Unit 3<br>Valdosta, GA 31602 | Date and Time:<br>*August 12, 2022, 10 a.m.* |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| | |
|---|---|
| Place: | Date and Time: |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 7/25/22

| CLERK OF COURT | |
|---|---|
| | OR |
| _____ | _____ |
| *Signature of Clerk or Deputy Clerk* | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Coalition for Good Governance                                   , who issues or requests this subpoena, are:

Bruce Brown, Bruce P. Brown Law, LLC,  1123 Zonolite Rd, Ste 6, Atlanta GA 30306, bbrown@brucebrownlaw.com 404.386.5856

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE

### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)*

on *(date)*                     .

❐ I served the subpoena by delivering a copy to the named person as follows:

on *(date)*                     ; or

❐ I returned the subpoena unexecuted because:

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$                     .

My fees are $                     for travel and $                     for services, for a total of $      0.00      .

I declare under penalty of perjury that this information is true.

Date:

*Server's signature*

*Printed name and title*

*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

(1) *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

(2) *For Other Discovery.* A subpoena may command:
(A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*
(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*
(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*
(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## ATTACHMENT A: DOCUMENTS DESIGNATED FOR PRODUCTION

**Notice to Nonparty:**

Please produce responsive documents by the date provided in the accompanying subpoena.

**Definitions**

The following words, terms, or phrases shall, for purposes of the requests for production of documents below, have the meanings specified, unless otherwise expressly stated in each request:

"Access to Coffee County's Election System, EMS Servers and Election Data" means any activity that took place after November 3, 2020, in which Persons other than Coffee County's Election Superintendent, full time employees of the Superintendent, employees of the Georgia Secretary of State, or representatives of Dominion Voting System, were present in the room containing Coffee County's EMS server, or had physical access to components of the Coffee County Election System except in conjunction with the official conduct of polling place voting.

"All" and "each" shall be construed as all and each.

"And" as well as "or" are to be construed either disjunctively or conjunctively as necessary to bring within the scope of the Requests all documents or other information that might otherwise be construed to be outside their scope.

"Any" means each and every.

"Communication" means any transmission of information by any means, including without limitation: (a) any written letter, memorandum, or other Document of any kind by mail, courier, other delivery services, telecopy, facsimile, telegraph, electronic mail, electronic text messages, voicemail, or any other means; (b) any telephone call, or video call, whether or not such call was by chance or prearranged, formal or informal; and (c) any conversation or meeting between two or more Persons, whether or not such contact was by chance or prearranged, formal or informal.

"Concerning," "related to" or "relating to," and "regarding" mean analyzing, alluding to, concerning, considering, commenting on, consulting, comprising, containing, contradicting, describing, dealing with, discussing, establishing, evidencing, identifying, involving, noting, recording, reporting on, related to, relating to, reflecting, referring to, regarding, stating, showing, studying, mentioning, memorializing, or pertaining to, in whole or in part.

"Document" and "documents" shall be construed as synonymous in meaning and equal in scope to the usage of that term in Rule 34(a), and includes "tangible things" (as that term is used in Rule 34(a)(1)(b)) as well as anything that falls within the definition or meaning of "electronically stored information" (as that term is used in Rule 34(a)(1)(A)) or of "writings" or "recordings" in Federal Rule of Evidence 1001. A draft or non-identical copy of a document shall be considered

2

a separate document within the meaning of the term "document," as used in the Requests.

"Election System" means any servers, desktops, laptops, tablets, smart phones, removable media (such as memory cards), ballot-marking devices (BMDs) (including ImageCastX Ballot-Marking Devices), BMD-adjacent equipment (including ImageCast Precinct Polling Place Scanner and associated printers or touchscreens), ImageCast Central Count Scanner ("ICC") and any software and firmware installed on any such scanners, servers, devices, BMDs, or BMD-adjacent equipment (such as any version of the Election Management System (EMS), PollPads, or the software associated with the "Dominion Voting Democracy Suite" (D-Suite) and KnowInk PollPads) used to check in voters, activate BMDs, record, tabulate, or secure votes in any election in the state of Georgia.

"Including" means including without limitation.

"Person" means and includes a natural person (i.e., an individual), a group of natural persons acting as individuals, a group of individuals acting in a collegial or concerted capacity (e.g., as a committee, a board of directors or advisors, etc.), an association, firm, corporation, joint venture, partnership, company, governmental unit or agency, and any other business, enterprise, or entity, unless otherwise limited or specified in the Requests.

"Secretary of State" means Secretary of State Brad Raffensperger, the Office of the Georgia Secretary of State, as well as the respective agents, employees, representatives, consultants, counsel, and anyone else acting on behalf of each or all of the forgoing.

"Superintendent:" means the Coffee County Board of Elections and Registration of Coffee County, Georgia.

"Relevant Time Period" means July 1, 2020, until the present unless otherwise indicated.

