IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | |
|---|---|
| COALITION FOR GOOD GOVERNANCE and DONNA CURLING,<br><br>   Plaintiffs,<br><br>v.<br><br>COFFEE COUNTY BOARD OF ELECTIONS AND REGISTRATION,<br><br>   Defendant. | Civil Action No. 5:23-mc-00001-LGW-BWC<br><br>In RE Subpoenas issued by the United States District Court For the Northern District of Georgia, Atlanta Division, Civil Action No. 1:17-CV-2989-AT |

**JOINT STATUS REPORT**

Plaintiffs Coalition for Good Governance and Donna Curling and Defendant Coffee County Board of Elections and Registration ("CCBOER") provide this joint status report pursuant to the Court's oral order that was issued during the status conference held on November 1, 2023. This discovery action concerns Plaintiffs' motion to compel, which "seeks production of records among those thousands of documents on the" CCBOER desktop computer seized by the Georgia Bureau of Investigation, in addition to other relief. (Doc. 1 at p. 3). At the status conference, the Court ordered the parties to confer regarding four topics and to then submit a joint status report. The parties complied with the conferral requirement by holding a two-hour conference on November 6, 2023, and by exchanging a great deal of information by email.

**Topic 1: CCBOER's subpoena to the Georgia Bureau of Investigation for the electronic documents the GBI recovered from CCBOER desktop computer:**

For Plaintiffs:

As CCBOER explains below, the Georgia Secretary of State has requested that the GBI release the materials specified by Judge Totenberg's November 7, 2023 order. A

1

response from the GBI is anticipated by November 10, 2023. Parties will promptly inform the Court of the results of that request. Further, CCBOER agreed to subpoena Ms. Hampton for the CCBOER desktop files she may have obtained from the Fulton County District Attorney which were apparently served on all Defendants, including Ms. Hampton, in the pending *State of Georgia v. Donald John Trump* case. In the event that the GBI denies the November 7, 2023 request made by the Secretary of State for the CCOBER desktop files, Plaintiffs believe that copies of these files are also available from Ms. Hampton. Such documents are included in requested documents in the subpoena being served on Ms. Hampton by CCBOER.

Plaintiffs will address at an appropriate time the inadequacy of the CCBOER search process for producing responsive emails from the desktop while it was in its possession of the same, and the CCBOER's failure to retain and preserve responsive records when they transferred the desktop to the GBI, although the GBI permitted CCBOER to select and copy records for preservation prior to taking possession of the desktop. CCBOER chose not to preserve a copy of its records on its desktop despite its obligations under state public records laws, state and federal election laws, the ongoing Curling litigation, the GBI's ongoing investigation, and the Fulton County District Attorney's case involving Coffee County records.

For CCBOER:

To address Plaintiffs' concerns regarding CCBOER's inability to produce certain of the records at issue to Plaintiffs, CCBOER took several steps.[1]  It served open records

---

[1] After Ms. Hampton resigned in late February 2021, the County Administrator asked Southeast Georgia Computer Consulting and Engineering (SGCCE), the County's IT service provider, to preserve Ms. Hampton's emails. Plaintiffs then served a subpoena for documents, including Ms. Hampton's emails. SGCCE searched the server and Ms.

requests for the emails upon the GBI and Fulton County District Attorney's Office. The requests were denied. The CCBOER then issued a subpoena to the GBI and Fulton County District Attorney's Office. At the status conference, the Court ordered the parties to discuss the GBI's anticipated contention that producing the responsive records in its possession would jeopardize a pending investigation. The parties agreed to contact Philip Curtis, the Managing Attorney for the GBI, to discuss the issue as well as Plaintiffs' desire for an expedited response. The parties have attempted to schedule that conference.

Shortly after the parties' November 6 conference, Judge Totenberg entered an order in the underlying litigation requiring the "State Defendants" (the Georgia Secretary of State and others) to submit a request to the GBI for essentially the same materials sought by Plaintiffs in CCBOER's subpoena to the GBI, "which are to be made available to the Plaintiffs by November 10, 2023." (Ex. A, doc. 1704 from *Curling, et al., v Raffensperger, et al.*). The CCBOER hopes that the November 10, 2023 production will render further proceedings in this action unnecessary.

## Topic 2: Responsive documents located on the Silver Laptop (location unknown)

For Plaintiffs:

Plaintiffs believe that the silver laptop in question remained in the CCBOER office after Ms. Hampton's employment ended and through the tenure of her successor James Barnes, ending approximately December 1, 2021. Plaintiffs' belief is based on Mr. Barnes's

---

Hampton's desktop computer but did not locate the emails at issue in Plaintiffs' motion. Later, the GBI served a search warrant for Ms. Hampton's desktop computer. Understanding that no documents responsive to the subpoenas were on the computer, and in the interest of not being accused of tampering with evidence related to a criminal probe, the County did not copy that desktop computer's hard drive prior to surrendering it to the GBI. According to the GBI's report, the GBI's forensic professionals were able to recover Ms. Hampton's emails from the desktop computer.

deposition testimony and informal discussions with others who have spoken with Mr. Barnes. Plaintiffs' counsel has reached out to Ms. Hampton's counsel to seek clarification. Further, the subpoena referenced by CCBOER below being served on Ms. Hampton should help resolve the question of the whereabouts of the potentially responsive CCBOER records located on that laptop.

