## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA
## WAYCROSS DIVISION

| | | |
|---|---|---|
| COALITION FOR GOOD GOVERNANCE and DONNA CURLING, | ) ) ) ) | |
| Plaintiffs, | ) ) | Civil Action No. 5:23-mc-00001-LGW-BWC |
| v. | ) ) ) ) | In RE Subpoenas issued by the United States District Court For the Northern District of Georgia, Atlanta Division, Civil Action No. 1:17-CV-2989-AT |
| COFFEE COUNTY BOARD OF ELECTIONS AND REGISTRATION, | ) ) ) | |
| Defendant. | ) | |

## JOINT STATUS REPORT

Plaintiffs Coalition for Good Governance and Donna Curling and Defendant Coffee County Board of Elections and Registration ("CCBOER") provide this joint status report to update the Court on certain issues in advance of the November 22, 2023 status conference.  The parties have conferred extensively by teleconference and email on the issues presented by the Motion to Compel in the month since the action was filed. Nonetheless, issues remain unresolved on multiple topics, requiring the intervention of the Court. Plaintiffs are in the final stages of pre-trial disclosures and planning for the upcoming Curling v Raffensperger case scheduled for trial beginning January 9, 2024, for which the breach of the Coffee County voting system plays a key part.

**Topic 1. CCBOER's subpoena to the Georgia Bureau of Investigation for the electronic documents the GBI recovered from CCBOER desktop computer:**

For Plaintiffs:   Secretary of State's counsel produced to Plaintiffs a forensic copy of the GBI-created image of the CCBOER desktop computer on Friday afternoon, November 17, 2023. The image unexpectedly contains information highly personal user information

and a considerable amount of Voter Personal Identifying Information.  The redaction of the personal information and Voter PII would require significant resources and extended time.  As a result, in an abundance of caution, Plaintiffs have not produced the image to CCBOER, but communicated this issue to CCBOER. Plaintiffs have recommended to CCBOER that the most efficient manner for CCBOER to obtain this image is likely to obtain it directly from the GBI, as appears possible from conferral with CCBOER counsel. Plaintiffs and their experts (who are covered by the Protective Order in the *Curling* case) are early in the process of reviewing the files on the image.  Plaintiffs' review of the desktop image does not relieve CCBOER from their obligation to perform searches of their records and produce responsive records.

In the initial review of the GBI image of the desktop, CGG's experts report finding the email Outlook (.ost) files [1] with minimal effort, in a manner that belies CCBOER's persistent claims that locating the emails files exhausted their technical efforts and would have likely required expert GBI forensics. While an expert's report will be produced with support for these preliminary findings at an appropriate stage in these proceedings, it is CGG counsel's current understanding that the skill set required for location of the emails on the desktop was elementary, requiring no special expertise. That conclusion appears to be consistent with Mr. Dial's, (the IT contractor), July 2, 2021 view that the (.ost) files could be retrieved from the desktop. (Doc. 1-6 at 2) CCBOER, nonetheless, maintained through September 2023 that such files could not be retrieved and were understood to be "permanently lost." (Doc. 1-17 at 6)  CCBOER's search of the GBI image files as a result of

---

[1] The .ost files include email accounts for successive election supervisors Hampton, Barnes and Roberts. Responsive records are anticipated to have been created in all three supervisors' communications.

this action should therefore be done in a thorough and complete manner given that the files appear to be intact and easily locatable.

For CCBOER: Plaintiffs' receipt of the forensic image of the desktop computer used by election supervisors Hampton, Barnes and Roberts likely renders this issue moot. Regardless, the CCBOER will work with Plaintiffs regarding the protective order the GBI anticipates requiring in exchange for production of a forensic image of the desktop computer to the CCBOER.   While Plaintiffs continue to insinuate that counsel for CCBOER made misrepresentations regarding the results of the County's IT service provider's efforts to locate .ost files from the desktop, documents that have been produced to Plaintiffs indicate otherwise.  Finally, Plaintiffs' demand that CCBOER search the GBI forensic image of the desktop computer is improper.

**Topic 2. Responsive documents located on the Silver Laptop (location unknown)**

 For Plaintiffs:  Plaintiffs believe it is reasonably established that the Silver Laptop in question was a county-controlled laptop used in the conduct of election administration during Ms. Hampton's tenure, and was, according to Mr. Barnes testimony, afterwards maintained unused in the election office through Mr. Barnes tenure, ending approximately December 1, 2021.  Plaintiffs have proposed that declarations be submitted by the county administrator, CCBOER's Information Technology contractor, and CCBOER's counsel in order for the Court to have a record of their knowledge of the use, contents, and history of the custody and control of the laptop.

