# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# WAYCROSS DIVISION

| | |
|---|---|
| COALITION FOR GOOD GOVERNANCE and DONNA CURLING, | )<br>)<br>)<br>) |
| Plaintiffs, | ) Civil Action No. 5:23-mc-00001-LGW-BWC<br>)<br>) In RE Subpoenas issued by the United States |
| v. | ) District Court For the Northern District of<br>) Georgia, Atlanta Division, Civil Action No. |
| COFFEE COUNTY BOARD OF ELECTIONS AND REGISTRATION, | ) 1:17-CV-2989-AT<br>)<br>) |
| Defendant. | ) |

## DEFENDANT'S RESPONSE BRIEF ON THE PRIVILEGE LOG ISSUE

Defendant Coffee County Board of Election and Registration (the "CCBOE") files this response to Plaintiffs Coalition for Good Governance and Donna Curling's Motion to Compel. (Doc. 1). As directed by the Court, this response only addresses the issue of the privilege log raised in Plaintiffs' Motion to Compel. (Doc. 1, pp. 18-19)

## FACTUAL BACKGROUND

On June 15, 2022, and July 25, 2022, Plaintiffs served document subpoenas on the CCBOE. (Doc. 1, Exhibits 1 and 2). The subpoenas were issued by the United States District Court for the Northern District of Georgia in *Curling, et al. v. Raffensperger, et al.*, No. 1:17-CV-2989-AT. Both subpoenas contained broad requests that encompassed scores of privileged documents and communications. (Doc. 1, Exhibits 1 and 2). The CCBOE responded to the subpoenas and served a privilege log of the withheld documents.

1

On August 18, 2022, Plaintiffs objected to the CCBOE's privilege log on the basis that it did not contain a "date field." (Exhibit A, August 2022 Emails, p. 6). On August 26, 2022, the CCBOE addressed Plaintiffs' objection by serving upon Plaintiffs an updated privilege containing the requested date field (the "Updated Privilege Log"). (Exhibit B, Updated Privilege Log). Plaintiffs' counsel did not object to the Updated Privilege Log. (Exhibit C, November 2023 Emails) (where Plaintiffs' counsel confirmed that they made no objection to the Updated Privilege Log until they filed the subject Motion to Compel).

Despite not raising a contemporaneous objection to the Updated Privilege Log, Plaintiffs argue in their Motion to Compel that the Updated Privilege Log is inadequate and that the CCBOE refused "to produce the necessary privilege log with required detail." (Doc. 1, pp. 18-19). As shown below, the Court should deny Plaintiffs' request that the CCBOE prepare an additional privilege log for the separate and independent reasons that (1) Plaintiffs failed to timely object to the Updated Privilege Log and failed to confer in good faith with the CCBOE prior to filing their Motion to Compel; and (2) the Updated Privilege Log is sufficient to enable Plaintiffs to assess the CCBOE's claims of privilege.

## ARGUMENT AND CITATIONS TO AUTHORITY

### A. Standard

"The district court has broad discretion under Federal Rule of Civil Procedure 26 to compel or deny discovery[.]" Josendis v. Wall to Wall Residence Repairs, Inc., 662 F.3d 1292, 1307 (11th Cir. 2011). "Discretion means the district court has a 'range of choice, and that its decision will not be disturbed as long as it stays within that range and is not influenced by any mistake of law.'" Id. (quoting Betty K Agencies, Ltd. v. M/V

2

MONADA, 432 F.3d 1333 (11th Cir. 2005)). Accordingly, under "the abuse of discretion standard, [the Court of Appeals] will leave undisturbed a district court's ruling unless [it] find[s] that the district court has made a clear error of judgment or has applied the wrong legal standard." Id.

### B. Plaintiffs did not confer in good faith with the CCBOE regarding the Updated Privilege Log prior to filing the Motion to Compel.

