IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | |
|---|---|
| COALITION FOR GOOD GOVERNANCE and DONNA CURLING,<br><br>Plaintiffs,<br><br>v.<br><br>COFFEE COUNTY BOARD OF ELECTIONS AND REGISTRATION,<br><br>Defendant. | Civil Action No. 5:23-mc-00001-LGW-BWC<br><br>In RE Subpoenas issued by the United States District Court For the Northern District of Georgia, Atlanta Division, Civil Action File No. 1:17-CV-2989-AT |

**PLAINTIFFS' STATUS REPORT**
**ON SEARCH RESULTS AND PROCESS**

The Court ordered the parties to submit an update on the progress of the searches for responsive records. (Doc. 28) Plaintiffs hereby submit a summary of the progress, which has been inadequate to achieve their goal of obtaining all existing relevant documents for purposes of the pending *Curling* trial not previously produced by CCBOER. This high-level summary demonstrates that voluntary production by CCBOER is not viable and that, as anticipated, the findings to date have proven the production under the two subpoenas to be grossly inadequate.

1

1. **Scope of Requested CCBOER Searches and Results**

Plaintiffs have narrowed the scope of the requested searches numerous times, going from categories described in the 2022 subpoenas, to narrowed categories, to a search-term approach instead. The search terms and requested date ranges were then narrowed multiple times and the search terms were prioritized and further reduced and delivered on Friday, November 24.

Following the GBI report that disclosed the existence of Ms. Hampton's CCBOER emails, on October 6, 2023, Plaintiffs' emailed renewed request to CCBOER for responsive records (Doc. 1-20 at 6) and on October 17, 2023, Plaintiffs conferred by letter with CCBOER's counsel (Doc. 1-18). This action was then file don October 24, 2023 (Doc. 1). Since those events, only approximately 40 unique election-related emails have been produced by CCBOER, (over 60 duplicate emails were produced). Almost two months have passed with minimal production of responsive records from CCBOER that were in CCBOER's possession during the *Curling* discovery period.

2. **Emails and Documents Located on GBI Desktop Image**

In the seven business days since Plaintiffs obtained the GBI image, which required expert preparation time and the time-consuming

establishment of security protocols, Plaintiffs have conducted initial reviews of approximately 6,000 emails, and hundreds of documents, filtering the population to approximately 950 emails and dozens of other documents that are potentially responsive to the original subpoenas.

The examples of findings explained below can be verified by expert declarations at the appropriate time. Plaintiffs are highlighting herein examples of documents located on the desktop computer image to demonstrate the urgent need for the Court to compel the production of responsive records. The GBI desktop, while quite useful, contains a limited subset of responsive documents for numerous reasons explained below.

    a. *Communications concerning voting system component security and server password changes (Exhs. 1- 3)*

CCBOER withheld highly relevant records of communications in response to the Secretary of State investigator. Those communications reported on the unsecure condition of certain machines and components when Election Supervisor James Barnes took office in April 2021. (Exh. 1) CGG obtained the August 24, 2021 report from a citizen who received it in response to an Open Records Request in April 2023 (after close of discovery). Examination of the GBI image recently identified related documents in

Barnes's emails including the Secretary of State office's request for the report statement and an email showing Barnes shared a draft of the report with Lowndes County Election Supervisor Deb Cox, seeking comments from her. (Exh. 2)  Ms. Cox's response instructed Barnes to delete as untrue his statement that the Secretary of State's office had replaced the election server because of an unauthorized password change, stating that while the SOS had removed the server, it was not because the password had been changed. (Exh. 3) The password change has been the continuing excuse of CCBOER and the Secretary of State for the undocumented June 8, 2021 server replacement and the improper removal of all electronic databases and related public records from the county, without keeping local copies of records required by law to be preserved. Mr. Barnes removed the password change assertion in his final version sent to Josh Blanchard, Secretary of State's investigator.

    These withheld documents are exceptionally relevant to Plaintiffs' claims and discovery goals. The withholding of the documents prevented Plaintiffs from conducting discovery on the alarming assertions in the withheld documents. Barnes's emails were preserved and presumably archived by the county email archiver, which suggests a less than complete

4

search and production by CCBOER. These emails are not "lost" Hampton documents.

### b. *Potential additional video security camera may have been identified*

Documents suggesting that there was a fourth undisclosed security camera and recording made by that camera have been found in emails located on the county archiver and on the GBI image. Such documents were responsive to the subpoenas issued by Plaintiffs but were not previously produced. (Exhs. 4, 5 (annotated))

After months of denials by CCBOER that any security video from the period of the breaches existed in response to CGG's Open Records Act requests and Plaintiffs' 2022 subpoenas, CCBOER's response to a request by the GBI for the video exposed the existence of the highly relevant recordings. Those recordings were not produced until August and September 2022. CCBOER belatedly produced to Plaintiffs a total of three interior video camera recordings. Because the interior videos were disclosed after Plaintiffs deposed CCBOER's Rule 30(b)(6) designee, Plaintiffs were deprived of the opportunity to question the designee regarding this critical evidence and the events the recordings memorialize.

