# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# WAYCROSS DIVISION

| | |
|---|---|
| COALITION FOR GOOD GOVERNANCE and DONNA CURLING, <br><br> Plaintiffs, <br><br> v. <br><br> COFFEE COUNTY BOARD OF ELECTIONS AND REGISTRATION, <br><br> Defendant. | Civil Action No. 5:23-mc-00001-LGW-BWC <br><br> In RE Subpoenas issued by the United States District Court For the Northern District of Georgia, Atlanta Division, Civil Action No. 1:17-CV-2989-AT |

## DEFENDANT'S RESPONSE BRIEF ON THE "SILVER LAPTOP ISSUE"

Defendant Coffee County Board of Elections and Registration (the "CCBOE") files this response to Plaintiffs Coalition for Good Governance and Donna Curling's Motion to Compel. (Doc. 1). As directed by the Court, this response only addresses the issue of the silver laptop raised in Plaintiffs' Motion to Compel. (Doc. 1, pp. 11-12; 17-18).

## FACTUAL BACKGROUND

On June 15, 2022, and July 25, 2022, Plaintiffs served document subpoenas on the CCBOE. (Doc. 1, Exhibits 1 and 2). The subpoenas were issued by the United States District Court for the Northern District of Georgia in *Curling, et al. v. Raffensperger, et al.*, No. 1:17-CV-2989-AT (the "Underlying Case"). (Doc. 1, Exhibits 1 and 2). The CCBOE responded to the subpoenas and produced, among other things, each requested video surveillance recording in its possession.[1]

---

[1] Although not relevant to the pending motion, Plaintiffs' inference that the CCBOE engaged in nefarious conduct by not locating the surveillance video sooner is wrong. The CCBOER will address the issue further if the Court desires.

1

In one of the video recordings produced to Plaintiffs, former CCBOE Elections Supervisor Misty Hampton is seen holding a laptop that appears silver in color on February 22, 2021 (the "Silver Laptop"). (Doc. 1, Exhibit 11). Because they believed the Silver Laptop contained responsive records, Plaintiffs demanded that it be searched for responsive records. The CCBOE was unable to locate the Silver Laptop and performed a diligent search for information on its ownership and issuance. Counsel for CCBOE then informed Plaintiffs of the result of their efforts: they found no record of Coffee County or the CCBOE assigning or issuing a laptop to Ms. Hampton, and that neither the CCBOE nor Coffee County were in possession of a laptop that was used by Ms. Hampton. (Doc. 1, Exhibits 12 and 13).[2] Despite this information and no direct evidence to suggest otherwise, Plaintiffs maintain that the Silver Laptop was used by Ms. Hampton in the performance of her election-related duties, and thus it is in the possession, custody, or control of the CCBOE. (Doc 1, pp.11-12; 18).

Plaintiffs filed their Motion to Compel "to enforce the Subpoenas and seek an Order compelling the immediate production of the subpoenaed documents on both the

---

[2] In their Motion to Compel, Plaintiffs claim that CCBOE counsel told the GBI he was in possession of a laptop that Ms. Hampton used but was not prepared to produce it when the GBI initially requested it. (Doc. 1, p. 12). Citing Exhibits 12 and 13 to their motion, Plaintiffs further state that "it appears CCBOER counsel knew of the Laptop Ms. Hampton used and disclosed the same to the GBI in September 2022, while simultaneously representing to Movants no such Laptop existed." (Id.). It is true that GBI Agent Baldwin wrote in a May 22, 2023 email that on September 9, 2022, "[CCBOE attorney] Rowell advised [that the County was in possession of a laptop that] Hayes used . . ." (Doc. 1 at Ex. 13). However, Plaintiffs ignore that in the same email thread, CCBOE attorney Herzog responded to Agent Baldwin, clarifying that there "is no record of Misty Hayes/Hampton ever being issued a county laptop. However, I believe the computer you are referencing is an old black Toshiba laptop that was found in the Elections office after Misty's departure – I am advised it is very old and not sure if it was or was not used by Misty . . ." (Id.). The County remains in possession of the "old black Toshiba laptop" and has offered Plaintiffs the opportunity to inspect it. That offer remains open. However, it is clear from the Motion to Compel and Plaintiffs' subsequent filings that they are only interested in the content of the Silver Laptop. There is no evidence that the Silver Laptop has been in a County or CCBOER facility since it was last seen in Ms. Hampton's possession in the surveillance video, and Ms. Hampton's last day of employment was February 25, 2021.

