# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# WAYCROSS DIVISION

| | |
|---|---|
| COALITION FOR GOOD GOVERNANCE and DONNA CURLING, <br><br> Plaintiffs, <br><br> v. <br><br> COFFEE COUNTY BOARD OF ELECTIONS AND REGISTRATION, <br><br> Defendant. | Civil Action No. 5:23-mc-00001-LGW-BWC <br><br> In RE Subpoenas issued by the United States District Court For the Northern District of Georgia, Atlanta Division, Civil Action No. 1:17-CV-2989-AT |

## DEFENDANT'S RESPONSE BRIEF ON THE ISSUE OF DOCUMENTS IN THE POSSESSION OF THIRD PARTIES

Defendant Coffee County Board of Elections and Registration (the "CCBOE") files this response to Plaintiffs Coalition for Good Governance and Donna Curling's Motion to Compel. (Doc. 1). As directed by the Court, this response addresses Plaintiffs' demand that the CCBOE search documents in the possession of third parties, including Charles Dial and Hall Booth Smith, P.C ("Hall Booth").

## FACTUAL BACKGROUND

On June 15, 2022, and July 25, 2022, Plaintiffs served document subpoenas on the CCBOE.[1] (Doc. 1, Exhibits 1 and 2). The subpoenas were issued by the United States District Court for the Northern District of Georgia in *Curling, et al. v. Raffensperger, et al.*, No. 1:17-CV-2989-AT (the "Underlying Case"). The CCBOE responded to Plaintiffs' subpoenas, and Plaintiffs subsequently filed their Motion to Compel. (Doc. 1). In their

---

[1] Plaintiffs did not serve subpoenas or document requests on Charles Dial, Charles Dial's information technology company, or Hall Booth.

1

Motion to Compel, Plaintiffs "seek an Order compelling the immediate production of the subpoenaed documents on both the Desktop and Laptop, and appropriately detailed privilege logs for any claims of privilege by CCBOER." (Doc. 1, p. 18). In their Motion to Compel, Plaintiffs do not seek an order compelling the search and production of documents in the possession of Charles Dial, Hall Booth, or any other third-party. (Doc. 1).

On November 1, 2023, the Court held a status conference to discuss the issues raised in Plaintiffs' Motion to Compel. (Doc. 22). At the status conference, Plaintiffs did not demand that the CCBOE search documents in the possession of any third parties, including Charles Dial and Hall Booth. (Doc. 22). On November 8, 2023, the parties submitted a Joint Status Report. (Doc. 21). In this initial Joint Status Report, Plaintiffs did not raise the issue, either. (Doc. 21). In fact, Plaintiffs did not even raise the concept of searching any third party's records until the November 15, 2023 status conference, when Plaintiffs asserted that Hall Booth may possess relevant documents. (Doc. 23). On November 17, 2023, the Court held another status conference, and Plaintiffs took the position that the CCBOE should be required to search documents in the possession of an additional third-party: Charles Dial. (Doc. 26).

Despite not seeking such relief or even raising the issue in their Motion to Compel, Plaintiffs now argue that the CCBOE should be compelled to search documents in the possession of third parties, including Charles Dial and Hall Booth. As shown below, the Court should deny Plaintiffs' request for the separate and independent reasons that (1) Plaintiffs did not raise the issue or seek the relief in their Motion to Compel, (2) Plaintiffs failed to confer in good faith with the CCBOE on this issue, and

(3) Plaintiffs' request is irrelevant, unduly burdensome, and not proportional to Plaintiffs' needs in the Underlying Case.

## **ARGUMENT AND CITATIONS TO AUTHORITY**

### A. **Standard**

"The district court has broad discretion under Federal Rule of Civil Procedure 26 to compel or deny discovery[.]" Josendis v. Wall to Wall Residence Repairs, Inc., 662 F.3d 1292, 1307 (11th Cir. 2011). "Discretion means the district court has a 'range of choice, and that its decision will not be disturbed as long as it stays within that range and is not influenced by any mistake of law.'" Id. (quoting Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333 (11th Cir. 2005)). Accordingly, under "the abuse of discretion standard, [the Eleventh Circuit] will leave undisturbed a district court's ruling unless [it] find[s] that the district court has made a clear error of judgment or has applied the wrong legal standard." Id.

