# Exhibit 8

# GEORGIA BUREAU OF INVESTIGATION
# OFFICE OF SPECIAL INVESTIGATIONS
# INVESTIGATIVE SUMMARY

**46-0001-42-23**

On Monday, June 12, 2023, at approximately 11:45 a.m., Special Agent MICHAEL PEARSON was located at the Coffee County Courthouse, ▬▬▬▬▬▬▬▬▬▬▬▬▬ in reference to this ongoing investigation. At this time, Agent PEARSON met with Coffee County Manager WESLEY VICKERS in VICKERS' office located on the first floor of the Courthouse. Prior to this meeting, Agent PEARSON was escorted by VICKERS to the Coffee County Board of Elections and Registration building, ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ which was walking distance from the Courthouse. While there, Agent PEARSON took possession of a county-issued desktop computer (refer to Investigative Summary 948855).

After securing the desktop computer, Agent PEARSON and VICKERS walked back to the Courthouse to address the topic of a Toshiba laptop computer previously discovered within a storage area of the Elections Office. Further information concerning the Toshiba laptop computer can be found in Investigative Summaries 948531 (correspondence between Special Agent CHRIS BALDWIN and Attorney JENNIFER HERZOG) and 948226 (phone conversation between Special Agent PEARSON and JAMES BARNES, former Coffee County Elections Supervisor), respectively.

County Manager VICKERS presented a Toshiba laptop computer, Model number PTA 70U-00J007, possessing Serial number 26230061Q. VICKERS stated the laptop had been stored in a secured safe within his county office since between February and April, 2021, after the resignation of former Elections Supervisor MISTY HAYES. VICKERS stated he did not know who brought the laptop to the Courthouse from the

Page 1 of 4

949079

FCDA00139229

**PROPERTY OF GBI**
Further dissemination is prohibited
without written approval of a GBI Supervisor

EXHIBIT ___107___

**46-0001-42-23**

Elections office where the item was initially discovered. VICKERS assumed that former Elections Supervisor JAMES BARNES brought the laptop to VICKERS' office sometime in 2021. Coffee County Clerk TRACY VICKERS was nearby in her office and the County Manager asked VICKERS if she recalled who brought the laptop over from the Elections Office. TRACY VICKERS stated she did not know. When asked, WESLEY VICKERS stated he did not know the identity of the computer's rightful owner.

It should be noted that in a previous documented phone conversation between Agent PEARSON and JAMES BARNES, BARNES stated he found the Toshiba laptop in May 2021 while he was organizing the conference room in the Elections office. BARNES stated he left the laptop in the conference room and did not take the item across the street to the courthouse. BARNES also recalled he never found a power chord to the laptop. Agent PEARSON noted that when WESLEY VICKERS produced the laptop on this date, a power chord was with it.

VICKERS plugged in the laptop and activated the computer. A data screen appeared displaying a copyright date range from 1985 - 2004. Agent PEARSON asked VICKERS to power down the computer to prevent any potential loss of data.

Agent PEARSON obtained photographs of the Toshiba laptop computer. The photographs were uploaded to the Georgia Bureau of Investigation Digital Case Management System and attached to this investigative summary.

Agent PEARSON noted a label affixed to the inside portion of the laptop, just below the keys. The label appeared to be generated from a label-making device and appeared as follows:

Page 2 of 4

949079

FCDA00139230

**PROPERTY OF GBI**
Further dissemination is prohibited
without written approval of a GBI Supervisor

EXHIBIT ___107___

**46-0001-42-23**

coffee_county

█████

Agent PEARSON knows from his prior experiences that when government laptops are shared by multiple users, a common Username/Password is used to access the device and are often displayed for easy access to various users. It appeared to Agent PEARSON the above-described label was once the Username/Password for the device.

Agent PEARSON explained to VICKERS that a GBI Digital Forensic Investigator (DFI) possessed the equipment and technical knowledge to conduct a non-invasive search of the laptop to determine potential ownership of the device. Agent PEARSON further explained such a search would require Agent PEARSON to take possession of the laptop with VICKERS' consent. VICKERS stated that through the advice of legal counsel from county attorneys, the laptop should not be relinquished from his possession and control without the GBI's production of a Search Warrant or Court Order.

While in the presence of VICKERS, Agent PEARSON contacted County Attorney JENNIFER HERZOG via cellphone. Agent PEARSON explained to HERZOG the intention of the GBI's taking possession of the laptop. HERZOG explained that because of the same reason Agent PEARSON was unable to secure a search warrant for the device (ownership unknown), county officials, likewise, were also not in a position to release the item from its safekeeping.

Page 3 of 4

949079

FCDA00139231

**PROPERTY OF GBI**
Further dissemination is prohibited without written approval of a GBI Supervisor

EXHIBIT ___107___

**46-0001-42-23**

Both VICKERS and HERZOG assured Agent PEARSON that there was no objection from the county for a GBI DFI to examine the device in VICKERS' office.  With that, Agent PEARSON requested VICKERS to continue to secure the item within his safe until a date could be determined later for an on-site forensic examination.

**ATTACHMENTS**

PHOTOGRAPH  S                                                                                                                                  (Attachments)


**ID DATA:**

**VICKERS, WESLEY**



SPECIAL AGENT MICHAEL PEARSON:   6/14/2023
mp:   6/14/2023

Page 4 of 4

949079

FCDA00139232

**PROPERTY OF GBI**
Further dissemination is prohibited
without written approval of a GBI Supervisor

EXHIBIT ___107___