# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# WAYCROSS DIVISION

| | |
|---|---|
| COALITION FOR GOOD GOVERNANCE and DONNA CURLING, </br></br>　　　　Plaintiffs, </br></br>v. </br></br>COFFEE COUNTY BOARD OF ELECTIONS AND REGISTRATION, </br></br>　　　　Defendant. | Civil Action No. 5:23-mc-00001-LGW-BWC </br></br>In RE Subpoenas issued by the United States District Court For the Northern District of Georgia, Atlanta Division, Civil Action No. 1:17-CV-2989-AT |

## DEFENDANT'S SUR REPLY BRIEF ON THE PRIVILEGE LOG ISSUE

Defendant Coffee County Board of Elections and Registration (the "CCBOE") files this Sur Reply to Plaintiffs' Reply Brief regarding the Privilege Log Issue (Doc. 31).

### A.    Plaintiffs' Failure to Object or Confer

In their Reply Brief, Plaintiffs allege several instances where they purportedly conferred with the CCBOE ***prior*** to the CCBOE's service of the Updated Privilege Log on August 26, 2022. However, Plaintiffs do not allege any instances where they objected to the Updated Privilege Log ***after*** it was served on August 26, 2022. (Doc. 31, pp. 16-17). "[W]hen a party fails to timely object to interrogatories, production requests, or other discovery efforts, the objections are deemed waived." Scruggs v. Int'l Paper Co., 278 F.R.D. 698, 700 n.4 (S.D. Ga. 2012) (quoting Bailey Indus., Inc. v. CLJP, Inc., 270 F.R.D. 662, 668 (N.D. Fla. 2010)).

Additionally, Plaintiffs' claim that they conferred with the CCBOE regarding the Updated Privilege Log on October 17, 2023 — over a year after the Updated Privilege

1

Log was served — is misleading. (Doc. 31, p. 18). In the October 17, 2023 letter, Plaintiffs requested that the CCBOE provide an additional privilege log related to documents on the desktop computer that was used by Hampton, Barnes, and Roberts. (Doc. 1-18, p. 3). At the time, neither the CCBOE nor Plaintiffs were in possession of the desktop computer. Plaintiffs now have a forensic image of the desktop computer, so a privilege log is unnecessary as no documents on that device were withheld by the CCBOE.

Even if the October 17, 2023 letter addressed the privilege log issue currently before the Court (it did not), this Court has held that sending letters that "simply recount the perceived errors in . . . responses and then demand the production of satisfactory responses" does not meet the good-faith-effort standard. DirecTV, LLC v. Shirah, No. CV413-110, 2013 WL 5962870 (S.D. Ga. Nov. 6, 2013). "[S]uch a one-sided demand does not meet the good-faith-effort standard." Id.

In sum, the Court should deny Plaintiffs' Motion to Compel as to the issue of the privilege log because Plaintiffs did not object to the Updated Privilege Log and failed to confer in good faith with the CCBOE prior to filing their Motion to Compel.[1]

### B. Plaintiffs' Misleading Factual Allegations

The bulk of Plaintiffs' Reply Brief (Doc. 31) is unrelated to the privilege log issue currently before the Court. However, because many of Plaintiffs' assertions could mislead the Court, the CCBOE will attempt to address several of them. Most of Plaintiffs' contentions are not supported by citations to the record or evidence, and thus should be disregarded. See S.D. Local Rule 7.1 ("Every factual assertion in a motion,

---

[1] The Court should also deny Plaintiffs' Motion to Compel as to the issue of the privilege log because the Updated Privilege Log is sufficient to enable Plaintiffs to assess the CCBOE's claims of privilege. See Fed. R. Civ. P. 26(b)(5)(A)(ii).

response, or brief shall be supported by a citation to the pertinent page in the existing record or in any affidavit, discovery material, or other evidence filed with the motion.").

