IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | |
|---|---|
| COALITION FOR GOOD GOVERNANCE and DONNA CURLING,<br><br>Plaintiffs,<br><br>v.<br><br>COFFEE COUNTY BOARD OF ELECTIONS AND REGISTRATION,<br><br>Defendant. | Civil Action No.<br>5:23-mc-00001-LGW-BWC<br><br>In RE Subpoenas issued by the United States District Court For the Northern District of Georgia, Atlanta Division, Civil Action File No. 1:17-CV-2989-AT |

**PLAINTIFFS' MOTION FOR EXTENSION OF TIME**

In its December 22, 2023 Order (the "Order"), granting in part and denying in part Plaintiffs' Motion to Compel, the Court directed Plaintiffs to file any sanctions Motion related to the Motion to Compel "within 30 days of the issuance of this Order." (Doc. 41, fn. 1) The Order also directed Defendant Coffee County Board of Elections and Registration (CCBOER) to serve an itemized privilege log on Plaintiffs by January 3, 2024 (the "New Log"). CCBOER's original privilege log consisted of 3 ½ pages and seventeen (17) categories of documents for which a privilege was asserted.

1

When CCBOER served the New Log, it consisted of 311 pages. Given the description of the documents, there is no facial basis for withholding many of the documents, and the descriptions CCBOER provides with respect to many other documents are insufficient to enable Plaintiffs to evaluate the claim of privilege.

Plaintiffs request an extension of time for filing a sanctions motion.[1] First, in order to properly determine the level of CCBOER's compliance in connection with its original privilege log, it will be useful for the Court to assess whether the imprecise and non-specific original privilege log was used by CCBOER to create an obstacle to prevent Plaintiffs from obtaining non-privileged materials. At first blush, it appears that was the result of CCBOER's overly generalized and summarized original privilege log.

When Plaintiffs' counsel received the New Log on January 3, 2024, counsel noted that for many of the documents there was no information included in the "from," "to," or "cc" fields. CCBOER's counsel, Benjamin M. Perkins, Esq., responded that those documents would be attachments.

---

[1] Plaintiffs sought Defendant CCBOER's consent with respect to this motion, which was refused.

Plaintiffs' counsel persisted: "If the attachment is being withheld as well, it should be full described. Right?" Mr. Perkins has yet to respond to that inquiry. A true and correct copy of the January 3, 2024 email chain is attached hereto as **Exhibit "A."**

On January 8, 2024, Plaintiffs' counsel sent an email to Mr. Perkins attaching a spreadsheet with ninety (90) documents identified in the New Log which appear to have no basis for the assertion of a privilege or for which the privilege would have been plainly waived, if one ever existed. A true and correct copy of that January 8, 2024 email is attached hereto as **Exhibit "B."** The spreadsheet was created following a preliminary review of the New Log. Plaintiffs expect there to be additional examples of non-privileged documents being withheld.

Plaintiffs submit that it would be appropriate for the Court to consider the content of the New Log and the validity of the claims of privilege in connection with any sanctions motion as they all concern the same discovery requests. Understanding how and why CCBOER deployed its claims of privilege will assist the Court in evaluating the caliber of CCBOER's intent.

Further, any sanctions motion will require adequate information from documents yet to be produced, in order to determine the extent of the prejudice to the Plaintiffs and associated attorneys' fees and expenses.

Additionally, as the Court is aware, CGG and its counsel are currently involved in trying the *Curling* case. That trial will likely consume an overwhelming portion of counsel's bandwidth and time between now and the time a sanctions Motion would be due under the current Order.

Plaintiffs submit that the parties and the Court should work through the issues, including documents to be produced, that arise from the New Log. Plaintiffs anticipate that they will need to file a motion seeking the production of certain documents identified on the New Log (or an *in camera* review), and they request that they be permitted to file such a motion by or before January 22, 2024. [ maybe earlier? Given the trial dates?] If Plaintiffs file such a motion, Plaintiffs ask that the Court reset the deadline for a sanctions motion upon a final disposition of that motion. If no such motion is filed, Plaintiffs request that the Court reset the deadline to fourteen (14) days after completion of the *Curling* trial.

4

Respectfully submitted this 9th day of January, 2024.

/s/ *William Daniel Davis*
WILLIAM DANIEL DAVIS
Georgia Bar No. 746811
ddavis@ichterdavis.com
CARY ICHTER, Pro Hac Vice
Georgia Bar No. 382515
cichter@ichterdavis.com
**ICHTER DAVIS LLC**
400 Interstate Parkway North, SE
Suite 860
Atlanta, Georgia 30339
(404) 869-7600

and

/s/ *Bruce P. Brown*
BRUCE P. BROWN, Pro Hac Vice
Georgia Bar No. 064460
bbrown@brucepbrownlaw.com
**BRUCE P. BROWN LAW LLC**
1123 Zonolite Rd. NE, Suite 6
Atlanta, Georgia 30306
(404) 881-0700

*Attorneys for Coalition for Good Governance*

and

/s/ *Halsey G. Knapp, Jr.*
HALSEY G. KNAPP, JR.
Georgia Bar No. 425320
hknapp@khlawfirm.com

**KREVOLIN & HORST, LLC**
1201 West Peachtree Street, NW
Suite 3250
Atlanta, Georgia 30309
(404) 888-9700

*Attorneys for Donna Curling*

## **LOCAL RULE 26.5 CERTIFICATION**

I hereby certify that counsel for the Movants have made a good faith effort to confer with counsel for Coffee County Board of Elections and Registration on a number of occasions by letter and electronic mail concerning the issues presented by this motion; however, the disputes concerning Defendant's compliance with the subject subpoenas remain unresolved.

/s/ Cary Ichter
Cary Ichter

## CERTIFICATE OF SERVICE

I hereby certify that on January 9, 2024, I caused a copy of the foregoing **PLAINTIFFS' MOTION TO COMPEL COMPLAINCE WITH SUBPOENAS TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS** to be served on Defendant Coffee County Board of Elections and Registration by sending a pdf. of same via electronic mail to its counsel as follows:

Jennifer Dorminey Herzog, Esq. (jherzog@hallboothsmith.com)

Benjamin M. Perkins, Esq. (bperkins@olivermaner.com)

*/s/ William Daniel Davis*
WILLIAM DANIEL DAVIS
Georgia Bar No. 746811
ddavis@ichterdavis.com
**ICHTER DAVIS LLC**
400 Interstate Parkway North, SE
Suite 860
Atlanta, Georgia 30339
(404) 869-7600

*Counsel for Coalition for Good Governance*