# EXHIBIT B

*January 8, 2024 Email Chain*

# Jill Connors

| | |
|---|---|
| **From:** | Cary Ichter |
| **Sent:** | Monday, January 8, 2024 1:17 PM |
| **To:** | Ben Perkins; Marilyn Marks; Jennifer Dorminey Herzog; Wes Rahn; Bruce Perrin Brown Esq. (bbrown@brucepbrownlaw.com) |
| **Cc:** | Halsey G. Knapp, Jr.; Adam M. Sparks; Nick Kinsley; Anthony A. Rowell; Jill Connors; Melissa Boehlke |
| **Subject:** | RE: Service of Privilege Log; Response to Request for Extension of Sanctions Motion Deadline |
| **Attachments:** | 1.4.24 Not Priv. .xlsx |

Ben: We have been reviewing the privilege log you provided. It has been quite an undertaking. Who would have thought that a 17-item, three and one-half page privilege log could morph into a 311-page document? Rather shocking to say the least.

I do not know if you actually looked at the log before producing it. If you did, I am sure you know that there are many, many documents listed that do not indicate the slightest indicia (based upon the description provided) of any privilege whatsoever. I have attached hereto for your review and information an Excel spreadsheet of 80-something documents we have identified as plainly non- privileged. Mind you, we are just getting started in our review. So, these are not all the documents we will be asking you to produce. Also, given that the trial starts on Tuesday, we ask that you produce these documents *immediately*.

Starting at the top, xREL000104721: Although CCBOER claim AC privilege, there is no attorney identified in connection with this document. The document appears to be a communication between non-clients. To the extent it reveals the content of an AC communication, the privilege has been waived. Please produce the document and all others like it.

xREL000104756: CCBOER claim AC privilege involving the same sender and recipient as the previous document, but this one has a HBS lawyer copied. Supposedly, this is privileged because the communication provides advice to a client re an ORR. The description is too vague to allow us to assess the claim; more information is required (what ORR request; what is the general nature of the issue addressed, etc.). More importantly, the lawyer here is merely a CC recipient. I do not know how a CC recipient seeks or offers legal advice, which is required for the privilege to attach. Please produce the document and all others like it or provide a more detailed description.

xREL000064575: CCBOER claim AC privilege involving Charles Dial, not a client of HBS to our knowledge (and if he were, CCBOER's receipt of AC communications to or from him would be a waiver), and Tracie Vickers with Coffee County government, with a HBS lawyer copied. Supposedly, this is privileged because the communication provides advice to a client re an ORR. As with all similar or identical descriptions, the information provided is too vague to allow us to assess the claim. More importantly, the lawyer here is merely a CC recipient. And,

as with the immediately preceding document, I do not know how a CC recipient seeks or offers legal advice.  Please produce the document and all others like it.

xREL000064583: CCBOER claim AC privilege from Tracie Vickers to Charles Dial, not a client of HBS to our knowledge (and if he were, CCBOER's receipt of AC communications to or from him would be a waiver). Here there is no HBS lawyer copied, and there is no hint of any lawyer offering or any client seeking legal advice. Typically, privileged communications involve an actual lawyer. Again, this communication involves legal advice regarding an ORR, but no lawyer is involved. Additionally, the description is too vague to allow us to assess the claim. Please produce the document and all others like it.

xREL000064575: CCBOER claim AC privilege involving Charles Dial, not a client of HBS to our knowledge (and if he were, CCBOER's receipt of AC communications to or from him would be a waiver), and Tracie Vickers with Coffee County government, with a HBS lawyer copied.  Supposedly, this is privileged because the communication provides advice to a client re an ORR. The description is too vague to allow us to assess the claim. More importantly, the lawyer here is merely a CC recipient. And, as with the immediately preceding document, I do not know how a CC recipient seeks or offers legal advice.  Please produce the document and all others like it.

