IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | |
|---|---|
| COALITION FOR GOOD GOVERNANCE and DONNA CURLING, )<br>)<br>)<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>COFFEE COUNTY BOARD OF )<br>ELECTIONS AND REGISTRATION, )<br>)<br>Defendant. ) | Civil Action No. 5:23-mc-00001-LGW-BWC<br><br>In RE Subpoenas issued by the United States District Court For the Northern District of Georgia, Atlanta Division, Civil Action No. 1:17-CV-2989-AT |

**DEFENDANT'S RESPONSE TO PLAINTIFFS' MOTION FOR EXTENSION OF TIME**

Defendant Coffee County Board of Elections and Registration (the "CCBOE") files this Response to Plaintiffs' Motion for Extension of Time, in which they seek additional time within which to potentially file a motion for sanctions. (Doc. 42). Because Plaintiffs fail to show good cause to extend the Court-imposed January 22, 2024 deadline to file a motion for sanctions (Doc. 41, n.1), their Motion for Extension of Time should be denied.

A district court may extend a deadline before the original time expires for "good cause." Fed. R. Civ. P. 6(b)(1)(A). In interpreting "good cause" under Fed R. Civ. P. 6(b)(1)(A), the Eleventh Circuit has held that "the good cause standard precludes modification unless the [deadline] cannot be met despite the diligence of the party seeking the extension." Hermann v. McFarland, 2022 WL 4489427, 4 (11th Cir. Sept. 28, 2022) (quoting Sosa v. Airprint Sys., Inc., 133 F.3d 1417, 1418 (11th Cir. 1998). The Eleventh Circuit also "stress[ed] the broad discretion district courts have in managing

1

their cases." Id. (quoting Chrysler Int'l Corp. v. Chemaly, 280 F.3d 1358, 1360 (11th Cir. 2002)).

Plaintiffs have not satisfied their burden of showing they cannot meet the January 22 deadline. On December 22, 2023, the Court ordered the CCBOE to serve an itemized privilege log on Plaintiffs by January 3, 2024. (Doc. 41). Upon entry of the Order, the CCBOE immediately went to work preparing an itemized privilege log based on its thorough review of documents withheld on privilege grounds — working throughout the holidays — and served a complaint privilege log on January 3, 2024 (the "New Log"). Since service of the New Log, the parties engaged in good faith conferrals to address every concern Plaintiffs raised regarding the New Log and the documents withheld. These conferrals resulted in the CCBOE's reexamination and production of certain documents listed on the New Log. It is the CCBOE's understanding that it has addressed each of Plaintiffs' concerns to their satisfaction. (Ex. A, Email Thread re New Log, p. 1) (where counsel for the CCBOE wrote on January 12, 2024, "Other than our agreement to submit an updated privilege log to delete reference to 'media inquiry' for Xrel000061231, is there anything else you feel is needed from us? I believe we've satisfied all concerns you raised."). The CCBOE has not received any communications from Plaintiffs since the January 12, 2024 email correspondence attached hereto as Exhibit A.

The good cause standard precludes the grant of an extension where the plaintiffs fail to show that, in the exercise of diligence, they cannot meet a Court-imposed deadline. Hermann, 2022 WL 4489427, 4. Here, Plaintiffs fail to explain how they are prevented from filing a motion for sanctions by the January 22, 2024 deadline.

While Plaintiffs argue that they are currently at trial in the *Curling* case, the docket from that action indicates they are represented by a total of 23 attorneys working at 9 different law firms. Plaintiffs fail to explain the reason one of those attorneys cannot devote the time needed to draft and file a motion by January 22, particularly since they have been on notice of the deadline since December 22, 2023, when the Court entered its order. Furthermore, it is relevant that the 3½ page privilege log of which Plaintiffs complain was served on them on August 26, 2022, yet Plaintiffs did not attempt to confer with the CCBOE regarding any perceived deficiencies in that log until over a year later. Plaintiffs' failure to confer within a reasonable time after service of the original privilege log should not be rewarded with an extension of time.

For the foregoing reasons and for all other reasons the Court deems proper, the Court should deny Plaintiffs' Motion for Extension of Time (Doc. 42).

This 17th day of January, 2024.

|  |  |
|---|---|
|  | **OLIVER MANER LLP** |
|  | */s/ Benjamin M. Perkins* |
| Oliver Maner LLP | BENJAMIN M. PERKINS |
| 218 West State Street | Georgia Bar No. 140997 |
| P.O. Box 10186 | WES P. RAHN |
| Savannah, GA 31412 | Georgia Bar No. 60391 |
| (912) 236-3311 |  |
| bperkins@olivermaner.com | *Attorneys for Defendant Coffee* |
| wrahn@olivermaner.com | *County Board of Elections &* |
|  | *Registration* |
|  |  |
|  | **HALL BOOTH SMITH, P.C.** |
|  |  |
|  | */s/ Jennifer D. Herzog* |
| 1564 King Road | JENNIFER D. HERZOG |
| Tifton Georgia 31793 | Georgia Bar No. 109606 |
| (229) 382-0515 | NICHOLAS A. KINSLEY |
| jherzog@hallboothsmith.com | Georgia Bar No. 273862 |

nkinsley@hallboothsmith.com

*Attorneys for Defendant Coffee County Board of Elections & Registration*

CERTIFICATE OF SERVICE

    This is to certify that I have this day caused electronic notification of filing and service of the foregoing to be made upon counsel of record for the parties by filing the same using the Court's CM/ECF filing system.

    This 17th day of January, 2024.

| | |
|---|---|
| | **OLIVER MANER LLP** |
| | |
| | */s/ Benjamin M. Perkins* |
| Oliver Maner LLP | BENJAMIN M. PERKINS |
| 218 West State Street | Georgia Bar No. 140997 |
| P.O. Box 10186 | WES P. RAHN |
| Savannah, GA 31412 | Georgia Bar No. 60391 |
| (912) 236-3311 | |
| bperkins@olivermaner.com | *Attorneys for Defendant Coffee* |
| wrahn@olivermaner.com | *County Board of Elections &* |
| | *Registration* |
| | |
| | **HALL BOOTH SMITH, P.C.** |
| | |
| | */s/ Jennifer D. Herzog* |
| 1564 King Road | JENNIFER D. HERZOG |
| Tifton Georgia 31793 | Georgia Bar No. 109606 |
| (229) 382-0515 | NICHOLAS A. KINSLEY |
| jherzog@hallboothsmith.com | Georgia Bar No. 273862 |
| nkinsley@hallboothsmith.com | |
| | *Attorneys for Defendant Coffee* |
| | *County Board of Elections &* |
| | *Registration* |