# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# WAYCROSS DIVISION

| | |
|---|---|
| COALITION FOR GOOD GOVERNANCE and DONNA CURLING, | ) ) ) ) |
| Plaintiffs, | ) Civil Action No. 5:23-mc-00001-LGW-BWC ) |
| v. | ) In RE Subpoenas issued by the United States ) District Court For the Northern District of ) Georgia, Atlanta Division, Civil Action No. |
| COFFEE COUNTY BOARD OF ELECTIONS AND REGISTRATION, | ) 1:17-CV-2989-AT ) ) |
| Defendant. | ) |

## DEFENDANT'S RESPONSE TO PLAINTIFFS' MOTION FOR FURTHER EXTENSION OF TIME

Defendant Coffee County Board of Elections and Registration (the "CCBOE") files this Response to Plaintiffs' Motion for Further Extension of Time, in which they seek additional time to file a motion challenging the CCBOE's privilege assertions. (Doc. 47). Because Plaintiffs fail to show good cause to extend the January 22, 2024 deadline to file a motion challenging the CCBOE's privilege assertions, their Motion for Further Extension of Time should be denied.

On January 9, 2024, Plaintiffs filed a Motion for Extension of Time. (Doc. 42). In their motion, Plaintiffs anticipated the "need to file a motion seeking the production of certain documents identified on the New Log" and requested that "they be permitted to file such a motion by or before January 22, 2024. [maybe earlier? Given the trial dates?]." (Doc. 42, p. 4). On January 18, 2024, the Court ordered that Plaintiffs "file any motion challenging Defendant's privilege assertions (which may include a motion to produce privileged documents or a motion requesting in camera review) on or before

1

January 22, 2024." (Doc. 47, p. 2). On January 22, 2024, — the date of the deadline previously requested by Plaintiffs — Plaintiffs filed their Motion for Further Extension of Time. (Doc. 47).

In their Motion for Further Extension of Time, Plaintiffs argue that their lead counsel in this matter, Cary Ichter, needs input from the *Curling* lawyers to complete Plaintiffs' challenge of CCBOE's privilege designations. (Doc. 47, p. 1). Mr. Ichter admittedly is not lead counsel in the *Curling* matter, and therefore the need to consult with separate counsel does not constitute good cause. Plaintiffs do not provide any additional reasons for their failure to meet the January 22, 2024 deadline.[1]

In the context of motions for extension of time, the Eleventh Circuit has held that there is a limit to the amount of leniency a court should provide:

> In the courts, there is room for only so much lenity. The district court must consider the equities not only to plaintiff and his counsel, but also to the opposing parties and counsel, as well as to the public, including those persons affected by the court's increasingly crowded docket. Counsel must take responsibility for the obligations to which he committed and get the work done by the deadline . . . . Deadlines are not meant to be aspirational; counsel must not treat the goodwill of the court as a sign that, as long as counsel tries to act, he has carte blanche permission to perform when he desires.

Young v. City of Palm Bay, Fla., 358 F.3d 859, 864 (11th Cir. 2004). Here, Plaintiffs are not entitled to a further extension and must "take responsibility for the obligations to which [they] committed and get the work done by the deadline." Id.

For the foregoing reasons, the Court should deny Plaintiffs' Motion for Further Extension of Time.

---

[1] Plaintiffs still have not responded to CCBOE counsel's January 12 email regarding Plaintiffs' concerns with the New Log. (Doc. 44-1, p. 1) (where counsel for the CCBOE wrote on January 12, 2024, "Other than our agreement to submit an updated privilege log to delete reference to 'media inquiry' for Xrel000061231, is there anything else you feel is needed from us? I believe we've satisfied all concerns you raised.").

2

This 22nd day of January, 2024.

|  |  |
|---|---|
|  | **OLIVER MANER LLP** |
| Oliver Maner LLP<br>218 West State Street<br>P.O. Box 10186<br>Savannah, GA 31412<br>(912) 236-3311<br>bperkins@olivermaner.com<br>wrahn@olivermaner.com | /s/ Benjamin M. Perkins<br>BENJAMIN M. PERKINS<br>Georgia Bar No. 140997<br>WES P. RAHN<br>Georgia Bar No. 60391<br><br>*Attorneys for Defendant Coffee County Board of Elections & Registration* |
|  | **HALL BOOTH SMITH, P.C.** |
| 1564 King Road<br>Tifton Georgia 31793<br>(229) 382-0515<br>jherzog@hallboothsmith.com<br>nkinsley@hallboothsmith.com | /s/ Jennifer D. Herzog<br>JENNIFER D. HERZOG<br>Georgia Bar No. 109606<br>NICHOLAS A. KINSLEY<br>Georgia Bar No. 273862<br><br>*Attorneys for Defendant Coffee County Board of Elections & Registration* |

CERTIFICATE OF SERVICE

This is to certify that I have this day caused electronic notification of filing and service of the foregoing to be made upon counsel of record for the parties by filing the same using the Court's CM/ECF filing system.

This 22nd day of January, 2024.

| | |
|---|---|
| | **OLIVER MANER LLP** |
| | |
| | */s/ Benjamin M. Perkins* |
| Oliver Maner LLP | BENJAMIN M. PERKINS |
| 218 West State Street | Georgia Bar No. 140997 |
| P.O. Box 10186 | WES P. RAHN |
| Savannah, GA 31412 | Georgia Bar No. 60391 |
| (912) 236-3311 | |
| bperkins@olivermaner.com | *Attorneys for Defendant Coffee* |
| wrahn@olivermaner.com | *County Board of Elections &* |
| | *Registration* |
| | |
| | **HALL BOOTH SMITH, P.C.** |
| | |
| | */s/ Jennifer D. Herzog* |
| 1564 King Road | JENNIFER D. HERZOG |
| Tifton Georgia 31793 | Georgia Bar No. 109606 |
| (229) 382-0515 | NICHOLAS A. KINSLEY |
| jherzog@hallboothsmith.com | Georgia Bar No. 273862 |
| nkinsley@hallboothsmith.com | |
| | *Attorneys for Defendant Coffee* |
| | *County Board of Elections &* |
| | *Registration* |