IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | |
|---|---|
| COALITION FOR GOOD GOVERNANCE and DONNA CURLING,<br><br>Plaintiffs,<br><br>v.<br><br>COFFEE COUNTY BOARD OF ELECTIONS AND REGISTRATION,<br><br>Defendant. | Civil Action No. 5:23-mc-00001-LGW-BWC<br><br>In RE Subpoenas issued by the United States District Court For the Northern District of Georgia, Atlanta Division, Civil Action File No. 1:17-CV-2989-AT |

**PLAINTIFFS' MOTION FOR *IN CAMERA* REVIEW
OF ITEMS DESIGNATED BY DEFENDANT AS PRIVILEGED**

**Background Facts**

Plaintiffs Coalition for Good Governance ("CGG") and Donna Curling brought this action to enforce two Subpoenas to Produce Documents (the "Subpoenas") issued by the United States District Court for the Northern District of Georgia, Atlanta Division in *Curling, et al. v. Raffensperger, et al.*, No. 1:17-CV-2989-AT ("*Curling*") and served on the Coffee County Board of Elections and Registration (CCBOER). (*See* Doc. 1). One document subpoena was served by the "Coalition Plaintiffs," including CGG, on July

1

25, 2022. (Doc. 1-1). A related document subpoena was served by the "Curling Plaintiffs," including Donna Curling, on June 15, 2022. (Doc. 1-2).

CCBOER objected to the production of certain purportedly privileged documents. CCBOER's original privilege log consisted of 3 ½ pages and seventeen (17) categories of documents for which a privilege was asserted. CGG challenged that log as failing to comply with the requirement for privilege logs under the Federal Rules, and the Court agreed, directing CCBOER to provide a more detailed log by January 3, 2024. When CCBOER served its New Log on that date, the log had grown from 3 ½ pages to 311 pages.

As the Court is aware, the *Curling* trial commenced on January 9, 2024. Counsel for the parties negotiated regarding certain of the documents included in the log. Plaintiffs' counsel sent an email to CCBOER's counsel attaching a spreadsheet with ninety (90) documents identified in the New Log which appear to have no basis for the assertion of a privilege or for which the privilege would have been plainly waived, if one ever existed. CCBOER has withdrawn its objections for the overwhelming majority of those documents, and those documents have been produced. However,

since the *Curling* trial commenced, the trial team's attention has been single-mindedly focused on the trial.

Plaintiffs filed a motion for an extension of time, seeking to have the Court allow it to file any motion to compel related to the privilege log until the trial was complete. The Court issued an Order last week requiring that any such motion be filed today. Because the *Curling* trial team has remained largely unavailable, a comprehensive review of the privilege log by the lawyers with hands-on involvement in discovery related to the Coffee County elections systems breach was not possible. Hence, this motion is limited to a single issue: whether the privilege is waived by the inclusion of non-clients in confidential, privileged communications. Specifically, whether copying Charles Dial, an independent contractor, on otherwise privileged communications waives the privilege.

On January 29, 2024, CGG has identified twenty-five (25) documents from the privilege log on which Mr. Dial was included either as an author, a primary recipient, or a copied recipient.[1] When advised that these

---

[1] CGG could not provide the list of challenged documents to CCBOER earlier because the undersigned counsel was unable to confer with his client or co-

3

designations would be challenged, CCBOER's counsel contended that CCBOER did not "believe we would have had a reason to reevaluate the privilege assertion as to those documents." *See* Email from Benjamin Perkins to Cary Ichter dated January 29, 2024, attached hereto as **Exhibit "A."**

## Argument and Citation of Authority

"The attorney-client privilege exists to protect confidential communications between client and lawyer made for the purpose of securing legal advice." *In re Grand Jury Proceedings 889*, 899 F.2d 1039, 1042 (11th Cir. 1990). "The party invoking the attorney-client privilege has the burden of proving that an attorney-client relationship existed and that the particular communications were confidential." *Bogle v. McClure*, 332 F.3d 1347, 1358 (11th Cir. 2003) (citations and internal quotation marks omitted).

