# EXHIBIT 8

## Declaration of Bruce Brown – 02/20/24

***PLAINTIFFS' MOTION FOR SANCTIONS AGAINST DEFENDANTS CCBOER AND COUNSEL***

CGG, et al. v. Coffee Cty. Bd. of Elections and Registration
United States District Court for the Southern District of Georgia
No: 5:23-mc-00001-LGW-BWC

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF GEORGIA**
**WAYCROSS DIVISION**

| | |
|---|---|
| **COALITION FOR GOOD GOVERNANCE and DONNA CURLING,**<br><br>**Plaintiffs,**<br><br>**v.**<br><br>**COFFEE COUNTY BOARD OF ELECTIONS AND REGISTRATION,**<br><br>**Defendant.** | **Civil Action No. 5:23-mc-00001-LGW-BWC**<br><br>**In RE Subpoenas issued by the United States District Court For the Northern District of Georgia, Atlanta Division, Civil Action File No. 1:17-CV-2989-AT** |

**DECLARATION OF BRUCE P. BROWN**

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the following is true and correct.

1. My name is Bruce P. Brown. I am over the age of 18 and competent to testify. I have personal knowledge of the facts stated in this declaration.

2. I represent the Coalition for Good Governance in this matter and in *Curling v. Raffensberger,* No. 17-cv-02989-AT (N.D. Ga). The

purpose of this declaration is to provide evidence relating to Plaintiffs' claim for attorney's fees in their Motion for Sanctions.

3.     I graduated from Davidson College in 1979.  I graduated *summa cum laude* from the University of Georgia School of Law in 1984. After graduation, I clerked for Judge Edward A. Tamm of the United States Court of Appeals for the District of Columbia Circuit and then for Chief Justice of the United States Supreme Court Warren E. Burger.  I joined Long, Aldridge and Norman (now Dentons) in 1986 and made partner in 1992.  In  2012, I left McKenna, Long & Aldridge and opened my own firm, Bruce P. Brown Law LLC.

4.     When I left McKenna, Long & Aldridge in 2012, my hourly rate was $605.

5.     I have substantial experience litigating complex constitutional, commercial, and regulatory cases.  In addition to the *Curling* case, I represented the Plaintiffs in *Gonzalez v. Kemp,* 20-cv-2118-MHC (N.D., Ga.), a Section 1983 case that successfully challenged a Georgia voting law as a violation of the Fourteenth Amendment and the Georgia Constitution.  For twelve years I was co-lead counsel for the

State of Georgia in the "water wars" cases in several District Courts, Courts of Appeals, and the United States Supreme Court.   I was appointed Special Master by the District Court in *In re Airline Antitrust Litigation,* 1:09-MD-02089-TCB, a multi-district class action antitrust case.

6.     Based on my experience and knowledge of rates charged by other professionals in this area, I believe a reasonable hourly rate for my time is at least $625.   In connection with a fee application in *Curling v. Raffensberger,* No. 17-cv-02989-AT (N.D. Ga.), Plaintiffs submitted the Declaration of Robert Remar, a senior partner at Rogers & Hardin, in support of the rate claimed for my work in that case, also $625.  A copy of Mr. Remar's Declaration in the *Curling* case is attached hereto as Exhibit 1.  I note that Judge Totenberg in the *Curling* case has not ruled on Plaintiffs' fee application or made a finding (one way or the other) as to the reasonableness of the rates sought.   However, in another case, Judge Totenberg relied on Mr. Remar's declaration in the Court's award of Rule 11 fees to my client, finding that "$625 is a reasonable hourly rate for an attorney of Brown's skill and experience." *High Heart Media, LTD*

*v. Brainjuice Media, LLC,* No. 1:19-cv-5191 (N.D. Ga., December 11, 2023, Doc. 58 at 5).  In addition, Judge Grimberg, in *Ghandi v. Ehrlich,* No. 1:19-cv-03511 (N.D. Ga., Nov. 16, 2020, Doc. 56 at 6), in awarding Rule 11 fees to my client, found that "$625 is a reasonable hourly rate for an attorney of Brown's skill and experience."

7.    Attached as Exhibit 2 is table showing the work that I did in the *Curling* case on discovery relating to Coffee County between June 1, 2022, and November 30, 2022.  To record my time, I use billing software called "CLIO," and the spreadsheet that is attached as Exhibit 2 is generated as a "csv" export from the CLIO program.  When I record my time, I do not include time that I spend on administrative or secretarial tasks that would in a larger firm be undertaken by employees who do not charge by the hour.

8.    In Exhibit 2, the second column shows the total amount of hours for the particular day.  The third column shows the total amount of hours devoted to Coffee County discovery, totaling 304.6 hours.  For many days, those two numbers are the same – all my time was on Coffee County discovery.  For those days in which only a portion of my time was

on Coffee County, I have subtracted the hours that were not on Coffee County discovery and redacted the descriptions for that other time.

9.     Reconstructing exactly how discovery would have preceded had CCBOE complied with its discovery obligations in a timely manner is not possible or realistic.  However, based on a review of the documents received from CCBOE after we had completed the bulk of the Coffee County discovery, it is reasonable to conclude that Coalition for Good Government would have not taken at least the following depositions: Voyles, Cruce, Riddlehoover, and Cotton.  My time on those depositions, including preparation, totaled at least 54 hours.  Other depositions and document reviews, including litigation activity with the State Defendants, were undoubtedly made considerably more difficult by CCBOER's failure to honor its discovery obligations.

10.    Attached as Exhibit 3 is a table showing the work that I did specifically in this action. Though I reviewed initial pleadings in this case, and advised from time to time, the only time that I billed specifically to this matter was in connection with the preparation of the motion for sanctions and the drafting of this declaration.  Through February 19,

2024, I spent 7.2 hours working on the motion for sanctions and preparing this declaration.

This 20th day of February, 2024.

Bruce P. Brown

E

X

H

I

B

I

T

1

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| DONNA CURLING, ET AL.,<br><br>Plaintiffs,<br><br>v.<br><br>BRAD RAFFENSPERGER, ET AL.,<br><br>Defendants. | Civil Action File No.<br>1:17-CV-2989-AT |

**DECLARATION OF ROBERT B. REMAR**

1. My name is Robert B. Remar. I make this declaration pursuant to 28 U.S.C. § 1746 in support of the hourly rates requested by the Coalition Plaintiffs' counsel in Coalition Plaintiffs' Motion For An Award Of Attorney's Fees And Costs in the above-captioned matter.

