# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# WAYCROSS DIVISION

| | |
|---|---|
| COALITION FOR GOOD GOVERNANCE and DONNA CURLING, <br><br> Plaintiffs, <br><br> v. <br><br> COFFEE COUNTY BOARD OF ELECTIONS AND REGISTRATION, <br><br> Defendant. | Civil Action No. 5:23-mc-00001-LGW-BWC <br><br> In RE Subpoenas issued by the United States District Court For the Northern District of Georgia, Atlanta Division, Civil Action No. 1:17-CV-2989-AT |

## DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF COALITION FOR GOOD GOVERNANCE'S MOTION TO EXCEED PAGE LIMIT

Defendant Coffee County Board of Elections and Registration (the "CCBOE") files this Response in Opposition to Plaintiff Coalition for Good Governance's Motion to Exceed Page Limit for its motion for sanctions. (Doc. 58). Plaintiff filed its Motion for Sanctions (doc. 60) a day after the Court-imposed filing deadline of February 19, 2024, but did not move the Court for a *nunc pro tunc* extension of that deadline. Since an extension of that deadline has not been granted, their motion to exceed page limit is not properly before the Court and must be denied.

In a recent order granting Plaintiff's earlier request for an extension, the Court ruled that "Plaintiffs shall file any motion seeking sanctions **on or before February 19, 2024.**" (Doc. 46, p. 2) (emphasis in original). On February 20, 2024, Plaintiff filed its Motion to Exceed Page Limit (doc. 58) and Motion for Sanctions Against Defendant CCBOER and Counsel (doc. 60). Plaintiff did not seek an extension of the February 19, 2024 deadline prior to filing the motions on February 20, 2024, nor at any time

1

thereafter. Because Plaintiff did not seek an extension prior to the deadline, it must file a motion for an extension showing good cause and excusable neglect. See Fed. R. Civ. P. 6(b)(1). The Court should deny Plaintiff's Motion to Exceed Page Limit (doc. 58) as premature, and should deny Plaintiff's Motion for Sanctions (doc. 60) because the Court did not authorize the late filing.

> **A. Plaintiff must file a motion to extend the February 19, 2024 deadline for its sanctions motion and show good cause and excusable neglect for its failure to meet the deadline.**

Fed. R. Civ. P. 6(b)(1) provides that "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time:

> (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or
>
> (B) on motion made after the time has expired if the party failed to act because of excusable neglect.

Because the February 19, 2024 deadline for filing a motion for sanctions has passed, Plaintiff must file a motion under subsection (B) and demonstrate both good cause and excusable neglect for its failure to meet the deadline. And, since the Court did not authorize the belated filing of Plaintiff's Motion for Sanctions Against Defendant CCBOER and Counsel (doc. 60), Plaintiff's Motion to Exceed Page Limit (doc. 58) is not properly before the Court.

> **B. Fed. R. Civ. P. 6(a) does not apply when a fixed time to act is set.**

According to recent correspondence, Plaintiff is expected to argue that Fed. R. Civ. P. 6(a)(3)(A) extended the Court's February 19, 2024 deadline to February 20, 2024. (Exhibit A, p. 2). Specifically, Plaintiff contends that because February 19, 2024 was a federal holiday, the deadline was automatically extended. (Id.). Plaintiff is mistaken. Fed. R. Civ. P. 6(a) provides that "[t]he following rules apply **in computing**

2

any time period specified in these rules, in any local rule or court order, or in any statute that does not specify a method of computing time." (emphasis supplied). Here, the Court set a fixed deadline that required Plaintiff to file its motion "on or before February 19, 2024." (Doc. 46). Plaintiff was not required to compute any time period, and therefore Fed. R. Civ. P. 6(a) does not apply.

