# EXHIBIT A

**Wes Rahn**

| | |
|---|---|
| **From:** | Cary Ichter <CIchter@IchterDavis.com> |
| **Sent:** | Tuesday, February 20, 2024 2:11 PM |
| **To:** | Ben Perkins; Kim Mixon; bbrown@brucepbrownlaw.com; hknapp@khlawfirm.com; William Dan Davis |
| **Cc:** | aar@hbss.net; Jennifer Dorminey Herzog; nkinsley@hallboothsmith.com; Wes Rahn; Marilyn Marks |
| **Subject:** | RE: 523mc1-Coalition for Good Governance, et al. v. Coffee County Board of Elections and Registration |

I note that none of the law cited is binding on this court, and, given that the Court was closed, filing seemed like a futile gesture. Additionally, there is no prejudice to Defendant related to our filing today. We have no objection to Defendant having additional time to respond to the motion is it is needed.

We will file a short motion to exceed the page limit shortly. Cary Ichter

Cary Ichter, Partner
Ichter Davis, LLC
400 Interstate N Pkwy
Suite 860
Atlanta, GA 30339
phone 404.869.5243
fax 404.602.0037
cell 404.769.1353
cichter@IchterDavis.com



**From:** Ben Perkins <bperkins@olivermaner.com>
**Sent:** Tuesday, February 20, 2024 2:01 PM
**To:** Cary Ichter <CIchter@IchterDavis.com>; Kim Mixon <Kim_Mixon@gas.uscourts.gov>; bbrown@brucepbrownlaw.com; hknapp@khlawfirm.com; William Dan Davis <DDavis@IchterDavis.com>
**Cc:** aar@hbss.net; Jennifer Dorminey Herzog <jherzog@hallboothsmith.com>; nkinsley@hallboothsmith.com; Wes Rahn <wrahn@olivermaner.com>; Marilyn Marks <marilyn@uscgg.org>
**Subject:** RE: 523mc1-Coalition for Good Governance, et al. v. Coffee County Board of Elections and Registration

Dear all:

I have always interpreted Rule 6(a)(1) as applying to an order that specifies a deadline in days (e.g., "10 days from the date of this order") or longer units (e.g., "2 weeks from the date of this order"). The order at issue specified a date certain; it did not impose a deadline in days or weeks. Since Rule 6(a)(3)(A) exclusively pertains to 6(a)(1) deadlines, which is not what we're dealing with here, I do not see how Rule 6(a)(3)(A) could be applicable.
Rule 6's committee notes for the 2009 amendment are consistent with our position:
> The time-computation provisions of subdivision (a) apply only when a time period must be computed. They do not apply when a fixed time to act is set. The amendments thus carry forward the approach taken in *Violette v.*

1

> *P.A. Days, Inc.*, 427 F.3d 1015, 1016 (6th Cir. 2005) (holding that Civil Rule 6(a) "does not apply to situations where the court has established a specific calendar day as a deadline"), and reject the contrary holding of *In re American Healthcare Management, Inc.*, 900 F.2d 827, 832 (5th Cir. 1990) (holding that Bankruptcy Rule 9006(a) governs treatment of date-certain deadline set by court order). If, for example, the date for filing is "no later than November 1, 2007," subdivision (a) does not govern. But if a filing is required to be made "within 10 days" or "within 72 hours," subdivision (a) describes how that deadline is computed.

(emphasis added).

If we had been copied on the correspondence to Ms. Holt, we would have pointed Mr. Ichter to that comment. As to Mr. Ichter's question, I would need to review the motion for enlargement of the page limitation before taking a definitive position, but our current inclination would be to oppose such a motion.

