IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | |
|---|---|
| COALITION FOR GOOD GOVERNANCE and DONNA CURLING,<br><br>    Plaintiffs,<br><br>v.<br><br>COFFEE COUNTY BOARD OF ELECTIONS AND REGISTRATION,<br><br>    Defendant. | Civil Action No. 5:23-mc-00001-LGW-BWC<br><br>In RE Subpoenas issued by the United States District Court For the Northern District of Georgia, Atlanta Division, Civil Action No. 1:17-CV-2989-AT |

**DEFENDANT'S MOTION TO STAY AND MOTION TO STRIKE PLAINTIFF COALITION FOR GOOD GOVERNANCE'S MOTION FOR SANCTIONS**

Defendant Coffee County Board of Elections and Registration (the "CCBOE") files this Motion to Strike Plaintiff Coalition for Good Governance's Motion for Sanctions. Plaintiff Coalition for Good Governance ("Plaintiff") filed its motion after the Court-imposed filing deadline of February 19, 2024. Therefore, the Court should strike Plaintiff's Motion for Sanctions. (Doc. 60). Additionally, the Court should stay the CCBOE's deadline to respond to Plaintiff's Motion for Sanctions until the Court has ruled on this Motion to Strike.

A. **Plaintiff's Motion for Sanctions is not timely.**

In a recent order granting one of Plaintiff's requests for an extension, the Court ruled that "Plaintiffs shall file any motion seeking sanctions **on or before February 19, 2024.**" (Doc. 46, p. 2) (emphasis in original). On February 20, 2024 at midnight, Plaintiff filed its Motion for Sanctions. (Doc. 60). Plaintiff did not seek an extension of the February 19, 2024 deadline prior to filing its motion on February 20, 2024, nor at

1

any time thereafter, nor did Plaintiff make any showing as to why the Court should accept the late filing. Because Plaintiff's Motion for Sanctions was not filed on or before February 19, 2024, and because Plaintiff does not establish excusable neglect, the Motion should be stricken.

According to recent correspondence, Plaintiff is expected to argue that Fed. R. Civ. P. 6(a)(3)(A) extended the Court's February 19, 2024 deadline to February 20, 2024. (Exhibit A, p. 2). Specifically, Plaintiff will likely contend that because February 19, 2024 was a federal holiday, the deadline was automatically extended. (Id.). Plaintiff is mistaken. Fed. R. Civ. P. 6(a) provides that "[t]he following rules apply **in computing** any time period specified in these rules, in any local rule or court order, or in any statute that does not specify a method of computing time." (emphasis supplied). Here, the Court set a fixed deadline that required Plaintiff to file its motion "on or before February 19, 2024." (Doc. 46). There was no time period to compute, and therefore Fed. R. Civ. P. 6(a) does not apply.

The inapplicability of Fed. R. Civ. P. 6(a) to the fixed date set in the Court's Order is further supported by the Advisory Committee's notes on the 2009 Amendment to Rule 6. The Committee notes, in relevant part, provide:

> The time-computation provisions of subdivision (a) apply only when a time period must be computed. **They do not apply when a fixed time to act is set**. The amendments thus carry forward the approach taken in Violette v. P.A. Days, Inc., 427 F.3d 1015, 1016 (6th Cir. 2005) (holding that Civil Rule 6(a) "does not apply to situations where the court has established a specific calendar day as a deadline"), and reject the contrary holding of In re American Healthcare Management, Inc., 900 F.2d 827, 832 (5th Cir. 1990) (holding that Bankruptcy Rule 9006(a) governs treatment of date-certain deadline set by court order). If, for example, the date for filing is "no later than November 1, 2007," subdivision (a) does not govern. But if a filing is required to be made "within 10 days" or "within 72 hours," subdivision (a) describes how that deadline is computed.

2

(emphasis added).

Therefore, it cannot be reasonably disputed that Fed. R. Civ. P. 6(a) is inapplicable to the situation at bar. Plaintiff's deadline for filing a motion for sanctions was February 19, 2024. Since Plaintiff did not meet that deadline or file a *nunc pro tunc* motion for an extension of time showing excusable neglect, the Court should strike Plaintiff's Motion for Sanctions.

