# EXHIBIT 7

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | |
|---|---|
| COALITION FOR GOOD GOVERNANCE and DONNA CURLING,<br><br>Plaintiffs,<br><br>v.<br><br>COFFEE COUNTY BOARD OF ELECTIONS AND REGISTRATION,<br><br>Defendant. | Civil Action No. 5:23-mc-00001-LGW-BWC<br><br>In RE Subpoenas issued by the United States District Court For the Northern District of Georgia, Atlanta Division, Civil Action File No. 1:17-CV-2989-AT |

## SUPPLEMENTAL DECLARATION OF BRUCE P. BROWN

1.     Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the following is true and correct.

2.     My name is Bruce P. Brown.  I am over the age of 18 and competent to testify.  I have personal knowledge of the facts stated in this declaration.

3.     I represent the Coalition for Good Governance in this matter. This declaration supplements my February 20, 2024, declaration.  (Doc. 60-8).

1

4.     As explained below, in addition to the work described in my February 20, 2024, declaration, CCBOER's failure to comply with its discovery obligations (a) required excessive follow up with CCBOER's counsel from August 2022 through 2023 and (b) required additional work necessary to identify responsive documents on the GBI disk drive.

## Additional Time to Secure Compliance

5.     In my experience, some follow-up work is typically necessary to ensure that parties and third parties respond fully to subpoenas and document requests.  In the case of CCBOER, however, the amount of time that I had to spend trying (unsuccessfully) to secure compliance by CCBOER was excessive by any measure.  I have attached as Exhibit 1 a copy of selections from my time sheets from 2022 and 2023 in which I identify the work that was excessive.  In the second column from the left, I show the total hours for that day. In the third column I show the hours that day that I attribute to following up with CCBOER to attempt to ensure its compliance with subpoenas.  The total number of hours above and beyond what would normally be necessary totals at least 11.8 hours. Even with these efforts, CCBOER never substantially complied with its

discovery efforts, and Plaintiff obtained numerous responsive and highly relevant documents only from other sources (such as the GBI, discussed below, and from other third parties).

6.     Attached as Exhibits 2, 3, and 4 are true and correct copies of emails and letters from me to CCBOER's counsel dated, respectively, September 14-15, 2022, April 13, 2023, and May 17, 2023.   These communications reflect the effort required to attempt to secure CCBOER's compliance with its discovery obligations.

## Additional Work – GBI Forensic Copy of CCBOER Desktop

7.     CCBOER never produced responsive documents from the desktop computer in CCBOER's office.   Over sixteen months after the documents should have been produced, Plaintiff received a forensic copy of the disk drive from the GBI.   To locate responsive documents on the disk drive, however, Plaintiff's technical experts and lawyers had to spend many hours retrieving the documents and ensuring that non-responsive and privileged documents on the disk drive were segregated from responsive documents.   (The disk drive contained personal records and other documents that had nothing to do with the *Curling* litigation

(or even Georgia elections)).  All of this additional work would have been unnecessary had CCBOER searched its desktop for responsive documents and produced them on time.

8.     As shown in Exhibit 5, I spent an additional 5.9 hours working with the technical experts to develop and implement protocols for the appropriate search and retrieval of the documents.

9.     In summary, the additional hours described above total 17.7 (11.8 and 5.9) which, at $625 per hour, cost an additional $11,062.50.

This 4th day of March 2024.

Bruce P. Brown

EXHIBIT

1

**BPB Excessive Time - CCBOER Discovery Compliance**



| Date | Hours | Excess Hours | Description |
|---|---|---|---|
| 8/5/2022 | 5 | 1 | ...extensive work on email memo to J. Herzog re. Coffee County discovery (1.0); ... |
| 8/11/2022 | 4.8 | 0.8 | ...extensive email to J. Herzog regarding discovery (.8); ... |
| 9/8/2022 | 4.3 | 1 | Draft email to Coffee County's J. Herzog (1.0); ... |
| 9/13/2022 | 2.8 | 1.3 | ...emails to J. Herzog (1.3); ... |
| 9/14/2022 | 2.2 | 1.8 | ...multiple emails regarding Coffee County's J. Herzog (1.8). |
| 9/15/2022 | 1.7 | 0.2 | ...telephone call with J. Herzog ... |
| 9/29/2022 | 0.3 | 0 | ...email to J. Herzog. |
| 4/13/2023 | 1.5 | 1.5 | Draft and revise letter to J. Herzog, Coffee County attorney (1.5); emails about hearing (.5, not billed). |
| 5/14/2023 | 1.5 | 1.5 | Extensive work on letter to J. Herzog, including review Stone deposition transcript and email to M. Marks with initial edits. |
| 5/16/2023 | 1.5 | 0.6 | Work on letter to J. Herzog. |
| 5/17/2023 | 1.5 | 0.6 | ...finalize letter to J. Herzog (.6). |
| 5/25/2023 | 1 | 1 | Review response from J. Herzog and emails with team regarding same; additional emails and phone calls about Hall Booth "system crash." |
| 10/6/2023 | 0.5 | 0.5 | Draft letter to J. Herzog about Coffee County discovery. |
| **Total** | | 11.8 | |

EXHIBIT

2

| | |
|---|---|
| **Subject:** | RE: Curling v. Raffensperger - Coffee County BOE Subpoena for Documents |
| **Date:** | Thursday, September 15, 2022 at 7:54:16 PM Eastern Daylight Time |
| **From:** | Bruce Brown |
| **To:** | Cross, David D., Jennifer Dorminey Herzog |
| **CC:** | Coalition for Good Governance, Conaway, Jenna B., Ascarrunz, Veronica, Nick Kinsley, Stephen Delk, Anthony A. Rowell |
| **Category:** | herzog Bruce emails |
| **Attachments:** | image001.jpg |

Jennifer,

It's distressing to learn that the county has waited a week after my email to you on September 8 to report that you have "supplementation" to the production, given the number of repeated efforts Plaintiffs have made since the time that subpoenas were issued to obtain the items I listed in my email. It is concerning that these records were not produced prior to the 30(b)(6) deposition, and that Plaintiffs had no opportunity to examine Mr. Stone on the withheld documents, despite the many postponements at your request and several weeks' notice for the deposition.

If additional video recordings are being produced, it is essential that they arrive in Atlanta at the Krevolin Horst law firm before the close of business tomorrow. If that requires your sending a courier, please do so. The Court has ordered a narrow window to complete discovery and we have upcoming discovery work and depositions that require complete production from Coffee County before they are taken. The last production of the video to us was unacceptably late and slowed further by your clients failing to meet the overnight delivery deadline.

