IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | |
|---|---|
| COALITION FOR GOOD GOVERNANCE, and DONNA CURLING, | |
| Plaintiffs, | CASE NO.: 5:23-mc-1 |
| v. | |
| COFFEE COUNTY BOARD OF ELECTIONS & REGISTRATION, | |
| Defendant. | |

**O R D E R**

Defendant filed a Motion to Strike Plaintiff Coalition for Good Governance's ("Coalition's") motion for sanctions.[1]  Doc. 66.  Defendant asks the Court to strike Coalition's motion because it was filed one day after the deadline to do so.  Coalition filed a Response in opposition.  Doc. 71.  Because I find good cause and excusable neglect for Coalition's untimely filing, I **DENY** Defendant's Motion.  The Court will consider Coalition's motion for sanctions in due course.

Plaintiffs Coalition and Donna Curling initiated this miscellaneous action by filing a motion to compel related to two subpoenas issued by the Northern District of Georgia.  Doc. 1.  I granted in part and denied in part Plaintiffs' motion to compel on December 22, 2023.  Doc. 41.  I ordered Defendant to provide Plaintiffs an itemized privilege log by January 3, 2024.  Id.  I also gave Plaintiffs 30 days to file a separate motion for sanctions.  Id. at 1 n.1.

---

[1] Defendant also asks the Court to stay the deadline for responding to Coalition's motion for sanctions until the Court rules on the instant Motion to Strike.  I **DENY** Defendant's request for a stay because Defendant still has time to respond to Coalition's motion.  The Clerk of Court granted an extension for Defendant's response until March 19, 2024.  Doc. 68.

On January 9, 2024, Plaintiffs requested an extension of time to file a motion for sanctions.  Doc. 42.  Plaintiffs sought more time to evaluate the validity of the privilege claims in the itemized privilege log Defendant produced and, if necessary, move for the production of documents Defendant withheld.  Id.  I granted Plaintiffs' request, with some modification.  Doc. 46.  Plaintiffs were ordered to file any motion challenging Defendant's privilege assertions on or before January 22, 2024, and file any motion for sanctions "on or before February 19, 2024."  Id. at 1.

On January 22, 2024, Plaintiffs moved to extend the deadline for raising privilege challenges to January 29, 2024, expressly noting they were not requesting an extension to the February 19, 2024 sanctions motion deadline.  Doc. 47.  I granted this request.  Doc. 50.  Plaintiffs filed a timely motion challenging Defendant's privilege claims on January 29, 2024, though Plaintiffs withdrew the motion after Defendant voluntarily produced the relevant documents.  Docs. 51, 59.

Plaintiff Coalition filed a motion for sanctions on February 20, 2024, one day after the applicable deadline.  Doc. 60.  Defendant filed the instant Motion to Strike, asking the Court to strike Coalition's motion for sanctions as untimely.  Doc. 66.  Defendant argues the Court should strike Coalition's motion for sanctions because Coalition failed to seek an extension to the applicable deadline and failed to show any excusable neglect for filing an untimely motion.  Id.

Coalition argues the Court should deem its motion for sanctions timely because the applicable deadline fell on a federal holiday—Washington's birthday—and Coalition filed its motion the next day.  Doc. 71 at 3–6.  In the alternative, Coalition moves for an extension of time to file its motion for sanctions.  Id. at 6–10.  Counsel for Coalition contacted the Clerk of Court's office on February 16, 2024, to ask if the deadline would automatically rollover to the

day after the February 19, 2024 holiday.  The Clerk of Court representative did not provide counsel with any indication about the appropriate deadline for filing the motion for sanctions.  Instead, the representative informed counsel the Court would be closed on the holiday and referred counsel to Federal Rule of Civil Procedure 6.  Id. at 2; Doc. 66-1.

Defendants are correct: Coalition's motion for sanctions is untimely by one day.  A deadline set on a date certain does not automatically extend to the next day when the deadline falls on a holiday.  Destra v. Demings, 725 F. App'x 855, 859 (11th Cir. 2018) (citing Fed. R. Civ. P. 6 advisory's committee's note to 2009 amendment).  Even if a court embraces a policy of not scheduling deadlines to fall on weekends or holidays, a general policy in setting deadlines is not a rule, and such a policy does not negate the plain language of a date-specific deadline or the application of the Federal Rules of Civil Procedure.  Litigants proceed at their own peril when disregarding a date-specific deadline.  Coalition's motion for sanctions is untimely.

Plaintiffs alternatively ask for an extension in their response to Defendant's motion to strike.  A party seeking an extension of an expired deadline must show both good cause and excusable neglect.  Fed. R. Civ. P. 6(b)(1)(B); see also Payne v. C.R. Bard, Inc., 606 F. App'x 940, 944 (11th Cir. 2015) ("A party seeking the extension of an already-expired scheduling order deadline must show both good cause *and* excusable neglect." (citing Fed. R. Civ. P. 6(b)(1), 16(b)(4)) (emphasis in original)).  Where good cause is required, the party seeking the extension must demonstrate diligence.  Oravec v. Sunny Isles Luxury Ventures, L.C., 527 F.3d 1218, 1232 (11th Cir. 2008).  When considering whether a party has shown excusable neglect, the Court considers the following factors: (1) prejudice to the non-movant, (2) length of the delay and impact on the proceedings, (3) reason for the delay, and (4) whether the movant acted in good faith.  Payne, 606 F. App'x at 944.  "When a party submits an untimely filing, it is ultimately the

Court's discretion whether to strike or consider the document." Lookin Good Properties, LLC v. Ascot Corp. Names Ltd., No. CV412-138, 2014 WL 1002114, at *2 (S.D. Ga. Mar. 12, 2014) (citing Young v. City of Palm Bay, 358 F.3d 859, 863–64 (11th Cir. 2004)).

Coalition shows good cause for filing its motion for sanctions one day late. Coalition's contact with the Court on February 16, 2024, about the holiday deadline demonstrates diligence. Though it appears Coalition incorrectly concluded the deadline would be automatically extended, Coalition's efforts demonstrate enough diligence to support a finding of good cause.

Coalition also shows excusable neglect for filing its motion one day late. Each of the four applicable factors weigh in favor of finding excusable neglect. The late motion presents no prejudice to Defendant, especially since Defendant has been granted an extension to respond. The one-day delay has no impact on these proceedings. Coalition has articulated a plausible reason and good faith for the short delay. Coalition made a misguided assumption about the effect of the holiday on the deadline, but nothing suggests Coalition or its counsel did not act in good faith.

Because I find good cause and excusable neglect for Coalition's untimely filing, I **DENY** Defendant's Motion. The Court will consider Coalition's motion for sanctions in due course.

**SO ORDERED**, this 13th day of March, 2024.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA