# EXHIBIT A

# Deb Grondziak

| | |
|---|---|
| **From:** | Jennifer Dorminey Herzog <jherzog@hallboothsmith.com> |
| **Sent:** | Friday, August 26, 2022 4:30 PM |
| **To:** | Cross, David D.; Ascarrunz, Veronica; Conaway, Jenna B.; Bruce Brown; Marilyn@uscgg.org; Kaiser, Mary; Adam M. Sparks; Russ Abney; ram@lawram.com; Cichter@ichterdavis.com; Jill Connors; Middleton, Caroline L.; Halsey G. Knapp, Jr.; Daniella P. Stucchi; btyson@taylorenglish.com; jballi@taylorenglish.com; dburton@taylorenglish.com; dlaross@taylorenglish.com; lparadise@taylorenglish.com; bjacoutot@taylorenglish.com; jcrumly@taylorenglish.com; cmiller@robbinsfirm.com; vrusso@robbinsfirm.com; adenton@robbinsfirm.com; jbelinfante@robbinsfirm.com; cheryl.ringer@fultoncountyga.gov; kaye.burwell@fultoncountyga.gov; david.lowman@fultoncountyga.gov; Jene.Gipson@fultoncountyga.gov; greg@hmhwlaw.com; David Cross |
| **Cc:** | Anthony A. Rowell; Nick Kinsley; Stephen Delk; Vickers, Wesley |
| **Subject:** | Curling v. Raffensperger, No. 1:17-cv-02989-AT - CCBOE Response to Plaintiffs' Subpoenas to Testify and Subpoena for the Production of Documents |
| **Attachments:** | Curling - CCBOE Response to Curling 30b6 topics.PDF; Curling - CCBOE Privilege Log.PDF; Curling - CCBOE Response to CCG_s Subpoena for Document Production.PDF; Curling - CCBOE Response to CCG_s Subpoena to Testify (30b6).PDF |

David/Bruce et al., please find attached:

> CCBOE Response to CCG Subpoena to Testify
> CCBOE Updated Response to Curling Subpoena to Testify
> CCBOE Response to CCG Subpoena for Document Production
> CCBOE Privilege Log

In addition to those responses, we also provide the following in a good faith attempt to update prior responses to Curling subpoena for production of documents and ensure you we are doing our best to search for and produce responsive records:

1. We confirm that the 30b6 deponent does not plan to assert the 5th amendment privilege on behalf of the Board.
2. We have previously produced to Marilyn Marks visitor logs provided to our office by CCBOE (my recollection is there were no general office visitor logs, but there were logs for certain time periods to access the room which were produced).
3. I have communicated with the current election supervisor Rachel Roberts and former election supervisor James Barnes re: your request for audio recordings of the board meetings November 2020 through present – it is my understanding that historically the CCBOE meetings were recorded on cassette but that sometime in late 2020 they attempted to move to digital recording but were unsuccessful because of technology issues. Rachel Roberts has located old cassettes for years 2010-2012 but none for the time period at issue. We will continue to search and if the audio of a CCBOE meeting open to the public under the Open Meetings Act is able to be located then it will be produced to you. Misty Hampton will be in the best position to testify as to this subject.
4. With regard to security camera footage of the elections office - in response to prior requests, we have notified you all that the Coffee County system automatically copies over on certain intervals and that all footage had been automatically copied by the time of Marks' first open records requests unless archived, therefore also by the time of receipt of subpoenas. I have been provided and am producing recorded

security video footage of entry to the Board of Elections' office for the time period at issue that was retained in response to a prior open records request.

5. With regard to the board meeting minutes, I supplement herein our prior response with minutes provided by board members for February and March 2021. Executive Session minutes of any meetings are not included as Georgia's Open Meetings Act says "such minutes shall be kept and preserved for in camera inspection by an appropriate court should a dispute arise as to the propriety of any executive session." O.C.G.A. § 50-14-1(e)(2)(C).

6. In response to prior open records requests from Ms. Marks, certain correspondence was produced by or between the Board members, Coffee County elections employees or agents, Ms. Hampton, and/or Ms. Riddlehoover. To my knowledge, we have produced all documents responsive to your subpoenas provided to me which are not otherwise privileged communications between counsel and client as referenced in the privilege log, and specifically I have followed up on any that concerned the copying or collection of data or ballot images in Coffee County in late 2020 or thereafter involving third parties. Please also reference #9 below on this topic.

7. Hampton and Riddlehoover timesheets and documents related to their termination are provided herein.

8. Confirming that I did request and it is my understanding that Board members, current or active in January 2021, have in fact conducted reasonable searches of their devices for all correspondence and documents concerning the topics identified in the subpoenas and provided to me (Per our agreement, we have not produced any documents that were previously produced to Marks).

