# EXHIBIT B

**Wes Rahn**

| | |
|---|---|
| **From:** | Ben Perkins |
| **Sent:** | Wednesday, January 17, 2024 5:48 PM |
| **To:** | Cary Ichter; Marilyn Marks; Jennifer Dorminey Herzog; Wes Rahn; Bruce Perrin Brown Esq. (bbrown@brucepbrownlaw.com) |
| **Cc:** | Halsey G. Knapp, Jr.; Adam M. Sparks; Nick Kinsley; Anthony A. Rowell; Jill Connors; Melissa Boehlke |
| **Subject:** | RE: Service of Privilege Log; Response to Request for Extension of Sanctions Motion Deadline |
| **Attachments:** | Curling - Privilege Log (1.17.24).pdf |

Cary,

Further to our commitment to update the privilege log to reflect the progress we have made, see attached updated log. When you compare it to the log we served on January 3, you will find the following:

- "media request" was deleted from the "Privilege Description" column for xrel061231.
  - On a related point, we produced the open records request at issue for xrel061231 to everyone on this thread by email on 1/11/24 at 8:17 p.m. That is not reflected on the log.
- The entirety of xrel104721 was produced to Plaintiffs after our conferral below, and thus has been deleted from the log.
- The entirety of xREL000104756 was produced to Plaintiffs after our conferral below, and thus has been deleted from the log.
- The entirety of xREL000064575 was produced to Plaintiffs after our conferral below, and thus has been deleted from the log.
- The entirety of xREL000064583 was produced to Plaintiffs after our conferral below, and thus has been deleted from the log.
- The entirety of xREL0000075151.000.3—001.0 and xREL00000119591.000.3—001.0 were produced to everyone on this thread by email on Jan. 10, and thus have been deleted from the log.
- The entirety of xREL0000062038 was produced to everyone on this thread by email on Jan 9 at pages 2-4 of the attachment to that email, and thus has been deleted from the log.

Also, regarding xREL000074286: I produced the open records request at issue for xREL000074286 to everyone on this thread by email on 1/11/24 at 8:17 p.m. That is not reflected on the log.

Please let me know if you have any questions.

Ben Perkins
Oliver Maner LLP
912-238-2515

---

**From:** Ben Perkins
**Sent:** Friday, January 12, 2024 5:23 PM
**To:** Cary Ichter <CIchter@IchterDavis.com>; Marilyn Marks <marilyn@uscgg.org>; Jennifer Dorminey Herzog <jherzog@hallboothsmith.com>; Wes Rahn <wrahn@olivermaner.com>; Bruce Perrin Brown Esq. (bbrown@brucepbrownlaw.com) <bbrown@brucepbrownlaw.com>
**Cc:** Halsey G. Knapp, Jr. <hknapp@khlawfirm.com>; Adam M. Sparks <sparks@khlawfirm.com>; Nick Kinsley <NKinsley@hallboothsmith.com>; Anthony A. Rowell <ARowell@hallboothsmith.com>; Jill Connors <JConnors@IchterDavis.com>; Melissa Boehlke <mboehlke@olivermaner.com>
**Subject:** RE: Service of Privilege Log; Response to Request for Extension of Sanctions Motion Deadline

Cary,
See what I wrote in red below, highlighted so you can see what is new.
Also: xREL000104721 and xREL000104756: thank you for giving us the opportunity to take another look at these documents. After further review, we agree that the privilege was waived as to the communication being produced. See attached. These are produced straight from Relativity, which means they should open in your browser. Let me know if you any difficulties opening them.

Other than our agreement to submit an updated privilege log to delete reference to "media inquiry" for Xrel000061231, is there anything else you feel is needed from us?  I believe we've satisfied all concerns you raised.

Ben Perkins
Oliver Maner LLP
912-238-2515

**From:** Cary Ichter <CIchter@IchterDavis.com>
**Sent:** Friday, January 12, 2024 10:30 AM
**To:** Ben Perkins <bperkins@olivermaner.com>; Marilyn Marks <marilyn@uscgg.org>; Jennifer Dorminey Herzog <jherzog@hallboothsmith.com>; Wes Rahn <wrahn@olivermaner.com>; Bruce Perrin Brown Esq. (bbrown@brucepbrownlaw.com) <bbrown@brucepbrownlaw.com>
**Cc:** Halsey G. Knapp, Jr. <hknapp@khlawfirm.com>; Adam M. Sparks <sparks@khlawfirm.com>; Nick Kinsley <NKinsley@hallboothsmith.com>; Anthony A. Rowell <ARowell@hallboothsmith.com>; Jill Connors <JConnors@IchterDavis.com>; Melissa Boehlke <mboehlke@olivermaner.com>
**Subject:** RE: Service of Privilege Log; Response to Request for Extension of Sanctions Motion Deadline

See below in BLUE.