"You," "Your," or "Coffee County" mean Coffee County Board of Elections and Registration and all current and former directors, officers, employees, and agents thereof, and any other person acting on Your behalf or under Your direction or control with respect to the subject matter of the documents requested.

**Instructions**

1.    For each request, you are to produce entire documents including all attachments, enclosures, cover letters, memoranda, exhibits, and appendices. Copies that differ in any respect from an original (because, by way of example only, handwritten or printed notations have been added) shall be treated as separate documents and produced separately.  Each draft of a document is a separate document.  A request for a document shall be deemed to include a request for any and all transmittal sheets, cover letters, exhibits, enclosures, or attachments to the

4

document, in addition to the document itself. These document requests shall not be deemed to call for identical copies of documents. "Identical" means precisely the same in all respects; for example, a document with handwritten notes or editing marks shall not be deemed identical to one without such notes or marks.

2.      Provide all electronically stored information ("ESI") in standard, single-page Group IV TIFF format with searchable text and metadata in a Relativity or similar load file. Also, provide any spreadsheet or presentation files, including Microsoft Access, Excel, and PowerPoint files, as well as audio, audiovisual, and video files, in their native formats. Also, provide any responsive Election System files including but not limited to software installation files, configuration files, input files, intermediate data files, output files, report files, system and application log files, or other election software or data files (in their native formats) associated with any component of the Dominion voting system as used in Georgia elections (the Democracy Suite election management system applications, ImageCast Precinct and ImageCast Central tabulators, and ImageCast X BMDs, and associated peripherals (including KnowInk PollPads and related software)), including but not limited to software and/or firmware installation files (such as MSI, EXE, or APK or files in a proprietary binary format); scripts and/or configuration files used to provision or harden the installed software or firmware; EMS election project files, election project backup files, compressed archives of

election project databases, and system permission rule sets; Microsoft SQL

Database files; election definition and behavioral and configuration files used by

PollPads, ICX, ICP, and ICC devices (DAT files for ICX BMDs and files in the

binary file formats used by the ICP and ICC tabulators); security credentials and

encryption keys, including authentication data used to program security cards and

keys to be used by the ICX, ICP, and ICC devices; result files (in the proprietary

binary file format collected from the ICP and ICC tabulators); scanned ballot

images; result reports in XML, PDF, HTML, and Excel formats; and device log,

system log, and audit log files and reports.   Produce the metadata for any

responsive ESI with the responsive data, including the following fields:

custodian(s), author(s), recipient(s), copy recipient(s), blind copy recipient(s),

company name, subject, file sent date/time, file received date/time, file creation

date/time, file modification date/time, file access date/time, time zone, beginning

bates, ending bates, page count, family bates range, hash value, application type,

file type, file name, file size, file path, and folder path.  Documents produced in

native format shall be accompanied by a native link field.

      3.     Provide all hard copy documents as image files with searchable OCR

text and unitize the hard copy documents to the extent possible (i.e., multi-page

documents shall be produced as a single document and not as several single-page

documents).  Hard copy documents shall be produced as they are kept in the usual

course, reflecting attachment relationships between documents and information about the file folders within which the document is found.

4.    If you withhold or intend to withhold any documents or other information requested by the Requests on the ground of the attorney-client privilege, work-product doctrine, or other privilege, doctrine, or immunity, please provide a privilege log that meets the requirements of Rule 26(b)(5), including: (a) the document or information alleged to be so protected from production by author, subject matter, date, number of pages, attachments, and appendices; (b) the names and job titles of all recipients of the information or document, including any "blind copy" recipients and any person to whom the information or document was distributed, shown, or explained; (c) the document's current custodian(s); and (d) all bases, factual and legal, upon which the claim of protection from discovery rests.

5.    If only a portion of a responsive document or other requested information is claimed to be privileged against production, you should produce the responsive non-privileged portion of the document or other information in redacted form, provided that the redacted material is identified and the basis for the claim of privilege or protection is stated as provided in Instruction No. 4 above.

6.    If you contend that any of the categories of the Requests are objectionable in whole or in part, please state with particularity each objection, the

7

basis for it, and the categories of the Requests to which the objection applies, and otherwise fully respond to the category insofar as it is not deemed objectionable.

7.      The documents responsive to these requests are to be produced as they were kept in the ordinary course of business, or in the way they were produced or otherwise provided to you from a third party, and, if the documents were produced by a third party, the identity of the third party shall be apparent or provided.

8.      If any document responsive to this request was, but no longer is in your possession, state whether it is missing or lost; if it has been destroyed; if it has been transferred, voluntarily or involuntarily, to others; or if it has otherwise been disposed of.  In each instance, identify the document fully, explain the circumstances, and identify the people having knowledge of such circumstances.

9.      If you contend that any documents covered in these requests are not reasonably accessible or would be unduly burdensome to locate or produce, identify such documents by category and source and provide detailed information regarding the burden or cost you claim is associated with the search for or production of such documents.

10.     Unless clearly indicated otherwise: (a) the use of a verb in any tense shall be construed as the use of that verb in all other tenses; (b) the use of the feminine, masculine, or neuter genders shall include all genders; and (c) the singular form of a word shall include the plural and vice versa.