For CCBOER:

During the November 1 conference, the Court directed the parties to discuss the silver laptop seen in Ms. Hampton's possession in surveillance video from the January 2021 breach ('the Silver Laptop"), including ownership of the Silver Laptop and the content Plaintiffs desire to obtain from it.  During the November 6 conferral, the parties agreed that CCBOER would issue a subpoena to Ms. Hampton for the content of the Silver Laptop that Plaintiffs seek.  A list of the materials to be sought was agreed upon, and the subpoena has been served on Ms. Hampton's counsel by email.  In addition, the parties discussed the location and ownership of the Silver Laptop during the conference and exchanged numerous emails regarding the subject.

**Topic 3: Privilege log**
For Plaintiffs:

During the 2022 subpoena communications and activities, both sets of Plaintiffs' counsel repeatedly and contemporaneously objected to the lack of specificity of the belatedly provided August 2022 CCBOER privilege logs in emails to CCBOER counsel requesting that withheld communications be specifically identified, including by date sent or received, the date any such files were last modified, and parties to each communication or communication thread. These were never provided.  Plaintiffs have supplied CCBOER with copies of a sample of those written objections made to

CCBOER counsel. The privilege logs supplied were simply generalized categories of topics, attorneys' (and others') names, and broad date ranges without specific lists of such communications. After the conferral, Plaintiffs reduced the applicable date range, reduced the scope of subpoenas by striking several topics, and asked CCBOER for other suggestions to reduce the workload for privilege log preparation, while still producing a meaningful privilege log.

As Plaintiff explained in the Parties recent conference, to assess claims of work-product privilege, it is essential to know the date of a communication. Work-product privilege only attaches where litigation is ongoing or contemplated. Here, because of the insufficiency of CCBOER's log, it is impossible to tell what litigation was contemplated in connection with its claims of the privilege or when communications regarding such litigation were had, and knowing when the communication occurred is critical to evaluating whether the communication related to some contemplated litigation. This was, and is, plainly insufficient for counsel and relevant courts to evaluate the applicability of the claimed privilege or protection as required by Fed. R. Civ. P. 26(b)(5)(A). O'Connor's Federal Rules, Ch. 6-A Sec. 8.3.2(2)(b) (privilege log generally should include a document number, author or source, recipient, list of persons receiving copies, date, document title, document type, number of pages, and any other relevant nonprivileged information) (citing *In re Capital One Bank Credit Card Interest Rate Litig.*, 286 F.R.D. 676, 681 (N.D. Ga. 2012) (contrasting non-deficient log entries with express, detailed descriptions of specific communications memorializing, providing, or reflecting requesting legal advice with deficient log entries lacking specific dates, recipients, or indicia of confidentiality); *Horton v. U.S.*, 204 F.R.D. 670, 673 (D. Colo. 2002) (privilege log must state specific reasons why each document or communication is

5

subject to asserted privilege); *U.S. v. Constr. Prods. Research, Inc.*, 73 F.3d 464, 473 (2d Cir. 1996) (cursory descriptions and comments about documents insufficient to support privilege claim)) Notably, it is the party "invoking the privilege has the burden of proving that an attorney-client relationship existed and that the particular communications at issue were confidential." *In re Cap. One*, 286 F.R.D. at 680 (citing *Bogle v. McClure*, 332 F.3d 1347, 1358 (11th Cir. 2003)). CCBOER simply never shouldered that burden.

Plaintiffs did not raise the issue with the Court as a stand-alone issue in a motion to compel but given the present request for judicial intervention, it is appropriate to raise the issue now. The passage of time does not render a legally insufficient privilege log sufficient.

The Parties remain at an impasse on this issue.

<u>For CCBOER</u>:

In their Motion, Plaintiffs contend that the CCBOER refused to "provide the necessary privilege log with required detail." (Doc. 1 at pp. 18-19).  The CCBOER served Plaintiffs with a privilege log, and Plaintiffs objected to it on August 2, 2022 and August 18, 2022 because it lacked a "date field." The CCBOER served a revised privilege log on August 26, 2022, which included this notation:

> F.R.C.P. 26(b)(5)(A)(ii) only requires that the party describe the nature of the privileged material in a manner that will enable you to assess the claim. If you assert that a date is required, please provide the citation for same so that we may consider the matter further. The information provided above allows you to sufficiently assess the asserted privileges. The date is largely irrelevant as the dates of employment and the dates of holding positions on the board encompass the "relevant time period." With the exception of James Barnes, who expressly retained our firm to represent him in responding to the Curling subpoenas, communications with employees or representatives of Coffee County occurred only

6

during their tenure with Coffee County. It would be unduly burdensome to non-party Coffee County to require the identification of these irrelevant dates.[2]

(Ex. B, privilege log).