On November 20, 2023, CCBOER's counsel contacted those individuals and requested such declarations.  As of this filing, to Plaintiffs' knowledge, none of the proposed declarants have responded.

For CCBOER:   Plaintiffs have provided no basis for their contention that any laptop possessed by Ms. Hampton was "County-controlled" or "County-issued."  For example, during the November 17, 2023 status conference, Plaintiffs' counsel represented to the Court that Ms. Hampton testified at her deposition in the *Curling* litigation that the County issued a laptop to her.  Following the conference, counsel for CCBOER reviewed a transcript of Ms. Hampton's November 11, 2022 deposition given in the *Curling* litigation.  Ms. Hampton provided no such testimony.  Plaintiffs' counsel also took the position that declarations regarding the laptop should be obtained from three individuals. In the spirit of cooperation, counsel for CCBOER agreed to relay that request to those three individuals, and that has been done.

**Topic 3. Privilege Log**

 For Plaintiffs:   Plaintiffs incorporate their position that the privilege logs were insufficient for Plaintiffs or relevant courts to evaluate the privilege claims  as stated in the previous joint status report. (Doc. 21 at 5) CCBOER notably does not contest the inadequacy of its privilege logs but, instead, contends that Plaintiffs' repeated complaints regarding the inadequacy of the log were insufficient to preserve Plaintiffs objection.  The recently produced GBI image presumably contains all communications between election supervisors using county email accounts on the desktop computer (Hampton, Barnes, and Roberts) and counsel and are available to Plaintiffs for review. Therefore, the priority requirements for completing an adequate privilege log should be focused on all other communications and documents in the control of CCBOER's counsel, CCBOER members, other county staff, or CCBOER agents, which would *not* be expected to be on the GBI image.

On November 8, 2023, Plaintiffs supplied the CCBOER with copies of prior objections to the CCBOER privilege log. (Exhibits 1-3) Objections to the CCBOER privilege log included CCOBER's failure to identify specific documents, specific dates, addresses, and recipients' names. The communications occurred primarily in August 2021 during the preparation and planning for the September 1, 2021 CCBOER Rule 30(b)(6) deposition.  The objections to the non-specific and otherwise deficient privilege log were never resolved and the deposition was conducted without resolution of the dispute because of the press of time.

After months of CCBOER's denials of the existence of the now-infamous security camera video footage of individuals involved in the three breaches entering the office on eight (8) different days, the August 2022 GBI request for production of the videos apparently precipitated its long-delayed disclosure and production of the videos to Plaintiffs. The CCBOER unexpectedly produced three (3) months of previously denied security video on Saturday August 27, 2022,[2] just before the September 1, 2022 Rule 30(b)(6) deposition. The painstaking and detailed analysis of the video took priority over continued negotiations regarding CCBOER's failure to produce a properly detailed privilege log prior to the deposition.  Plaintiffs chose to proceed with the deposition, and not to disrupt the completion of the discovery process to initiate a separate legal proceeding to compel properly prepared privilege logs, despite the ongoing prejudice to the pursuit of their claims.

---

[2] CCBOER denied the existence of the interior office video for the days the system was breached until September 16, 2022, further prejudicing the Plaintiffs' efforts in its September 1, 2022 deposition of the CCBOER.

In subsequent months, CCBOER's previous failures to disclose highly relevant documents, possibly withheld without specific disclosure under improper privilege grounds, took on mounting significance in the wake of additional evidence exposed in criminal cases arising related to the breaches, such as the GBI's discovery of the emails on the CCBOER server. Initial and preliminary reviews of the GBI-produced emails indicate more than 120 email communications between Ms. Hampton and counsel between November 1, 2020 and February 25, 2021. Based on the election office video security records, CCBOER counsel spent dozens of hours meeting with various Ms. Hampton and CCOBER officials in the run-up to the breaches, including, at times, non-clients Cathy Latham and Ed Voyles who were personally involved in the breaches. Plaintiffs have provided CCBOER counsel with a log of such hours based on a review of the security videos. The extensive election office meetings of CCBOER counsel with non-client individuals involved in the breaches, make the necessity of a detailed privilege log quite clear.

The parties remain at impasse on this issue.