A motion to compel "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1); see S.D. Local Rule 26.5. This Court has routinely denied motions to compel when it is determined that the movant has not conferred in good faith with the opposing party prior to filing the motion. See McCranie v. Hoffman Elec. Co., No. CV408-011, 2008 WL 11349686 (S.D. Ga. May 27, 2008); DirecTV, LLC v. Shirah, No. CV413-110, 2013 WL 5962870 (S.D. Ga. Nov. 6, 2013); Knight v. Beall's Outlet Stores, Inc., No. 2:15-CV-166, 2016 WL 4480103 (S.D. Ga. Aug. 23, 2016); Scruggs v. Int'l Paper Co., No. CV411-203, 2012 WL 1899405 (S.D. Ga. May 24, 2012).

Pertinent here, a movant's failure to object to a discovery matter prior to filing a motion to compel is indicative of the movant's failure to confer with opposing counsel in good faith. For example, in Toenniges v. Morales, No. CV 311-083, 2012 WL 12915497 (S.D. Ga. Oct. 26, 2012), a plaintiff filed a motion to compel asserting that a defendant had failed to satisfactorily respond to written discovery. Notably, the plaintiff did not serve objections to the defendant's written discovery responses prior to filing the motion to compel. Id. at 2. The court held:

> As this is the first instance in which Plaintiff has voiced his objections to those responses, Defendant has logically not yet had a chance to reply to

> the objections or to make an effort to clarify or correct his responses. Thus, since Plaintiff has improperly attempted to introduce his objections to Defendant's responses in his motion to compel—and, accordingly, clearly failed to make the requisite good faith effort to resolve the discovery dispute prior to filling the motion—the Court need not and will not address those objections here.

Id. at 3 n.4.

Here, Plaintiffs did not raise any objections to the Updated Privilege Log until filing their Motion to Compel. When asked for evidence of objections made after the Update Privilege Log was served on August 26, 2022, Plaintiffs' counsel wrote:

> [W]e made clear on the pre-hearing conf call with you guys before the last hearing that **we did not raise the issue again After August 26** because the videos were made known on August 26, and we spent all of our time on analyzing those (which took a lot of time) before the Sept 1 30b6. After the 30b6, **we did not pursue the matter until the revelations regarding all of the emails and documents the GBI located on the CCBOER desktop and this action was filed**.

(Ex. C, p. 1) (emphasis added). Because Plaintiffs admittedly did not object to the Updated Privilege Log, Plaintiffs "clearly failed to make the requisite good faith effort to resolve the discovery dispute prior to filing the motion." Toenniges, 2012 WL 12915497, 3 n.4. Accordingly, the Court should deny Plaintiffs' Motion to Compel as to the issue of the privilege log.

    **C.**    **The Updated Privilege Log is sufficient to enable Plaintiffs to assess the asserted privileges.**

"When a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material, the party must . . . describe the nature of the documents, communications, or tangible things not produced or disclosed--and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." Fed. R. Civ. P. 26(b)(5)(A)(ii). The 1993 Advisory Committee Notes to Rule 26 explain that:

> The rule does not attempt to define for each case what information must be provided when a party asserts a claim of privilege or work product protection. Details concerning time, persons, general subject matter, etc., may be appropriate if only a few items are withheld, but may be unduly burdensome when voluminous documents are claimed to be privileged or protected.

Applying this logic, courts have held that category-based logs are sufficient when the sheer number of documents renders a document-by-document log unduly burdensome and unnecessary. See MCC Mgmt. of Naples, Inc. v. Arnold & Porter LLP, No. 207-CV-387-FTM-29SPC, 2010 WL 2431849 (M.D. Fla. June 16, 2010); In re Imperial Corp. of Am., 174 F.R.D. 475 (S.D. Cal. 1997).