Newly produced CCBOER emails and GBI-image contained emails stating that four interior video cameras recorded activities in the CCBOER office. On November 26, after locating the first such email, Plaintiffs requested that CCBOER counsel disclose the number of interior video cameras that recorded election office activities, but no reply has been received.[1] These responsive emails were not "lost" emails from Ms. Hampton's files but were in the easily searchable files of county staff and CCBOER counsel handling the public's and GBI's request for records.

*c. Request for access to sensitive election records leading to January 7, 2021 breach*

Preston Haliburton, a Carrollton, Georgia-based attorney, counsel to Rudy Giuliani and Cathy Latham,[2] wrote Misty Hampton and CCBOER member Eric Chaney in a previously undisclosed email seeking access to and testing of certain non-public and highly-sensitive election records. (Exh. 6)

---

[1] It is possible that CCBOER was mistaken in claiming 4 interior videos rather than 3, but to date have not responded to requests for a representation of the facts. Of course, had the records been earlier produced, that is a question that could have been investigated in the *Curling* discovery process.

[2] Latham and Giuliani have both been indicated in the case *State of Georgia v. Donald Trump*, et al., No. 23SC188947 (Fulton Cty. Super. Ct).

(Haliburton gave his attorney and Robert Cheeley's[3] contact information for follow up.) This December 31, 2020 email is thought to be the initial written request to permit the now-infamous unauthorized access to Coffee County's election system (the breaches) and records by the Trump allies. Plaintiffs located this email in the Outlook data files (.ost files) on the GBI desktop image. No special skills were required to access this highly relevant document, which disclose previously unknown key facts and identify individuals involved in this critical aspect of the Curling case. The withholding of this document resulted in significant prejudice to Plaintiffs in the discovery process.

 *d. January 9, 2021 follow up email from Haliburton to Hampton*

On January 9, 2021, two days after the initial breach, attorney Haliburton wrote to Ms. Hampton stating that attorney Cheeley may seek a court order concerning the request. (Exh. 7) The January 9 email further states Haliburton's intent to contact the "city attorney" about the matter. It seems likely that Haliburton meant county attorney Tony Rowell.

---

[3] Cheeley is also indicted in the Fulton County Trump case.

This highly relevant email was located by Plaintiffs on the GBI image and has not been produced by CCBOER. The relevance of that document cannot be overstated, nor can the prejudice caused to Plaintiffs because of CCBOER's failure to disclose and produce it. Mr. Cheeley represented witness Cathy Latham in the deposition Plaintiffs took on August 8, 2022. No related documents concerning Haliburton's intended call to Mr. Rowell have been produced. Plaintiffs informed CCBOER of this email on November 26 after locating it asking that related documents be located and produced. CCBOER has not responded. These facts point to the need for diligent searches of county records, including those of Hall Booth Smith attorneys engaged by CCBOER.

e. *Hampton January 8, 2021 declaration emailed to CCBOER Counsel*

On May 13, 2021, Election Director James Barnes sent an email to CCBOER counsel Tony Rowell along with a signed declaration dated January 8, 2021, by Misty Hampton concerning alleged irregularities in operation of the Coffee County voting system. (Exh. 8) Barnes stated that Hampton had sent the declaration to the Secretary of State. Plaintiffs located the Barnes email on the GBI image. It was not a Hampton "lost" email and was presumably on the county archiver and in Mr. Rowell's files. The

responsive email was not disclosed to Plaintiffs, nor was it listed in sufficient detail in the privilege log for Plaintiffs to evaluate the topic and potential privilege assertion.

Further, Barnes's statement that Hampton sent the Secretary of State the document implies that Barnes had access to her email to see the transmittal. This email to Rowell occurred at the time that the Secretary of State investigators had requested that Barnes review Ms. Hampton's emails to determine whether she had had contact with Cyber Ninja CEO Doug Logan, after Barnes reported finding Logan's business card in CCBOER's office. Without this document, Plaintiffs were denied the opportunity to seek related relevant information concerning the question of Barnes's possible access to Hampton's purported "lost" emails based on this communication to Rowell. This email was forwarded to CCBOER counsel on November 26, seeking related documents. Plaintiffs have received no response.