Desktop and Laptop[.]" (Doc. 1, p. 18). Since the date the Motion to Compel was filed, the CCBOE engaged in additional extensive efforts to identify and locate the Silver Laptop. (Exhibit A, Declaration of Benjamin Perkins); (Exhibit B, Declaration of Wes Rahn). However, the CCBOE has been unable to determine the origins of the Silver Laptop or ascertain its current whereabouts. Accordingly, the Court should deny Plaintiffs' Motion to Compel as to any records contained in the Silver Laptop because (1) the Silver Laptop is not in the CCBOE's possession, custody, or control and (2) there is no direct evidence that the Silver Laptop has ever been in the possession, custody, or control of the CCBOE.

## ARGUMENT AND CITATIONS TO AUTHORITY

### A.  Standard

"The district court has broad discretion under Federal Rule of Civil Procedure 26 to compel or deny discovery[.]" Josendis v. Wall to Wall Residence Repairs, Inc., 662 F.3d 1292, 1307 (11th Cir. 2011). "Discretion means the district court has a 'range of choice, and that its decision will not be disturbed as long as it stays within that range and is not influenced by any mistake of law.'" Id. (quoting Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333 (11th Cir. 2005)). Accordingly, under "the abuse of discretion standard, [the Eleventh Circuit] will leave undisturbed a district court's ruling unless [it] find[s] that the district court has made a clear error of judgment or has applied the wrong legal standard." Id.

### B.  The Silver Laptop is not in the CCBOE's possession, custody, or control.

Fed. R. Civ. P. 34 provides that a party responding to a request for documents must "produce and permit the requesting party or its representative to inspect, copy,

3

test, or sample [documents] in the responding party's possession, custody, or control[.]" A party cannot be compelled to produce what it does not have. See Thermoset Corp. v. Bldg. Materials Corp. of Am., No. 14-60268-CIV, 2014 WL 6473232 (S.D. Fla. Nov. 18, 2014) ("As the Court cannot compel a party to produce what it does not have, Plaintiff's Motion [to Compel] is DENIED."); Davila v. Luxury Wood Floors Inc., No. 22-CV-80760, 2023 WL 4363985 (S.D. Fla. Apr. 18, 2023) ("First, the Court will not, and cannot, require a party to produce documents it does not have in its possession, custody, or control.").

The Eleventh Circuit Court of Appeals has held that while "control is the test with regard to the production of documents" under Fed. R. Civ. P. 34, "the primary dispositive issue is whether [the responding party] made a good faith effort to obtain the documents . . . and whether after making such a good faith effort he was unable to obtain and thus produce them." Searock v. Stripling, 736 F.2d 650, 653-54 (11th Cir. 1984). Searock involved an appeal from a district court's grant of discovery-related sanctions. The Eleventh Circuit considered the responding party's "ability to produce the requested documents and his willfulness, bad faith, or fault in failing to produce them after having been given numerous opportunities to do so by the district court." Id. at 653. There, the responding party asserted in his deposition that he could obtain the requested documents upon demand, but later contradicted himself by representing that "he did not have possession of the documents . . . [and] that he was diligently attempting to obtain the documents[.]" Id. at 654. The Eleventh Circuit reversed the imposition of sanctions because there was evidence that the responding party diligently and in good faith sought to obtain the documents and that "the documents produced were all that he had been able to obtain after such a good faith

4

effort." Id. The Court found further support for its holding based on its finding that there was no evidence the responding party "acted willfully, in bad faith or was at fault in failing to produce the documents which he attempted and was unable to obtain." Id.