### B. **Plaintiffs did not raise the issue in their Motion to Compel.**

In their Motion to Compel, Plaintiffs "seek an Order compelling the immediate production of the subpoenaed documents on both the Desktop and Laptop, and appropriately detailed privilege logs for any claims of privilege by CCBOER." (Doc. 1). Plaintiffs' motion does not seek an order compelling the CCBOE to search documents in the possession of third parties. That request was first made weeks after they filed their Motion to Compel, and a week after the parties filed the initial Joint Status Report. (Doc. 21).

Because Plaintiffs' request that the CCBOE search documents in the possession of third parties was not raised in Plaintiffs' Motion to Compel, the issue is not properly before the Court. See Bianchi v. Pioneer Credit Recovery Inc., No. 13-CV-61079, 2014

WL 11638587 (S.D. Fla. Jan. 2, 2014) ("[After filing its Motion to Compel], Defendant also questions the substantive sufficiency of Plaintiff's discovery responses. That, however, is an issue that was not raised in the initial Motion to Compel and is not properly before the Court at this time."). The Court should deny Plaintiffs' request that the CCBOE search documents in the possession of third parties, including Charles Dial and Hall Booth, because the issue was not raised in Plaintiffs' Motion to Compel.

### C. Plaintiffs failed to confer in good faith with the CCBOE prior to filing their Motion to Compel.

Plaintiffs first raised the issue of searching documents in the possession of third parties weeks after filing their Motion to Compel. Plaintiffs did not complete the requisite good faith conferral with the CCBOE on the issue prior to filing their motion. See Fed. R. Civ. P. 37(a)(1); S.D. Local Rule 26.5. This Court routinely denies motions to compel when it is determined that the movant has not conferred in good faith with the opposing party prior to filing the motion. See Castleberry v. Camden Cnty., 331 F.R.D. 559 (S.D. Ga. 2019); McCranie v. Hoffman Elec. Co., No. CV408-011, 2008 WL 11349686 (S.D. Ga. May 27, 2008); DirecTV, LLC v. Shirah, No. CV413-110, 2013 WL 5962870 (S.D. Ga. Nov. 6, 2013); Knight v. Beall's Outlet Stores, Inc., No. 2:15-CV-166, 2016 WL 4480103 (S.D. Ga. Aug. 23, 2016); Scruggs v. Int'l Paper Co., No. CV411-203, 2012 WL 1899405 (S.D. Ga. May 24, 2012). Accordingly, the Court should deny Plaintiffs' request that the CCBOE search documents in the possession of third parties, including Charles Dial and Hall Booth, for the separate and independent reason that Plaintiffs did not satisfy their conferral obligations on this issue prior to filing their Motion to Compel.

4

### D. **Plaintiffs' request is irrelevant, unduly burdensome, and not proportional to Plaintiffs' needs in the Underlying Case.**

Plaintiffs' request that the Court compel the CCBOE to search documents in the possession of third parties, including Charles Dial and Hall Booth, should be denied for the separate and independent reason that the information sought is irrelevant and disproportionate to the needs of the Underlying Case. The requested searches are not related to the alleged vulnerability of Georgia's election hardware and/or software that Plaintiffs are challenging in the Underlying Case.

As an initial matter, by addressing these substantive issues, the CCBOE does not admit that any responsive documents are in the possession of the third parties at issue. Plaintiffs' implications, based solely on speculation and without any supporting evidence, that CCBOE lawyers were involved in the Coffee County data breach are unfounded, and any discovery request reliant upon such unfounded contentions should therefore be rejected.

The scope of discovery is limited to "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."[2] Fed. R. Civ. P. 26(b)(1). "[T]he court must limit . . . the extent of discovery otherwise allowed by these rules or by local rule if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or

---

[2] Any communications between the CCBOE (including its representatives, agents, and employees) and Hall Booth are protected by the attorney-client privilege and/or work product doctrine. The CCBOE specifically preserves and does not waive these privileges.

can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C). These three considerations are addressed in turn below.