In their Reply, Plaintiffs repeatedly allege that the CCBOE improperly "withheld" responsive documents. (Doc. 31, pp. 5-9). However, Plaintiffs did not establish that the allegedly withheld documents are responsive to their subpoena requests. (Doc. 31, pp. 5-9). In any event, Plaintiffs admit that the referenced documents were produced and are currently in their possession. (Doc. 31, pp. 5 9). In fact, many of the referenced documents were produced by the CCBOE in response to specific open records requests.

Plaintiffs also allege that Hall Booth Smith is somehow implicated in the Coffee County breaches and is in possession of responsive non-privileged documents that have not been produced. However, Plaintiffs' allegations are plainly mere speculation:

- "In connection with these interactions, Plaintiffs **believe** that Rowell acted as counsel for CCBOER, but he was interacting with or in the presence of a non-client, Voyles, and other non-clients as well." (Doc. 31, p. 10 n2).
- "Mr. Rowell, Mr. Voyles, and Ms. Hampton produced no responsive documents that **appear** to be related to [meetings between Ed Voyles and Tony Rowell], although video recordings show them reviewing many documents together and having extensive conversations on what **appear** to be election-related matters." (Doc. 31, p. 11).
- "It **seems unlikely** that these extensive meetings were planned and conducted with no responsive documents being created or retained." (Doc. 31, p. 11).

3

- "Rowell **apparently** texted a picture (unavailable to Plaintiffs) entitled 'ware-county-confirmation.jpg.'" (Doc. 31, p. 11).
- "Rowell **may** have had access to information about a potentially stolen voting machine." (Doc. 31, p. 11).
- "This 'confirmation' or verification of a **presumably** stolen machine should have been disclosed to Plaintiffs as a responsive document." (Doc. 31, p. 11).
- "Plaintiffs **contend** that HBS is the primary source of institutional knowledge and key records of the CCBOER[.]" (Doc. 31, p. 22).
- "It **appears** that HBS either did not perform the searches required by Plaintiffs' subpoenas or failed to disclose the clearly non-privileged documents in the extreme." (Doc. 31, p. 22).

Plaintiffs should not be permitted to rely upon conspiracy theories to justify their discovery efforts and impose burdensome discovery obligations on a non-party.

Plaintiffs allege that their experts "quickly found the emails on the [desktop image] with minimal effort and without employing any special expert skills or forensic tools, proving the CCBOER's claims to be false." (Doc. 31, p. 13).  This is irrelevant.  It is undisputed that the CCBOE's technology provider did not locate the emails at issue on the desktop, it is undisputed that the CCBOE preserved the desktop until the GBI seized it pursuant to a lawful subpoena, and it is undisputed that Plaintiffs now have a forensic image of the content of the desktop computer (even though CCBOE had no opportunity to review those documents for privilege or responsiveness). Moreover, there is no evidence that the CCBOE had reason to not rely upon its technology provider to search

4

the desktop for the emails prior to informing Plaintiffs that Hampton's emails could not be located.

Plaintiffs challenge the efforts undertaken by the CCBOE to retrieve emails located on the desktop. "A review of the GBI image emails has exposed CCBOER counsel's deficient and superficial efforts to ensure that even modest search efforts were undertaken." (Doc. 31, p. 13). The August 24, 2022 email between Jennifer Herzog and the CCBOE's IT contractor, Charles Dial, proves that the CCBOE attempted to retrieve the emails, but was told it was unable to do so:

> IT support has confirmed that the former Election Supervisor Misty Hampton's and Jill Riddlehoover's email accounts are no longer accessible. Coffee County has a limited number of licenses available under Microsoft 365, and it was the regular practice of IT to replace the new employee of each position with that license when a former employee of the same position was for whatever reason no longer employed by the county, and when that is done, unless previously archived, the former employees' emails are no longer accessible. In this situation, the County did attempt to preserve Hampton's emails, as you will see in documents provided previously to Ms. Marks, but IT unfortunately was unsuccessful in same. The County has since implemented an email archiving system. I have been advised that IT has exhausted all efforts and despite same, advised that Hampton's emails are not accessible or recoverable.