xREL000064583: CCBOER claim AC privilege involving Ms. Herzog, a HBS lawyer, and J. Eric Rich with the U. S. Department of Justice, with Tracie Vickers and James Barnes copied. Purportedly, this is privileged because the communication provides advice to a client re an ORR. The description is too vague to allow us to assess the claim. More importantly, the primary addressee is a non-client.  If Ms. Herzog was in fact providing advice to Ms. Vicker and Mr. Barnes in connection with this communication, the privilege was waived by including Mr. Rich in the communication. Please produce the document and all others like it.

xREL000061231: CCBOER claim AC privilege involving Elisa Gillis of Georgia Superior Court Clerks' Cooperative Authority (GSCCCA) and Ms. Herzog. Purportedly, this is communication is privileged because the communication provides advice to a client re an ORR. The description is too vague to allow us to assess the claim. More importantly, as far as we are aware, GSCCCA is not a HBS client, and even if it were, the fact that someone shared the communication between HBS and GSCCCA with CCBOER waived the privilege. Please produce the document and all others like it.

xREL000074286: CCBOER claim AC privilege involving Tracie Vickers as sender and Charles Dial as recipient, neither of whom is an attorney.  Purportedly, this is communication is privileged because the communication provides advice to a client re an ORR.  Of course, if no attorney is involved in the communication, no AC privilege can apply.  Also, the description is too vague to allow us to assess the claim. Please produce the document and all others like it.

xREL0000075151.000.3—001.0 and xREL00000119591.000.3—001.0 This is a series of email exchanges between Lee M. Stoy, with the Georgia AG's office, and Rebecca Ditto of HBS, purportedly regarding advice re an ORR. Of course, HBS is not representing the State of Georgia in connection with this matter or in connection with these communications, and Mr. Stoy is not representing CCBOER. On two of emails, the CCBOER is copied, but being copied on an email is neither offering nor seeking legal advice. In short, no privilege applies to these communications. Please produce the document and all others like it.

These twenty-something examples of non-privileged communications are illustrative of the communications on the attached spread sheet. Please turn over these documents immediately. Please let me know your intentions by January 9, 2024 (the first day or trial), or I will file an emergency motion with the Court and will seek sanctions in connection with the motion.

I await your response.

Sincerely, Cary Ichter

Cary Ichter, Partner
Ichter Davis, LLC
400 Interstate N Pkwy
Suite 860
Atlanta, GA 30339
phone 404.869.5243
fax 404.602.0037
cell 404.769.1353
cichter@IchterDavis.com



**From:** Ben Perkins <bperkins@olivermaner.com>
**Sent:** Wednesday, January 3, 2024 6:14 PM
**To:** Cary Ichter <CIchter@IchterDavis.com>; Marilyn Marks <marilyn@uscgg.org>; Jennifer Dorminey Herzog <jherzog@hallboothsmith.com>; Wes Rahn <wrahn@olivermaner.com>; Bruce Perrin Brown Esq. (bbrown@brucepbrownlaw.com) <bbrown@brucepbrownlaw.com>
**Cc:** Halsey G. Knapp, Jr. <hknapp@khlawfirm.com>; Adam M. Sparks <sparks@khlawfirm.com>; Nick Kinsley <NKinsley@hallboothsmith.com>; Anthony A. Rowell <ARowell@hallboothsmith.com>; Jill Connors <JConnors@IchterDavis.com>; Melissa Boehlke <mboehlke@olivermaner.com>
**Subject:** Service of Privilege Log; Response to Request for Extension of Sanctions Motion Deadline

Dear Cary et al.:

Happy New Year!

Attached for service is the itemized privilege log which Judge Cheesbro ordered us to provide on or before January 3, 2024. I do not intend to serve a certificate of service unless you feel one is needed.

At this time, I am not able to consent to your request for an extension of time to file a motion for sanctions.

I hope your trial preparations are going well.