---

counsel until this past weekend. The document numbers as reflected on the New Privilege Log are as follows: xREL0000009758, xREL0000009874, xREL0000066837, xREL0000066859, xREL0000069112, xREL0000068604, xREL0000068638, xREL0000068642, xREL0000068776, xREL0000071160, xREL0000071219, xREL0000071225, xREL0000072573, xREL0000072582, xREL0000071323, xREL0000071492, xREL0000074286, xREL0000071709, xREL0000071786, xREL0000072218, xREL0000074756.0002, xREL0000081145, xREL0000080987, xREL0000081419.0001, xREL0000081601.0002

"To determine if a particular communication is confidential and protected by the attorney-client privilege, the privilege holder must prove the communication was '(1) intended to remain confidential and (2) under the circumstances was *reasonably* expected and understood to be confidential.'" *Id.* (quoting *United States v. Bell*, 776 F.2d 965, 971 (11th Cir. 1985)).

A communication with an independent contractor also has to satisfy the test used to examine the applicability of the attorney-client privilege in the corporate-employee setting. That test provides that:

> the attorney-client privilege is applicable to an [independent contractor's] communication if (1) the communication was made for the purpose of securing legal advice; (2) the [independent contractor] making the communication did so at the direction of [the corporation]; (3) the [corporation] made the request so that the corporation could secure legal advice; (4) the subject matter of the communication is within the scope of the [independent contractor's] duties; and (5) the communication is not disseminated beyond those persons who, because of the corporate structure, need to know its contents.

*Id.* at 936 (quoting *Diversified Indus., Inc. v. Meredith*, 572 F.2d 596, 599 (8th Cir. 1977) (brackets added)). The burden is on the party claiming the

5

privilege "to show that the communications at issue meet all of the [five] requirements." *Id.* (brackets added).

In order to assess whether the communications with Charles Dial qualify for the protection afforded privileged materials, this Court would need to review the communications to determine if the communication was made for the purpose of securing legal advice; whether the communication was made at the direction of CCBOER; whether the CCBOER made the communication to secure legal advice; whether the subject matter of the communication is within the scope of the Mr. Dial's duties; and whether the communication was disseminated to more persons than those with a need to know its contents.  That would require the Court to review each of the 25 communications at issue.

Accordingly, Plaintiffs request that the Court conduct an *in camera* review of the 25 documents identified by Plaintiffs, and if the Court finds that the privilege has been waived (or does not otherwise apply), direct CCBOER to produce the documents to Plaintiffs.

Respectfully submitted this 29th day of January, 2024.

*/s/ William Daniel Davis*
WILLIAM DANIEL DAVIS
Georgia Bar No. 746811
CARY ICHTER, *Pro Hac Vice*
Georgia Bar No. 382515
ddavis@ichterdaivs.com
cichter@ichterdavis.com

**ICHTER DAVIS LLC**
400 Interstate N. Pkwy, SE, Suite 860
Atlanta, Georgia 30339
(404) 869-7600
*Attorneys for Coalition for Good Governance*

and

*/s/ Bruce P. Brown*
BRUCE P. BROWN
Georgia Bar No. 064460
bbrown@brucepbrownlaw.com
**BRUCE P. BROWN LAW LLC**
1123 Zonolite Rd. NE
Suite 6
Atlanta, Georgia 30306
(404) 881-0700

*Attorneys for Coalition for Good Governance*

and

*/s/ Halsey G. Knapp, Jr.*
HALSEY G. KNAPP, JR.
Georgia Bar No. 425320

hknapp@khlawfirm.com
**KREVOLIN & HORST, LLC**
1201 West Peachtree Street, NW
Suite 3250
Atlanta, Georgia 30309
(404) 888-9700

*Attorneys for Donna Curling*

**CERTIFICATE OF SERVICE**

I hereby certify that on January 29, 2024, a copy of the foregoing *Plaintiffs' Motion for In Camera Review of Items Designated By Defendant As Privileged* was electronically filed with the Clerk of Court using the CM/ECF system which will automatically send notification of such filing to all attorneys of record.

>*/s/ William Daniel Davis*
>William Daniel Davis
>Georgia Bar No. 382515
>ddavis@ichterdavis.com
>**ICHTER DAVIS LLC**
>400 Interstate N. Pkwy, SE
>Suite 860
>Atlanta, Georgia 30339
>(404) 869-7600
>
>*Attorneys for Coalition for Good Governance*