2. I am a 1974 graduate of Boston College Law School and a member in good standing of the State Bar of Georgia since 1974. I am admitted to practice in the Supreme Court of the United States, the United States Courts of Appeals for the Eleventh and Fifth Circuits, and the United States District Courts for the

Northern, Middle and Southern District of Georgia and the Northern District of New York. I am also an inactive member of the Bar of the Commonwealth of Massachusetts.

3. I began my law practice in 1974 with the Georgia Legal Services Program. In 1983 I left Georgia Legal Services Program and practiced in a number of small firms doing a substantial amount of civil rights, constitutional law and plaintiff's employment litigation. In 1996 I joined the law firm of Rogers & Hardin LLP. I am currently a partner at Rogers & Hardin representing both plaintiffs and defendants in complex commercial litigation matters. I also handle pro bono civil rights cases from time to time. A complete copy of my biography as found on the Rogers & Hardin website is attached hereto as Exhibit "A".

4. I have been asked by Coalition Plaintiffs' counsel to review the reasonableness of the hourly rates they are seeking in Plaintiffs' motion for attorneys' fees and expenses and to offer an opinion as to the reasonableness of those hourly rates. The lawyers, their year of law school graduation and their requested rates are as follows:

a. Bruce Brown, 1984: $625.00

b. Gary Ichter, 1984: $625.00

c. Robert McGuire, 1999: $615.00

d.  William Ney, 1999:  $450.00

e.  Ezra Rosenberg of the Lawyer's Committee for Civil Rights Under Law, 1974:  $650.00

f.  John Powers of the Lawyer's Committee for Civil Rights Under Law, 2013:  $400.00

5.      Based upon my experience and my knowledge of the billing rates of my firm and other law firms, I am personally familiar with hourly billing rates of lawyers who practice in the metropolitan Atlanta area, including in the United States District Court for the Northern District of Georgia.

6.      In connection with my review of the hourly rates sought by Plaintiffs' counsel in this matter I reviewed the biographies/curriculum vitae of Messrs. Brown, Ichter, McGuire, Ney, Rosenberg and Powers.  I also reviewed Coalition Plaintiffs' Special Motion For Award Of Attorneys' Fees And Expenses (ECF 595) and the Court's August 15, 2019 Order in *Curling v. Raffensberger* (ECF 579).

7.      In addition to my general familiarity with billing rates for lawyers who practice in the Northern District of Georgia, I reviewed declarations and motions for attorney's fees in two recent class actions filed in the Northern District of Georgia where I represented the Defendants.  In *Arby's Restaurant Group, Inc. Data Security Litigation Consolidated Consumer Case*, Case No. 1:17-CV-1035-

WMR, Plaintiffs' counsel sought to recover fees based upon a percentage of the common fund. In support of their fees motion Plaintiffs' counsel submitted declarations setting forth their standard hourly rates. The Barnes Law Group hourly rates for partners were from $550.00 to $750.00 per hour and $350.00 per hour for an associate. The hourly rate for the partners at Morgan & Morgan were $864.00 to $950.00, and for Evangelista Worley, $775.00 per hour for partner time. In *T. S. Kao, Inc. d/b/a Lucky Seven v. North American Bancard, LLC, et al.*, Civil Action No. 1:16-CV-04219-SCJ, Plaintiffs' counsel also sought a percentage of the common fund for their fee award. In support of that fee request Kenneth Canfield of Doffermyre, Shields, Canfield & Knowles, LLC stated that his hourly rate was $1,000.00. The Chicago firm of Dicello, Levitt and Gutzler reported hourly rates for partners from $750.00 to $985.00 with associate and senior counsel rates from $500.00 to $680.00 per hour. While the *Arby's* and *T.S. Kao* cases were consumer/merchant class actions, the *Curling v. Raffensberger* case was certainly of equal complexity and importance. This is in contrast to the Court's Order in *Georgia State Conference of the NAACP, et al. v. Kemp, et al.*; Civil Action No. 1:78-CV-1397-TCB (ECF 52) where the Court accepted the requested hourly rates but adjusted the loadstar because the National Voter Registration Act claims were not particularly complex.

8. In connection with my review of the reasonableness of Plaintiffs' counsels' hourly rates I also reviewed hourly rate information from the online billing rate database of the *Fulton County Daily Report*. That data shows hourly billing rates from 2006 through 2014. I also reviewed the February 24, 2014 edition of *The Fulton County Daily Report* that listed 2013 hourly rates for Atlanta lawyers. That list was compiled from cases filed in the Bankruptcy Court for the Northern District of Georgia and other federal courts. I am familiar with a number of the lawyers listed whose practice area includes complex litigation. That data confirms that the rates sought by Plaintiffs' counsel here are within the range of rates charged for comparable work in the Atlanta metropolitan area.

9. Based upon my experience and my review of the above-referenced sources it is my professional opinion that the hourly rates sought by Plaintiffs' counsel in this litigation are well within the reasonable range of rates charged by attorneys of comparable skills and experiences practicing in the Atlanta metropolitan area, including in the United States District Court for the Northern District of Georgia.

10. My opinion is further supported by my personal knowledge of Mr. Brown and his legal skills. In particular, Mr. Brown and I worked together in defending a challenge to the award of the Georgia statewide health benefit plan,

litigation that involved tens of millions of dollars. I also know Mr. Ichter by reputation as a highly skilled litigator. My firm has also litigated against Mr. Ichter. As the Vice President and Treasurer of the American Civil Liberties Union I am familiar with the work of the Lawyer's Committee for Civil Rights Under Law, particularly its voting rights work.

11. Pursuant to 28 U.S.C. § 1746 I declare under the pains and penalties of perjury that the foregoing is true and correct.

This 4th day of October, 2019.

Robert B. Remar

EXHIBIT

A

ROGERS & HARDIN

Keyword

Advanced Search

ATTORNEYS | PRACTICES | NEWS AND INSIGHTS | ABOUT US | CAREERS

## Robert B. Remar

**Partner**
T: 404.420.4631
F: 404.230.0966

rremar@rh-law.com
v-Card

## OVERVIEW

Robert B. Remar is a partner with Rogers & Hardin LLP. In his more than 44 years of practice he has handled numerous complex, high profile litigation matters. He has tried scores of cases to juries in both state and federal courts. His practice focuses on complex commercial and business disputes, employment, administrative law, health care, class actions and civil rights/constitutional law. He also acts as an arbitrator and mediator. He is a Fellow of the American College of Trial Lawyers.