The inapplicability of Fed. R. Civ. P. 6(a) to the fixed date set in the Court's Order is further supported by the Advisory Committee's notes on the 2009 Amendment to Rule 6. The Committee notes, in relevant part, provide:

> The time-computation provisions of subdivision (a) apply only when a time period must be computed. They do not apply when a fixed time to act is set. The amendments thus carry forward the approach taken in Violette v. P.A. Days, Inc., 427 F.3d 1015, 1016 (6th Cir. 2005) (holding that Civil Rule 6(a) "does not apply to situations where the court has established a specific calendar day as a deadline"), and reject the contrary holding of In re American Healthcare Management, Inc., 900 F.2d 827, 832 (5th Cir. 1990) (holding that Bankruptcy Rule 9006(a) governs treatment of date-certain deadline set by court order). If, for example, the date for filing is "no later than November 1, 2007," subdivision (a) does not govern. But if a filing is required to be made "within 10 days" or "within 72 hours," subdivision (a) describes how that deadline is computed.

Therefore, it cannot be reasonably disputed that Fed. R. Civ. P. 6(a) is inapplicable to the situation at bar. Plaintiff's deadline for filing a motion for sanctions was February 19, 2024. Since Plaintiff did not meet that deadline (it filed its motion for sanctions at midnight on the following day), it was required by Fed. R. Civ. P. 6(b)(1)(B) to file a motion for an extension of time in which it established excusable neglect. Plaintiff was notified of this requirement in written correspondence (Ex. A, p. 1), but declined to comply.

3

## CONCLUSION

The Court should deny Plaintiff's Motion to Exceed Page Limit (doc. 58) as it is not properly before the Court, and should deny Plaintiff's Motion for Sanctions (doc. 60) because it was filed out of time without permission of the Court.

This 21st day of February, 2024.

|  |  |
|---|---|
|  | **OLIVER MANER LLP** |
|  | */s/ Benjamin M. Perkins* |
| Oliver Maner LLP | BENJAMIN M. PERKINS |
| 218 West State Street | Georgia Bar No. 140997 |
| P.O. Box 10186 | WES P. RAHN |
| Savannah, GA 31412 | Georgia Bar No. 60391 |
| (912) 236-3311 |  |
| bperkins@olivermaner.com | *Attorneys for Defendant Coffee* |
| wrahn@olivermaner.com | *County Board of Elections &* |
|  | *Registration* |
|  | **HALL BOOTH SMITH, P.C.** |
|  | */s/ Jennifer D. Herzog* |
| 1564 King Road | JENNIFER D. HERZOG |
| Tifton Georgia 31793 | Georgia Bar No. 109606 |
| (229) 382-0515 | NICHOLAS A. KINSLEY |
| jherzog@hallboothsmith.com | Georgia Bar No. 273862 |
| nkinsley@hallboothsmith.com |  |
|  | *Attorneys for Defendant Coffee* |
|  | *County Board of Elections &* |
|  | *Registration* |

CERTIFICATE OF SERVICE

 This is to certify that I have this day caused electronic notification of filing and service of the foregoing to be made upon counsel of record for the parties by filing the same using the Court's CM/ECF filing system.

 This 21st day of February, 2024.

|  |  |
|---|---|
|  | **OLIVER MANER LLP** |
|  | */s/ Benjamin M. Perkins* |
| Oliver Maner LLP | BENJAMIN M. PERKINS |
| 218 West State Street | Georgia Bar No. 140997 |
| P.O. Box 10186 | WES P. RAHN |
| Savannah, GA 31412 | Georgia Bar No. 60391 |
| (912) 236-3311 |  |
| bperkins@olivermaner.com | *Attorneys for Defendant Coffee County Board of Elections & Registration* |
| wrahn@olivermaner.com |  |
|  | **HALL BOOTH SMITH, P.C.** |
|  | */s/ Jennifer D. Herzog* |
| 1564 King Road | JENNIFER D. HERZOG |
| Tifton Georgia 31793 | Georgia Bar No. 109606 |
| (229) 382-0515 | NICHOLAS A. KINSLEY |
| jherzog@hallboothsmith.com | Georgia Bar No. 273862 |
| nkinsley@hallboothsmith.com |  |
|  | *Attorneys for Defendant Coffee County Board of Elections & Registration* |