Ben Perkins
Oliver Maner LLP
912-238-2515

---

**From:** Cary Ichter <CIchter@IchterDavis.com>
**Sent:** Tuesday, February 20, 2024 1:36 PM
**To:** Ben Perkins <bperkins@olivermaner.com>; Kim Mixon <Kim_Mixon@gas.uscourts.gov>; bbrown@brucepbrownlaw.com; hknapp@khlawfirm.com; William Dan Davis <DDavis@IchterDavis.com>
**Cc:** aar@hbss.net; Jennifer Dorminey Herzog <jherzog@hallboothsmith.com>; nkinsley@hallboothsmith.com; Wes Rahn <wrahn@olivermaner.com>; Marilyn Marks <marilyn@uscgg.org>
**Subject:** RE: 523mc1-Coalition for Good Governance, et al. v. Coffee County Board of Elections and Registration

February 19 was a holiday, and the courts were closed.  On Friday, I reached out to Ms. Mixon, to inquire if the holiday meant the deadline rolled over to Tuesday the 20th, but Ms. Mixon was out of the office, and I was redirected to Ms. Gail Holt. I made the same inquiry of Ms. Hold. As you can see from the attached email exchange, she invited my attention to Rule 6, which provides as follows:

> (3) *Inaccessibility of the Clerk's Office.* Unless the court orders otherwise, if the clerk's office is inaccessible:
>
> (A) on the last day for filing under Rule 6(a)(1), then the time for filing is extended to the first accessible day that is not a Saturday, Sunday, or legal holiday.

Pursuant to Rule ^(a)(6)(A) Washington's birthday is such a holiday. Accordingly, the submission to be made today is timely. Given that this answers the only objection Mr. Perkins appeared to have,  am I correct that there is no objection to the additional pages? Cary Ichter

Cary Ichter, Partner
Ichter Davis, LLC
400 Interstate N Pkwy
Suite 860
Atlanta, GA 30339
phone 404.869.5243
fax 404.602.0037
cell 404.769.1353
cichter@IchterDavis.com



**From:** Ben Perkins <bperkins@olivermaner.com>
**Sent:** Tuesday, February 20, 2024 1:11 PM
**To:** Cary Ichter <CIchter@IchterDavis.com>; Kim Mixon <Kim_Mixon@gas.uscourts.gov>; bbrown@brucebrownlaw.com; hknapp@khlawfirm.com; William Dan Davis <DDavis@IchterDavis.com>
**Cc:** aar@hbss.net; Jennifer Dorminey Herzog <jherzog@hallboothsmith.com>; nkinsley@hallboothsmith.com; Wes Rahn <wrahn@olivermaner.com>; Marilyn Marks <marilyn@uscgg.org>
**Subject:** RE: 523mc1-Coalition for Good Governance, et al. v. Coffee County Board of Elections and Registration

Dear all:
The deadline for Plaintiffs to file a motion for sanctions was February 19 (doc. 46, p. 1). The CCBOER would be opposed to an after-the-fact extension of that deadline. It is the CCBOER's position that if Plaintiffs intend to exceed the page limitation, they should seek permission to do so in a motion which also addresses their failure to file the motion for sanctions on or before the date specified by the Court.

Ben Perkins
Oliver Maner LLP
912-238-2515

**From:** Cary Ichter <CIchter@IchterDavis.com>
**Sent:** Tuesday, February 20, 2024 11:17 AM
**To:** Kim Mixon <Kim_Mixon@gas.uscourts.gov>; bbrown@brucebrownlaw.com; hknapp@khlawfirm.com; William Dan Davis <DDavis@IchterDavis.com>
**Cc:** Ben Perkins <bperkins@olivermaner.com>; aar@hbss.net; Jennifer Dorminey Herzog <jherzog@hallboothsmith.com>; nkinsley@hallboothsmith.com; Wes Rahn <wrahn@olivermaner.com>; Marilyn Marks <marilyn@uscgg.org>
**Subject:** RE: 523mc1-Coalition for Good Governance, et al. v. Coffee County Board of Elections and Registration

Ms. Mixon: The Coalition for Good Governance will be filing its motion for sanctions today. We have been working almost non-stop on this since last week, and it appears that we will exceed the page limitation by 5-10 pages. Should we file a motion to exceed with the motion? It would be hard to get such a motion considered and granted ahead of filing the sanctions motion itself. Any guidance you might provide as to what the court's inclination would be most appreciated. Cary Ichter

Cary Ichter, Partner
Ichter Davis, LLC
400 Interstate N Pkwy
Suite 860
Atlanta, GA 30339
phone 404.869.5243
fax 404.602.0037
cell 404.769.1353
cichter@IchterDavis.com