B. **Plaintiff did not seek an extension of the deadline to file its Motion for Sanctions, nor did Plaintiff make a showing of excusable neglect.**

On February 16, 2024, Plaintiff's counsel asked a Deputy Clerk whether the February 19 deadline would "roll over to Tuesday." (Ex. A, February 16, 2024 email correspondence between Mr. Ichter and Deputy Clerk). In response, the Clerk referred counsel to "Fed.R.Civ.P. 6 or Fed.R.Cr.P. 45." (Id.). On February 20, 2024, Plaintiff's counsel emailed the Courtroom Deputy to inquire about the appropriate vehicle for enlarging the page limitation for Plaintiff's motion for sanctions. (Ex. B, February 20, 2024 email correspondence at p. 3). Counsel for CCBOE responded by citing the applicable law (Fed. R. Civ. P. 6 and the applicable committee note) and stating their position "that if Plaintiffs intend to exceed the page limitation, they should seek permission to do so in a motion which also addresses their failure to file the motion for sanctions on or before the date specified by the Court." (Id. at pp.1-3). Plaintiff's counsel declined to seek leave of Court or to establish excusable neglect, taking the position that the cited law is not "binding on this court…" (Id. at p. 1). On February 21, 2024, in its Response in Opposition to Plaintiff's Motion to Exceed Page Limit (doc. 63), the CCBOE again explained regarding the Motion for Sanctions that "Plaintiff must file a motion under [Fed. R. Civ. P. 6(b)(1)(B)] and demonstrate both good cause and

3

excusable neglect for its failure to meet the deadline." See Fed. R. Civ. P. 6(b)(1)(B) ("When an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect."). Despite being notified of the applicable law more than once and having ample opportunity to do so, Plaintiff still has not filed a motion for leave of Court to file its untimely Motion for Sanctions.[1]

It is well-established that "a court does not abuse its discretion by refusing to accept an out-of-time filing when there is no affirmative showing of excusable neglect under Federal Rule of Civil Procedure 6(b)." Robinson v. Johnson, No. 6:19-CV-53, 2021 WL 2933183, at *2 (S.D. Ga. June 11, 2021), report and recommendation adopted, No. 6:19-CV-53, 2021 WL 2916930 (S.D. Ga. July 12, 2021) (citing Mosley v. MeriStar Mgmt. Co., LLC, 137 F. App'x 248, 250 (11th Cir. 2005). In Robinson, the plaintiff filed a motion for summary judgment after the court-imposed deadline without seeking leave of court to do so "and without any explanation as to why it was untimely." Id. at *1. Because the plaintiff made no showing of excusable neglect, this Court granted the defendant's motion to strike the untimely motion. Id. at *2; Raury Tullis & Rauricus, LLC v. Holt, No. 1:14-CV-03993-RWS, 2015 WL 12086086, at *2 (N.D. Ga. Nov. 3, 2015) (granting motion to strike untimely answer where defendant failed to show "their delay in filing was due to excusable neglect."); Mosley, 137 F. App'x at 250 (granting

---

[1] Plaintiff requested multiple extensions of time in this case and, on one occasion, filed a Motion for Further Extension of Time on the date of a deadline. (Doc. 47). Plaintiff's disregard of the requirement to seek the Court's permission to file an untimely brief should not be condoned. See Young v. City of Palm Bay, Fla., 358 F.3d 859, 864 (11th Cir. 2004) ("Counsel must take responsibility for the obligations to which he committed and get the work done by the deadline . . . . Deadlines are not meant to be aspirational; counsel must not treat the goodwill of the court as a sign that, as long as counsel tries to act, he has carte blanche permission to perform when he desires.").

motion to strike untimely response to motion for summary judgment where litigant neither asked for an extension of time nor explained reason for delay).

As in Robinson, Plaintiff has provided the Court with no explanation as to the reason for its untimely filing. Plaintiff has been on notice of the requirement to establish excusable neglect for at least eight days but has failed to address the issue. Plaintiff's motion for sanctions should be stricken.

### C. The CCBOE's deadline to respond to Plaintiff's Motion for Sanctions should be stayed until the Court has ruled on this Motion to Strike.