Can I get your assurance that the complete sets of supplemental documents will be produced by close of business tomorrow in Atlanta?

Thanks,

Bruce

---

**From:** Cross, David D. <DCross@mofo.com>
**Sent:** Thursday, September 15, 2022 11:43 AM
**To:** Jennifer Dorminey Herzog <jherzog@hallboothsmith.com>; Bruce Brown

<bbrown@brucebrownlaw.com>
**Cc:** Coalition for Good Governance <Marilyn@USCGG.org>; Conaway, Jenna B.
<JConaway@mofo.com>; Ascarrunz, Veronica <VAscarrunz@mofo.com>; Nick Kinsley
<NKinsley@hallboothsmith.com>; Stephen Delk <SDelk@hallboothsmith.com>; Anthony A. Rowell
<ARowell@hallboothsmith.com>
**Subject:** RE: Curling v. Raffensperger - Coffee County BOE Subpoena for Documents

Jennifer - can you specify what supplemental records you expect to produce and when? We are trying
to be patient, understanding that your client is a third-party, but it has been months since we served
the document subpoenas and weeks since you agreed to supplement the production. We need
everything by end of day tomorrow given the little time we have to complete this discovery, or we will
need to take the issue to the court on an emergency basis at your client's expense. We are simply out
of time to wait any longer, and your client has had more than sufficient time to fully comply.

Best,
DC

---

**From:** Cross, David D. <DCross@mofo.com>
**Date:** Thursday, Sep 15, 2022, 11:35 AM
**To:** Jennifer Dorminey Herzog <jherzog@hallboothsmith.com>, Bruce Brown
<bbrown@brucebrownlaw.com>
**Cc:** Coalition for Good Governance <Marilyn@USCGG.org>, Conaway, Jenna B. <JConaway@mofo.com>,
Ascarrunz, Veronica <VAscarrunz@mofo.com>, Nick Kinsley <NKinsley@hallboothsmith.com>, Stephen Delk
<SDelk@hallboothsmith.com>, Anthony A. Rowell <ARowell@hallboothsmith.com>
**Subject:** RE: Curling v. Raffensperger - Coffee County BOE Subpoena for Documents

Hi Jennifer - you wrote on August 30 that you were working on producing the attachments. We've
never received them. If you sent them, they did not make it to us. Can you please send them today?

Thanks.
DC

---

**From:** Jennifer Dorminey Herzog <jherzog@hallboothsmith.com>
**Date:** Thursday, Sep 15, 2022, 11:05 AM
**To:** Cross, David D. <DCross@mofo.com>, Bruce Brown <bbrown@brucebrownlaw.com>
**Cc:** Coalition for Good Governance <Marilyn@USCGG.org>, Conaway, Jenna B. <JConaway@mofo.com>,
Ascarrunz, Veronica <VAscarrunz@mofo.com>, Nick Kinsley <NKinsley@hallboothsmith.com>, Stephen Delk
<SDelk@hallboothsmith.com>, Anthony A. Rowell <ARowell@hallboothsmith.com>
**Subject:** RE: Curling v. Raffensperger - Coffee County BOE Subpoena for Documents

**External Email**

Good morning, we are working in earnest on supplementation and do expect to have further records to provide. However, David I believe we did previously provide the missing email attachments already. Will you please confirm what you believe you are still missing as far as those attachments and advise and will be glad to follow up. Thanks.

**Jennifer Dorminey Herzog**
Attorney at Law | Hall Booth Smith, P.C.

| **O:** 229.382.0515 | 1564 King Road |
|---|---|
| **D:** 229.339.8856 | Tifton, GA 31793 |
| | hallboothsmith.com |



ALABAMA | ARKANSAS | COLORADO | FLORIDA | GEORGIA
MONTANA | NEW JERSEY | NEW YORK | OKLAHOMA
NORTH CAROLINA | SOUTH CAROLINA | TENNESSEE

CONFIDENTIALITY NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy the original message and any copies.

**From:** Cross, David D. <DCross@mofo.com>
**Sent:** Wednesday, September 14, 2022 9:20 PM
**To:** Bruce Brown <bbrown@brucebrownlaw.com>; Jennifer Dorminey Herzog <jherzog@hallboothsmith.com>
**Cc:** Coalition for Good Governance <Marilyn@USCGG.org>; Conaway, Jenna B. <JConaway@mofo.com>; Ascarrunz, Veronica <VAscarrunz@mofo.com>
**Subject:** RE: Curling v. Raffensperger - Coffee County BOE Subpoena for Documents

Jennifer -

Curling Plaintiffs also have long outstanding requests addressing significant deficiencies with your production, including for example missing email attachments that you agreed to produce weeks ago. Those requests are reflected in prior correspondence. Given the substantial time and money we've spent having to chase down highly relevant discovery from your client, in the face of repeated inaccurate claims that the discovery did not exist (such as the belatedly-produced surveillance video), we will seek our fees and costs should we be forced to file a motion to compel with the Court.

Best,
DC

**From:** Bruce Brown <bbrown@brucebrownlaw.com>
**Date:** Wednesday, Sep 14, 2022, 9:12 PM
**To:** Jennifer Dorminey Herzog <jherzog@hallboothsmith.com>

**Cc:** Coalition for Good Governance <Marilyn@USCGG.org>, Cross, David D. <DCross@mofo.com>, Conaway, Jenna B. <JConaway@mofo.com>
**Subject:** Re: Curling v. Raffensperger - Coffee County BOE Subpoena for Documents

==External Email==

---

Jennifer,

This is a final attempt to confer to avoid filing a motion to compel production of documents in response to the subpoenas served by Plaintiffs. Coalition Plaintiffs have communicated their concerned repeatedly about the Board of Elections and Registration's failure to produce all responsive records in its control.

My email of September 8, 2022, below, listed categories of responsive documents that were not produced by your clients. We have not received a substantive response to that email.

The three categories of documents are: 1) documents reflecting threatened litigation and Ms. Hampton's termination (subjects of the February 24, 2021 Board Meeting); 2) Board members' communications, and 3) video records from the election office.

*Threatened litigation.*  There are repeated references to threatened litigation in February 24, 2021 board communications produced by Misty Hampton and in the posted public announcement of the February 25, 2021 Special Meeting and Executive Session.  The agenda for the meeting , however, is no longer visible on the county website. The Board of Elections apparently went into Executive Session to discuss such litigation. As held in *Claxton Enter. v. Evans Cty. Board of Commissioners,* 249 Ga. App. 870, 874 (2002), attached, such threatened litigation must be evidenced by realistic written possibility of litigation before a meeting can be closed to consider the matter. Therefore, we expect that such documentation exists and, therefore, your client must produce it.