9. You requested that I confirm whether Coffee County has a backup server or archived data that would contain Ms. Hampton's emails. IT has confirmed that the former Election Supervisor Misty Hampton's and Jill Riddlehoover's email accounts are no longer accessible. Coffee County has a limited number of licenses available under Microsoft 365, and it was the regular practice of IT to replace the new employee of each position with that license when a former employee of the same position was for whatever reason no longer employed by the county, and when that is done, unless previously archived, the former employees' emails are no longer accessible. In this situation, the County did attempt to preserve Hampton's emails, as you will see in emails provided previously to Ms. Marks, but IT unfortunately was unsuccessful in same. The County has since implemented an email archiving system. I have been advised that IT has exhausted all efforts and advised that Hampton's emails are not accessible or recoverable. However, with the new archiver system technology, we were able to search current active users for any emails **from**: misty.hampton@coffeecounty-ga.gov or **to:** misty.hampton@coffeecounty-ga.gov for the time period October 2020 – March 1, 2021 and I have provided those herein (attorney client privileged communications removed). Some of these have already been produced in response to prior open records requests from Marks, but I produce the entirety here to you to confirm that any potentially responsive to the subpoenas have in fact been produced.

10. You requested that I confirm that the County has searched the desktop computers and any other electronic equipment in the Elections Office for all responsive documents - it is my understanding that IT and the County Clerk have searched Hampton's desktop computer which is the same computer used by Barnes and current Election Supervisor Rachel Roberts for responsive records, and of course also searched the phone and laptop previously referenced.

11. You requested that I confirm the status of the Coffee County ICC and EMS server in the possession of the SOS – as I communicated previously on a number of occasions, including in correspondence to Cross on 8/8/22, Coffee County has in the past (prior to any communication with regard to these subpoenas or counsel in this case) verbally requested from the SOS the records you reference. We were advised at that time, on at least a few occasions, that the server was unable to be accessed. Communications from Marilyn Marks this month followed by an email from Cross Friday 8/5/22 were the first notification we had that indicated that inaccessibility was no longer the case. It is my understanding this information resulted from a filing by Mr. Germany in the Curling v. Raffensperger litigation. As a result, upon my return to the office on 8/8/22 I reached out to and spoke with SOS General Counsel Ryan Germany and he confirmed the ICC work station and server are all subject to active investigation protection and the SOS will not release them to Coffee County. Coffee County does

    not have the benefit of any compulsive alternative to seek these records if the SOS does not voluntarily provide them. Plaintiffs have subpoena power and the ability to compel the records through the Curling litigation, and it is our request that if you are able to successfully obtain the records through such then please provide Coffee County a copy so that the County may in the future fulfill its obligations you reference under the law.

12. You had a number of comments/requests related to the contents of Hampton's county issued iphone. It is my understanding that Coffee County produced all responsive images and video from the phone. There was a question regarding missing contents from January 1, 2021 through the end of her employment - we are equally perplexed on that issue and have reached out to the law enforcement that examined the phone and provided the information to Coffee County to confirm that everything on the phone has been provided to us/you and will update you with any additional records provided, as appropriate. To our knowledge, we have provided you with everything Coffee County was provided. With regard to the Samsung Galaxy S4, as stated in prior correspondence, this appears to be a phone that was Hampton's daughters and does not appear to have any county related documents. As we believe it to be Hampton's personal property, if she has no objection, then the county has no objection to your expert reviewing the phone. As I stated in my previous email, counsel is welcome to have your expert review the 2 phones and laptop while they remain in Coffee County's possession. Assuming no conflict for the purpose of scheduling, the county can make these devices available at your expert's earliest convenience.

13. Coffee County Board of Elections is not claiming any privilege over communications with the Secretary of State's Office, the State Election Board members, Dominion, or any other third parties. I have provided an updated privilege log.

Responsive documents to follow in under separate cover (1 additional email). Coffee IT has been in the process of uploading the video files to the FTP link as Plaintiff's counsel requested, but unfortunately after hours of it attempting to upload today it just notified us that the file is too large. Because of the large amount of data (60GB) IT is working on how best to transfer it to you all. If all other technology fails, we can save to an external hard drive and you can have someone retrieve it or we can mail to you.

I do want to note that these responses do not include formal response from Chairwoman Earnestine Thomas Clark and her additional counsel Greg Hecht (although she did provide some documents in response to questions from current Election Supervisor Roberts). We will supplement as necessary once we have heard from Hecht.

Sincerely,

Jennifer Herzog

**Jennifer Dorminey Herzog**
Attorney at Law | Hall Booth Smith, P.C.

**O:** 229.382.0515        1564 King Road
**D:** 229.339.8856        Tifton, GA 31793
                                hallboothsmith.com

   ALABAMA | ARKANSAS | COLORADO | FLORIDA | GEORGIA
MONTANA | NEW JERSEY | NEW YORK | OKLAHOMA
NORTH CAROLINA | SOUTH CAROLINA | TENNESSEE

CONFIDENTIALITY NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or

distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy the original message and any copies.