Cary Ichter, Partner
Ichter Davis, LLC
400 Interstate N Pkwy
Suite 860
Atlanta, GA 30339
phone 404.869.5243
fax 404.602.0037
cell 404.769.1353
cichter@IchterDavis.com



**From:** Ben Perkins <bperkins@olivermaner.com>
**Sent:** Thursday, January 11, 2024 7:14 PM
**To:** Cary Ichter <CIchter@IchterDavis.com>; Marilyn Marks <marilyn@uscgg.org>; Jennifer Dorminey Herzog <jherzog@hallboothsmith.com>; Wes Rahn <wrahn@olivermaner.com>; Bruce Perrin Brown Esq. (bbrown@brucepbrownlaw.com) <bbrown@brucepbrownlaw.com>
**Cc:** Halsey G. Knapp, Jr. <hknapp@khlawfirm.com>; Adam M. Sparks <sparks@khlawfirm.com>; Nick Kinsley <NKinsley@hallboothsmith.com>; Anthony A. Rowell <ARowell@hallboothsmith.com>; Jill Connors <JConnors@IchterDavis.com>; Melissa Boehlke <mboehlke@olivermaner.com>
**Subject:** RE: Service of Privilege Log; Response to Request for Extension of Sanctions Motion Deadline

Cary,

In the interest of supplying as much information as possible as quickly as possible, see below in red. I'll update this response as I have additional information.

Ben Perkins
Oliver Maner LLP
912-238-2515

---

**From:** Cary Ichter <CIchter@IchterDavis.com>
**Sent:** Thursday, January 11, 2024 5:42 PM
**To:** Ben Perkins <bperkins@olivermaner.com>; Marilyn Marks <marilyn@uscgg.org>; Jennifer Dorminey Herzog <jherzog@hallboothsmith.com>; Wes Rahn <wrahn@olivermaner.com>; Bruce Perrin Brown Esq. (bbrown@brucebrownlaw.com) <bbrown@brucebrownlaw.com>
**Cc:** Halsey G. Knapp, Jr. <hknapp@khlawfirm.com>; Adam M. Sparks <sparks@khlawfirm.com>; Nick Kinsley <NKinsley@hallboothsmith.com>; Anthony A. Rowell <ARowell@hallboothsmith.com>; Jill Connors <JConnors@IchterDavis.com>; Melissa Boehlke <mboehlke@olivermaner.com>
**Subject:** RE: Service of Privilege Log; Response to Request for Extension of Sanctions Motion Deadline

See comments imbedded below:

---

**From:** Ben Perkins <bperkins@olivermaner.com>
**Sent:** Tuesday, January 9, 2024 7:36 PM
**To:** Cary Ichter <CIchter@IchterDavis.com>; Marilyn Marks <marilyn@uscgg.org>; Jennifer Dorminey Herzog <jherzog@hallboothsmith.com>; Wes Rahn <wrahn@olivermaner.com>; Bruce Perrin Brown Esq. (bbrown@brucebrownlaw.com) <bbrown@brucebrownlaw.com>
**Cc:** Halsey G. Knapp, Jr. <hknapp@khlawfirm.com>; Adam M. Sparks <sparks@khlawfirm.com>; Nick Kinsley <NKinsley@hallboothsmith.com>; Anthony A. Rowell <ARowell@hallboothsmith.com>; Jill Connors <JConnors@IchterDavis.com>; Melissa Boehlke <mboehlke@olivermaner.com>
**Subject:** RE: Service of Privilege Log; Response to Request for Extension of Sanctions Motion Deadline

Dear Cary:

I apologize for not responding sooner today. I've been stuck at home sick with COVID since Sunday, and making matters worse, power at my house was out until a couple of hours ago due to the high winds. Nick, Jennifer, and Tony's offices were closed today due to this crazy storm.