**Document Requests**

1.      All Documents, including Communications, referencing, including or referring to Ben Cotton or CyFIR,LLC.

2.      All Communications, including text messages, between You and Ben Cotton, Doug Logan, Russ Ramsland, Scott Hall, Stefanie Lambert Juntilla, or Russ Ramsland.

3.      All Document evidencing Your knowledge of any agreement or contract retaining Ben Cotton, CyFIR LLC, or any Person for the purpose of imaging or analyzing Coffee County's Election System, EMS servers or election data.

4.      Documents that evidence, refer to, or reflect approximately when any Access to Coffee County's Election System, EMS Servers and Election Data took place or was requested.

5.      All Documents that evidence, refer to or relate to any efforts You have made to investigate any Access to Coffee County's Election System, EMS Servers and Election Data.

6.      Documents that evidence, refer to, or reflect the Persons involved in any way, or who have knowledge of, any Access to Coffee County's Election System, EMS Servers and Election Data, including, but not limited to, Persons who requested, organized, planned, communicated about, led, participated in,

9

financed, approved, or compensated any Persons who were present, reimbursed

expenses, or were present on the day of, or have knowledge of such events.

7.      Documents that evidence, refer to, or reflect what data, systems,

components, hardware, ballots, or processes were imaged, copied, reviewed or

accessed during any Access to Coffee County's Election System and EMS Servers,

including requests for such activities or access.

8.      Documents that evidence, refer to, or reflect which Coffee County

Election System images, devices, or documents were reviewed, scanned and/or

imaged and/or copied by any Persons as part of any Access to Coffee County's

Election System, EMS Servers and Election Data.

9.      Documents showing Your involvement in, knowledge of, or

observation of, any planned or actual Access to Coffee County's Election System,

EMS Servers and Election Data.

10.     Without limiting the generality of the foregoing, any Documents,

including Communications, relating to, reflecting, or evidencing any trip made by

Scott Hall, Paul Maggio, Russell Ramsland, Greg Freemeyer, Conan Hayes, Doug

Logan, Ben Cotton, Jennifer Jackson, or Jeffrey Lenberg, to Coffee County,

Georgia, between November 1, 2020 and January 30, 2021.

11.     All Documents that evidence, refer to, or reflect any Communications

(oral, electronic or written) by or between You and  the Secretary of State, the

State Elections Board and its members, , Coffee County government management and elected county officials, other Georgia counties' officials, or other third parties relating to any Access to Coffee County's Election System, EMS Servers and Election Data, including any Communications concerning the equipment images, ballot images, or electronic files obtained during any Access to Coffee County's Election System, EMS Servers and Election Data.

12.     All Documents that evidence, refer to, or reflect any actual or potential security vulnerabilities, risks, failings, deficiencies, concerns, complaints, hacks, tabulation discrepancies, scanning discrepancies, or compromises involving any aspect of Coffee County's Election System, including but not limited to any computer systems or network environments that support the operation of the Election System.

13.     All Documents, including any Communications, that evidence, support, concern, or refer to the December 10, 2020 Letter from the Coffee County Board of Elections and Registration directed to the House Governmental Affairs Committee, with the subject "Elections Investigative Hearing."

14.     All Documents that evidence, refer to, or reflect any Communications by or between You, the Secretary of State, the State Elections Board and its members, other Georgia counties' officials, and/or other third parties, regarding

this litigation, or any governmental agency's investigation of matters involving or related to the Coffee County EMS server.

15.     All Documents that evidence, refer to, or reflect any copying of, imaging of, access to, or any request to copy or access any component of Georgia's Election System, any data located on any such component, or voted ballots, that was not duly authorized by one or more Georgia state election officials with authority to lawfully allow such access.

16.     All Documents that evidence, refer to, or reflect any Communications between You and Scott Hall, Misty Hampton, Patrick Byrne, Cathy Latham,  , Jil Ridlehoover, Rudy Giuliani, Jenna Ellis, Alex Cruce, Garland Favorito, Robert Cheeley, Lin Wood, Doug Logan, Sidney Powell, Russell Ramsland, Mark Cook, Paul Maggio, Greg Freemeyer, Jennifer Jackson, Conan Hayes, Phil Waldron, Stefanie Lambert Puntilla, Michael Flynn, Jeffrey Lenberg, Ben Cotton, Shawn Still, any member of the Georgia General Assembly serving during 2020, or other third parties concerning providing any Person with access to Coffee County's EMS server in any way or obtaining copies of Georgia voted ballots from the November 2020 election.

17.     All Documents, including Communications, that evidence, refer to, or reflect the approximate date and circumstances that evidence receipt of Doug

Logan's (Cyber Ninjas) business card by the Coffee County Board of Elections and Registration or its employees, and all Communications with Doug Logan.