Despite that notation, it is undersigned counsel's current understanding that Plaintiffs did not voice any further objections to the privilege log. Instead, they chose to raise the issue in the instant motion to compel, without making the requisite effort to resolve the dispute prior to filing their motion. Discovery is closed in the underlying case.

CCBOER is not aware of any recent events which could justify allowing Plaintiffs to raise the issue at this late stage. Counsel for the CCBOER raised the issue of the timeliness of their objection to the privilege log during the November 6 conference, but Plaintiffs' position on that issue is unclear. The CCBOER's position is that Plaintiffs should withdraw their objection to the privilege log because they failed to raise a contemporaneous objection to it, and because they failed to attempt to resolve any dispute regarding the privilege log prior to filing their motion to compel.

**Topic 4: Additional Search for Responsive Documents Within Possession of CCBOER**

For Plaintiffs:

The Court asked that parties address what efforts could be taken to conduct additional search activities in light of potentially new tools available to CCBOER. In order

---

[2] The 1993 Committee Note to Fed. R. Civ. P. 26(b)(5) is consistent with that notation. It provides that the rule:

> does not attempt to define for each case what information must be provided when a party asserts a claim of privilege or work product protection. Details concerning time, persons, general subject matter, etc., may be appropriate if only a few items are withheld, but may be unduly burdensome when voluminous documents are claimed to be privileged or protected, particularly if the items can be described by categories.

to facilitate a more efficient search effort, Plaintiffs have reduced the scope of topics and dates covered by the subpoenas where possible and have committed to supply suggested search terms in the near future. Plaintiffs have also presented to CCBOER examples of highly relevant documents not produced by CCBOER, but untimely and randomly obtained from third parties by Plaintiffs. No discussion has been conducted as to the anticipated timing of the renewed search efforts by CCBOER.

For CCBOER:

      The CCBOER is willing to conduct reasonable searches for documents using its archiver system.

*/s/ Cary Ichter*
CARY ICHTER
Georgia Bar No. 382515
cichter@ichterdavis.com
**ICHTER DAVIS LLC**
400 Interstate Parkway North, SE
Suite 860
Atlanta, Georgia 30339
(404) 869-7600

and

*/s/ Bruce P. Brown*
BRUCE P. BROWN
Georgia Bar No. 064460
bbrown@brucepbrownlaw.com
**BRUCE P. BROWN LAW LLC**
1123 Zonolite Rd. NE
Suite 6
Atlanta, Georgia 30306
(404) 881-0700

*Attorneys for Coalition for Good Governance*

and

/s/ Halsey G. Knapp, Jr.
HALSEY G. KNAPP, JR.
Georgia Bar No. 425320
hknapp@khlawfirm.com
**KREVOLIN & HORST, LLC**
1201 West Peachtree Street, NW
Suite 3250
Atlanta, Georgia 30309
(404) 888-9700

*Attorneys for Donna Curling*

This 8th day of November, 2023.

**OLIVER MANER LLP**

Oliver Maner LLP
218 West State Street
P.O. Box 10186
Savannah, GA 31412
(912) 236-3311
bperkins@olivermaner.com
wrahn@olivermaner.com

/s/ Benjamin M. Perkins
BENJAMIN M. PERKINS
Georgia Bar No. 140997
WES P. RAHN
Georgia Bar No. 60391

*Attorneys for Defendant Coffee County Board of Elections and Registration*

**HALL BOOTH SMITH, P.C.**

/s/ Jennifer D. Herzog
JENNIFER D. HERZOG
Georgia Bar No.109606
NICHOLAS A. KINSLEY
Georgia Bar No.: 273862

*Counsel for Coffee County Board of Elections & Registration*

1564 King Road
Tifton Georgia 31793
(229) 382-0515
Email: jherzog@hallboothsmith.com
Email: nkinsley@hallboothsmith.com

CERTIFICATE OF SERVICE

This is to certify that I have this day caused electronic notification of filing and service of the foregoing to be made upon counsel of record for the parties by filing the same using the Court's CM/ECF filing system.

This 8th day of November, 2023.

|  |  |
|---|---|
|  | **OLIVER MANER LLP** |
|  | */s/ Benjamin M. Perkins* |
| Oliver Maner LLP | BENJAMIN M. PERKINS |
| 218 West State Street | Georgia Bar No. 140997 |
| P.O. Box 10186 | WES P. RAHN |
| Savannah, GA 31412 | Georgia Bar No. 60391 |
| (912) 236-3311 |  |
| bperkins@olivermaner.com | *Attorneys for Defendant Coffee* |
| wrahn@olivermaner.com | *County Board of Elections and Registration* |
|  | **HALL BOOTH SMITH, P.C.** |
|  | */s/ Jennifer D. Herzog* |
|  | JENNIFER D. HERZOG |
|  | Georgia Bar No.109606 |
|  | NICHOLAS A. KINSLEY |
|  | Georgia Bar No.: 273862 |
|  | *Counsel for Coffee County Board of Elections & Registration* |
| 1564 King Road |  |
| Tifton Georgia 31793 |  |
| (229) 382-0515 |  |
| Email: jherzog@hallboothsmith.com |  |
| Email: nkinsley@hallboothsmith.com |  |