For CCBOER:  Plaintiffs' statement that CCBOER "notably does not contest the inadequacy of its privilege logs" is inaccurate.  As CCBOER stated in the initial joint status report, the prefatory notation for the privilege log is consistent with the 1993 Committee Note to Fed. R. Civ. P. 26(b)(5). (Doc. 21 at n.2).  Since the Court requested that CCBOER brief the issue of the privilege log, CCBOER believes there is no need to further address the issue here.

**Topic 4: Additional Search for Responsive Documents Within Possession of CCBOER** [3]

For Plaintiffs:  CCBOER has informed Plaintiffs that the county record archiver searches of emails and other documents are being undertaken presumably based on search terms provided by Plaintiffs. Production of documents has not begun. No agreement has been reached on the completion deadline.

CCBOER has not informed Plaintiffs of any efforts to have the current and former CCBOER members conduct thorough searches for responsive records. CCBOER members produced almost no responsive records, despite their clear duties to preserve such records of their communications and related documents.

CCBOER has not responded to inquiries regarding whether its agents Hall Booth Smith and the IT contractor (Charles Dial) have conducted required searches and whether a production will follow.

Plaintiffs propose that all searches be completed no later than November 30, 2023, given the fast-approaching trial in the *Curling* case. Relevant documents produced immediately will require late and supplemental disclosures by Plaintiffs and amendments to exhibit lists and possible witness lists.

For CCBOER:  The CCBOER agreed to conduct reasonable searches of the County email archive system to address the Plaintiffs' concern that the desktop computer used by Hampton, Barnes and Roberts was in the GBI's possession and unavailable to Plaintiffs and the CCBOER.  The CCBOER commenced the search process using Plaintiffs' search terms.  The CCBOER has already produced to Plaintiffs hundreds of documents yielded

---

[3] Plaintiff originally had the word Control in this topic as well because CCBOER is also obligated to produce documents in its control, not merely those in its possession.

from those searches.  The searches performed thus far consumed far more time than expected, and have yielded documents already produced.  Plaintiffs' search terms would require approximately 3,744 individual searches of the County archiver (208 individual search terms that would have to be run for on average 18 individual email addresses). Moreover, many of the search terms are overly broad, not reasonably calculated to lead to the discovery of admissible evidence in the *Curling* litigation, and thus not proportional to the needs of that case.  While additional investigation is needed, CCBOER is concerned that conducting further searches is not appropriate, particularly since Plaintiffs now have a forensic image of the desktop computer used by Hampton, Barnes, and Roberts.  Finally, it is infeasible to complete the requested searches by November 30, 2023.

Respectfully submitted this 22nd day of November.

*/s/ Cary Ichter*
CARY ICHTER
Georgia Bar No. 382515
cichter@ichterdavis.com
**ICHTER DAVIS LLC**
400 Interstate Parkway North, SE
Suite 860
Atlanta, Georgia 30339
(404) 869-7600

and

*/s/ Bruce P. Brown*
BRUCE P. BROWN
Georgia Bar No. 064460
bbrown@brucepbrownlaw.com
**BRUCE P. BROWN LAW LLC**
1123 Zonolite Rd. NE
Suite 6
Atlanta, Georgia 30306

8

(404) 881-0700

*Attorneys for Coalition for Good Governance*

and

*/s/ Halsey G. Knapp, Jr.*
HALSEY G. KNAPP, JR.
Georgia Bar No. 425320
hknapp@khlawfirm.com
**KREVOLIN & HORST, LLC**
1201 West Peachtree Street, NW
Suite 3250
Atlanta, Georgia 30309
(404) 888-9700

*Attorneys for Donna Curling*

9

This 21st day of November, 2023.

**OLIVER MANER LLP**

*/s/ Benjamin M. Perkins*

Oliver Maner LLP
218 West State Street
P.O. Box 10186
Savannah, GA 31412
(912) 236-3311
bperkins@olivermaner.com
wrahn@olivermaner.com

BENJAMIN M. PERKINS
Georgia Bar No. 140997
WES P. RAHN
Georgia Bar No. 60391

*Attorneys for Defendant Coffee County Board of Elections and Registration*

**HALL BOOTH SMITH, P.C.**

*/s/ Jennifer D. Herzog*
JENNIFER D. HERZOG
Georgia Bar No.109606
NICHOLAS A. KINSLEY
Georgia Bar No.: 273862

*Counsel for Coffee County Board of Elections & Registration*

1564 King Road
Tifton Georgia 31793
(229) 382-0515
Email: jherzog@hallboothsmith.com
Email: nkinsley@hallboothsmith.com