Here, the Updated Privilege Log is sufficient to enable Plaintiffs to assess the claims of privilege. The Updated Privilege Log includes authors, recipients, privileges, descriptions, and certain dates. (Ex. B). Additionally, the Updated Privilege Log includes the following explanatory notation which is consistent with the 1993 Advisory Committee Notes to Rule 26:

> F.R.C.P. 26(b)(5)(A)(ii) only requires that the party describe the nature of the privileged material in a manner that will enable you to assess the claim. If you assert that a date is required, please provide the citation for same so that we may consider the matter further. The information provided above allows you to sufficiently assess the asserted privileges. The date is largely irrelevant as the dates of employment and the dates of holding positions on the board encompass the "relevant time period." With the exception of James Barnes, who expressly retained our firm to represent him in responding to the Curling subpoenas, communications with employees or representatives of Coffee County occurred only during their tenure with Coffee County. It would be unduly burdensome to non-party Coffee County to require the identification of these irrelevant dates.

(Ex. B, p. 4). Plaintiffs' subpoenas encompass scores of privileged documents and communications. (Doc. 1, Exhibits 1 and 2). Considering the sheer number of privileged documents, it would be unduly burdensome to require the CCBOE to provide meticulous details for each individual document. The Updated Privilege Log is sufficient

for Plaintiffs to assess the asserted privileges and thus satisfies the requirement under Fed. R. Civ. P. 26. The Court should deny Plaintiffs' Motion to Compel as to the issue of the privilege log for this separate and independent reason.

## CONCLUSION

The Court should deny Plaintiffs' Motion to Compel as to the issue of the privilege log for the separate and independent reasons that (1) Plaintiffs failed to timely object to the Updated Privilege Log and confer in good faith with the CCBOE prior to filing their Motion to Compel; and (2) the Updated Privilege Log is sufficient to enable Plaintiffs to assess the CCBOE's claims of privilege.

This 29th day of November, 2023.

|  |  |
|---|---|
|  | **OLIVER MANER LLP** |
|  | */s/ Benjamin M. Perkins* |
| Oliver Maner LLP | BENJAMIN M. PERKINS |
| 218 West State Street | Georgia Bar No. 140997 |
| P.O. Box 10186 | WES P. RAHN |
| Savannah, GA 31412 | Georgia Bar No. 60391 |
| (912) 236-3311 |  |
| bperkins@olivermaner.com | *Attorneys for Defendant Coffee* |
| wrahn@olivermaner.com | *County Board of Elections &* |
|  | *Registration* |
|  | **HALL BOOTH SMITH, P.C.** |
|  | */s/ Jennifer D. Herzog* |
| 1564 King Road | JENNIFER D. HERZOG |
| Tifton Georgia 31793 | Georgia Bar No. 109606 |
| (229) 382-0515 | NICHOLAS A. KINSLEY |
| jherzog@hallboothsmith.com | Georgia Bar No. 273862 |
| nkinsley@hallboothsmith.com |  |
|  | *Attorneys for Defendant Coffee* |
|  | *County Board of Elections &* |
|  | *Registration* |

**CERTIFICATE OF SERVICE**

This is to certify that I have this day caused electronic notification of filing and service of the foregoing to be made upon counsel of record for the parties by filing the same using the Court's CM/ECF filing system.

This 29th day of November, 2023.

|  |  |
|---|---|
|  | **OLIVER MANER LLP** |
|  | */s/ Benjamin M. Perkins* |
| Oliver Maner LLP | BENJAMIN M. PERKINS |
| 218 West State Street | Georgia Bar No. 140997 |
| P.O. Box 10186 | WES P. RAHN |
| Savannah, GA 31412 | Georgia Bar No. 60391 |
| (912) 236-3311 |  |
| bperkins@olivermaner.com | *Attorneys for Defendant Coffee* |
| wrahn@olivermaner.com | *County Board of Elections and Registration* |

**HALL BOOTH SMITH, P.C.**

*/s/ Jennifer D. Herzog*
JENNIFER D. HERZOG
Georgia Bar No.109606
NICHOLAS A. KINSLEY
Georgia Bar No.: 273862

*Counsel for Coffee County Board of Elections & Registration*

1564 King Road
Tifton Georgia 31793
(229) 382-0515
Email: jherzog@hallboothsmith.com
Email: nkinsley@hallboothsmith.com