### 3. Spoliation Risk of Hampton's Desktop Files

Plaintiffs anticipate that the technical details of this issue will require an expert declaration in future briefings, but Plaintiffs wish to make the Court aware in this status report that it appears Ms. Hampton was permitted to delete files from the desktop in the hours just before ***and after*** her

termination. Based on previously reviewed documents, Plaintiffs believe that Eric Chaney, a board member who participated in the breaches, warned Ms. Hampton of her impending termination the evening before the February 25, 2021 meeting at which she was forced to resign. Plaintiffs' preliminary forensic review of the GBI image shows Ms. Hampton deleted certain files (including business and personal files) between 9:23 and 9:29 am on the morning she was terminated. Ms. Hampton was terminated at a 3:15 pm CCBOER meeting. She then returned to her office at 4:05 pm and deleted additional files at 4:07. Security video shows that the county Human Resources officer and the Sheriff's Deputy escorts stayed outside the supervisor's office, at a considerable distance, permitting her to have private access to the office desktop computer, in what can only be described as a highly irregular termination protocol.

Plaintiffs raise this issue to emphasize the necessity of thorough searches of ancillary records under the custody and control of CCBOER individual members, Hall Booth Smith, and a more diligent search for the silver laptop used by Hampton in her work. Plaintiffs continue to search for and attempt to recover deleted documents on the GBI desktop image. Documents that were deleted on Hampton's office desktop as well as

additional official documents could possibly have been preserved on the laptop she used. Additionally, breach-related emails could possibly be found in personal email accounts that may be on the missing laptop.

Plaintiffs note that the GBI desktop image contains former Election Supervisor Roberts's emails only for the period June 12, 2022 through June 12, 2023 when the GBI seized the desktop. Plaintiffs assume that the county archiver contains her emails for the period December 2021 and June 11, 2022, to which Plaintiffs have no access, further underscoring the need for robust, prompt CCBOER searches and complete production of responsive records.

### 4. Lack of responsive documents from individual CCBOER member files

CCBOER has produced no additional responsive documents from individual CCBOER members. For example, Eric Chaney, like most CCBOER members, produced no documents at all, although he was heavily involved in the breaches and communicating with Ms. Hampton and others involved. Numerous 2022 emails between CCBOER members and the county clerk and CCBOER counsel include CCBOER members stating that they have no responsive records, but Plaintiffs have located evidence to the contrary. While this issue can be briefed with supporting documents,

Plaintiffs wish to alert the Court that it appears that either CCBOER withheld numerous responsive records, or official records were spoliated by CCBOER members.

5. **Summary of Search Status**

In this process, Plaintiffs have discovered that CCBOER has withheld numerous responsive and highly relevant records, although the review of the thousands of GBI desktop documents is far from complete. With the *Curling* trial date of January 9 fast approaching, it is imperative that CCBOER must promptly thoroughly search its documents, seek responsive documents from its agents (Hall Booth Smith and the IT contractor), accelerate and focus its search of the county archiver, conduct a more diligent search for the missing laptop (including obtaining appropriate declarations), and insist that its CCBOER members conduct robust and diligent searches.

Respectfully submitted this 4th day of December 2023.

> */s/ Cary Ichter*
> CARY ICHTER, Pro Hac Vice
> Georgia Bar No. 382515
> cichter@ichterdavis.com
> **ICHTER DAVIS LLC**
> 400 Interstate Parkway North, SE

Suite 860
Atlanta, Georgia 30339
(404) 869-7600

and

*/s/ Bruce P. Brown*
BRUCE P. BROWN, Pro Hac Vice
Georgia Bar No. 064460
bbrown@brucepbrownlaw.com
**BRUCE P. BROWN LAW LLC**
1123 Zonolite Rd. NE
Suite 6
Atlanta, Georgia 30306
(404) 881-0700

*Attorneys for Coalition for Good Governance*

and

*/s/ Halsey G. Knapp, Jr.*
HALSEY G. KNAPP, JR.
Georgia Bar No. 425320
hknapp@khlawfirm.com
**KREVOLIN & HORST, LLC**
1201 West Peachtree Street, NW
Suite 3250
Atlanta, Georgia 30309
(404) 888-9700

*Attorneys for Donna Curling*

**CERTIFICATE OF SERVICE**

I hereby certify that on December 4, 2023, a copy of the foregoing **Plaintiffs' Status Report on Search Results and Process** was electronically filed with the Clerk of Court using the CM/ECF system which will automatically send notification of such filing to all attorneys of record.

*/s/ Cary Ichter*
Cary Ichter, Pro Hac Vice
Georgia Bar No. 382515
cichter@ichterdavis.com
**ICHTER DAVIS LLC**
400 Interstate N. Pkwy, SE
Suite 860
Atlanta, Georgia 30339
Tel.: 404.869.7600
Fax: 404.602-0037

*Counsel for Plaintiff Coalition for Good Governance*