Here, while there is evidence (the February 22, 2021 surveillance video) that the Silver Laptop was once in possession of former CCBOE employee Hampton, the CCBOE does not have possession, custody, or control of the Silver Laptop. Like the responding party in Searock, the CCBOE diligently and in good faith sought to locate the Silver Laptop.[3]

For example, the CCBOE reviewed its records, work order technology logs, and inventory for information on the issuance, use, and current location of the Silver Laptop. (Doc. 1, Exhibits 12 and 13); (Ex. A, ¶ 10). Through counsel, the CCBOE:

- collaborated with Plaintiffs to draft and serve subpoenas on both the Georgia Bureau of Investigation and Ms. Hampton. (Exhibit C, GBI Subpoena); (Exhibit D, Hampton Subpoena);
- contacted GBI's managing attorney Philip Curtis, and requested information on the location of the Silver Laptop. (Ex. A, ¶ 9);
- contacted Jonathan Miller, who serves as legal counsel for Misty Hampton, and requested information on the ownership and current location of the Silver Laptop. (Ex. A, ¶ 8);
- contacted current CCBOE members Andy Thomas, Matthew McCullough, Paula Scott, Ernestine Thomas-Clark, and Ron Tanner, and requested

---

[3] Unlike the responding party in Searock, the CCBOE never testified or represented that it could obtain the Silver Laptop.

information on the ownership and current location of the Silver Laptop. (Ex. A, ¶ 3);

- contacted current Coffee County attorneys Anthony Rowell and Jennifer Herzog and requested information on the ownership and current location of the Silver Laptop. (Ex. A, ¶ 4);

- contacted current Coffee County Elections Supervisor Debra "Christy" Nipper and requested information on the ownership and current location of the Silver Laptop. (Ex. A, ¶ 4);

- contacted CCBOE information technology contractors Charles Dial and Brad Herrin as well as current Coffee County employees Wesley Vickers and Tracie Vickers, and requested information on the ownership and current location of the Silver Laptop. (Ex. A, ¶¶ 5-6);

- contacted former CCBOE members Wendell Stone and Eric Chaney (through counsel), and requested information on the ownership and current location of the Silver Laptop. (Ex. A, ¶ 7); (Ex. B, ¶ 3);

- contacted former CCBOE employees Jill Riddlehoover (through counsel), Sandy Grantham, and Rachel Roberts, and requested information on the ownership and current location of the Silver Laptop. (Ex. B, ¶¶ 4-6);

- attempted to contact former CCBOE supervisor James Barnes. (Ex. B, ¶ 7); and

- requested that Charles Dial, Anthony Rowell, and Wesley Vickers provide declarations as to their knowledge of the ownership and current location of the Silver Laptop. (Ex. A, ¶ 11); (Exhibit E, Request for Declaration).

Unfortunately, despite each of the foregoing actions, the CCBOE is unable to locate the Silver Laptop, and thus is unable to produce any of the subpoenaed documents that may be located on it. (Ex. A, ¶ 12); (Ex. B, ¶ 8). Although there is no direct evidence that the Silver Laptop was ever in the possession, custody, or control of the CCBOE, and despite the absence of evidence that the Silver Laptop contains records that are responsive to the subpoena (or that any such records would be reasonably calculated to lead to the discovery of admissible evidence in the Underlying Case), the CCBOE acted diligently and in good faith to obtain the Silver Laptop. Additionally, there is no evidence that the CCBOE "acted willfully, in bad faith or was at fault in failing to produce the documents which [it] attempted and was unable to obtain." Searock, 736 F.2d at 654. Accordingly, the Court should deny Plaintiffs' Motion to Compel as to the issue of subpoenaed documents contained in the Silver Laptop because the Silver Laptop is not in the CCBOE's possession, custody, or control, and the Court cannot compel the CCBOE to produce what it does not have.