"Importantly, '[n]on-party status is a factor courts may consider when analyzing whether a subpoena is unduly burdensome.'" Castleberry v. Camden County, 331 F.R.D. 559, 563 (S.D. Ga. 2019) (quoting Pinehaven Plantation Properties, LLC v. Mountcastle Family LLC, 2013 WL 6734117, at *2 (M.D. Ga. Dec. 19, 2013)). "'The burden on the non-party is particularly great when the party issuing the subpoena seeks private information.'" Id. (quoting Pinehaven Plantation Properties, LLC v. Mountcastle Family LLC, 2013 WL 6734117, at *2 (M.D. Ga. Dec. 19, 2013)).

1. *The requested discovery would be unnecessarily cumulative or duplicative and could be (or has already been) obtained by alternative means.*

Any potentially responsive documents in the possession of the third parties at issue would be unnecessarily cumulative or duplicative and could be (or already have been) obtained by less expensive, more convenient, and less burdensome means. "'[E]ven if the discovery may be relevant for impeachment purposes, the court may nonetheless limit non-party discovery when the information is available through less-intrusive avenues.'" Castleberry, 331 F.R.D. at 563 (quoting Pinehaven, 2013 WL 6734117 at *1). As this Court stated in Castleberry, "[a]t this late date, the burden of compliance is high, and the probative value of what [Plaintiffs] seek[] remain[] low." Id. at 564.

The Summary Judgment Order in the Underlying Case, attached hereto as Exhibit A, establishes that Plaintiffs have already obtained information that would or could be found through the requested third parties. The Order names the "cast of characters" for the data system breach in Coffee County and describes each. (Ex. A, pp. 11-13). Beside each "character" is a citation to their deposition transcript or other evidence, showing that Plaintiffs conducted discovery as to these individuals.[3] Any requested information would be with this "cast of characters." Thus, this information is unnecessarily cumulative and/or duplicative. Furthermore, the requests at issue would be less burdensome, less expensive, and more efficient if directed at those non-parties.

Plaintiffs have not presented any evidence or made any showing that Hall Booth or Charles Dial were involved in the data breach in Coffee County, and Plaintiffs' assertions are grounded in mere suspicion and creative theory. This conduct should not be rewarded.

> 2. *Plaintiffs have had ample opportunity to obtain the information they now seek.*

Plaintiffs have had ample opportunity to obtain the information they now seek. The subpoenas at issue were sent to the CCBOE on June 15, 2022, and July 25, 2022. Plaintiffs waited approximately a year to pursue this discovery. The revelation that the GBI was able to access the desktop is unrelated to Plaintiffs' novel request that the CCBOE be compelled to search documents in the possession of third parties. The undue delay is another reason this Court should deny Plaintiffs' discovery request.

---

[3] These people and entities include Cathy Latham, Misty Hampton, Scott Hall, SullivanStrickler, Paul Maggio, Dean Felicetti, Eric Chaney, Alex Cruce, James Penrose, Charles Bundren, Stefanie Lambert, Michael Lynch, and James Barnes. That totals 12 individuals and one company that Plaintiffs rely on to support their allegations in the Underlying Case.

*3. Plaintiffs' request is outside the scope of Rule 26(b)(1).*

Discovery must be "relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). "It is a generally accepted rule that standards for non-party discovery require a stronger showing of relevance than for party discovery." <u>Pinehaven Plantation Properties, LLC v. Mountaincastle Family, LLC</u>, 2013 WL 6734117, at *2 (M.D. Ga. Dec. 19, 2013) (quoting <u>Zukoski v. Philadelphia Elec. Co.</u>, No, CIV. A. 93–4780, at *3 (E.D.Pa. Nov. 14, 1994)).

The Order in the Underlying Case denied summary judgment on Plaintiffs' "substantive BMD claims" and held that evidence "in connection with the operation of the election system as a whole" is relevant. (Ex. A, p. 135). By the nature of the action, Plaintiffs are not challenging or suing any alleged "bad actors." Instead, they are bringing an action challenging the alleged vulnerability and susceptibility of Georgia's electronic voting hardware and software. Stated differently, Plaintiffs allege that bad actors may unfairly impact elections by exploiting purported flaws in the equipment or computer software. Thus, whether or not Hall Booth, Charles Dial, or any other third party was responsible or involved in the Coffee County data breach is irrelevant to Plaintiffs' claims that the voting hardware and/or software is vulnerable.