(Doc. 31-12, p. 3). Mr. Dial confirmed that the above statement was accurate. (Doc. 31-12, p. 2). Plaintiffs fail to show that the CCBOE was able to locate the allegedly responsive documents on the desktop but withheld them. Plaintiffs' frustration does not equate to a discovery violation.

Plaintiffs allege that their experts "have located hundreds of unproduced responsive records and scores of relevant records, and they have attempted to forensically recover records CCBOER permitted Ms. Hampton to destroy after telling her she would be terminated." (Doc. 31, p. 13). Plaintiffs' claim that the CCBOE "permitted" Ms. Hampton to "destroy" any CCBOE property is unsupported, offensive,

and should be stricken from the record. There is absolutely no evidence that the CCBOE knew[2] that a breach occurred when Ms. Hampton resigned her employment on February 25, 2021.

## CONCLUSION

The Court should deny Plaintiffs' Motion to Compel as to the issue of the privilege log for the separate and independent reasons that (1) Plaintiffs failed to timely object to the Updated Privilege Log and confer in good faith with the CCBOE prior to filing their Motion to Compel; and (2) the Updated Privilege Log is sufficient to enable Plaintiffs to assess the CCBOE's claims of privilege.

This 20th day of December, 2023.

|  |  |
|---|---|
|  | **OLIVER MANER LLP** |
|  | */s/ Benjamin M. Perkins* |
| Oliver Maner LLP | BENJAMIN M. PERKINS |
| 218 West State Street | Georgia Bar No. 140997 |
| P.O. Box 10186 | WES P. RAHN |
| Savannah, GA 31412 | Georgia Bar No. 60391 |
| (912) 236-3311 |  |
| bperkins@olivermaner.com | *Attorneys for Defendant Coffee* |
| wrahn@olivermaner.com | *County Board of Elections &* |
|  | *Registration* |

---

[2] Plaintiffs will claim that a CCBOE Board member was present for the breaches. However, there is no evidence that the CCBOE was aware of that incident at the time Ms. Hampton resigned (it was not and unequivocally condemns the breaches and any interference with election security), and it is undisputed that the CCBOE, which is governed by a 5 member Board, acts as a body and never voted to authorize anyone to engage in the January 2021 breaches.

|  |  |
|---|---|
| | **HALL BOOTH SMITH, P.C.** |
| | */s/ Jennifer D. Herzog* |
| 1564 King Road | JENNIFER D. HERZOG |
| Tifton Georgia 31793 | Georgia Bar No. 109606 |
| (229) 382-0515 | NICHOLAS A. KINSLEY |
| jherzog@hallboothsmith.com | Georgia Bar No. 273862 |
| nkinsley@hallboothsmith.com | |
| | *Attorneys for Defendant Coffee County Board of Elections & Registration* |

CERTIFICATE OF SERVICE

This is to certify that I have this day caused electronic notification of filing and service of the foregoing to be made upon counsel of record for the parties by filing the same using the Court's CM/ECF filing system.

This 20th day of December, 2023.

|  |  |
|---|---|
|  | **OLIVER MANER LLP** |
|  | */s/ Benjamin M. Perkins* |
| Oliver Maner LLP | BENJAMIN M. PERKINS |
| 218 West State Street | Georgia Bar No. 140997 |
| P.O. Box 10186 | WES P. RAHN |
| Savannah, GA 31412 | Georgia Bar No. 60391 |
| (912) 236-3311 |  |
| bperkins@olivermaner.com | *Attorneys for Defendant Coffee County Board of Elections & Registration* |
| wrahn@olivermaner.com |  |
|  | **HALL BOOTH SMITH, P.C.** |
|  | */s/ Jennifer D. Herzog* |
| 1564 King Road | JENNIFER D. HERZOG |
| Tifton Georgia 31793 | Georgia Bar No. 109606 |
| (229) 382-0515 | NICHOLAS A. KINSLEY |
| jherzog@hallboothsmith.com | Georgia Bar No. 273862 |
| nkinsley@hallboothsmith.com |  |
|  | *Attorneys for Defendant Coffee County Board of Elections & Registration* |