Regards,

Ben Perkins
Oliver Maner LLP
912-238-2515

---

**From:** Ben Perkins <bperkins@olivermaner.com>
**Sent:** Thursday, December 28, 2023 2:06 PM
**To:** Cary Ichter <CIchter@IchterDavis.com>; Marilyn Marks <marilyn@uscgg.org>; Jennifer Dorminey Herzog <jherzog@hallboothsmith.com>; Wes Rahn <wrahn@olivermaner.com>; Bruce Perrin Brown Esq. (bbrown@brucepbrownlaw.com) <bbrown@brucepbrownlaw.com>
**Cc:** Halsey G. Knapp, Jr. <hknapp@khlawfirm.com>; Adam M. Sparks <sparks@khlawfirm.com>; Nick Kinsley <NKinsley@hallboothsmith.com>; Anthony A. Rowell <ARowell@hallboothsmith.com>; Jill Connors <JConnors@IchterDavis.com>
**Subject:** Re: Sanctions Motion Deadline

I'm traveling today but will be in touch as soon as I'm able to speak with co-counsel.

Ben Perkins
Oliver Maner LLP

---

**From:** Cary Ichter <CIchter@IchterDavis.com>
**Sent:** Thursday, December 28, 2023 12:01:09 PM
**To:** Ben Perkins <bperkins@olivermaner.com>; Marilyn Marks <marilyn@uscgg.org>; Jennifer Dorminey Herzog <jherzog@hallboothsmith.com>; Wes Rahn <wrahn@olivermaner.com>; Bruce Perrin Brown Esq. (bbrown@brucepbrownlaw.com) <bbrown@brucepbrownlaw.com>
**Cc:** Halsey G. Knapp, Jr. <hknapp@khlawfirm.com>; Adam M. Sparks <sparks@khlawfirm.com>; Nick Kinsley <NKinsley@hallboothsmith.com>; Anthony A. Rowell <ARowell@hallboothsmith.com>; Jill Connors <JConnors@IchterDavis.com>
**Subject:** RE: Sanctions Motion Deadline

Ben: Any response to this?  Cary

**Cary Ichter, Partner**
**Ichter Davis, LLC**
400 Interstate N Pkwy
Suite 860
Atlanta, GA 30339
phone 404.869.5243
fax 404.602.0037
cell 404.769.1353
cichter@IchterDavis.com



**From:** Cary Ichter
**Sent:** Tuesday, December 26, 2023 11:58 AM
**To:** Ben Perkins <bperkins@olivermaner.com>; Marilyn Marks <marilyn@uscgg.org>; Jennifer Dorminey Herzog <jherzog@hallboothsmith.com>; Wes Rahn <wrahn@olivermaner.com>; Bruce Perrin Brown Esq. (bbrown@brucepbrownlaw.com) <bbrown@brucepbrownlaw.com>
**Cc:** Halsey G. Knapp, Jr. <hknapp@khlawfirm.com>; Adam M. Sparks <sparks@khlawfirm.com>; Nick Kinsley <NKinsley@hallboothsmith.com>; Anthony A. Rowell <ARowell@hallboothsmith.com>; Jill Connors <JConnors@IchterDavis.com>
**Subject:** Sanctions Motion Deadline

Ben: As you know, the Court has given us 30 days from the date of its December 22, 2023 Order to file any motion for sanction related to the subpoenas served on CCBOER in the Summer of 2022. We would like to move that deadline for two reasons. First, there is no assurance that all privilege log issues will be resolved by that time. If, for example, the revised privilege logs give rise to requests for further production or an *in camera* review, we do not think a 30 day window will afford us sufficient time to address all pertinent issues.

Additionally, we expect that there is a good chance we will still be trying the *Curling* matter on January 22, 2024, and even if we are miraculously finished by January 22, the trial will have likely consumed all of our available bandwidth in early and mid-January.

We would suggest that we be afforded 14 days following the trial to submit motions regarding the privilege log. We would report to the Court when the trial ends. If none are filed, we would be given an additional 14 days to submit any sanctions motion. If any motions are filed, the Court will indicate in any order resolving any such motion when the sanctions motion will be due.

Pls let me know if we can report to the Court that you consent to this proposal.  Cary

**Cary Ichter, Partner**
**Ichter Davis, LLC**
400 Interstate N Pkwy
Suite 860
Atlanta, GA 30339
phone 404.869.5243
fax 404.602.0037
cell 404.769.1353
cichter@IchterDavis.com



5