Mr. Remar is selected by *Best Lawyers in America* as the 2018 Atlanta "Lawyer of the Year" in Administrative/Regulatory law. He was also selected as the 2015 Atlanta "Lawyer of the Year" in Administrative/Regulatory law and, in 2014, as Atlanta "Lawyer of the Year" in First Amendment law.

For 12 years Mr. Remar was an Adjunct Professor teaching litigation at Georgia State University College of Law and for 13 years his practice included serving as the Hearing Officer for the Georgia Public Service Commission. He has been on the National Board of Directors of the American Civil Liberties Union for 31 years and currently serves as Vice-President, Treasurer, and Secretary.

## REPRESENTATIVE EXPERIENCE

– Mr. Remar and a team of Rogers & Hardin attorneys represent SouthStar Energy Services, Georgia's largest natural gas marketer with operations in ten states, in all aspects of its business, including litigation, contract and regulatory matters

– Part of the Rogers & Hardin team defending nationwide class actions involving credit card processing fees.

– Has represented one of the country's largest insurers in numerous complex matters, including commercial disputes and coverage issues

– Part of the Rogers & Hardin defense team that represented one of the country's largest manufacturers of building products in product liability claims. Won motions to dismiss state-wide class actions in Florida and North Carolina.

– Lead a Rogers & Hardin team in filing amicus briefs in the Supreme Court and the Eleventh Circuit in the Georgia-Florida "water wars" cases.

– Co-counsel in the defense of financial institutions and consumer consolidated class actions involving a card payment data breach

– Successfully represented the majority owners in a three week trial regarding ownership of the Atlanta Hawks, Atlanta Thrashers and the rights to the Philips Arena

– Defended a former director in a multi-party Delaware Chancery Court derivative action seeking over $120 million for alleged breach of fiduciary duty

– Represents health care professionals in licensing board complaints

– Defended county and county officials in highly contentious and publicized federal court jury trials involving civil rights and employment claims

– Successfully defended a county Board of Elections in a challenge to the election of the County Commission Chair and successfully defended another county Board of Elections in the District Court and Court of Appeals in a redistricting challenge

– Along with a team of Rogers & Hardin attorneys successfully represented then Georgia Attorney General Thurbert Baker in a suit brought by the Governor seeking to compel the Attorney General to dismiss an appeal pending in the United States Supreme Court

– Successfully represented in-town Atlanta neighborhoods in the contentious Presidential Parkway litigation

– Co-counsel in the successful defense of "yield spread premium" class actions against Bank of America and Chase Manhattan Mortgage Corporation

– Co-lead counsel to the plaintiff class in the ground-breaking "prime rate" case *Kleiner v. First National Bank of Atlanta*

– Represented the plaintiff class in a four-week §1983 "anti-slapp" jury trial, one of the first in the country to be tried

### Practices

Class Actions

Complex Business Litigation
- Contract Disputes
- Business Torts and RICO

Civil Rights and Constitutional Law

Energy Law

Insurance-Related Litigation

Restrictive Covenants, Trade Secrets and Proprietary Information

Intellectual Property
- Protection of Trade Secrets and Proprietary Information

Professional Liability and Disciplinary Proceedings
- Legal Malpractice Defense
- Mental Health Professionals

Administrative Law

Health Care Litigation

Appellate

Employment Law
- Employment Discrimination Litigation

### Assistant

Susan Mathis
Direct 404.954.7526
smathis@rh-law.com

### Education

J.D., Boston College, 1974

B.A., University of Massachusetts, 1970

### Bar Admissions

Georgia, 1974

Massachusetts, 1975, Inactive

United States Supreme Court, 1981

United States Court of Appeals for the Fifth Circuit, 1978

United States Court of Appeals for the Eleventh Circuit, 1981

United States Court of Appeals for the Second Circuit, 1995

United States District Court Northern District of Georgia, 1979

– Represented a nationwide class of women and children recipients of federal supplemental food benefits and three members of Congress challenging the Reagan administration's "impoundment" of federal funds. The D.C. District Court issued an injunction directing release of the funds

– Represented the plaintiff class in a constitutional challenge to Georgia's civil commitment procedures for persons found not guilty by reason of insanity

– Represented the plaintiff class in a constitutional challenge to the fee system for the compensation of small claims court judges

United States District Court Middle District of Georgia, 1982

United States District Court Southern District of Georgia, 1974

United States District Court Northern District of New York, 1992

## PROFESSIONAL & COMMUNITY ACTIVITIES

– Fellow, American College of Trial Lawyers

– Member, Atlanta International Arbitration Society

– Hearing Officer (Administrative Law Judge), Georgia Public Service Commission 1984-1997

– Adjunct Professor (Litigation), Georgia State University College of Law 1984-1996

– Member, Bar Council, U.S. District Court, Northern District of Georgia 1996-1999

– Board of Directors, Federal Defender Program, U.S. District Court, Northern District of Georgia 2002-2007 (Chair 2006-2007)

– Special Assistant Attorney General, State of Georgia 1987-1997, 2003-2005

– Vice-President, Treasurer, and Secretary, National Board of Directors, American Civil Liberties Union (Board Member since 1986)

– President, American Civil Liberties Union of Georgia 1985-1987

– Board of Experts (in civil rights), *Lawyers Weekly*, Lawyers Weekly Publications (Boston, Mass.) 1985-1993

– Board of Directors (Former Chair), Georgia Appellate Practice and Educational Resource Center, Inc. 1987-

– President, Georgia Consumer Center, Inc. 1988-1991

– Board of Directors and President, Georgia Center For Law In The Public Interest 1992-1995 (now Greenlaw)

– Georgia Consumer Advisory Board (By Appointment of the Governor) 1982-1983

– Georgia Energy Regulatory Reform Commission (By Appointment of the Governor) 1980-1982

– Chair, Access to Civil Justice Committee, American Bar Association Individual Rights and Responsibilities Section 1983-1997

– State Bar of Georgia Special Committee on Post-Conviction Proceedings 1985- 2014 (Chair 1991- 2014)