This Court "has broad authority to stay proceedings as an incident to its power to control its own docket." Clinton v. Jones, 520 U.S. 681, 706 (1997); see also Landis v. N. Am. Co., 299 U.S. 248, 254 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with the economy of time and effort for itself, for counsel, and for litigants."). Additionally, in the context of motions to stay discovery, the Eleventh Circuit Court of Appeals has recognized that "if the district court dismisses a nonmeritorious claim before discovery has begun, **unnecessary costs to the litigants and to the court system can be avoided**." Young v. Smith, No. 6:17-CV-131, 2018 WL 11650982 (S.D. Ga. Dec. 28, 2018) (quoting Chudasama v. Mazda Motor Corp., 123 F.3d 1353, 1368 (11th Cir. 1997)) (emphasis supplied).

As discussed, *supra*, Plaintiff's Motion for Sanctions is not timely and should be stricken. The CCBOE — a nonparty in the underlying *Curling* litigation — will incur unnecessary costs and expense in responding to Plaintiff's 29-page Motion for Sanctions. Moreover, no prejudice will accrue to the parties through a grant of a stay. Therefore, in the interests of judicial economy and in the interests of justice, the CCBOE

5

respectfully requests that the Court stay the CCBOE's deadline to respond to Plaintiff's Motion for Sanctions until the Court rules on the CCBOE's Motion to Strike.

## **CONCLUSION**

The Court should strike Plaintiff's Motion for Sanctions (doc. 60) because it is not timely and Plaintiff has failed to establish excusable neglect. Additionally, the Court should stay the CCBOE's deadline to respond to Plaintiff's Motion for Sanctions until the Court rules on this Motion to Strike.

This 28th day of February, 2024.

|  |  |
|---|---|
|  | **OLIVER MANER LLP** |
|  | */s/ Benjamin M. Perkins* |
| Oliver Maner LLP | BENJAMIN M. PERKINS |
| 218 West State Street | Georgia Bar No. 140997 |
| P.O. Box 10186 | WES P. RAHN |
| Savannah, GA 31412 | Georgia Bar No. 60391 |
| (912) 236-3311 |  |
| bperkins@olivermaner.com | *Attorneys for Defendant Coffee* |
| wrahn@olivermaner.com | *County Board of Elections & Registration* |
|  | **HALL BOOTH SMITH, P.C.** |
|  | */s/ Jennifer D. Herzog* |
| 1564 King Road | JENNIFER D. HERZOG |
| Tifton Georgia 31793 | Georgia Bar No. 109606 |
| (229) 382-0515 | NICHOLAS A. KINSLEY |
| jherzog@hallboothsmith.com | Georgia Bar No. 273862 |
| nkinsley@hallboothsmith.com |  |
|  | *Attorneys for Defendant Coffee County Board of Elections & Registration* |

## CERTIFICATE OF SERVICE

This is to certify that I have this day caused electronic notification of filing and service of the foregoing to be made upon counsel of record for the parties by filing the same using the Court's CM/ECF filing system.

This 28th day of February, 2024.

|  |  |
|---|---|
|  | **OLIVER MANER LLP** |
|  | */s/ Benjamin M. Perkins* |
| Oliver Maner LLP | BENJAMIN M. PERKINS |
| 218 West State Street | Georgia Bar No. 140997 |
| P.O. Box 10186 | WES P. RAHN |
| Savannah, GA 31412 | Georgia Bar No. 60391 |
| (912) 236-3311 |  |
| bperkins@olivermaner.com | *Attorneys for Defendant Coffee County Board of Elections & Registration* |
| wrahn@olivermaner.com |  |
|  | **HALL BOOTH SMITH, P.C.** |
|  | */s/ Jennifer D. Herzog* |
| 1564 King Road | JENNIFER D. HERZOG |
| Tifton Georgia 31793 | Georgia Bar No. 109606 |
| (229) 382-0515 | NICHOLAS A. KINSLEY |
| jherzog@hallboothsmith.com | Georgia Bar No. 273862 |
| nkinsley@hallboothsmith.com |  |
|  | *Attorneys for Defendant Coffee County Board of Elections & Registration* |