With respect to any potential claims of privilege with respect to the threatened litigation or discussion of the evidence to discussed by the board, please note that the requirements for a closed door meeting of the board is not permitted for hearing evidence related to employee termination (O.C.G.A.§ 50-14-3(6)), nor the discussion of undocumented threatened litigation. Further it appears that there is no affidavit, as required by §50-14-4(b), certifying that the closed meeting met the legal requirements. In short, the full contents of the February 25, 2021 meeting should be disclosed both in documents and future live testimony.

*Board Member communications.*  As explained in my September 8 email, your clients did not produce the highly relevant responsive records of text message exchanges among board members on Exhibit 15 on the topic of threatened litigation. Especially relevant is the fact that decisions of the Board of Elections and Registration were being made by an unnoticed electronic meeting, yet the communications were not produced. Please immediately remedy all failures to produce these and other responsive documents.

*Video.* Mr. Stone testified to the fact that he had reviewed video surveillance records that were not the same video records that were shown as still shots in the deposition. [Transcript page 16]  He indicated that the video records he referenced were on the desktop of the county manager. We assume that interior office video recordings existed and reviewed by management and possibly the board members related to the election staff termination. It seems unlikely that such video records would have been destroyed. We insist that your clients produce all video for the requested period November 1, 2020 through June 30, 2021, no matter who has custody of those video records currently, whether the custodians are vendors, officials, county management, or attorneys.

In summary, it is imperative that Coffee County Board of Elections and Registration and Coffee County management and their representatives produce all responsive documents with no more delay.  If we do not receive the responsive documents immediately, we will be forced to seek relief from the Court.

Thanks,

Bruce

---

**From:** "bbrown@brucepbrownlaw.com" <bbrown@brucepbrownlaw.com>
**Date:** Thursday, September 8, 2022 at 12:44 PM
**To:** Jennifer Dorminey Herzog <jherzog@hallboothsmith.com>
**Cc:** Coalition for Good Governance <Marilyn@USCGG.org>, "Cross, David D." <DCross@mofo.com>, "Conaway, Jenna B." <JConaway@mofo.com>
**Subject:** Curling v. Raffensperger - Coffee County BOE Subpoena for Documents

Jennifer,

I'm writing to request your clients' complete and immediate compliance with the document subpoenas issued by Coalition Plaintiffs for any documents relating to the access to "Coffee County's Election System, EMS Servers and Election Data," the persons involved in such access, what devices were accessed, any communications relating to such access, and Misty Hampton's termination.  (*See, e.g.* Subpoena, Paragraphs 4, 6, 9, 11, 14, 15, 26 and 44).

As explained in greater detail below, though other documents may be missing from Coffee County BOE's production, this request is focused on the following three categories of documents: (a) documents reflecting or relating to pending or threatened litigation that were the subject matter of communications between the Commissioners on February 24, 2021, or the special meeting of the Board of Commissions on February 25, 2021 (the same day Misty Hampton was terminated); (b) text message exchanges or other written communications among board members and (c) video surveillance records that exist for the election office area for the period November 1, 2020 through June 30, 2021, including interior office and exterior video records.

    a.   *Threatened litigation and Hampton's employment termination*

Please see the text message attached between Ms. Hampton and the Board of Elections on February 24, 2021.  (It was introduced as Exhibit 15 in the county's 30(b)(6) deposition.) Ms. McCullough references a "new lawsuit" and another possible lawsuit.  He goes on to say that Tony (presumably Tony Rowell) was notified of the threatened or pending litigation. Plaintiffs have received no documents from you referencing this threatened or pending litigation.

In text messages exchanged between Ms. Hampton and Mr. Chaney February 24  at 10:53 pm (Exhibit 14 ), Hampton notes that there is a special called meeting of the Board of Commissioners for February 25, 2021, and screen shots the agenda related to potential litigation and employment-related issues. Hampton raises the question of the need for a resignation letter. Given that February 25 was the date of Ms. Hampton's termination, the subject of the meeting was Ms. Hampton and Ms. Ridlehoover's employment and we are entitled to discovery to determine whether the potential litigation relates to the unauthorized access to the voting system.  The meeting agenda seems to have been since removed from the county's website.
Please provide all responsive documents, including materials from the Board of Commissioner's Executive Session and documents related to decisions made during the Executive Session or public portion of the meeting that presumably followed.

Please produce all documents, including communications, transmitting any decisions or recommendations of the Board of County Commissioners to the Board of Elections and Registration related to the topics of such threatened litigation or Hampton's termination.

Also please provide any non-privileged documents and communications related to then-pending or threatened litigation referenced in the February 24 communications of the Board of Elections members, including communications from third parties. Coalition Plaintiffs request that your office immediately produce such documents.  If any are withheld because of a claim of privilege, please provide an appropriate log.

*b.*    *.BOER's communications*

Your clients did not produce the highly relevant responsive records of text message exchanges among board members on Exhibit 15 on the topic of threatened litigation. Especially relevant is the fact that decisions of the Board of Elections and Registration were being made by an unnoticed electronic meeting, yet the communications were not produced. Please immediately remedy all failures to produce these and other responsive documents.

    c.   *Video Records*

Your clients' late production of relevant emails and security video only after being asked numerous times prejudiced Plaintiffs' ability to research the facts and conduct other timely discovery.  Please produce ***all*** responsive documents immediately, including additional video surveillance records for the election office area for the period November 1, 2020 through June 30, 2021, including interior office and exterior video records. All interior office video recordings referenced or reviewed in the consideration of Ms. Hampton's discipline or termination would

have been preserved as were the exterior door videos. Such videos may also include the capture of unauthorized access of the voting system.

Please note that late emails produced include an Open Records Request by Ms. Hampton for *all* election office video through February 25, 2021.  The video finally produced to Plaintiffs, however,  ended on February 19, 2021. There is no indication in the correspondence between the County and Ms. Hampton that all video requested was not produced for the dates requested by Ms. Hampton. Please thoroughly search the files of the Board of Elections, Coffee County government, and third party vendors or agents for all videos (interior and exterior) of the election office during the time frame.  Such videos may include evidence of activity related to unauthorized access of equipment, including EMS password changes (Subpoena Paragraph 26), and replacement of the EMS server. It is imperative that county management, the public records officer, attorneys, and vendors do a thorough search of all video files for this footage and that you produce such records promptly.