**From:** Cross, David D. <DCross@mofo.com>
**Sent:** Thursday, August 18, 2022 5:56 PM
**To:** Ascarrunz, Veronica <VAscarrunz@mofo.com>; Jennifer Dorminey Herzog <jherzog@hallboothsmith.com>; Conaway, Jenna B. <JConaway@mofo.com>; Bruce Brown <bbrown@brucepbrownlaw.com>; Marilyn@uscgg.org
**Cc:** Kaiser, Mary <MKaiser@mofo.com>; Adam M. Sparks <sparks@khlawfirm.com>; Russ Abney <rabney@wattsguerra.com>; ram@lawram.com; Cichter@ichterdavis.com; Jill Connors <JConnors@ichterdavis.com>; Middleton, Caroline L. <CMiddleton@mofo.com>; Halsey G. Knapp, Jr. <hknapp@khlawfirm.com>; Daniella P. Stucchi <daniella@khlawfirm.com>; btyson@taylorenglish.com; jballi@taylorenglish.com; dburton@taylorenglish.com; dlaross@taylorenglish.com; lparadise@taylorenglish.com; bjacoutot@taylorenglish.com; jcrumly@taylorenglish.com; cmiller@robbinsfirm.com; vrusso@robbinsfirm.com; adenton@robbinsfirm.com; jbelinfante@robbinsfirm.com; cheryl.ringer@fultoncountyga.gov; kaye.burwell@fultoncountyga.gov; david.lowman@fultoncountyga.gov; Jene.Gipson@fultoncountyga.gov; Anthony A. Rowell <ARowell@hallboothsmith.com>; Nick Kinsley <NKinsley@hallboothsmith.com>; Stephen Delk <SDelk@hallboothsmith.com>
**Subject:** RE: Curling v. Raffensperger, No. 1:17-cv-02989-AT -Chaney and Ridlehoover

Jennifer -

One more thing we neglected to include below. We understand the CC Elections Office maintains visitor logs. Please produce the logs for November 2022 through present.

Thanks.
DC


**From:** Ascarrunz, Veronica <VAscarrunz@mofo.com>
**Date:** Thursday, Aug 18, 2022, 5:25 PM
**To:** Jennifer Dorminey Herzog <jherzog@hallboothsmith.com>, Cross, David D. <DCross@mofo.com>, Conaway, Jenna B. <JConaway@mofo.com>, Bruce Brown <bbrown@brucepbrownlaw.com>, Marilyn@uscgg.org <Marilyn@uscgg.org>
**Cc:** Kaiser, Mary <MKaiser@mofo.com>, Adam M. Sparks <sparks@khlawfirm.com>, Russ Abney <rabney@wattsguerra.com>, ram@lawram.com <ram@lawram.com>, Cichter@ichterdavis.com <Cichter@ichterdavis.com>, Jill Connors <JConnors@ichterdavis.com>, Middleton, Caroline L. <CMiddleton@mofo.com>, Halsey G. Knapp, Jr. <hknapp@khlawfirm.com>, Daniella P. Stucchi <daniella@khlawfirm.com>, btyson@taylorenglish.com <btyson@taylorenglish.com>, jballi@taylorenglish.com <jballi@taylorenglish.com>, dburton@taylorenglish.com <dburton@taylorenglish.com>, dlaross@taylorenglish.com <dlaross@taylorenglish.com>, lparadise@taylorenglish.com <lparadise@taylorenglish.com>, bjacoutot@taylorenglish.com <bjacoutot@taylorenglish.com>, jcrumly@taylorenglish.com <jcrumly@taylorenglish.com>, cmiller@robbinsfirm.com <cmiller@robbinsfirm.com>, vrusso@robbinsfirm.com <vrusso@robbinsfirm.com>, adenton@robbinsfirm.com <adenton@robbinsfirm.com>, jbelinfante@robbinsfirm.com <jbelinfante@robbinsfirm.com>, cheryl.ringer@fultoncountyga.gov <cheryl.ringer@fultoncountyga.gov>, kaye.burwell@fultoncountyga.gov <kaye.burwell@fultoncountyga.gov>, david.lowman@fultoncountyga.gov <david.lowman@fultoncountyga.gov>, Jene.Gipson@fultoncountyga.gov <Jene.Gipson@fultoncountyga.gov>, Anthony A. Rowell <ARowell@hallboothsmith.com>, Nick Kinsley <NKinsley@hallboothsmith.com>, Stephen Delk <SDelk@hallboothsmith.com>
**Subject:** RE: Curling v. Raffensperger, No. 1:17-cv-02989-AT -Chaney and Ridlehoover