Thank you for the opportunity to confer regarding the updated 2024 privilege log. It is my intention to address each item raised in your email and the issues raised for each item. If I failed to do that, please let me know. As you know, it is our desire to confer and achieve a reasonable resolution without having to involve the Court.

xREL000104721: We are reviewing/researching and will be in touch as soon as possible.

CI: I appreciate that. When will we have a final answer. The trial is happening now. BMP: I expect by Jan. 12. Jan 12 update: produced (see above).

xREL000104756: We are reviewing/researching and will be in touch as soon as possible.

CI: I appreciate that. When will we have a final answer. The trial is happening now. BMP:I expect by Jan. 12. Jan 12 update: produced (see above).

xREL000064575: Mr. Dial was working for Coffee County and was involved in the correspondence in that capacity. We thus disagree with your position. See Hope For Fams. & Cmty. Serv., Inc. v. Warren, 2009 WL 1066525 (M.D. Ala. Apr. 21, 2009) and the cases cited therein, including Bieter (finding the attorney-client privilege applied to communications between a consultant and defendant's counsel). While the research is clear, we are willing to confer further. However, after reviewing the correspondence more closely, part of this document is not privileged and is produced herewith (Please see attached, p. 1 ).

CI: "The attorney-client privilege exists to protect confidential communications between client and lawyer made for the purpose of securing legal advice." *In re Grand Jury Proceedings 88-9*, 899 F.2d 1039, 1042 (11th Cir. 1990). "The party invoking the attorney-client privilege has the burden of proving that an attorney-client relationship existed and that the particular communications were confidential." *Bogle v. McClure*, 332 F.3d 1347, 1358 (11th Cir. 2003) (citations and internal quotation marks omitted). "To determine if a particular communication is confidential and protected by the attorney-client privilege, the privilege holder must prove the communication was `(1) intended to remain confidential and (2) under the circumstances was *reasonably* expected and understood to be confidential.'" *Id.* (quoting *United States v. Bell*, 776 F.2d 965, 971 (11th Cir. 1985)). A communication with an independent contractor also has to satisfy the test used to examine the applicability of the attorney-client privilege in the corporate-employee setting. That test provides that:

> the attorney-client privilege is applicable to an [independent contractor's] communication if (1) the communication was made for the purpose of securing legal advice; (2) the [independent contractor] making the communication did so at the direction of [the corporation]; (3) the [corporation] made the request so that the corporation could secure legal advice; (4) the subject matter of the communication is within the scope of the [independent contractor's] duties; and (5) the communication is not disseminated beyond those persons who, because of the corporate structure, need to know its contents.

*Id.* at 936 (quoting *Diversified Indus., Inc. v. Meredith*, 572 F.2d 596, 599 (8th Cir. 1977) (brackets added)). The burden is on the party claiming the privilege "to show that the communications at issue meet all of the [five] requirements." *Id.* (brackets added).

The information that you have supplied to us to justify invocation of the privilege in communications involving Mr. Dial, an independent contractor, is not nearly sufficient to make this kind of showing. You need to provide mor information so we can assess whether the invocation of the privilege is justified. BMP:I am struggling with how to provide additional information without disclosing the content of the communication. Note that we produced part of this document on Jan 9 (p. 1). We will be in touch.

CI: Well, you could tell me who the ORR came from; what was requested; when the ORR was made; what Mr. Dial's involvement was (obviously, he was not offering legal advise and

4

presumably, he was not seeking legal advise, as Ms. Herzog was not the primary recipient); and what technical (non-legal) info was sought from Mr. Dial.
BMP Jan. 12 update: please see pages 1 and 6 of the documents we produced on January 9. I believe they resolve the issue.

xREL000064583: Contrary to what you wrote, Ms. Herzog was a recipient on this correspondence. However, after reviewing the correspondence more closely, this document is not privileged and is produced herewith (Please see attached, p. 6).

CI: You are correct. Ms. Herzog was copied, but again, unless you can make a showing sufficient to justify the invocation of the privilege in connection with communications involving Mr. Dial, the privilege here would have been waived.  BMP: the document was produced as an attachment to my January 9 email (see p. 6), so this issue is moot.

xREL000064583: It appears that the document number you reference is incorrect, and you instead are referencing xREL0000062038. Upon further review of xREL0000062038, we agree that communication (a communication between Ms. Herzog and Eric Rich from the DOJ with others copied) is not privileged and is produced herewith. (Please see attached, pp. 2-4)

CI: Right again.  Thanks for the production.

xREL000061231: Ms. Gillis is the Coffee County Clerk of Court. We understand the reason her email domain caused confusion on your end.  The communication is privileged.