18.    All Documents that evidence, refer to, or reflect Communications between You and any Person referencing the names of files or data such Person sought to obtain for forensic analysis of Coffee County Election System equipment involved in the November 2020 election.

19.    All Documents provided by You to the Secretary of State or State Election Board related to the Coffee County's Election System and EMS server, including documents or communications related to any investigation concerning Coffee County's Election System and EMS server or the ICC, including any password change of the EMS server.

20.    Any Document, including Communications, providing a basis for any determination that You have or had the legal authority to permit the copying or imaging of the EMS server or the internal memory of any component of the Election System.

21.    All Documents that evidence names of any passengers for a flight on a private aircraft from Atlanta, Georgia to Coffee County, Georgia, or from Coffee County to Atlanta, on January 7, 2021.

22.    All Documents that evidence, refer to, or reflect any Communications between You and Scott Hall, Cathy Latham, Misty Hampton, Paul Maggio,

13

Jennifer Jackson, Jeffrey Lenberg, Russell Ramsland, Ben Cotton, Doug Logan,
Greg Freemeyer, Conan Hayes, Stefanie Lambert Puntilla, or Patrick Byrne related
to any Person visiting the Elections Office of Coffee County, Georgia for any
purpose other than voting or attending noticed public meetings during the period
November 1, 2020 through February 27, 2021.

23.    All Documents, including Communications, that refer to or reflect any
request You received for November 2020 Cast Vote Records and Your response,
including copies of electronic files provided, and all Documents related to or
referencing the Coffee County Cast Vote Records posted on the site
https://ordros.com/cvr/index.html

24.    Documents that evidence refer to or reflect the standard process or
procedures to change the password for the Coffee County EMS server.

25.    All Documents regarding or related to State Election Board case #20-
250.

26.    All Documents, including Communications, that refer to or reflect any
change of the EMS server password, problems with the EMS server password, or
efforts made to change, update, or recover the password of the Coffee County EMS
server or ICC Scanner workstation, or instructions from the Secretary of State
concerning such passwords.

27.     All Documents, including Communications, informing the Coffee
County Board of Elections and Registration or county management of the EMS
server password problem, attempts to recover the password, the replacement of the
EMS server, or the replacement of the ICC workstation.

28.     All Documents that, during the Relevant Time Period evidence, refer
to, or reflect any known violation of State Election Board Rule 183-1-12-.05 (3)
limiting the access to the room in which the election management system is located
to specific designated persons.

29.     All logs created during the Relevant Time Period for access to voting
system components in storage as required by State Election Rule 183-1-12-.05 (5)
and any Documents reflecting a failure to comply with such rule, or access at any
time during the Relevant Time Period by Persons not authorized by such Rule to
enter storage area.

30.     All Documents, including Communications, that evidence, refer to, or
reflect activities planned or conducted by Lowndes County election officials after
February 1, 2021 related to or referring to Coffee County election records, election
procedures, or Election System components.

31.     All Documents, such as chain of custody or inventory control
documents, that evidence the transfer of Election System components to or from
Your office.

32.     Documents, including Communications,  prepared during the Relevant Time Period evidencing or related to the annual audit count of all voting system components as required by State Election Board Rule 183-1-12-.06 (7)  including all instances of discrepancies or unaccounted for components, and any reports made to the Secretary of State under State Election Board Rule 183-1-12-.06 (6).

33.     All Documents, including Communications, that evidence the specific election records including the Election Project Packages transferred to the Clerk of the Coffee County Superior Court as required by O.C.G.A. §21-2-500(a).

34.     All Documents, including Communications, that evidence the preparation and transfer in the "ballot run" including the Election Project Packages for the November 2020 and January 5, 2021 elections in compliance with Secretary of State instructions at Exhibit 1.

35.     All Documents, including Communications, that evidence, refer to, or reflect activities conducted in conjunction with the Secretary of State's Coffee County December 2020 investigation of the presidential recount and certification, including the involvement of school students

36.     All Documents, including any Documents reflecting or evidencing Communications with Cathy Latham or Shawn Still, or his agents or representatives, that concern, relate to or refer to an election contest challenging the 2020 Presidential election.

37.     All Documents that evidence financial transactions, expense reimbursements, financial compensation, professional fees, or arrangements with respect to or related to Access to Coffee County's Election System, EMS Server and Election Data.

38.     All Documents, including Communications, that evidence, reflect or refer to Your attempts to recover election data or contained on the Coffee County EMS server before or after it was removed by the Secretary of State, and all information regarding the server's removal from Coffee County.

39.     Documents reflecting or referencing Your agreement or legal authority to transfer all electronic 2020 election records to the Secretary of State, including  Documents evidencing Your compliance with State Election Board Rule 183-1-12-.06 (3) requiring written authorization for the relocation of the previous EMS server.

40.     Documents that evidence, refer to, or reflect the Coffee County replacement of the ICC scanner workstation during 2021 and/or any Communications regarding its inspection, analysis, replacement, and the reason or authorization for the inspection, analysis, or replacement of the ICC scanner.