C. **The record contains no direct evidence that the Silver Laptop has ever been in the possession, custody, or control of the CCBOE.**

Despite their assertions, Plaintiffs cannot proffer any direct evidence that the CCBOE issued the Silver Laptop to Ms. Hampton, that Ms. Hampton used the Silver Laptop for election-related matters, or that the Silver Laptop is in the possession, custody, or control of the CCBOE. Plaintiffs, at most, can only speculate that the Silver Laptop was issued by the CCBOE because it can be seen in the February 22, 2021 video recording. Conversely, the CCBOE, as discussed *supra*, has shown that the Silver Laptop is not in the CCBOE's possession, custody, or control, and that there is no record of the Silver Laptop being issued to Ms. Hampton. Accordingly, the Court should deny

Plaintiffs' Motion to Compel as to subpoenaed documents contained in the Silver Laptop because there is no direct evidence showing that the Silver Laptop is or has ever been in the possession, custody, or control of the CCBOE.

## CONCLUSION

The Court should deny Plaintiffs' Motion to Compel as to subpoenaed documents contained in the Silver Laptop because (1) the Silver Laptop is not in the CCBOE's possession, custody, or control and (2) the record contains no direct evidence that the Silver Laptop is or has ever been in the possession, custody, or control of the CCBOE.

This 6th day of December, 2023.

|  |  |
|---|---|
|  | **OLIVER MANER LLP** |
|  | */s/ Benjamin M. Perkins* |
| Oliver Maner LLP | BENJAMIN M. PERKINS |
| 218 West State Street | Georgia Bar No. 140997 |
| P.O. Box 10186 | WES P. RAHN |
| Savannah, GA 31412 | Georgia Bar No. 60391 |
| (912) 236-3311 |  |
| bperkins@olivermaner.com | *Attorneys for Defendant Coffee* |
| wrahn@olivermaner.com | *County Board of Elections & Registration* |
|  | **HALL BOOTH SMITH, P.C.** |
|  | */s/ Jennifer D. Herzog* |
| 1564 King Road | JENNIFER D. HERZOG |
| Tifton Georgia 31793 | Georgia Bar No. 109606 |
| (229) 382-0515 | NICHOLAS A. KINSLEY |
| jherzog@hallboothsmith.com | Georgia Bar No. 273862 |
| nkinsley@hallboothsmith.com |  |
|  | *Attorneys for Defendant Coffee County Board of Elections & Registration* |

CERTIFICATE OF SERVICE

This is to certify that I have this day caused electronic notification of filing and service of the foregoing to be made upon counsel of record for the parties by filing the same using the Court's CM/ECF filing system.

This 6th day of December, 2023.

|  | **OLIVER MANER LLP** |
|---|---|
|  | */s/ Benjamin M. Perkins* |
| Oliver Maner LLP | BENJAMIN M. PERKINS |
| 218 West State Street | Georgia Bar No. 140997 |
| P.O. Box 10186 | WES P. RAHN |
| Savannah, GA 31412 | Georgia Bar No. 60391 |
| (912) 236-3311 |  |
| bperkins@olivermaner.com | *Attorneys for Defendant Coffee County Board of Elections & Registration* |
| wrahn@olivermaner.com |  |
|  | **HALL BOOTH SMITH, P.C.** |
|  | */s/ Jennifer D. Herzog* |
| 1564 King Road | JENNIFER D. HERZOG |
| Tifton Georgia 31793 | Georgia Bar No. 109606 |
| (229) 382-0515 | NICHOLAS A. KINSLEY |
| jherzog@hallboothsmith.com | Georgia Bar No. 273862 |
| nkinsley@hallboothsmith.com |  |
|  | *Attorneys for Defendant Coffee County Board of Elections & Registration* |