By its very name, Plaintiff Coalition of Good Governance (the "Coalition") has an interest in gathering information used to illuminate where government management and operations depart from the Coalition's view of "good government." In essence, Plaintiffs ask the Court to expand the scope of their subpoena power to encompass gathering information irrelevant to the Underlying Case. This approach is contrary to the applicable rules and should be rejected.

Fed. R. Civ. P.26(b)(1) provides that discovery must be "proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Locating the proportionality line may sometimes be difficult, but Plaintiffs have clearly crossed that line here. The CCBOE is not a defendant in the Underlying Case and is not on trial, and the Coffee County data breach is at most a tertiary issue in that case. Further, Plaintiffs have obtained a trove of information regarding the Coffee County breach.

The CCBOE has been bombarded with document requests relating to the Underlying Case and the data breach generally and has produced thousands of pages of documents and hours of video footage to Plaintiffs and their agents. Plaintiffs conducted numerous depositions of the CCBOE's employees, former employees, and board members in the Underlying Case. The CCBOE understands the importance of the situation and has complied with its discovery obligations in good faith. Given the time, resources, and costs incurred by the CCBOE in complying with Plaintiffs' requests, Plaintiffs' onerous and intrusive eleventh-hour requests are disproportionate to the needs of the Underlying Case.

## **CONCLUSION**

The Court should deny Plaintiffs' request that the Court compel the CCBOE to search documents in the possession of third parties, including Charles Dial and Hall Booth, for the separate and independent reasons that (1) Plaintiffs did not raise the issue in their Motion to Compel,(2) Plaintiffs failed to confer in good faith with the CCBOE on

9

this issue, and (3) Plaintiffs' request is irrelevant, unduly burdensome, and not proportional to Plaintiffs' needs in the Underlying Case

This 6th day of December, 2023.

|  |  |
|---|---|
|  | **OLIVER MANER LLP** |
|  |  |
|  | */s/ Benjamin M. Perkins* |
| Oliver Maner LLP | BENJAMIN M. PERKINS |
| 218 West State Street | Georgia Bar No. 140997 |
| P.O. Box 10186 | WES P. RAHN |
| Savannah, GA 31412 | Georgia Bar No. 60391 |
| (912) 236-3311 |  |
| bperkins@olivermaner.com | *Attorneys for Defendant Coffee* |
| wrahn@olivermaner.com | *County Board of Elections &* |
|  | *Registration* |
|  |  |
|  | **HALL BOOTH SMITH, P.C.** |
|  |  |
|  | */s/ Jennifer D. Herzog* |
| 1564 King Road | JENNIFER D. HERZOG |
| Tifton Georgia 31793 | Georgia Bar No. 109606 |
| (229) 382-0515 | NICHOLAS A. KINSLEY |
| jherzog@hallboothsmith.com | Georgia Bar No. 273862 |
| nkinsley@hallboothsmith.com |  |
|  | *Attorneys for Defendant Coffee* |
|  | *County Board of Elections &* |
|  | *Registration* |

CERTIFICATE OF SERVICE

This is to certify that I have this day caused electronic notification of filing and service of the foregoing to be made upon counsel of record for the parties by filing the same using the Court's CM/ECF filing system.

This 6th day of December, 2023.

|  |  |
|---|---|
|  | **OLIVER MANER LLP** |
|  | */s/ Benjamin M. Perkins* |
| Oliver Maner LLP | BENJAMIN M. PERKINS |
| 218 West State Street | Georgia Bar No. 140997 |
| P.O. Box 10186 | WES P. RAHN |
| Savannah, GA 31412 | Georgia Bar No. 60391 |
| (912) 236-3311 |  |
| bperkins@olivermaner.com | *Attorneys for Defendant Coffee* |
| wrahn@olivermaner.com | *County Board of Elections &* |
|  | *Registration* |
|  | **HALL BOOTH SMITH, P.C.** |
|  | */s/ Jennifer D. Herzog* |
| 1564 King Road | JENNIFER D. HERZOG |
| Tifton Georgia 31793 | Georgia Bar No. 109606 |
| (229) 382-0515 | NICHOLAS A. KINSLEY |
| jherzog@hallboothsmith.com | Georgia Bar No. 273862 |
| nkinsley@hallboothsmith.com |  |
|  | *Attorneys for Defendant Coffee* |
|  | *County Board of Elections &* |
|  | *Registration* |