– State Bar of Georgia Indigent Defense Committee 1999-

– Chair, Individual Rights Section, State Bar of Georgia 1981-1983

– Co-Chair, Consumer Rights and Remedies Committee, State Bar of Georgia 1979-1983

– State Bar of Georgia Special State Tort Claims Act Committee 1991-1992

– Board of Trustees, The Institute of Continuing Legal Education in Georgia 1981-1982

– Member, State Bar of Georgia Advisory Committee On Legislation 1995-1996

– Member, City of Atlanta Board of Ethics 2002-2005

– Board of Advisors, American Constitution Society, Atlanta Chapter

– Master of the Bench, Lamar Inn of Court, American Inns of Court

– American Bar Association

– Atlanta Bar Association

– Federal Bar Association

– Lawyers Club of Atlanta

## SPEECHES & PRESENTATIONS

– Chair and Presenter, "Ethics For In-House Counsel," Georgia Chapter, Association of Corporate Counsel (2014)

– Panelist, "Practicing Psychiatry: A Moral Adventure," Georgia Psychiatric Physicians Association 2014 Winter Meeting

– "Pretrial and Trial Conduct Dilemmas", Lamar Inn of Court (2014)

– Issues of Special Importance To Mental Health Professionals, Fundamentals of Health Care Law, Institute of Continuing Legal Education In Georgia (2008- 2018)

– "Courts and Secrecy", Lamar Inn of Court (2011)

– Issues of Legal Privilege And Psychologist Ethics, DeKalb Bar Association Family Law Section (2017)

– Panelist, Genesis and Persistence in Advocacy for Peace, Muted Voices Symposium, National World War I Museum and Memorial (2017).

– Co-Author, Law and Mental Health Professionals: Georgia (APA Press 1996)

## PROFESSIONAL RECOGNITION

– Recipient of ACLU of Georgia 2018 Lifetime Achievement Award

– Recipient of Justice Robert Benham Award For Community Service presented by the State Bar of Georgia, 2018

– Fellow, American College of Trial Lawyers

– Vice-President, Treasurer, and Secretary, American Civil Liberties Union

– *The Best Lawyers In America®:* 2018 Atlanta "Lawyer of the Year" in Administrative/Regulatory Law, 2015 Atlanta "Lawyer of the Year" in Administrative/Regulatory Law, 2014 Atlanta "Lawyer of the Year" in First Amendment Law. Also recognized in Bet-the-Company Litigation, Commercial Litigation, Litigation - Labor & Employment, Litigation - Regulatory Enforcement (SEC, Telecom, Energy)

– Legal Leader *Chambers USA*: General Commercial Litigation

– *Georgia Super Lawyers 2017:* General Litigation, Business Litigation, and Administrative Law

– *Benchmark Litigation*: Listed as Local Litigation Star in Georgia

– *Who's Who In America*

– *Who's Who In American Law*

– *Georgia Best Lawyers 2016:* Administrative/Regulatory Law, Bet-the-Company Litigation, First Amendment Law, Labor and Employment

## RECOGNITIONS

View All

August 2019
The Best Lawyers in America® Recognizes 14 Rogers & Hardin Attorneys

April 2019
Rogers & Hardin Recognized in 2019 Chambers USA Guide

February 2019
12 Rogers & Hardin Partners Recognized by Super Lawyers in 2019

November 2018
U.S. News - Best Lawyers® "Best Law Firms" Recognizes Rogers & Hardin

October 2018
Rogers & Hardin Receives 2019 Benchmark Litigation Highly Recommended Ranking

Copyright 2019 Rogers & Hardin LLP. All Rights Reserved.

Home Attorneys Practices News and Insights About Us Careers Search Contact Us Site Map Disclaimer Privacy Policy Remote Access

2700 International Tower 229 Peachtree Street NE Atlanta, GA 30303 T: 404.522.4700

POWERED BY CONTENT PILOT.

E
X
H
I
B
I
T

2

| Date | Hours | CC Hours | Description |
|---|---|---|---|
| 7/15/2022 | 1.7 | 0.1 | Prepare for hearing (.5); attend hearing (.8); telephone conference after hearing (.3); email to B. Cheeley regarding Latham testimony (.1). |
| 7/16/2022 | 1.3 | 1.3 | Multiple emails and telephone calls about Coffee County CVRs in json format on the internet (.8); further work on Coffee County investigation (.5). |
| 7/17/2022 | 0.4 | 0.4 | Emails regarding CVRs with M. Marks and K. Skogland. |
| 7/18/2022 | 1.8 | 1.8 | Further work on CVR issue (.4); review C. Latham documents (.8); extensive emails regarding Coffee County depositions (.6). |
| 7/19/2022 | 4.5 | 4.5 | Review and analysis of B. Cotton affidavit and emails to M. Marks regarding same (1.0); emails regarding Count Order (Doc. 1171) on EMS Server (.2); emails with D. Cross and M. Marks on J. Barnes deposition preproduction; further work on Latham subpoenas (.5); revise subpoena document requests (.4); email to C. Ringer about B. Cotton's statements about Fulton (.2); further work on Hall subpoena documents (.6); review S. Still (fake elector) lawsuit against Coffee County and telephone calls with team regarding same (1.6). |
| 7/20/2022 | 1.4 | 1.4 | Review emails on State 30 (b)(6) (.1); research on fake electors (.5); emails and telephone calls regarding Coffee County discovery (.8). |
| 7/21/2022 | 1.9 | 1.9 | Emails regarding adverse inferences and 5th Amendment waivers; edit on Hampton and Chaney subpoenas (.3); process subpoenas (not billed); extensive emails regarding B. Cotton's testimony about source of EMS and edit subpoenas to reflect same (.6); further work on Coffee County strategy (1.0). |
| 7/22/2022 | 2.8 | 1.2 | ~~Review long letter from B. Tyson on remaining discovery~~ (.3); revise subpoenas (.5); work on email to J. Herzog (.3); email to J. Miller, S. Lambert regarding M. Hampton deposition (.4); further work on subpoenas (not billed); ~~review files and Secretary of State discovery responses~~ (1.3). |
| 7/23/2022 | 1.5 | 0 | ~~Review state Defendants' brief on law enforcement privilege and log~~ (.5); ~~start writing on response~~ (1.0). |
| 7/24/2022 | 3 | 2.6 | Research emails and timeline on Hall recordings (.5); review draft 30b6 and revise draft email to J. Herzog (.7); email to D. Cross regarding deposition schedule and Cotton deposition (.4); finalize subpoenas (not billed); ~~draft section of brief relating to SEB authority~~ (1.4). |