Jennifer, we appreciate your work on this in the past, but do need your clients' full compliance immediately.

Thanks,
Bruce

=========================================================================

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email. Learn about Morrison & Foerster LLP's Privacy Policy.
.

=========================================================================

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email. Learn about Morrison & Foerster LLP's Privacy Policy.
.

EXHIBIT

3



April 13, 2023

By Email

Jennifer Dorminey Herzog
Anthony A. Rowell
Stephen D. Delk
Hall Booth Smith, P.C.
1564 King Road
Tifton, Georgia 31793

      Re: *Curling v. Raffensperger,* Subpoena to Eric Chaney

Dear Ms. Herzog and Mr. Rowell and Mr. Delk:

      I represent the Coalition Plaintiffs in this case and write to follow up on Eric Chaney's response to Coalition Plaintiffs' July 22, 2022, document subpoena, a copy of which is attached as Exhibit 1.  The response was signed by Mr. Rowell and Ms. Herzog.  I am copying Mr. Delk because he represented Mr. Chaney in his deposition.

      In his response to the subpoena, and in his deposition, Mr. Chaney said that he had no documents responsive to the subpoena. In response to an Open Records Request to Coffee County, however, CGG received a copy of a May 2, 2022, email from Washington Post reporter Emma Brown to Mr. Chaney, Ms. Herzog, Mr. Rowell, and county manager Wesley Vickers (Exhibit 2). Ms. Brown's email to Mr. Chaney was clearly responsive to the subpoena, items 3, 4, 7, 8, 9, 12, 13, 15, and 16.  The email relates to Mr. Chaney's presence at the elections office during Scott Hall's visit and references text messages Ms. Brown had obtained from Misty Hampton. This followed the April 12, 2022, email from Ms. Brown to Mr. Rowell, Ms. Herzog and Mr. Vickers with other details concerning the alleged copying of the Dominion system when Mr. Chaney was present. Coffee County produced the April 12 email prior to Mr. Chaney's deposition, but the May 2, 2022, email was not produced.

Ms. Herzog and Mr. Rowell
 and Mr. Delk
April 13, 2023
Page 2

        The failure to produce Ms. Brown's email is particularly troubling
because it was in the possession of not only Mr. Chaney, but his lawyers at
Hall Booth (Ms. Herzog and Mr. Rowell) and County Manager Vickers.  In
addition, Ms. Brown's email would have generated other email or text
message traffic, either in response to her email or the forwarding of it by you
to others.  Those other documents also were not produced.  In addition, this
email, along with any other documents that it would have generated, should
have been produced in response to Ms. Marks' June 13, 2022, Open Records
Request, item 3.

        In discovery, CGG also received copies of documents from other parties
that should have been produced by Mr. Chaney or Hall Booth on his behalf.
For example, Exhibit 3 was produced by Misty Hampton and shows
December 2020 texts messages between Mr. Rowell, Mr. Chaney, Ms.
Hampton and Mr. Voyles.  Mr. Chaney had these text messages in his
possession or control, either directly or through his counsel at Hall Booth,
and these texts should have been produced in response to the subpoena,
items 2, 10, 22 and 25.

        Given the content of Ms. Brown's email, and its distribution, it is
almost a certainty that Hall Booth, the County, and Mr. Chaney have other
responsive documents that have not been produced.

        I urge you to promptly review Hall Booth's records for all documents
responsive to the subpoena served on Mr. Cheney, whether those records are
located on the firm's email server or private email accounts or personal
devices, and to produce any such documents without delay.

        Also, we request that you ask Mr. Chaney to again review his records
(including emails and text messages) and to produce documents responsive to
the subpoena.  Without limiting this request, we specifically request that Mr.
Chaney locate and produce an email or other communication (and related
documents) sent on or about December 31, 2020.  Preston Haliburton was
one intended recipient. Ms. Hampton was likely the originator of the email,
with Mr. Chaney receiving a copy.

Ms. Herzog and Mr. Rowell
 and Mr. Delk
April 13, 2023
Page 3


    Finally, we ask that Coffee County review the subpoenas served on
Coffee County and its officials to ensure that all responsive records have been
produced.

    Please let me know if you have any questions.


                            Sincerely,

                            Bruce P. Brown

cc:   Marilyn R. Marks
      David Cross

# EXHIBIT 1

**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA**

DONNA CURLING, et al.     )
                           )
      Plaintiffs      )     Civil Action No.
                           )     1:17-cv-02989-AT
                           )
BRIAN P. KEMP, et al.,     )
                           )
      Defendants     )

**CHANEY RESPONSE TO CGG SUBPOENA
FOR PRODUCTION OF DOCUMENTS**

Eric Chaney provides the following response to the Subpoena for Production of Documents issued to Chaney by Counsel Bruce Brown for his client Coalition of Good Governance scheduled for August 15, 2022, as follows:

1.    All Documents, including Communications, referencing, including or referring to Ben Cotton or CyFIR,LLC.

**Response: None.**

2.    All Communications, including text messages, with Misty Hampton related to, referencing, or regarding Coffee County election matters, including election records, election activities, or Election System components.

**Response: None.**

1

3.     Documents that evidence, refer to, or reflect approximately when any Access to Coffee County's Election System, EMS Servers and Election Data took place or was requested.

**Response: None.**

4.     Documents that evidence, refer to, or reflect the Persons involved in any way, or who have knowledge of, any Access to Coffee County's Election System, EMS Servers and Election Data, including, but not limited to, Persons who requested, organized, planned, communicated about, led, participated in, financed, compensated any Persons who were present, reimbursed expenses, or were present on the day of, or have knowledge of such events.

**Response: None.**

5.     Documents that evidence, refer to, or reflect what data, systems, components, hardware, ballots, or processes were imaged, copied, reviewed or accessed during any Access to Coffee County's Election System and EMS Servers, including requests for such activities or access approved by an election official or the Coffee County Superintendent.

**Response: None.**

6.     All electronic files, including but not limited to election data, server images, images of equipment internal memory, removable media, or ballot scans or

images, obtained by Persons who were not Georgia election officials during any Access to Coffee County's Election System, EMS Servers and Election Data.

**Response: None.**

7.      Documents showing Your involvement in, knowledge of, or observation of, any planned or actual Access to Coffee County's Election System, EMS Servers and Election Data.