Jennifer:
To follow up on several items from our correspondence below and attached:
- Please clarify that Coffee County's 30(b)(6) witness will not assert a Fifth Amendment privilege at the deposition next week. As you know, the Supreme Court has "long recognized that, for purposes of the Fifth Amendment, corporations and other collective entities are treated differently from individuals." *Braswell v. United States*, 487

4

U.S. 99 (1988) ("Fifth Amendment privilege applies only to natural individuals …. Representatives of a "collective group" act as agents '[a]nd the official records and documents of the organization that are held by them in a representative rather than in a personal capacity cannot be the subject of the personal privilege against self-incrimination, even though production of the papers might tend to incriminate them personally.'"). *See also Sprint Nextel Corp. v. Ace Wholesale, Inc.*, No. 112-cv-02902, 2014 WL 11930612, at *2 (N.D. Ga. Mar. 19, 2014) ("a corporation may not refuse to offer testimony at a Fed. R. Civ. P. 30(b)(6) deposition on the grounds that the questions are likely to be incriminating" and citing caselaw "ruling that a corporation must provide a Rule 30(b)(6) deponent who will testify without invoking a Fifth Amendment privilege" and "has a duty to ensure that the new representative is fully prepared to testify as to the subjects specified in the Rule 30(b)(6) notice.")
- The recent depositions revealed information that suggests Coffee County still has responsive materials to produce:
    - Mr. Chaney testified that all Board meetings were recorded on cassette and later digitally. Please produce those recordings for November 2020 through present.
    - Multiple witnesses testified regarding security camera footage of the elections office. Please produce video footage (and any other recordings or photos from, at, or of the elections office) from November 2020 through June 2021, including whatever footage was supposedly reviewed in deciding to terminate Ms. Hampton and Ms. Riddlehoover.
    - The produced Board meeting minutes are missing minutes from February and March 2021. Please produce those Board meeting minutes.
    - No correspondence was produced by or between the Board members, Coffee County elections employees or agents, Ms. Hampton, and/or Ms. Riddlehoover, including text, email, or otherwise. Please confirm search and production of all responsive correspondence, especially any that concerned the copying or collection of data and ballot images in Coffee County in late 2020 or thereafter involving third parties and the termination and/or resignations of Ms. Hampton and Ms. Riddlehoover.
    - Ms. Riddlehoover testified that she filled out a time sheet every two weeks of her time during her entire employment. Please produce these as well as any purportedly fraudulent timesheets for her and Ms. Hampton, along with any related documents.
- You previously indicated that you requested and would produce from all current board members any Coffee County related responsive documents for the time period in their personal possession. No such documents were produced or logged on a privilege log. It is hard to believe no Board member has any responsive documents to produce. Please confirm that all Board members, current or active in January 2021, have in fact conducted reasonable searches of their devices for all correspondence and documents concerning the topics identified in the subpoenas.
- Please confirm whether Coffee County has a backup server or archived data that would contain Ms. Hampton's emails.
- Please confirm the County has searched the desktop computers and any other electronic equipment in the Elections Office for all responsive documents.
- Please confirm the status of your search and production of the contents of the Coffee County ICC and EMS server that were seized by the state, which are within the County's custody and control by virtue of Georgia law. (See David Cross's email of August 7.) What efforts has the county made to obtain that data and produce it in response to the subpoenas?
- What is the status of David Cross's previous questions from August 2?:
    - Where are the device contents for Ms. Hampton's phone from January 1, 2021 through the end of her employment? Only contents from before this time frame were produced.
    - Where are the documents from Ms. Hampton's Samsung Galaxy S4?
    - Did Coffee County attempt to obtain additional documents from Ms. Hampton's phone via Apple?
    - Where are the emails from Ms. Hampton's phone?
    - When can the phone be made available for our e-discovery vendors to collect data from it?
    - Did Coffee County collect and produce all images, including video, from the phone?
    - We were not able to gain access to the audio files placed in a drop box folder. Please provide that access.
    - Please confirm whether the Coffee County Board of Elections is claiming any privilege over communications with the Secretary of State's Office, the State Election Board members, any other

5

   Georgia county, anyone with Dominion, or any other third parties and the nature of such a privilege. In particular, please explain the privilege objection in response to Requests 11 and 13.
  - Please explain the nature of the privilege on your privilege log on communications with Ms. Hampton and Mr. Barnes.
  - Please supplement your privilege log with a date field.

With the 30(b)(6) deposition occurring in one week, resolution of these outstanding items is critical. If we have to move to compel documents, we will seek our fees and costs to do so, and if we half to take a second deposition because we receive documents too late to use in the upcoming deposition, we will seek our fees and costs for that as well.

Best regards,
Veronica Ascarrunz

**Veronica Ascarrunz**
Of Counsel | Morrison & Foerster LLP
2100 L Street, NW | Washington, DC 20037
**P:** +1 (202) 887-8756