CI: I find your description of the basis for the assertion of the privilege troubling with respect to all of these documents.  You say assert that "the communication….[was] for the purpose of providing legal advice related to a response to open records request and/or media inquiry."  That suggests to me that counsel has not even looked at the document. Was it an open records request or a media inquiry.  I would think the need for legal advice would be much greater in connection with a ORR versus a media inquiry.  Media inquiries, I would think, are more likely fielded by PR specialists and do not typically require legal advice.  Pls let us know which it was for each of these documents for which that boilerplate description is used.  BMP: The documents were reviewed by counsel. As you noted, counsel engaged in a tremendous amount of work in a short period of time during the holidays to prepare and serve the updated privilege log within the Court's deadline (work that could have been done in 2022 had there been a conferral soon after the privilege log was produced). Given the circumstances, it makes sense that they would use a somewhat broad but applicable description.  I don't agree with the generalization that ORR's typically require a greater need for legal advice than media inquiries since it depends on the issue. I am not aware of Coffee County employing a PR specialist.  We will be in touch.

CI: I appreciate the efforts of all involved, particularly during the holidays. I understand your position re conferral.  I guess I could counter by saying, "If we received a compliant log in the first place, we wouldn't find ourselves here."  But I won't say that.  The problem I have with the boiler plate description provided is that it fails to provide any document specific information. For example, who the ORR or media inquiry came from; what was requested; when the request was made; what the sender's involvement in the response process was.  None of this should be privileged but would help us determine if it is something that

5

justifies a closer look. **BMP Jan. 12 update: I sent everyone on this email thread the ORR at issue by email on 1/11/24 at 8:17 p.m. I believe this issue is now moot.**

xREL000074286: Contrary to what you wrote, Ms. Herzog was either a sender or recipient on this correspondence.  Mr. Dial was working for Coffee County and was involved in the correspondence in that capacity. We disagree with your position. See Hope For Fams. & Cmty. Serv., Inc. v. Warren, 2009 WL 1066525 (M.D. Ala. Apr. 21, 2009) and the cases cited therein, including Bieter (finding the attorney-client privilege applied to communications between a consultant and defendant's counsel). We are willing to confer further.

CI: You are correct about Herzog being copied.  My oversight. Sorry.  As for Mr. Dial's involvement, see comments above.  We need more information re the reason for his involvement.  BMP: Same comment as above.

CI: Me too. **BMP Jan. 12 update: I sent everyone on this email thread the ORR at issue by email on 1/11/24 at 8:17 p.m. I believe this issue is now moot.**

xREL0000075151.000.3—001.0 and xREL00000119591.000.3—001.0: After further review, we agree this email thread and its attachments are not privileged.  We will retrieve these documents as soon as possible and provide them to you.

CI: Pls advise when they will be available. In order to determine they were not privileged, I would assume you had access to them.  So, I do not understand the reason for the delay.  Pls advise.  BMP: See my Jan 10, 2024 email (5:15 p.m.) to everyone on this email thread, to which the documents were attached. Because the size was large, my paralegal Melissa Boehlke (mboehlke@olivermaner.com) sent you the same documents by sharefile on Jan. 10 at 5:21 p.m.

CI: Ok Thanks.

We will revise the privilege log in accordance with this communication, after we produce the documents (xREL0000075151.000.3—001.0 and xREL00000119591.000.3—001.0).  Thank you for bringing this to our attention and for giving us the opportunity to conduct a further review of the documents at issue. If you identify other concerns regarding the privilege log, please reach out and we will work diligently to resolve them.

CI: You email said nothing about the following documents. BMP: both were addressed. See above. Pls let us know your position as to these as soon as possible.  Thank you:

xREL000064575: CCBOER claim AC privilege involving Charles Dial, not a client of HBS to our knowledge (and if he were, CCBOER's receipt of AC communications to or from him would be a waiver), and Tracie Vickers with Coffee County government, with a HBS lawyer copied. Supposedly, this is privileged because the communication provides advice to a client re an ORR. As with all similar or identical descriptions, the information provided is too vague to allow us to assess the claim. More importantly, the lawyer here is merely a CC recipient. And, as with the immediately preceding document, I do not know how a CC recipient seeks or offers legal advice.  Please produce the document and all others like it. BMP: this item is addressed above.

xREL000064583: CCBOER claim AC privilege from Tracie Vickers to Charles Dial, not a client of HBS to our knowledge (and if he were, CCBOER's receipt of AC communications to or from him would be a waiver). Here there is no HBS lawyer copied, and there is no hint of any lawyer offering or any client seeking legal advice. Typically, privileged communications involve an actual lawyer. Again, this communication involves legal advice regarding an ORR, but no lawyer is involved. Additionally, the description is too vague to allow us to assess the claim. Please produce the document and all others like it. BMP: This document was produced (as noted above; see my January 9 email attachment at p. 6).