41.     Monthly reports prepared for the Coffee County Board of Election and Registration by James Barnes, and distributed during the board meetings, and

archived on the Election Office computer as James Barnes referenced in his July 20, 2022 deposition.

42.     Documents reflecting Your records retention policy for election-related emails, general administration emails, and electronic election records.

43.     All Documents evidencing, referencing or reflecting Your efforts to retrieve Misty Hampton and Jil Ridlehoover's election-related emails and texts from the computers and phones they used, including any Microsoft Outlook files archived on office computers, personal computers, or county or personal mobile devices.

44.     All Documents including video recordings and Communications related to or concerning the employment termination of Misty Hampton and Jil Ridlehoover.

45.     All Documents and related Communications provided by You or on Your behalf to plaintiffs or representatives of plaintiffs related to the 2020 Fulton County Superior Court case # 2020cv343711, including during the 30-day period prior to the filing of the case.

46.     All Documents evidencing Communications during the Relevant Time Period concerning potential access to Election System components or election records between You and Cathy Latham, Scott Hall, Paul Maggio, Jeffrey Lengren, Russell Ramsland, Conan Hayes, Ben Cotton, Doug Logan, Patrick

18

Byrne, Greg Freemeyer, Stefanie Lambert Puntilla, Shawn Still, Kurt Hilbert, William Ligon, or Preston Haliburton, whether such Documents are stored on Your personal devices or in centralized county records.

47.    All Documents, including Communications, that evidence or refer to any requests You received beginning March 24, 2021 seeking ballot images under public records laws, and Your response.

48.    The three most recently created reports or Documents exported from or printed from the previous EMS server, such as tabulation reports or ballot images.

49.    All Documents, including Your calendars and visitors logs, that evidence, reference or relate to the Secretary of State's visit to Your office to test and replace the EMS server.

50.    Telephone logs on office phones and mobile devices that evidence calls between You and the Secretary of State's office for the period April 1, 2021 through June 30, 2021.

# EXHIBIT 1



# OFFICIAL ELECTION BULLETIN
December 1, 2020

---

**TO:**     **County Election Officials and County Registrars**

**FROM:**   **Chris Harvey, Elections Division Director**

**RE:**     **Preserving Ballot Images and Delivering to Sec. of State**

---

**When preparing your materials for the "Ballot Run" for the November 3, 2020 Election and Recount, you must complete the following steps to include all ballot images with your election returns.**

**Please include in your election certification packet the following:**

- A backup copy of your Official and Complete November 3rd General Election Project
- A backup copy of your November 3rd Recount Election Project containing all the ballot images collected during the recount process (see "Loading images instructions" below on how to ensure ballot images have been loaded)

<u>**Creating and saving a backup copy of Election Project**</u>

To make a backup copy of an Election Project the following steps need to be followed:

1. Open the project in EED
2. Click on File in the toolbar and select Create Backup
3. Select the second option listed; this is the full backup option
4. Click OK when complete
5. Close the election project in EED
6. Click on the File Explorer icon at the bottom of the screen
7. Click on Local Disk (C:)
8. Double click on the NAS folder
9. Double click on the "countyname" Nov 2020 General folder
10. Double click on Project Package
11. Two files should be present
    a. Zipped file
    b. EMS.sha file
12. Highlight and copy the two files listed
13. Paste and save the two files to a USB drive, or a compact flash card

**<u>Loading Ballot Images collected by the ICC during the recount</u>**

   A.  Open the Recount Election Project in RTR
   B.  Click on Actions, select "Load Results from Directory"
   C.  Next to File Type select Results; verify the files listed have a "checkmark" in the Loaded column
   D.  Next to File Type select Images
   E.  Highlight the rows listed and then hit "Load"
- If the images have already been loaded, a message asking if you would like to Overwrite the previously loaded images will appear, Select NO
- If the images have NOT been loaded, the images will then be uploaded

   F.  Click Close
   G.  Close the Election Project in RTR
   H.  Open EED
   I.  Open the Recount Election Project
   J.  Create backup copy of your Recount Election Project following the instructions listed above for Creating and saving backup copy

If you have questions about this process, check with Michael Barnes' team at CES or your election liaison.

# ATTACHMENT 2

# EXHIBIT 5

KREVOLIN HORST

One Atlanta Center
1201 West Peachtree Street, NW
Suite 3250 | Atlanta, GA 30309
Tel: 404-888-9700 | Fax: 404-888-9577
www.krevolinhorst.com

HALSEY G. KNAPP, JR.
Tel: 404-888-9611
Email: hknapp@khlawfirm.com

June 15, 2022

**VIA HAND DELIVERY**

Coffee County Board of Elections
224 West Ashley Street
Douglas, Georgia 31535

Re:   *Curling v. Raffensperger*, Civil Action No. 1:17-cv-02989-AT (N.D. Ga.)