| | | | |
|---|---|---|---|
| 7/25/2022 | 2.9 | 0.4 | Further work on draft brief on SEB authority and case 2020-250, revise same and memo to D. Cross regarding same (1.5); conference call with state Defendants on discovery and privilege and follow up telephone calls and emails regarding same (1.0); finalize subpoena papers to Coffee County (not billed); email to A. Parker regarding Cotton deposition (.4). |
| 7/26/2022 | 2.2 | 2.2 | Telephone calls with J. Miller (m. Hampton's lawyer) (.3); emails regarding CVR issue (.2); meet with team regarding brief and all pending Coffee County issues (.4); revise Logan subpoena (.3): finalize subpoena papers (not billed); review documents showing state had just began investigation and emails regarding same and impact on briefing (1.0). |
| 7/27/2022 | 3.1 | 2.8 | Emails regarding service on M. Hampton (.3); draft and revise email to defendants about CVR on the internet (.4); further work on Logan and Maggio subpoenas (not billed); telephone call with A. Parker and follow up calls (.5); emails to D. Cross; review and edit K. Skogland draft deposition (.3); work on Coffee County 30b6 substance and scheduling (1.0); memo to M. Marks on 5th Amendment issues (.6). |
| 7/28/2022 | 4.6 | 4.6 | Email to B. Cheeley regarding Latham documents (.1); extensive work on CGG draft brief on investigatory privilege (2.8): edit M. Marks declaration (.6); draft and revise new CGG brief (1.1). |
| 7/29/2022 | 3.8 | 3.8 | Emails to D. Cross about Latham discovery dispute (.2); extensive work on B. Cotton deposition, including telephone conferences with A. Parker, D. Cross, and M. Marks (1.1); prepare for Latham deposition, including telephone conference with M. Marks and MoFo team regarding same (1.0); email to P. Maggio's lawyers (.1); further extensive work on depositions and strategy for Coffee County (1.4). |
| 7/30/2022 | 2.4 | 2.4 | Review facts on Coffee County and draft fact summary, including review of B. Cotton declaration and deposition from Arizona and other documents. |
| 8/1/2022 | 5.4 | 5.4 | Review Lambert fact memo and newspaper articles and revise subpoena to her (1.5); multiple emails and phone calls about depositions of Lambert, Hampton Hall, Maggio, Logan, and Latham (3.5); emails regarding Coffee County 30b6 (.2); email to Defense Counsel about Coffee County server (.2). |

| | | | |
|---|---|---|---|
| 8/2/2022 | 4.3 | 4.3 | Review G. Sterling deposition on "investigation" and dangers of breach testimony and emails to team regarding same (1.0); multiple emails to Parker (Cotton), Cheeley (Latham), Miller (Hampton) (2.8); review emails regarding GBI (.1); review state's brief on privilege and emails regarding same (.4). |
| 8/3/2022 | 4.9 | 4.9 | Multiple emails and telephone calls with witnesses' counsel and team about third party depositions, including A. Maggio, M. Hampton, C. Latham (2.5); further review of state's brief on privilege and emails, telephone calls, with team on how best to counter (2.2); emails to B. Tyson regarding Coffee County EMS server (.2). |
| 8/4/2022 | 4.5 | 4.5 | Further work on Coffee County discovery relating to multiple third party witnesses, including telephone calls and emails to A. Parker re. Cotton, S. Lambert re. Hampton, emails to team about Maggio and then to Capriola, letter and subpoena to J. Ridlehoover, further emails with S. Lambert re. Hampton (actual time 6 plus). |
| 8/5/2022 | 5 | 4.6 | Further work on Coffee County, including emails bout threats to M. Marks on Twitter, emails to R. Capriola re. Maggio, M. Marks re. Johston, multiple emails to Cross and team re. all third-party witnesses, emails to J. Lambert and J. Miller re. Hampton (combined, 4, 3.5 billed); comprehensive email to teams about all pending subpoenas and issues (.6): ~~review Judge Grinberg decision is Rose about Purcel~~ (.4); extensive work on email memo to J. Herzog re. Coffee County discovery (1.0); emails regarding Judge Duffey and SOS' unusual request for in camera conference (.5). |
| 8/6/2022 | 1.2 | 1.2 | Further work on Coffee County investigation, including emails about SOS' unusual request for in camera conference and efforts to serve S. Hall and other witnesses. |
| 8/8/2022 | 1.5 | 1.5 | Pre-calls and emails regarding in camera call with J. Totenberg; call with J. Totenberg and counsel about findings and AEO information on Coffee County. |
| 8/8/2022 | 0.7 | 0.7 | Confidential (AEO) email to D. Cross about SOS investigation and strategy. |
| 8/9/2022 | 0.5 | 0.5 | Review AEO documents. |
| 8/10/2022 | 2.6 | 2.6 | Multiple emails and calls with the team about securing M. Hampton's cooperation and documents (.9); extensive telephone conversation with J. Miller (Hampton's lawyer) (.5); further work with team on Hampton and follow up emails to J. Miller (.5): additional call with J. Miller and confirm agreement with emails (.7). |