**Response: None.**

8.      Without limiting the generality of the foregoing, any Documents, including Communications, relating to, reflecting, or evidencing any trip taken by Scott Hall, Paul Maggio, Russell Ramsland, Greg Freemeyer, Conan Hayes, Doug Logan, Ben Cotton, Jennifer Jackson, or Jeffrey Lenberg, to Coffee County, Georgia, between November 1, 2020 and January 30, 2021.

**Response: None.**

9.      All Documents that evidence, refer to, or reflect any Communications (oral, electronic or written) by or between You and  the Secretary of State, the State Elections Board and its members, Coffee County officials and employees, other Georgia counties' officials, or other third parties relating to any Access to Coffee County's Election System, EMS Servers and Election Data, including any Communications concerning the equipment images, ballot images, or electronic

files obtained during any Access to Coffee County's Election System, EMS

Servers and Election Data.

**Response: We object to this request to the extent that this request seeks**

**attorney client privileged communications and/or attorney work product;**

**subject to said objection and without waiving same, Chaney responds as**

**follows: Chaney has no additional documents of which he is aware to provide**

**in response to this request outside of what has been previously provided to**

**Marilyn Marks, which Plaintiffs have previously agreed need not be re-**

**produced.**

10.    All Documents that evidence, refer to, or reflect any actual or

potential security vulnerabilities, risks, failings, deficiencies, concerns, complaints,

hacks, tabulation discrepancies, scanning discrepancies, or compromises involving

any aspect of Coffee County's Election System, including but not limited to any

computer systems or network environments that support the operation of the

Election System.

**Response: We object to this request to the extent that this request seeks**

**attorney client privileged communications and/or attorney work product;**

**subject to said objection and without waiving same, Chaney responds as**

**follows: Chaney has no additional documents of which he is aware to provide**

**in response to this request outside of what has been previously provided to Marilyn Marks, which Plaintiffs have previously agreed need not be re-produced.**

11.    All Documents that evidence, refer to, or reflect any Communications by or between You, the Secretary of State, the State Elections Board and its members, other Georgia counties' officials, and/or other third parties, regarding this litigation, or any governmental agency's investigation of matters involving or related to the Coffee County EMS server.

**Response:   We object to this request to the extent that this request seeks attorney client privileged communications and/or attorney work product; subject to said objection and without waiving same, Chaney responds as follows: Chaney has no additional documents of which he is aware to provide in response to this request outside of what has been previously provided to Marilyn Marks, which Plaintiffs have previously agreed need not be re-produced.**

12.    All Documents that evidence, refer to, or reflect any copying of, imaging of, access to, or any request to copy or access any component of Georgia's Election System, any data located on any such component, or voted ballots, that

was not duly authorized by one or more Georgia state election officials with authority to lawfully allow such access.

**Response: None.**

13.　All Documents that evidence, refer to, or reflect any Communications between You and Scott Hall, Misty Hampton, Patrick Byrne, Cathy Latham, Matthew McCullough, Jil Ridelhoover, Rudy Giuliani, Jenna Ellis, Alex Cruce, Garland Favorito, Robert Cheeley, Lin Wood, Doug Logan, Sidney Powell, Russell Ramsland, Mark Cook, Paul Maggio, Greg Freemeyer, Jennifer Jackson, Conan Hayes, Phil Waldron, Michael Flynn, Jeffrey Lenberg, Ben Cotton, Shawn Still, any member of the Georgia General Assembly serving during 2020, or other third parties concerning providing any Person with access to Coffee County's EMS server in any way or obtaining copies of Georgia voted ballots from the November 2020 election.

**Response: None.**

14.　All Documents, including Communications, that evidence, refer to, or reflect the approximate date and circumstances that evidence receipt of Doug Logan's (Cyber Ninjas) business card by the Coffee County Board of Elections and Registration or its employees, and all Communications with Doug Logan.

**Response: None.**

15.     All Documents that evidence, refer to, or reflect Communications between You and any Person referencing the names of files or data such Person sought to obtain for forensic analysis of Coffee County Election System equipment involved in the November 2020 election.

**Response: None.**

16.     All Documents that evidence or refer to relate to any violation of State Elections Rules relating to the security of voting system components at county election offices, including but not limited to State Election Board Rule 183-1-12-.05.

**Response: None.**

17.     All Documents that evidence names of any passengers for a flight on a private aircraft from Atlanta, Georgia to Coffee County, Georgia, or from Coffee County to Atlanta, on January 7, 2021.

**Response: None.**

18.     All Documents that evidence, refer to, or reflect any Communications between You and Scott Hall, Cathy Latham, Misty Hampton, Matthew McCullough, Paul Maggio, Jennifer Jackson, Jeffrey Lenberg, Russell Ramsland, Ben Cotton, Doug Logan, Greg Freemeyer, Conan Hayes, or Patrick Byrne related to any Person visiting the Elections Office of Coffee County, Georgia for any

purpose other than voting or noticed public meetings during the period November

1, 2020 through February 27, 2021.

**Response: None.**

19.    All Documents, including Communications, that refer to or reflect any

request You received for November 2020 Cast Vote Records.

**Response: None.**

20.    All Documents, including photographs or video recordings You made,

that reflect, disclose or include any Election System passwords, and any efforts

You made to mitigate the security concerns as a result of any password disclosure.

**Response: None.**

21.    All Documents, including Communications, that refer to or reflect any

problems with the EMS server password, or efforts made to change, update, or

recover the password of the Coffee County EMS server or ICC Scanner

workstation, or instructions from the Secretary of State concerning such

passwords.

**Response: None.**

22.    All Documents, including Communications, that evidence, refer to, or

reflect activities conducted in conjunction with the Secretary of State's Coffee

County December 2020 investigation of the presidential recount and certification, including the involvement of school students.

**Response: None.**

23.     All Documents, including any Documents reflecting or evidencing Communications with Cathy Latham or  Shawn Still, or his agents or representatives, that concern, relate to or refer to an election contest challenging the 2020 Presidential election.

**Response: None.**

24.     All Documents that evidence financial transactions, expense reimbursements, financial compensation, or arrangements with respect to or related to Access to Coffee County's Election System, EMS Server and Election Data.

**Response: None.**

25.     All Documents that evidence or support Your statements or Communications to any committee or sub-committee of the Georgia General Assembly during the period November 1, 2020 through December 31, 2020.

**Response: None.**

26.     All Documents that evidence "both sides of the story" You reportedly referenced in the June 15, 2022 Daily Beast article linked here:

https://www.thedailybeast.com/subpoenas-probe-gop-mission-to-breach-georgia-voting-system .