Ben Perkins
Oliver Maner LLP
912-238-2515

**From:** Cary Ichter <CIchter@IchterDavis.com>
**Sent:** Monday, January 8, 2024 1:17 PM
**To:** Ben Perkins <bperkins@olivermaner.com>; Marilyn Marks <marilyn@uscgg.org>; Jennifer Dorminey Herzog <jherzog@hallboothsmith.com>; Wes Rahn <wrahn@olivermaner.com>; Bruce Perrin Brown Esq. (bbrown@brucebrownlaw.com) <bbrown@brucebrownlaw.com>
**Cc:** Halsey G. Knapp, Jr. <hknapp@khlawfirm.com>; Adam M. Sparks <sparks@khlawfirm.com>; Nick Kinsley <NKinsley@hallboothsmith.com>; Anthony A. Rowell <ARowell@hallboothsmith.com>; Jill Connors <JConnors@IchterDavis.com>; Melissa Boehlke <mboehlke@olivermaner.com>
**Subject:** RE: Service of Privilege Log; Response to Request for Extension of Sanctions Motion Deadline

Ben: We have been reviewing the privilege log you provided. It has been quite an undertaking. Who would have thought that a 17-item, three and one-half page privilege log could morph into a 311-page document? Rather shocking to say the least.

I do not know if you actually looked at the log before producing it. If you did, I am sure you know that there are many, many documents listed that do not indicate the slightest indicia (based upon the description provided) of any privilege whatsoever. I have attached hereto for your review and information an Excel spreadsheet of 80-something documents we have identified as plainly non-privileged. Mind you, we are just getting started in our review. So, these are not all the documents we will be asking you to produce. Also, given that the trial starts on Tuesday, we ask that you produce these documents *immediately*.

Starting at the top, xREL000104721: Although CCBOER claim AC privilege, there is no attorney identified in connection with this document. The document appears to be a communication between non-clients. To the extent it reveals the content of an AC communication, the privilege has been waived. Please produce the document and all others like it.

xREL000104756: CCBOER claim AC privilege involving the same sender and recipient as the previous document, but this one has a HBS lawyer copied. Supposedly, this is privileged because the communication provides advice to a client re an ORR. The description is too vague to allow us to assess the claim; more information is required (what ORR request; what is the general nature of the issue addressed, etc.). More importantly, the lawyer here is merely a CC

7

recipient. I do not know how a CC recipient seeks or offers legal advice, which is required for the privilege to attach. Please produce the document and all others like it or provide a more detailed description.

xREL000064575: CCBOER claim AC privilege involving Charles Dial, not a client of HBS to our knowledge (and if he were, CCBOER's receipt of AC communications to or from him would be a waiver), and Tracie Vickers with Coffee County government, with a HBS lawyer copied. Supposedly, this is privileged because the communication provides advice to a client re an ORR. As with all similar or identical descriptions, the information provided is too vague to allow us to assess the claim. More importantly, the lawyer here is merely a CC recipient. And, as with the immediately preceding document, I do not know how a CC recipient seeks or offers legal advice. Please produce the document and all others like it.

xREL000064583: CCBOER claim AC privilege from Tracie Vickers to Charles Dial, not a client of HBS to our knowledge (and if he were, CCBOER's receipt of AC communications to or from him would be a waiver). Here there is no HBS lawyer copied, and there is no hint of any lawyer offering or any client seeking legal advice. Typically, privileged communications involve an actual lawyer. Again, this communication involves legal advice regarding an ORR, but no lawyer is involved. Additionally, the description is too vague to allow us to assess the claim. Please produce the document and all others like it.