To Whom It May Concern:

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, attached is a Subpoena to Produce Documents or Electronically Stored Information in the above-captioned matter. Attachment A to this subpoena identifies requests for documents to be produced on or before June 30, 2022 at 10:00 a.m. Eastern Daylight Time. Please note the availability of and preference for electronic production expressed in Attachment A. Plaintiffs are cognizant of the burden that subpoenas can impose on persons that are not parties to a lawsuit. We are prepared to discuss ways to alleviate any burden as best we can, including potentially narrowing the documents subpoena, if necessary, through good faith negotiations.

Also attached is a Subpoena to Testify at a Deposition in the above-referenced matter. Schedule A to this subpoena identifies topics of examination for this deposition on July 14, 2022 at 9:00 a.m. Eastern Daylight Time in Valdosta, Georgia. As with the documents subpoena, Plaintiffs are cognizant of the burden depositions subpoenas can impose on non-parties. Please notify me promptly if you have a conflict for the scheduled deposition date, so that we can discuss whether we can reschedule this deposition for a mutually agreeable date, time, and place.

Sincerely,

**KREVOLIN & HORST, LLC**

Halsey G. Knapp, Jr.

Enclosures

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### Northern District of Georgia

| | | |
|---|---|---|
| Donna Curling, et al. | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   1:17-cv-02989-AT |
| | ) | |
| Brad Raffensperger, et al. | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:
#### Coffee County Board of Elections
*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

See Attachment A.

| Place: Office of Kathryn Grant<br>202 W. Gordon St., Unit E<br>Valdosta, GA 31602 | Date and Time:<br><br>06/30/2022 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  06/15/2022

*CLERK OF COURT*

OR

_____          _____
*Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*
Donna Curling, Donna Price & Jeffrey Schoenberg , who issues or requests this subpoena, are:

Halsey G. Knapp, Jr, 1201 W. Peachtree St., NW, Ste.3250, Atlanta, GA 30309, 404-888-9611, hknapp@hklawfirm.com

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 1:17-cv-02989-AT

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ ____0.00____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**ATTACHMENT A: DOCUMENTS DESIGNATED FOR PRODUCTION**

**Notice to Nonparty:**

Please produce responsive documents by the date provided in the accompanying subpoena.

**Definitions**

The following words, terms, or phrases shall, for purposes of the requests for production of documents below, have the meanings specified, unless otherwise expressly stated in each request:

"All" and "each" shall be construed as all and each.

"And" as well as "or" are to be construed either disjunctively or conjunctively as necessary to bring within the scope of the Requests all documents or other information that might otherwise be construed to be outside their scope.

"Any" means each and every.

"Communication" means any transmission of information by any means, including without limitation: (a) any written letter, memorandum, or other Document of any kind by mail, courier, other delivery services, telecopy, facsimile, telegraph, electronic mail, voicemail, or any other means; (b) any telephone call, whether or not such call was by chance or prearranged, formal or informal; and (c) any

1

conversation or meeting between two or more Persons, whether or not such contact was by chance or prearranged, formal or informal.

"Concerning," "related to" or "relating to," and "regarding" mean analyzing, alluding to, concerning, considering, commenting on, consulting, comprising, containing, contradicting, describing, dealing with, discussing, establishing, evidencing, identifying, involving, noting, recording, reporting on, related to, relating to, reflecting, referring to, regarding, stating, showing, studying, mentioning, memorializing, or pertaining to, in whole or in part.

"Document" and "documents" shall be construed as synonymous in meaning and equal in scope to the usage of that term in Rule 34(a), and includes "tangible things" (as that term is used in Rule 34(a)(1)(b)) as well as anything that falls within the definition or meaning of "electronically stored information" (as that term is used in Rule 34(a)(1)(A)) or of "writings" or "recordings" in Federal Rule of Evidence 1001. A draft or non-identical copy of a document shall be considered a separate document within the meaning of the term "document," as used in the Requests.

"Election System" means any servers, desktops, laptops, tablets, smart phones, removable media (such as memory cards), ballot-marking devices (BMDs) (including ImageCastX Ballot-Marking Devices), BMD-adjacent equipment (including ImageCast Precinct Polling Place Scanner and associated printers or

2

touchscreens), ImageCast Central Count Scanner ("ICC") and any software and firmware installed on any such scanners, servers, devices, BMDs, or BMD-adjacent equipment (such as any version of the Election Management System (EMS), PollPads, or the software associated with the "Dominion Voting Democracy Suite" (D-Suite) and KnowInk PollPads) used to check in voters, activate BMDs, record, tabulate, or secure votes in any election in the state of Georgia.

"Including" means including without limitation.

"Person" means and includes a natural person (i.e., an individual), a group of natural persons acting as individuals, a group of individuals acting in a collegial or concerted capacity (e.g., as a committee, a board of directors or advisors, etc.), an association, firm, corporation, joint venture, partnership, company, governmental unit or agency, and any other business, enterprise, or entity, unless otherwise limited or specified in the Requests.

"Secretary of State" means Secretary of State Brad Raffensperger, the Office of the Georgia Secretary of State, as well as the respective agents, employees, representatives, consultants, counsel, and anyone else acting on behalf of each or all of the forgoing.  This may be abbreviated as "SOS."