| | | | |
|---|---|---|---|
| 8/11/2022 | 4.8 | 4.5 | Emails regarding Maggio documents, Judge Duffy, and TED conflicts with "Fake Electors" (.7); multiple emails and telephone calls regarding M. Hampton investigation and interview (1.8 ); extensive email to J. Herzog regarding discovery (.8); edit joint brief on Halderman report (.3); finalize Hampton interview, including telephone calls, emails with J. Miller (1.2). |
| 8/12/2022 | 3 | 3 | Review Maggio documents and numerous communications about implications and next steps. |
| 8/13/2022 | 1.1 | 1.1 | Further work relating to Maggio production, including numerous emails with R. Abney regarding confidentiality concerns with documents and software (.8); further review of documents and email with E. Coleman (Maggio counsel) regarding gaps in the Maggio production (.3). |
| 8/14/2022 | 5.1 | 5.1 | Review and analysis of C. Latham motion and email to R. McGuire regarding same (.3); numerous emails about Maggio production, and work on how and whether to access software or obtain leave of court (1.0); draft email to Mr. Martin (.3); extensive interview of M. Hampton with J. Miller, D. Cross and M. Marks and follow up thereto (3.5). |
| 8/15/2022 | 2.8 | 2.8 | Emails with M. Marks regarding J. Ridlehoover (.3); E. Chaney deposition (2.5 billed, actual time 3 plus). |
| 8/16/2022 | 4.3 | 4.3 | Review correspondence with A. Parker regarding privilege claims and next steps (.3); emails and telephone calls about meeting with J. Duffey (.5); J. Ridlehoover deposition (1.5 biled); further work on Maggio production and additional documents (.5); multiple emails about Logan, Hampton and other witnesses (1.5). |
| 8/17/2022 | 0.5 | 0.5 | Further work on discovery relating to Coffee County, including review of Maggio documents (.3); draft email to Judge Duffey (.2). |
| 8/18/2022 | 3.5 | 3.5 | Prepare for meeting with Judge Duffy. |
| 8/19/2022 | 7 | 7 | Prepare for and travel to and meeting with Judge Duffy, C. McGowan and D. Cross (3.0); deposition of Paul Maggio (3.0); telephone call with M. marks regarding P. Maggio, De. Logan and strategy. |
| 8/20/2022 | 1 | 1 | Emails to M. Marks and D. Cross about Maggio interview, SS traces at Coffee County, and Samsung device (1.) |
| 8/22/2022 | 5.6 | 2.9 | Prepare for Johnston deposition (2.0); multiple emails and telephone calls about Logan, Coffee County, and Sinners depositions (2.5); emails regarding Halderman report (.2); work on Coffee County issues (.4); telephone call with M. Marks regarding TRO (.5). |

| | | | |
|---|---|---|---|
| 8/23/2022 | 6.5 | 2.8 | confidentiality (.3); telephone call with M. Marks about all upcoming depositions (Cotton, Logan, 30b6, etc.) and list of projects (1.0); further Logan document production, including drafting and revising substantive correspondence to Logan's attorney (1.2); email to J. Hertzog (Coffee County attorney) re. documents (.2); telephone calls with M. Marks with D. Cross re. case (.4). |
| 8/24/2022 | 5.4 | 3.9 | Emails to B. Tyson re. R. Sinners subpoena( .5); prepare for Cotton deposition, including review of documents and emails with K. Skogland and M. Marks (2.2); mutliple emails with A. Parker (Cotton's lawyer) about his production of documents, including Favorito representation (.8); outline strategy for TRO (1.5); emails about Logan's document production (.4); |
| 8/25/2022 | 5 | 5 | Review Cotton documents and emails to M. Kaiser about subjects for his deposition (1.0); Cotton deposition (3.5); emails to J. Miller about M. Hampton and J. Lenberg (.5); numerous emails to team about depositions and scheduling (2.0, not billed). |
| 8/26/2022 | 3.7 | 2.4 | Emails to team about Cotton's "work product" privilege and extensive telephone conference with A. Parker regarding same (1.4); draft substantial email to J. Belinfante about allowing state to review non-confidential documents before giving them to the public and the press, revise and finalize same (.9); outline motion for preliminary injunction (.5); telephone conference with M. Marks and R. McGuire about motion (.8); email to D. Hardy about Logan production (.1); further extensive communications about witnesses and documents (1.5, not billed). |
| 8/27/2022 | 3 | 0.8 | emails regarding same (.8); extensive review and analysis of Judge Totenberg's order from 2020 on injunctive relief and memo to team regarding same (1.2). |

| Date | | | | Description |
|---|---|---|---|---|
| 8/29/2022 | 4.1 | | 2.6 | Review and approve Lambert subpoenas (.1); emails to team regarding Logan and to D. Hardy regarding his failure to produce documents (.3); extensive edits and comments to draft brief in response to Latham motion to quash (2.); email to T. Mann, U.S. Attorney, about Coffee County breach (.2); ██████████ emails to J. Belinfante and V. Russo ██ about subpoe█ |
| 8/30/2022 | 1.9 | | 1.1 | On Logan documents: emails to D. Hardy, emails to B. Tyson about getting permission to use confidential documents to show D. Hardy that his client is not telling the truth (1.0); email to K. Skogland about hard drive inspection proposal (.1); ████████████████████████ |
| 8/31/2022 | 3.3 | | 0.5 | ████████ deposition (.5); further numerous emails to Logan's attorney and telephone call re. same (.5). |
| 9/1/2022 | 5.7 | | 5.7 | Prepare for, attend, and take Coffee County 30b6 deposition (3.5); emails regarding GBI investigation (.5); prepare for Sullivan Strickler deposition (1.0); emails with D. Hardy re. Logan (.2); review Sinners' documents and emails regarding same (.5). |
| 9/2/2022 | 6 | | 6 | Prepare for, travel to, and take deposition of Sullivan Strickler; conference with D. Cross and A. Sparks re. strategy (actual time 8 plus). |
| 9/3/2022 | 2.6 | | 0.6 | Work on motion for preliminary injunction (1.); telephone conference with M. Marks about all pending issues of discovery (.5); email to S. Lambert (.1); extensive teleph████ ████ ████ of motion to avoid ████ ████ |
| 9/4/2022 | 1.5 | | 0 | ████████ emails and calls with D. C████ ██████████ |
| 9/5/2022 | 3.1 | | 2.7 | Emails regarding amicus briefs in support of relief (.1); legal █ research – Rose case and Purcell (.3); further analysis of relief to seek in light of Coffee County emergencies, including emails and telephone calls with team (1.0); revise motion to compel Logan (1.0); revise Brown declaration in support of Logan brief (.2); email to D. Cross about asking for a conference with Judge Totenberg (.5). |