**Response: None.**

27.     All Documents, including Communications, that support or evidence statements you made to any Person that a claim that the contents of Coffee's EMS server are subject to disclosure in Open Records Requests.

**Response: None.**

This 14th day of August, 2022.

> **HALL BOOTH SMITH, P.C.**
>
> /s/ Anthony A. Rowell
> ANTHONY A. ROWELL
> Georgia Bar No.: 616930
> STEPHEN D. DELK
> Georgia Bar No. 448395
> JENNIFER D. HERZOG
> Georgia Bar No. 109696
> NICHOLAS A. KINSLEY
> Georgia Bar No.: 273862
>
> *Counsel for Coffee County*
> *Board of Elections & Registration*

1564 King Road
Tifton Georgia 31793
(229) 382-0515 – Telephone
(229) 382-1676 – Facsimile
Email: arowell@hallboothsmith.com
Email: sdelk@hallboothsmith.com
Email: jherzog@hallboothsmith.com
Email: nkinsley@hallboothsmith.com

# EXHIBIT 2

Message # 44

| | |
|---|---|
| Message Key: | 000007E63B6861AD63C5A4F604E366AA98E24FDAB6953A74340CE580B80E875A2 AC636DF |
| From: | "Brown, Emma" <Emma.Brown@washpost.com> |
| To: | Jennifer Dorminey Herzog <jherzog@hallboothsmith.com>,"ericchaney80@gmail.com" <ericchaney80@gmail.com> |
| Cc: | "Vickers, Wesley" <Wesley.Vickers@coffeecounty-ga.gov>, "Anthony A. Rowell" <ARowell@hallboothsmith.com> |
| Addressed To: | wesley.vickers@coffeecounty-ga.gov |
| Subject: | Re: Response to 4/12/22 Emma Brown Washington Post inquiry |
| Date: | Monday, May 02, 2022 13:28 GMT |

Dear Ms. Herzog, Mr. Chaney, Mr. Vickers and Mr. Rowell,

On April 12, you sent me Mr. Chaney's response to my questions about his involvement in an alleged effort to copy election equipment/data in Coffee County. I have shared Mr. Chaney's response with Misty Hampton, and I am coming back to you all now with further questions.

Ms. Hampton says that when Scott Hall came to the elections department with an outside team to investigate the election, she, Mr. Hall and Mr. Chaney stayed in a conference room and did not keep a close eye on where the members of Mr. Hall's team went. As I described in my April 12 email, she also says she does not know what the team did while they were there, in an area where the door to the room housing the EMS server was usually unlocked.

Ms. Hampton also provided copies of text messages between herself and Mr. Chaney. In a message on the afternoon of Jan. 6, 2021, she wrote to Mr. Chaney that Scott Hall was on the phone about "wanting to come scan our ballots from the general election like we talked about the other day" (emphasis mine). She wrote that she would call Mr. Chaney "in a few," and later that night they exchanged messages about what Ms. Hampton described as her discovery of "another way to change ballots in RTR."
The next day, Mr. Chaney texted Ms. Hampton, "Let's switch to Signal," meaning the encrypted messaging app.

Here are my questions for Mr. Chaney given the above:

Please describe your conversations with Ms. Hampton and Mr. Hall about scanning Coffee County's ballots to investigate the election. Who else did you discuss this with? What other materials and data from Coffee County did you discuss would be useful for investigating Dominion machines?

Why did you ask Ms. Hampton to start communicating via Signal on Jan. 8, 2021?

Please respond to Ms. Hampton's statement that you were present in a conference room with her and Mr. Hall while several other people -- the people who were brought to Coffee County by Mr. Hall -- were in the elections department office.

What information did you hope to glean from the investigation by Mr. Hall's team?

What did Mr. Hall's team do while they were in the office? Did they scan ballots? Did they copy Dominion equipment?

I would be grateful for your response by close of business today. Thank you.

Sincerely,
Emma Brown
202-674-5934

_____

From: Jennifer Dorminey Herzog <jherzog@hallboothsmith.com>
Sent: Tuesday, April 12, 2022 3:43 PM
To: Brown, Emma <Emma.Brown@washpost.com>
Cc: Vickers, Wesley <Wesley.Vickers@coffeecounty-ga.gov>; Anthony A. Rowell <ARowell@hallboothsmith.com>
Subject: Response to 4/12/22 Emma Brown Washington Post inquiry

CAUTION: EXTERNAL SENDER

Dear Ms. Brown,


We are in receipt of your correspondence this morning at 5:05 a.m. which is below.  The specific details set forth therein were unknown to the Coffee County Board of Commissioners until receipt of your email.  Accordingly, we forwarded your communication to Mr. Chaney.  I have provided below Mr. Chaney's response to Ms. Hampton's statement.

# EXHIBIT 3

Messages - Eric Chaney & Tony Rowell & Ed Voyles

Text message
12/9/20, 9:02 AM

Ed Voyles

https://twitter.com/gatewaypundit/status/1336662552743383040?s=10

12/9/20, 1:13 PM

Ed Voyles



12/9/20, 9:15 PM



Ed Voyles

Omg

12/10/20, 9:37 PM

Ed Voyles

https://trulytimes.com/election-supervisor-shows-on-video-how-
dominion-software-allows-changing-adding-votes.html

Tony Rowell

Good article

Eric Chaney

Like it

Page 1 of 7

Messages - Eric Chaney & Tony Rowell & Ed Voyles



I have my own #

Ed Voyles

You're famous!

12/15/20, 6:00 PM

Ed Voyles

https://twitter.com/codemonkeyz/status/1338981309088055296?s=10

Ed Voyles

Dang massive number was adjudicated listen to first part carefully

Ed Voyles



Messages - Eric Chaney & Tony Rowell & Ed Voyles

Ed Voyles

CEO said under oath today never associated with hacked solar winds but....

12/17/20, 9:39 AM

Ed Voyles

'I think this is horrible': False online claims surrounding the recounting of presidential election ballots in Georgia's Gwinnett County foster potential violence https://www.wsj.com/articles/as-georgia-runoff-looms-a-controversial-video-seeds-threats-11608210530?st=3sw1z6d1d0682do&reflink=article_imessage_share

Ed Voyles

https://twitter.com/wizard_predicts/status/1339584809564172294?s=10

Ed Voyles



Ed Voyles

https://twitter.com/anonpatriotq/status/1339577323826245632?s=10

Eric Chaney

Right on time

Ed Voyles

Ref ga video unable to repeatedly duplicate credible ......