xREL000064575: CCBOER claim AC privilege involving Charles Dial, not a client of HBS to our knowledge (and if he were, CCBOER's receipt of AC communications to or from him would be a waiver), and Tracie Vickers with Coffee County government, with a HBS lawyer copied. Supposedly, this is privileged because the communication provides advice to a client re an ORR. The description is too vague to allow us to assess the claim. More importantly, the lawyer here is merely a CC recipient. And, as with the immediately preceding document, I do not know how a CC recipient seeks or offers legal advice. Please produce the document and all others like it.

xREL000064583: CCBOER claim AC privilege involving Ms. Herzog, a HBS lawyer, and J. Eric Rich with the U. S. Department of Justice, with Tracie Vickers and James Barnes copied. Purportedly, this is privileged because the communication provides advice to a client re an ORR. The description is too vague to allow us to assess the claim. More importantly, the primary addressee is a non-client. If Ms. Herzog was in fact providing advice to Ms. Vicker and Mr. Barnes in connection with this communication, the privilege was waived by including Mr. Rich in the communication. Please produce the document and all others like it.

xREL000061231: CCBOER claim AC privilege involving Elisa Gillis of Georgia Superior Court Clerks' Cooperative Authority (GSCCCA) and Ms. Herzog. Purportedly, this is communication is privileged because the communication provides advice to a client re an ORR. The description is too vague to allow us to assess the claim. More importantly, as far as we are aware, GSCCCA is not a HBS client, and even if it were, the fact that someone shared the

communication between HBS and GSCCCA with CCBOER waived the privilege. Please produce the document and all others like it.

xREL000074286: CCBOER claim AC privilege involving Tracie Vickers as sender and Charles Dial as recipient, neither of whom is an attorney. Purportedly, this is communication is privileged because the communication provides advice to a client re an ORR. Of course, if no attorney is involved in the communication, no AC privilege can apply. Also, the description is too vague to allow us to assess the claim. Please produce the document and all others like it.

xREL0000075151.000.3−001.0 and xREL00000119591.000.3−001.0 This is a series of email exchanges between Lee M. Stoy, with the Georgia AG's office, and Rebecca Ditto of HBS, purportedly regarding advice re an ORR. Of course, HBS is not representing the State of Georgia in connection with this matter or in connection with these communications, and Mr. Stoy is not representing CCBOER. On two of emails, the CCBOER is copied, but being copied on an email is neither offering nor seeking legal advice. In short, no privilege applies to these communications. Please produce the document and all others like it.

These twenty-something examples of non-privileged communications are illustrative of the communications on the attached spread sheet. Please turn over these documents immediately. Please let me know your intentions by January 9, 2024 (the first day or trial), or I will file an emergency motion with the Court and will seek sanctions in connection with the motion.

I await your response.

Sincerely, Cary Ichter


**Cary Ichter, Partner**
**Ichter Davis, LLC**
400 Interstate N Pkwy
Suite 860
Atlanta, GA 30339
phone 404.869.5243
fax 404.602.0037
cell 404.769.1353
cichter@IchterDavis.com



---

**From:** Ben Perkins <bperkins@olivermaner.com>
**Sent:** Wednesday, January 3, 2024 6:14 PM

**To:** Cary Ichter <CIchter@IchterDavis.com>; Marilyn Marks <marilyn@uscgg.org>; Jennifer Dorminey Herzog <jherzog@hallboothsmith.com>; Wes Rahn <wrahn@olivermaner.com>; Bruce Perrin Brown Esq. (bbrown@brucepbrownlaw.com) <bbrown@brucepbrownlaw.com>
**Cc:** Halsey G. Knapp, Jr. <hknapp@khlawfirm.com>; Adam M. Sparks <sparks@khlawfirm.com>; Nick Kinsley <NKinsley@hallboothsmith.com>; Anthony A. Rowell <ARowell@hallboothsmith.com>; Jill Connors <JConnors@IchterDavis.com>; Melissa Boehlke <mboehlke@olivermaner.com>
**Subject:** Service of Privilege Log; Response to Request for Extension of Sanctions Motion Deadline

Dear Cary et al.:

Happy New Year!
Attached for service is the itemized privilege log which Judge Cheesbro ordered us to provide on or before January 3, 2024. I do not intend to serve a certificate of service unless you feel one is needed.
At this time, I am not able to consent to your request for an extension of time to file a motion for sanctions.
I hope your trial preparations are going well.