"Relevant Time Period" means July 1, 2020, until the present unless otherwise indicated.

"Unauthorized Access to Coffee County's Election System, EMS Servers and Election Data" means any event(s) that took place after November 3, 2020, in which one or more Coffee County election officials (including members of its board of elections or persons under their authority or direction) granted access to one or more Unauthorized Persons to access Coffee County's Election System components, EMS server, electronic records, and election ballots, as referenced, for instance, in the following media articles: https://www.washingtonpost.com/investigations/2022/05/13/coffee-county-misty-hampton-election/; https://www.thedailybeast.com/how-a-coffee-county-gop-chair-coordinated-a-voting-machine-breach; https://www.salon.com/2022/05/13/georgia-official-allowed-conspiracist-to-breach-voting-system-in-search-of-fraud-report/.

"Unauthorized Persons" means any Person other than an employee or agent of the Coffee County Election Board, the Secretary of State, or Dominion Voting Systems, respectively.

"You," "Your," or "Coffee County" mean Coffee County Board of Elections and Registration and all directors, officers, employees, and agents thereof, and any other person acting on Your behalf or under Your direction or control with respect to the subject matter of the Requests.

**Instructions**

1.     For each request, you are to produce entire documents including all attachments, enclosures, cover letters, memoranda, exhibits, and appendices. Copies that differ in any respect from an original (because, by way of example only, handwritten or printed notations have been added) shall be treated as separate documents and produced separately.   Each draft of a document is a separate document.  A request for a document shall be deemed to include a request for any and all transmittal sheets, cover letters, exhibits, enclosures, or attachments to the document, in addition to the document itself.  These document requests shall not be deemed to call for identical copies of documents.  "Identical" means precisely the same in all respects; for example, a document with handwritten notes or editing marks shall not be deemed identical to one without such notes or marks.

2.     Provide all electronically stored information ("ESI") in standard, single-page Group IV TIFF format with searchable text and metadata in a Relativity or similar load file.  Also, provide any spreadsheet or presentation files, including Microsoft Access, Excel, and PowerPoint files, as well as audio, audiovisual, and video files, in their native formats. Also, provide any responsive Election System files including but not limited to software installation files, configuration files, input files, intermediate data files, output files, report files, system and application log

5

files, or other election software or data files (in their native formats) associated with any component of the Dominion voting system as used in Georgia elections (the Democracy Suite election manage system applications, ImageCast Precinct and ImageCast Central tabulators, and ImageCast X BMDs, and associated peripherals), including but not limited to software and/or firmware installation files (such as MSI, EXE, or APK or files in a proprietary binary format); scripts and/or configuration files used to provision or harden the installed software or firmware; EMS election project files, election project backup files, compressed archives of election project databases, and system permission rule sets; Microsoft SQL Database files; election definition and behavioral and configuration files used by ICX, ICP, and ICC devices (DAT files for ICX BMDs and files in the binary file formats used by the ICP and ICC tabulators); security credentials and encryption keys, including authentication data used to program security cards and keys to be used by the ICX, ICP, and ICC devices; result files (in the proprietary binary file format collected from the ICP and ICC tabulators); scanned ballot images; result reports in XML, PDF, HTML, and Excel formats; and device log, system log, and audit log files and reports. Produce the metadata for any responsive ESI with the responsive data, including the following fields: custodian(s), author(s), recipient(s), copy recipient(s), blind copy recipient(s), company name, subject, file sent date/time, file received date/time, file

6

creation date/time, file modification date/time, file access date/time, time zone, beginning bates, ending bates, page count, family bates range, hash value, application type, file type, file name, file size, file path, and folder path. Documents produced in native format shall be accompanied by a native link field.

3.    Provide all hard copy documents as image files with searchable OCR text and unitize the hard copy documents to the extent possible (i.e., multi-page documents shall be produced as a single document and not as several single-page documents). Hard copy documents shall be produced as they are kept in the usual course, reflecting attachment relationships between documents and information about the file folders within which the document is found.

4.    If you withhold or intend to withhold any documents or other information requested by the Requests on the ground of the attorney-client privilege, work-product doctrine, or other privilege, doctrine, or immunity, please provide a privilege log that meets the requirements of Rule 26(b)(5), including: (a) the document or information alleged to be so protected from production by author, subject matter, date, number of pages, attachments, and appendices; (b) the names and job titles of all recipients of the information or document, including any "blind copy" recipients and any person to whom the information or document was

7

distributed, shown, or explained; (c) the document's current custodian(s); and (d) all bases, factual and legal, upon which the claim of protection from discovery rests.

5.      If only a portion of a responsive document or other requested information is claimed to be privileged against production, you should produce the responsive non-privileged portion of the document or other information in redacted form, provided that the redacted material is identified and the basis for the claim of privilege or protection is stated as provided in Instruction No. 4 above.