| | | | |
|---|---|---|---|
| 9/6/2022 | 1.4 | 1.4 | Draft short email to Mr. Martin, circulate, finalize and send (.2); conference with media (1.0, not billed); extensive work drafting and revising extensive email to Mr. Martin outlining items to address with Judge Totenberg, and emails and telephone calls with team, and D. Cross, regarding same and finalize same and send (1.2). |
| 9/7/2022 | 4.4 | 0.8 | Work on letter to Coffee County about pending litigation with M. Marks (.4); [redacted] 1.5); emails about Judge Totenberg's discovery conference and discussion with R. McGuire regarding same (.4); [redacted] |
| 9/8/2022 | 4.3 | 2.1 | Draft email to Coffee County's J. Herzog (1.0); telephone call with M. Marks and R. McGuire regarding MPI (2.2); emails regarding hearing to Mr. Martin (.1); prepare for meeting with Fulton County attorney including emails with MoFo regarding evidence (.2); review and analysis of state's brief (Doc. 1473) and Dd. Cross response (.8). |
| 9/9/2022 | 8.5 | 5.5 | Prepare for hearing (1.5); Prepare for and meet with Fulton County DA (3.0; travel, .3, not billed); prepare for and attend hearing on Coffee County discovery and discussion with D. Cross and teams thereafter (4.0). |
| 9/12/2022 | 2.1 | 2.1 | Emails regarding disc copy and experts' work (.5) email regarding PO and S. Strickler deposition (.2); emails and planning regarding depositions of Sinners, Cruce, etc. (.5); emails regarding PII on stolen copies of PollPads (.3); email to Coffee County 30b6 (.6). |
| 9/13/2022 | 2.8 | 2.8 | Emails regarding Coffee County GBI interviews (.2) emails to J. Herzog (1.3); emails to R. Draper (.1); review Latham documents and emails regarding same (1.2). |
| 9/14/2022 | 2.2 | 2.2 | Emails regarding Misty Hampton's layer J. miller (.4); multiple emails regarding Coffee County's J. Herzog (1.8). |
| 9/15/2022 | 1.7 | 1.7 | Review Latham sur-reply brief (1.0); review and revise R. Sinners' subpoena and send to B. Tyson (.4); email to M. Marks about producing documents (.1); telephone call with J. Herzog (.2). |
| 9/19/2022 | 0.3 | 0 | re [redacted] |
| 9/20/2022 | 0.3 | 0 | P [redacted] |
| 9/23/2022 | 1.1 | 0.6 | Telephone call with H. Pierson regarding C. Latham (.5); email to M. Marks regarding C. Latham's document production (.1); review CCG documents to produce (.5). |

| | | | |
|---|---|---|---|
| 9/25/2022 | 3.3 | 3.3 | Further work on C. Latham motion to compel (.8); further work on Sinners, Strickler discovery (1.0); emails regarding R. Germany and B. Raffensperger depositions (.5); prepare for hearing on C. Latham (1.0). |
| 9/27/2022 | 5.2 | 1.7 | Review Claney and Sinners' documents (.8); ~~draft supplemental Response to Second request and revise same~~ (.5); emails and telephone calls regarding Latham (.9). |
| 9/28/2022 | 6.7 | 6.7 | Draft and take Sinners' deposition (6.5); emails regarding document production (.2). |
| 9/29/2022 | 0.3 | 0.3 | Emails regarding Latham protocols (.3); email to J. Herzog. |
| 9/30/2022 | 2 | 2 | Emails to prepare for hearing with Judge Totenberg and attend hearing (1.5); multiple emails on Latham protocols (.5). |
| 10/1/2022 | 0.5 | 0.5 | Further work on Latham protocols (.3); draft email to B. Tyson regarding Sterling deposition (.2). |
| 10/3/2022 | 2.6 | 1.6 | ~~Further work on document production (actual time 2.1, billed 1.0);~~ emails regarding postponement of Sterling deposition (.2); review most recent "AED" produced by SOS (1.4) |
| 10/4/2022 | 2.6 | 2.6 | Emails and telephone calls regarding Sterling deposition and Court's schedule (.3); email to B. Tyson regarding document production and follow-up work regarding same (.6); draft email to H. Pierson regarding AEO (.3); draft emails to B. Tyson regarding AEO of Washington Post emails (.6); legal research on AEO (.8). |
| 10/5/2022 | 2 | 1.2 | Email regarding AEO and Latham, EMS copy, to M. Marks (.2); ~~review CA11 opinion and email to team regarding same~~ (.8); prepare for motion on AEO and email to Mr. Martin (1.0). |
| 10/6/2022 | 4.8 | 4.8 | Review and edit AEO Brief One (which became Doc. 1505) and emails with R. McGuire and M. Marks regarding same (1.2); email to GBI (.1); emails with B. Tyson re AEO re-designation (.1); review and emails about Curling brief on law enforcement privilege (.5); detailed review and organization of State's re-designation of AEO and start work on AEO Brief Two (which became 1508 (2.9). |
| 10/7/2022 | 3.7 | 3.7 | Further work on AEO Brief Two and circulate preliminary draft of non-AEO portion of the brief to M. Marks and incorporate edits to same (1.8); prepare for and attend hearing (.7); draft email to B. Tyson regarding misstatements about M. Marks in footnote 1 (Doc. 1503) (.3); further work on AEO Brief Two (.9). |
| 10/8/2022 | 1.8 | 1.8 | Numerous emails on C. Latham protocols (.3); emails regarding State 30b6 topics and potential subtopics in preparation for G. Sterling deposition (1.5). |

| Date | | | |
|---|---|---|---|
| 10/10/2022 | 2.8 | 2.8 | Prepare for SOS 30b6 (1.0); email to H. Pierson about AEO (.2); email to B. Tyson and C. McGowan about footnote 1 (.4); telephone call with J. Miller about M. Hampton's knowledge (.4); review email from Judge Totenberg and two orders entered relating to AEO (.8). |
| 10/11/2022 | 5.2 | 5.2 | Emails regarding Sullivan Strickler production and review same (.4); substantial work preparing for G. Sterling deposition, including review and selection of documents, conference with M. Marks, outline question, review Sterling deposition from earlier this year, emails and telephone calls with D. Cross (5.2). |
| 10/12/2022 | 8 | 8 | Further preparation for G. Sterling deposition (1.0); travel to and take G. Sterling deposition (7.0). |
| 10/15/2022 | 2.2 | 0 | ████████ |
| 10/18/2022 | 2.5 | 0.8 | Prepare for hearing on AEO (.8); ████████ |
| 10/19/2022 | 4.6 | 4.6 | Prepare for hearing on AEO and emails with M. Marks and K. Skogland re. same (1.1); attend hearing and follow up thereto (2.5); follow up emails on Coffee County emails and review same (1.0). |
| 10/20/2022 | 0.9 | 0.9 | Draft email to Mr. Martin re. Doc. 1508 (.3); review order on Dominion and related emails (.6). |
| 10/21/2022 | 2 | 0 | ████████ |
| 10/22/2022 | 2.2 | 0 | ████████ |
| 10/24/2022 | 2 | 0 | ████████ |
| 10/25/2022 | 1.9 | 0.3 | (1.0); emails and document review relating to A. Cruce and M. Hampton subpeonaes (.3). |
| 10/26/2022 | 2.5 | 1.5 | Work on Logan motion to compel (1.5); telephone conferences with team and defedants over summary judgment schedule (1.0). |