Are you watching it?

Messages - Eric Chaney & Tony Rowell & Ed Voyles

Ed Voyles
No

Ed Voyles
Didnt look at date on docket just that it is on docket

Ed Voyles
Suit is there to read

Wow!

Eric Chaney
Watch "Harrison Deal Investigator Found Dead in Home - James O'Sullivan's Death - GBI" on YouTube https://youtu.be/4I1fpwrGtEY

Ed Voyles
Kim n and I were talking about that last night. Why commit suicide?

That don't make sense

Eric Chaney
This all smells bad!

Yelp

Eric Chaney


Where is that

Eric Chaney
Valdosta

Messages - Eric Chaney & Tony Rowell & Ed Voyles

Ed Voyles



Ed Voyles

Great video

12/17/20, 4:42 PM

Ed Voyles

Hey you three. After Misty had a positive test I went to be tested here in Co yesterday. Just got back results that were negative. I'll bet Tony and Eric are too.

Eric Chaney

PTL

12/17/20, 6:19 PM

PTL!!!

12/18/20, 9:03 AM

Ed Voyles

https://twitter.com/bernardkerik/status/1339921449788841984?s=10

Yelp! I remember that



Ed, can you dig and find out if this is true

Ed Voyles

I'll try to get to bottom today. I knew she had been arrested in years past on unrelated charges

Messages - Eric Chaney & Tony Rowell & Ed Voyles

Ed Voyles

America Needs to Go Back to Paper Elections: Phill Kline

https://link.theepochtimes.com/mkt_app/america-needs-to-go-back-to-paper-elections-phill-kline_3623106.html

Download our app to read more for free at https://ept.ms/DownloadApp

Remember that is what I said

Ed Voyles

You certainly did!

Eric Chaney



Ed Voyles

https://consparty.com/2020/12/18/revealed-former-kemp-staffer-helped-dominion-land-107-million-contract-with-georgia-quite-the-deal/

Wow

12/18/20, 8:48 PM

Eric Chaney



Eric Chaney



Eric Chaney

In case you didn't know.. his filter is off

Messages - Eric Chaney & Tony Rowell & Ed Voyles

Ouch!!!

Ok Donnie giving him hell! Love it

12/23/20, 9:18 AM

Ed Voyles
Go look at my response to ganriel

Ed Voyles
https://twitter.com/wizard_predicts/status/1341573369800646657?s=10

Right on!!!



Ed Voyles



PERFECT!!!!

They are having a hearing in front of the house committee again, in front of the same guy that Eric did, and just lied about Coffee County. They said that I admitted to scanning 50 ballots twice! And never mentioned dominion making the mistake

The SOS lied about me!

Ed Voyles
Yes I saw it SOS attorney Germany told several whoppers. No one is under oath so the whole thing is useless

Tony.... can I ask for a report from the investigation?

This guy is full of SHIT!

12/23/20, 11:50 AM

Raffensdoooger can no even talk! And wants the  power to be able to FIRE BOARDS OF ELECTIONS AND ELECTIONS DIRECTORS.

EXHIBIT

4



May 17, 2023

By Email

Jennifer Dorminey Herzog
Hall Booth Smith, P.C.
1564 King Road
Tifton, GA 31793

Re: Discovery Response Deficiencies and Request for Corrections

Dear Jennifer:

Over the last few weeks Plaintiffs in the Curling case have been disappointed to learn in bits and pieces from various sources that certain of the responses of Coffee County Board of Elections ("Coffee") to our subpoenas and public records requests were incomplete and inaccurate.

Before filing a motion to compel or motion for sanctions, we want to again request full compliance with the subpoenas and related public records requests. We make the following specific requests:

a) Please thoroughly review Coffee's responses to the document subpoenas served on Coffee by the Coalition and Curling Plaintiffs (attached as Exhibits 12 and 13) and ensure *all* responsive documents including relevant attachments have been produced to us no later than May 22, 2023. In particular, please review the files of Hall Booth Smith, which, as Coffee's agent, has documents that are within the scope of the subpoenas that must be produced; and

b) Please review the 30(b)(6) testimony of Mr. Wendell Stone with him and your colleagues at Hall Booth Smith for accuracy and completeness, including the relevant knowledge and information possessed at the time by Hall Booth Smith attorneys in their role as counsel to Coffee, and inform us of any inaccuracies.

Ms. Jennifer D. Herzog
May 17, 2023
Page 2

The examples below illustrate the deficiencies in Coffee's responses and explain the basis for our concern.   These are only examples; our inquiry is in no way limited to these particular topics.  In addition, we cite below to specific paragraphs of the subpoenas to which these documents were responsive; however, in most instances these documents were responsive to a number of different, overlapping subpoena items or other requests:

1.      In your September 16, 2022 letter to me, you stated that there was no meeting of the Coffee Board of County Commissioners on February 25, 2021.  (Exhibit 1) That statement was repeated in a May 1, 2023 email to Ms. Aileen Nakamura, a member of CGG. (Exhibit 2) However, two witnesses have independently confirmed that the meeting on February 25, 2021 included County Commissioners and Board of Election members.  It is our understanding that the joint meeting addressed the departure of Ms. Hampton and Ms. Ridlehoover from their roles in the election office. All documents related to that meeting were clearly required to be produced in response to the Coalition subpoena.

2.      From third parties, we obtained communications from former Coffee Elections Director James Barnes (who succeeded Hampton) to the Secretary of State that obviously should be produced.   For example:

a)  A May 24, 2021 email from James Barnes to the Secretary of State's office relates to the password change and Mr. Barnes's inability to access the EMS system. (Exhibit 3) This document is directly responsive to Coalition subpoena item #27.

b)  An August 24, 2021 email from James Barnes to Secretary of State investigator Josh Blanchard encloses a detailed memo by Barnes on the state of the voting system equipment and security lapses that he reportedly found upon his employment in the elections office in April 2021. (Exhibit 4)

It is very troubling that these Barnes communications to the Secretary of State were either not found by your office in your search of Coffee's records or, worse, were found and not produced.  Moreover, given the content of these messages, it is highly likely (indeed almost certain) that there are other unproduced records including communications between Barnes and the

Ms. Jennifer D. Herzog
May 17, 2023
Page 3


Secretary of State on these topics; they do not appear to be one-off emails from Barnes unprompted by other communications with the Secretary of State. There may also be related internal Coffee emails given the communications to the Secretary of State. Had these been produced in a timely manner, we would have been able to examine Mr. Barnes and the SOS representatives about them during their depositions.