Regards,

Ben Perkins
Oliver Maner LLP
912-238-2515

---

**From:** Ben Perkins <bperkins@olivermaner.com>
**Sent:** Thursday, December 28, 2023 2:06 PM
**To:** Cary Ichter <CIchter@IchterDavis.com>; Marilyn Marks <marilyn@uscgg.org>; Jennifer Dorminey Herzog <jherzog@hallboothsmith.com>; Wes Rahn <wrahn@olivermaner.com>; Bruce Perrin Brown Esq. (bbrown@brucepbrownlaw.com) <bbrown@brucepbrownlaw.com>
**Cc:** Halsey G. Knapp, Jr. <hknapp@khlawfirm.com>; Adam M. Sparks <sparks@khlawfirm.com>; Nick Kinsley <NKinsley@hallboothsmith.com>; Anthony A. Rowell <ARowell@hallboothsmith.com>; Jill Connors <JConnors@IchterDavis.com>
**Subject:** Re: Sanctions Motion Deadline

I'm traveling today but will be in touch as soon as I'm able to speak with co-counsel.

Ben Perkins
Oliver Maner LLP

---

**From:** Cary Ichter <CIchter@IchterDavis.com>
**Sent:** Thursday, December 28, 2023 12:01:09 PM
**To:** Ben Perkins <bperkins@olivermaner.com>; Marilyn Marks <marilyn@uscgg.org>; Jennifer Dorminey Herzog <jherzog@hallboothsmith.com>; Wes Rahn <wrahn@olivermaner.com>; Bruce Perrin Brown Esq. (bbrown@brucepbrownlaw.com) <bbrown@brucepbrownlaw.com>
**Cc:** Halsey G. Knapp, Jr. <hknapp@khlawfirm.com>; Adam M. Sparks <sparks@khlawfirm.com>; Nick Kinsley <NKinsley@hallboothsmith.com>; Anthony A. Rowell <ARowell@hallboothsmith.com>; Jill Connors <JConnors@IchterDavis.com>
**Subject:** RE: Sanctions Motion Deadline

Ben: Any response to this?  Cary

Cary Ichter, Partner
Ichter Davis, LLC

400 Interstate N Pkwy
Suite 860
Atlanta, GA 30339
phone 404.869.5243
fax 404.602.0037
cell 404.769.1353
cichter@IchterDavis.com



**From:** Cary Ichter
**Sent:** Tuesday, December 26, 2023 11:58 AM
**To:** Ben Perkins <bperkins@olivermaner.com>; Marilyn Marks <marilyn@uscgg.org>; Jennifer Dorminey Herzog <jherzog@hallboothsmith.com>; Wes Rahn <wrahn@olivermaner.com>; Bruce Perrin Brown Esq. (bbrown@brucepbrownlaw.com) <bbrown@brucepbrownlaw.com>
**Cc:** Halsey G. Knapp, Jr. <hknapp@khlawfirm.com>; Adam M. Sparks <sparks@khlawfirm.com>; Nick Kinsley <NKinsley@hallboothsmith.com>; Anthony A. Rowell <ARowell@hallboothsmith.com>; Jill Connors <JConnors@IchterDavis.com>
**Subject:** Sanctions Motion Deadline

Ben: As you know, the Court has given us 30 days from the date of its December 22, 2023 Order to file any motion for sanction related to the subpoenas served on CCBOER in the Summer of 2022. We would like to move that deadline for two reasons. First, there is no assurance that all privilege log issues will be resolved by that time. If, for example, the revised privilege logs give rise to requests for further production or an *in camera* review, we do not think a 30 day window will afford us sufficient time to address all pertinent issues.

Additionally, we expect that there is a good chance we will still be trying the *Curling* matter on January 22, 2024, and even if we are miraculously finished by January 22, the trial will have likely consumed all of our available bandwidth in early and mid-January.

We would suggest that we be afforded 14 days following the trial to submit motions regarding the privilege log. We would report to the Court when the trial ends. If none are filed, we would be given an additional 14 days to submit any sanctions motion. If any motions are filed, the Court will indicate in any order resolving any such motion when the sanctions motion will be due.

Pls let me know if we can report to the Court that you consent to this proposal. Cary

**Cary Ichter, Partner**
**Ichter Davis, LLC**
400 Interstate N Pkwy
Suite 860
Atlanta, GA 30339
phone 404.869.5243
fax 404.602.0037
cell 404.769.1353
cichter@IchterDavis.com