6.      If you contend that any of the categories of the Requests are objectionable in whole or in part, please state with particularity each objection, the basis for it, and the categories of the Requests to which the objection applies, and otherwise fully respond to the category insofar as it is not deemed objectionable.

7.      The documents responsive to these requests are to be produced as they were kept in the ordinary course of business, or in the way they were produced or otherwise provided to you from a third party, and, if the documents were produced by a third party, the identity of the third party shall be apparent or provided.

8.      If any document responsive to this request was, but no longer is in your possession, state whether it is missing or lost; if it has been destroyed; if it has been transferred, voluntarily or involuntarily, to others; or if it has otherwise been

disposed of.   In each instance, identify the document fully, explain the circumstances, and identify the people having knowledge of such circumstances.

9.   If you contend that any documents covered in these requests are not reasonably accessible or would be unduly burdensome to locate or produce, identify such documents by category and source and provide detailed information regarding the burden or cost you claim is associated with the search for or production of such documents.

10.   Unless clearly indicated otherwise: (a) the use of a verb in any tense shall be construed as the use of that verb in all other tenses; (b) the use of the feminine, masculine, or neuter genders shall include all genders; and (c) the singular form of a word shall include the plural and vice versa.

11.   The Requests are deemed to be continuing so as to require the timely submission of supplemental responses and the production of additional documents or other information pursuant to the Rules and other applicable authority.  Plaintiffs specifically reserve the right to seek supplemental responses and additional supplemental production of documents before trial.

12.   Documents shall be produced to Plaintiffs via e-mail or comparable electronic means to their counsel of record or other individuals identified by Plaintiffs for receipt.

9

**<u>Document Requests</u>**

1.      Documents that evidence, refer to, or reflect when any Unauthorized Access to Coffee County's Election System, EMS Servers and Election Data took place.

2.      Documents that evidence, refer to, or reflect the Persons involved in any way, or who have knowledge of, any Unauthorized Access to Coffee County's Election System, EMS Servers and Election Data, including, but not limited to, Persons who organized, planned, communicated about, led, participated in, were present during, or have knowledge of such events.

3.      Documents that evidence, refer to, or reflect what data, systems, and processes were accessed during any Unauthorized Access to Coffee County's Election System and EMS Servers.

4.      Documents that evidence, refer to, or reflect how Unauthorized Persons were able to gain access to Coffee County's Election System and EMS servers during any Unauthorized Access to Coffee County's Election System, EMS Servers and Election Data.

5.      Documents that evidence, refer to, or reflect which Coffee County Election System images, devices, or documents were scanned and/or imaged

10

and/or copied by Unauthorized Persons as part of any Unauthorized Access to Coffee County's Election System, EMS Servers and Election Data.

6.     All electronic files, including but not limited to election data, server images, or ballot images obtained during the Unauthorized Access to Coffee County's Election System, EMS Servers and Election Data by You or other Persons.

7.     Documents that evidence, refer to, or reflect why the Coffee County EMS server was replaced during 2021 and/or any Communications regarding its replacement and the reason therefor.

8.     Documents that evidence, refer to, or reflect when, why, and by whom the Coffee County EMS server's password was changed by any Person after the 2020 presidential election and any problems Coffee County officials encountered with the EMS server password in 2021.

9.     Documents that evidence refer to or reflect the process and/or procedures to change a/the password for the Coffee County EMS server at all times during the Relevant Time Period.

10.     All Documents provided by You to the Secretary of State or State Election Board related to the Coffee County's Election System and EMS server,

including documents or communications related to any investigation concerning Coffee County's Election System and EMS server.

11.    All Documents that evidence, refer to, or reflect any Communications (oral, electronic or written) by or between You and/or the Secretary of State, the State Elections Board and its members, other Georgia counties, and/or other third parties relating to any Unauthorized Access to Coffee County's Election System, EMS Servers and Election Data, including any Communications concerning the images or electronic files obtained during any Unauthorized Access to Coffee County's Election System, EMS Servers and Election Data.

12.    All Documents that evidence, refer to, or reflect any actual or potential security vulnerabilities, risks, failings, deficiencies, concerns, complaints, hacks, tabulation discrepancies, or compromises involving any aspect of Coffee County's Election System, including but not limited to any computer systems or network environments that support the operation of the Election System.

13.    All Documents that evidence, refer to, or reflect any Communications by or between You (internal communications), the Secretary of State, Georgia counties, and/or other third parties, regarding this litigation.

14.    All Documents that evidence, refer to, or reflect any copying of, or access to, any component of Georgia's Election System, or any data located on any

such component, that was not duly authorized by one or more State election officials with authority to lawfully allow such access.

15.     All Documents, including any Communications, that evidence, support, concern, or refer to the December 10, 2020 Letter from the Coffee County Board of Elections and Registration directed to the House Governmental Affairs Committee, with the subject "Elections Investigative Hearing."

16.     All Documents that evidence, refer, to, or reflect authorization to transfer the custody of all electronic election records on the EMS server to the Secretary of State.