| | | | |
|---|---|---|---|
| 10/27/2022 | 3 | 3 | Work on Logan motion to compel, including collecting documents and preparing motion for PHV, and email to Hardy and Logan (1.4); email to J. Miller about M. Hampton testimony or statement (1.0); emails regarding supplementing expert testimony and collect K. Skogland documents (.6). |
| 10/29/2022 | 0.5 | 0.5 | Emails about M. Hampton and D. Logan discovery. |
| 10/30/2022 | 2.3 | 2.3 | Work on Logan discovery, including review of Logan documents, extensive telephone conference with M. Marks, and emails to Logan about potential compromise (2.0); emails about responses to Court's questions (.3). |
| 10/31/2022 | 2.4 | 1.9 | Telephone conference with D. Logan (.7); memo to team about D. Logan (.5); further work on answer to Court's questions (.7); [redacted] .5). |
| 11/1/2022 | 6 | 5 | Telephone call to A. Cruce and memo to team regarding same (.5); emails regarding deposition planning and strategy (.5); prepare for hearing on D. Logan motion (2.2); hearing on Logan Motion and follow up emails regarding same (1.5); [redacted] 1.0); emails re. AOE and M. Marks (.3). |
| 11/2/2022 | 1.5 | 1.5 | Regarding D. Logan: emails to Logan re. his hard drive and other discovery follow-up (.2); substantial telephone and emails with M. Marks regarding D. Logan evidence and testimony (.9); on M. Marks AEO: email M. Marks (.4). |
| 11/3/2022 | 1.3 | 1 | [redacted] judgment motions, [redacted] (.3); study Logan work and outline areas of potential testimony and email to team regarding same (1.0). |
| 11/4/2022 | 0.3 | 0.3 | Telephone call with Cruce "lawyer" Robert Barker. |
| 11/7/2022 | 2.6 | 0.6 | [redacted] 1.5); emails with A. Cruce's "lawyer" Robert Barker (.4); telephone call with S. Grubman, E. Voyles' lawyer (.2); [redacted] 5). |
| 11/8/2022 | 2.1 | 1.8 | [redacted] claims (.3); emails about M. Hampton deposition (.3); emails to B. Barker, A. Cruce and M. Marks re. Cruce deposition (.5); emails to S. Grubman re. E. Voyles (1.0). |
| 11/9/2022 | 1.8 | 1.8 | Email to B. Barker (.1) email to M. Marks about depositions and supplemental discovery responses (.2); emails re. ICX vulnerabilities (.3); emails re. M. Marks AEO status (.5); email re. Voyles deposition with S. Grubman (.2); emails regarding E. Voyles documents (.5). |
| 11/10/2022 | 6 | 6 | Prepare for M Hampton deposition (5.4); emails to lawyers for M. Hampton, E. Voyles, A. Cruce (.6). |

| | | | |
|---|---|---|---|
| 11/11/2022 | 8 | 8 | Prepare for and take deposition of M. Hampton (8.0 billed, actual time 10 plus). |
| 11/12/2022 | 3.8 | 3.8 | Extensive work preparing for all upcoming depositions (3.5); emails about takeaways from M. Hampton deposition (.3). |
| 11/13/2022 | 2.2 | 2.2 | Prepare for Voyles deposition. |
| 11/14/2022 | 6.6 | 1.8 | [redacted] (3.8); prepare for Voyles deposition (1.8). |
| 11/15/2022 | 8 | 4 | [redacted] for E. Voyles deposition (4.). |
| 11/16/2022 | 8 | 8 | Prepare for and take deposition of E. Voyles (8.0 billed, actual time 10 plus). |
| 11/17/2022 | 6.2 | 5.2 | [redacted] (.5); prepare for D. Logan deposition (5.2). |
| 11/18/2022 | 11 | 11 | Further preparation for Logan deposition (2.0); take Logan deposition (7.0); follow up to Logan deposition and prepare for Lenberg deposition (2.). |
| 11/19/2022 | 2.1 | 2.1 | Prepare for Lenberg deposition (1.5); multiple emails about Cruce deposition and documents (.6). |
| 11/20/2022 | 7.6 | 7.6 | Prepare for J. Lenberg deposition (2.4); emails with A. Cruce attorney (.2); review new J. Lenberg documents and emails with D. Clements (.5); prepare for Lenberg deposition (4.5). |
| 11/21/2022 | 10.5 | 10.5 | Additional preparation for J. Lenberg deposition (2.5); take J. Lenberg deposition (8.0) (actual time, 9 plus). |
| 11/22/2022 | 8.8 | 8.8 | Prepare for A. Cruce deposition (2.2); take A. Cruce deposition, and continuing communications with team on questions (5.8); review new Sullivan Srickler files and K. Skogland memos regarding same (.8). |
| 11/29/2022 | 5 | 1 | [redacted] eview emails from lawyer for J. Lenberg and Sullivan Strickler and further work on other third party discovery (1.0). |

| | | | |
|---|---|---|---|
| 11/30/2022 | 6 | 0 | [redacted] |
| | | | |
| | | | |
| Totals | 385.4 | 304.6 | |

E
X
H
I
B
I
T

3

**BPB Time - Preparation of Sanctions Motion**

| Date | Hours | Description |
|---|---|---|
| 2/12/2023 | 0.8 | CGG Motion to Compel ("MTC") - work on damages theories for sanctions motion; email to M. Marks and C Ichter regarding same. |
| 2/15/2023 | 0.3 | MTC - further work on cost of Coffee County's breach of discovery obligations, including increased cost of reviewing GBI disk drive. |
| 2/17/2023 | 3 | MTC - further work on theories of recovery for sanctions (.5); review time sheets and prepare declaration (2.5). |
| 2/19/2023` | 3.1 | MTC - further work on sanctions, including review of evidence produced late and emails to M. Marks and C. Ichter regarding same (1.5); research cases regarding reasonable rate for BPB (.6); further work on declaration (1.0). |
| Total | 7.2 | |