      3.      A March 28, 2022 email to Wesley Vickers from Emma Brown of the Washington Post seeks information concerning allegations of unauthorized access to the voting system. (Exhibit 5) That email was not produced but is responsive to Coalition Plaintiff's subpoena items numbers 12 and 15.

      4.      An April 11, 2022 text message exchange between you and Ryan Germany, then General Counsel of the Secretary of State's office, referencing a planned Washington Post story on the voting system breach (Exhibit 6) is directly responsive to Coalition subpoena # 11.  Coffee did not produce these records.  Again, documents in your firm's possession are within the scope of the subpoena and must be produced.

      5.      A May 2, 2022 email from Emma Brown at Washington Post to Election Board member Wendell Stone asks about Mr. Stone's potential knowledge of the breach of the voting system. (Exhibit 7) This document was responsive to Coalition subpoena item #11 but was not produced.

      6.      A May 2, 2022 email to you and Coffee County from Emma Brown details the reported content of text messages between Ms. Hampton and Mr. Chaney prior to the breach, and other reported details of the breach. (Exhibit 8) Coffee did not produce this email although it is responsive to Coalition document subpoena item #6.

      7.      A July 15, 2022 email from election supervisor Rachel Roberts to the Secretary of State staff includes her inquiry about whether the reported breach of the system required equipment recertification, and related email threads. (Exhibit 9) The email thread was not produced in response to Coalition Plaintiffs' subpoena items numbers 11 and 12.

Ms. Jennifer D. Herzog
May 17, 2023
Page 4

    8.    We were told repeatedly for months that the interior security
videos did not exist, and you maintained that position until September 16,
2022, *after* Mr. Stone testified in his September 1, 2022, 30(b)(6) deposition
that the videos had been saved on the county's system all along. (Exhibit 10
Stone Tr. 15:9-20.).  The video records should have been produced on June 30,
2022 in response to Curling subpoena item number 1 as well as numerous
CGG's public records requests beginning March 4, 2022.

    9.    Mr. Stone testified there had been no communication with the
Secretary of State's office concerning the events of January 7, 2021. (Stone
Tr: 50:7-12).   In preparation for his deposition, however, Mr. Stone should
have been advised of the communications between the Secretary of State and
Hall Booth Smith, including the texts attached as Exhibits 6 and the
resulting communications that were anticipated by those text messages.  We
are entitled to a full and accurate statement from Coffee as to the entirety of
the communications between Coffee, including Hall Booth Smith, and the
Secretary of State's office.

    10.    In his testimony, Mr. Stone was unable to identify the litigation
(or potential litigation) matter that was the purported basis for closing the
Board of Elections meeting to the public.  Mr. Stone stated that he did not
know whether there may have been related threatened litigation against the
County in February 2021. (Stone Tr: 149:10-17). He also stated that he was
uncertain whether Dominion was aware of the breach, or whether there had
been any communications with Dominion regarding the breach. As you know,
the Board members texted about the new litigation on the evening prior to
the February 25 joint meeting, noting that Mr. Rowell reportedly had been
informed of this new litigation matter(s). (Exhibit 11 p. 2) The litigation
matter is referenced in the Board meeting notice, the agenda, and the
minutes. Yet, Coffee has produced no documents about the new threatened or
pending litigation.  Any legal matter that had advanced to the level of closing
a meeting most certainly was documented in some writing that is
discoverable. Please produce documents relating to the new litigation.

Ms. Jennifer D. Herzog
May 17, 2023
Page 5

    11.    Shawn Still, a Fulton County voter, testified in his February 25,
2022 deposition before the January 6th Select Committee of Congress that
Hall Booth Smith partner Brad Carver and Alex Kaufman (prior to
Kaufman's membership in the firm), recruited Still to "add his name" to the
lawsuit filed against Coffee County Board of Elections in Fulton County
Superior Court seeking to overturn Georgia's 2020 presidential election.
Robert Sinners testified in his deposition in the Curling case that Kaufman
visited Douglas, Georgia, on December 12, 2020 to recruit witnesses to
provide declarations.  Coffee has produced no documents related to
communications concerning the Shawn Still lawsuit. Communications
between Mr. Still or Mr. Kaufman and any then members of the firm or other
Coffee representatives are responsive to Coalition document subpoena item
number 36. Hall Booth Smith has not produced responsive non-privileged
documents concerning the lawsuit such as Mr. Rowell's communications with
Mr. Ed Voyles.

    12.    Coffee has not produced Mr. Rowell's text messages and emails
with third parties, such as Mr. Ed Voyles and Ms. Cathy Latham, concerning
the Secretary of State's investigation of the 2020 recount. (Coalition subpoena
item number 35.)

    13.    Mr. Rowell attended multiple meetings with individuals such as
Mr. Voyles and Ms. Latham in the Election Office during December 2020, in
which 2020 election-related documents were reviewed. During this period,
Mr. Rowell also participated in other meetings which included non-clients
(such as the Dominion technician). Records and communications relating to
those meetings are responsive to Coalition document subpoena item number
22 and must be produced.

    These examples do not represent all the documents and information we
are aware of that were withheld from Plaintiffs in response to the document
subpoenas. It is essential that HBS and Coffee County promptly and
completely respond to the subpoenas and document requests without
exception.

Ms. Jennifer D. Herzog
May 17, 2023
Page 6


      Please let me know if you have any questions or if you wish to discuss these issues.


                                Sincerely,

                                Bruce P. Brown

cc:  Marilyn R. Marks
     David Cross
     Cary Ichter

EXHIBIT

5

| Date | Hours | GBI Disk Hours | Description |
|------|-------|----------------|-------------|
| 11/17/2023 | 0.6 | 0.6 | Multiple emails about processing of GBI disk. |
| 11/19/2023 | 6.4 | 2.6 | ███████████████████████ telephone conference with R. DeMillo regarding GBI disk (1.0); telephone conference with M. Marks regarding GBI disk protocols (1.1); multiple emails to K. Skoglund and M. Marks about irrelevance of PO to current issues with GBI disk (.5); |
| 11/20/2023 | 2.1 | 2.1 | Emails to M. Marks regarding protocols and why PO does not relate to protocols (.6); telephone conference and email to M. Specter (Ga. Tech), K. Skoglund and M. Marks about transfer to disk to K. Skoglund (1.5). |
| 11/21/2023 | 1 | 0.6 | ████████████████████████ emails about Hall Booth documents on GBI disk and attorney client privilege issues (.6). |
| **Total** | | **5.9** | |